**HONORABLE MARY JO HESTON**
Date: Tuesday March 24, 2020
Time: 1:00 p.m.
Hearing Location:
Tacoma Federal Courthouse Union Station
Courtroom H
1717 Pacific Avenue, Ste 2100
Tacoma, WA 98402-3233
Response Date: Tuesday March 17, 2020

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IN RE:<br><br>SARAH HOOVER,<br><br>    Debtor, | BK Case No. 19-42890-MJH<br><br>Adversary Case No. 20-04002-MJH<br><br>MOTION FOR SUMMARY JUDGMENT AND DISMISSAL BY DEFENDANT QUALITY LOAN SERVICE CORP. OF WASHINGTON |
| SARAH HOOVER,<br><br>    Plaintiff,<br><br>v.<br><br>QUALITY LOAN SERVICE CORP. OF WASHINGTON, et. al.,<br><br>    Defendants. | |

## I.    NOTICE OF HEARING

PLEASE TAKE NOTICE that defendant Quality Loan Service Corp. of Washington is moving for summary judgment and dismissal from the above-captioned adversary case, set for hearing as follows:

| Judge | Honorable Mary Jo Heston |
|---|---|
| Date | Tuesday March 24, 2020 |
| Time | 1:00 p.m. |

Motion
Page -1-
MH #: WA-20-870012-CM

McCarthy & Holthus LLP
108 1st Ave S, Ste 300
Seattle, WA 98104

Case 20-04002-MJH    Doc 13    Filed 02/24/20    Ent. 02/24/20 10:14:33    Pg. 1 of 10

| Place | Tacoma Federal Courthouse Union Station<br>Courtroom H<br>1717 Pacific Avenue, Ste 2100<br>Tacoma, WA 98402-3233 |
|---|---|
| Response Date | Tuesday March 17, 2020 |

If you oppose the Motion, you must file your written response with the Clerk's office of the Bankruptcy Court and deliver copies to the undersigned not later than the Response Date.

If no response is timely filed and served, the Court may, in its discretion, grant the Motion prior to the hearing without further notice, and strike the hearing.

## II. RELIEF REQUESTED

1. Dismissal from the above-captioned adversary case with prejudice.

## III. FACTS

**A. Underlying Loan and Deed of Trust.**

This action concerns real property (the "Property") in Pierce County (the "County") commonly known as 18205 106th Street East Bonney Lake, WA 98391[1].

In 2006, the owner, Ali Suleiman, encumbered the Property with a deed of trust (the "Deed of Trust") securing repayment of a loan described therein[2].

Sometime after origination, the loan was acquired by HSBC Bank USA, National Association, as Trustee of the Fieldstone Mortgage Investment Trust, Series 2006-2 ("HSBC")[3]. PHH Mortgage Corporation ("PHH"), successor to Ocwen Loan Servicing, is HSBC's servicing agent[4].

In 2015, Mr. Suleiman died[5]. He was survived by his children, including daughter, Ms. Hoover[6]. Pursuant to Mr. Suleiman's will, the Property transferred into a testamentary trust, under

---

[1] Complaint pages 4-5
[2] Decl of Stenman (Bankruptcy Case Dkt #20) Exhibit B
[3] Decl of Stenman; Complaint
[4] Complaint pages 7-8
[5] Complaint page 5
[6] *Id*.

Motion
Page -2-
MH# WA-20-087001-CV

Case 20-04002-MJH    Doc 13    Filed 02/24/20    Ent. 02/24/20 10:14:33    Pg. 2 of 10

McCarthy & Holthus LLP
108 1st Ave S, Ste 300
Seattle, WA 98104

which Ms. Hoover was a co-beneficiary[7].

**B.    Quality Forecloses the Property.**

On or about April of 2018, the loan secured by the Deed of Trust went into default by reason of nonpayment[8].

In October of 2018, Quality was appointed by HSBC as successor trustee under the Deed of Trust for the purpose of advancing a non-judicial foreclosure[9].

In May of 2019, Quality issued a notice of sale (the "Notice of Sale") scheduling an auction date of the Property for September 13, 2019[10]. Quality provided Ms. Hoover, as a potentially interested party, with a copy of the Notice of Sale[11].

On or about August 14, 2019, Ms. Hoover contacted Quality and spoke with its attorney, Robert McDonald[12]. Quality's log notes entered August 14, 2019 indicate that Mr. McDonald discussed a variety of foreclosure alternatives with Ms. Hoover, including loan assumption, loss mitigation, and reinstatement[13]. The log notes indicate Ms. Hoover was advised to contact a lawyer with any questions she may have to assist with foreclosure avoidance[14].

Ms. Hoover also requested and was provided a reinstatement quote after she contacted Quality[15]. An updated reinstatement quote was emailed to Ms. Hoover on September 4, 2019[16]. Ms. Hoover never communicated to Quality at any time prior to the scheduled trustee sale that she intended to file bankruptcy[17].

Prior to the sale, Quality actively searched for bankruptcy filings of potentially interested

---

[7] Supplemental Decl of Ms. Hoover (Bankruptcy Case Dkt # 33)
[8] Complaint page 3; Decl of Stenman Exhibit B
[9] Decl of Stenman Exhibit A
[10] Decl of Stenman Exhibit B
[11] Complaint page 6
[12] Decl of Stenman
[13] *Id*.
[14] *Id*.
[15] *Id*.
[16] *Id*.
[17] *Id*.

Motion
Page -3-
MH #: WA-20-084002-CV
Case 20-04002-MJH    Doc 13    Filed 02/24/20    Ent. 02/24/20 10:14:33    Pg. 3 of 10

McCarthy & Holthus LLP
108 1st Ave S, Ste 300
Seattle, WA 98104

parties, including Ms. Hoover[18]. No bankruptcy was identified[19]. Quality used LexisNexis Banko ("Banko"), a third-party vendor, to search for and identify bankruptcy filings[20]. These searches were specifically conducted for Sarah Hoover on 1/31/2019, 2/20/2019, 3/10/2019, 4/18/2019, 4/24/2019, 5/9/2019, 7/15/2019, 8/9/2019, 9/6/2019, 9/12/2019, 9/13/2019, 9/14/2019, 9/16/2019, 9/17/2019, 9/18/2019[21]. Banko did not disclose a bankruptcy filing in any of its searches. Quality also confirmed that the social security number it used for Ms. Hoover in its searches is accurate and the social security number contained within the records of the beneficiary's servicing agent[22].

On September 13, 2019, as scheduled, Quality auctioned the Property for sale[23]. The winning bidder was IH6 with a bid of $356,000.00[24]. On September 17, 2019, Quality executed and caused to be delivered to IH6 a Trustee's Deed to the Property[25], which IH6 recorded with the County.

### C. Quality Learns of Ms. Hoover's Bankruptcy *After* Physical Delivery of the Trustee's Deed.

In her complaint, Ms. Hoover concedes she only notified HSBC of her bankruptcy, and did not give separate notice to Quality[26]. HSBC allegedly disputed the effect of the bankruptcy on the pending foreclosure sale[27], and did not instruct notify Quality to stop or continue the sale[28]. Quality did not learn about the bankruptcy until September 24, 2019, which was after physical delivery of the Trustee's Deed to the IH6[29].

### D. IH6 and HSBC Move to have the Sale Declared Valid.

---

[18] *Id*.
[19] *Id*.
[20] *Id*.
[21] *Id*.
[22] *Id*.
[23] *Id*.
[24] *Id*.
[25] Decl of Stenman Exhibit D
[26] Complaint ¶¶ 35-39
[27] Complaint ¶ 41
[28] Complaint ¶ 39
[29] Decl of Stenman

Motion
Page -4-
MH# WA-20-084902-CV
Case 20-04002-MJH    Doc 13    Filed 02/24/20    Ent. 02/24/20 10:14:33    Pg. 4 of 10

McCarthy & Holthus LLP
108 1st Ave S, Ste 300
Seattle, WA 98104

Following requests by Ms. Hoover to have the sale rescinded, IH6 and HSBC moved this Court for an order validating the sale[30]. IH6 and HSBC argued that Ms. Hoover had no interest in the Property protected by the stay, and alternatively, that the stay should be annulled under the facts and circumstances[31]. Ms. Hoover opposed the motion[32].

At the motion hearing on February 20, 2020, the Court declined to rule, finding disputed issues of fact that could not be resolved by declaration. Whether the stay applied, and whether the sale was valid, remain unresolved issues presently before the Court.

### E. Ms. Hoover's Operative Adversary Complaint.

In connection with the underlying bankruptcy litigation, and following IH6 and HSBC's motion to validate the sale, Ms. Hoover filed the operative adversary complaint against IH6, HSBC, and Quality, alleging "willful" violation of the stay in connection with the foreclosure sale.

For reasons further discussed below, the claim is meritless as to Quality, and Quality should be dismissed.

### IV. EVIDENCE RELIED UPON

1. Ms. Hoover's Amended Adversary Complaint [Dkt #7];
2. Declaration of Jeff Stenman [Bankruptcy Case, Dkt #20];
3. Records and files of this case and Ms. Hoover's underlying Bankruptcy Case.

### V. POINTS AND AUTHORITIES

### A. Summary Judgment Standard.

Summary judgment is appropriate where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FRCP 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

---

[30] Bankruptcy Case Dkts #18, 28, 38, 40
[31] *Id*.
[32] Bankruptcy Case Dkt #24

Motion
Page -5-
MH# WA-20-084001-CV
Case 20-04002-MJH    Doc 13    Filed 02/24/20    Ent. 02/24/20 10:14:33    Pg. 5 of 10

McCarthy & Holthus LLP
108 1st Ave S, Ste 300
Seattle, WA 98104

Here, there is no genuine issue of material fact and judgment in favor of Quality is appropriate.

**B.      No "Willful" Violation of the Stay by Quality.**

Liability under 11 USC 362(k)(1) requires a "willful" violation of the stay. "Willful" refers to the creditor's <u>knowledge</u> of the automatic stay. *In re Carroll*, 903 F.2d 1266, 1272 (9th Cir. 1990); *see also Knaus v. Concordia Lumber Co. (In re Knaus)*, 889 F.2d 773, 775 (8th Cir. 1989) (a willful violation of the automatic stay occurs when the creditor acts deliberately with knowledge of the bankruptcy petition).

      1.     <u>Quality Had No Notice or Knowledge of Ms. Hoover's Bankruptcy Prior to Sale and Delivery of the Trustee's Deed</u>.

The record demonstrates that Quality had no notice or knowledge of Ms. Hoover's bankruptcy prior to the sale and delivery of the Trustee's Deed to the purchaser.

Accordingly, any stay violation by Quality resulting from the sale or delivery of the Trustee's Deed to the purchaser was not willful, and is not actionable under 11 USC 362(k)(1).

      2.     <u>Quality Has No Power to Unilaterally Rescind the Sale; Nor Would Rescission by Quality be Appropriate under the Circumstances</u>.

Ms. Hoover's complaint appears to assert, alternatively, that upon learning of the bankruptcy, Quality was imposed with a bankruptcy duty to unilaterally rescind the sale. This assertion fails for multiple reasons.

<u>First</u>, Quality did not learn of the bankruptcy until *after* physical delivery of the Trustee's Deed to the purchaser, and there is no clear provision of the law empowering Quality to unilaterally rescind the sale following physical deed delivery, which delivery constitutes a final conveyance of all rights under the Deed of Trust Act (the "DTA"). RCW 61.24.050(1).

Ms. Hoover's complaint cites DTA section RCW 61.24.050(2)(a), which permits sale rescission by the trustee under certain limited circumstances, but that provision does not appear to apply, and would not logically apply, *after* physical delivery of the deed to the purchaser and the

Motion  
Page -6-  
MH# WA-20-870012-CV

Case 20-04002-MJH    Doc 13    Filed 02/24/20    Ent. 02/24/20 10:14:33    Pg. 6 of 10

McCarthy & Holthus LLP  
108 1st Ave S, Ste 300  
Seattle, WA 98104

attendant transfer of all rights.

<u>Second</u>, even if Quality could, under RCW 61.24.050(2)(a), rescind the sale after physical delivery of Trustee's Deed to the purchaser, as Ms. Hoover appears to assert, none of the limited circumstances permitting rescission under that statute are present. The permitted rescission circumstances under RCW 61.24.050(2)(a) are as follows:

> (i) The trustee, beneficiary, or authorized agent for the beneficiary assert that there was an error with the trustee foreclosure sale process including, but not limited to, an erroneous opening bid amount made by or on behalf of the foreclosing beneficiary at the trustee's sale;
>
> (ii) The borrower and beneficiary, or authorized agent for the beneficiary, had agreed prior to the trustee's sale to a loan modification agreement, forbearance plan, shared appreciation mortgage, or other loss mitigation agreement to postpone or discontinue the trustee's sale; or
>
> (iii) The beneficiary or authorized agent for the beneficiary had accepted funds that fully reinstated or satisfied the loan even if the beneficiary or authorized agent for the beneficiary had no legal duty to do so.

Here, RCW 61.24.050(2)(a)(i) does not apply because neither the beneficiary nor the trustee have asserted an "error" with the trustee foreclosure sale process by way of an applicable bankruptcy stay. To the contrary, the beneficiary, HSBC, has moved for an order validating the sale, arguing, persuasively, that the Property is in a trust and Ms. Hoover had no interest protected by the stay. Notably, Quality owes a DTA statutory duty of good faith to the beneficiary, whereas it owes no corresponding duty of good faith to Ms. Hoover, who was not a party to the loan transaction. RCW 61.24.020(4).

Furthermore, RCW 61.24.050(2)(a)(ii) and (iii) do not apply because there was no agreed loan modification or other loan relief prior to sale, nor was there a timely reinstatement of the secured debt.

<u>Third</u>, even if Quality could unilaterally rescind the sale, and was not constrained by the applicable DTA statutory limitations, rescission would still be inappropriate under the present circumstances of this case. Here, there is clearly a genuine legal dispute between the true parties-

Motion  
Page -7-  
MH# WA-20-879012-CV  
Case 20-04002-MJH    Doc 13    Filed 02/24/20    Ent. 02/24/20 10:14:33    Pg. 7 of 10

McCarthy & Holthus LLP  
108 1st Ave S, Ste 300  
Seattle, WA 98104

in-interest – Ms. Hoover, HSBC, and IH6 – over whether the stay applied and whether the sale was valid, which issues those parties have affirmatively put before this Court for adjudication, and where this Court has indicated that disputed facts prevent summary adjudication of the issues.

Quality is not a true party-in-interest, having already delivered any rights it held under the Trustee's Deed, and any affirmative bankruptcy duty of Quality to pursue remedial measures for a stay violation would not, and cannot, ripen until (1) there is a final adjudication in the present litigation that the stay applied and the sale was invalid, and (2) the Court empowered Quality to pursue or undertake specific remedial measures, particularly where it does not otherwise appear that Quality has such powers under the DTA following delivery of a trustee's deed.

## VI. CONCLUSION

Ms. Hoover's assertion that Quality "willfully" violated the stay in connection with the foreclosure sale is without merit, and Quality should be dismissed.

DATED February 24, 2020

/s/ Joseph Ward McIntosh
Joseph Ward McIntosh, WSBA #39470
Attorney for Quality Loan Service Corp. of Washington

Motion
Page -8-
MH# WA-20-870012-CV

McCarthy & Holthus LLP
108 1st Ave S, Ste 300
Seattle, WA 98104

Case 20-04002-MJH    Doc 13    Filed 02/24/20    Ent. 02/24/20 10:14:33    Pg. 8 of 10

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| IN RE: | BK Case No. 19-42890-MJH |
|---|---|
| SARAH HOOVER, | Adversary Case No. 20-04002-MJH |
| Debtor, | ORDER GRANTING QUALITY LOAN SERVICE CORP. OF WASHINGTON'S MOTION FOR SUMMARY JUDGMENT AND DISMISSAL |

THIS MATTER having come before the Court on the motion of defendant Quality Loan Service Corp. of Washington ("Quality") for summary judgment and dismissal from the above-captioned adversary case, and the Court having reviewed the following

1. Ms. Hoover's Amended Complaint [Dkt #7];

2. Declaration of Jeff Stenman [Bankruptcy Case, Dkt #20];

3. Records and files of this case, and Ms. Hoover's underlying bankruptcy case;

4. _____

5. _____.

And the Court having heard oral arguments from the parties, and finding no genuine issue of

Order
Page -1-
MC #WA-20-04002-MJH

McCarthy & Holthus LLP
108 1st Ave S, Ste 300
Seattle, WA 98104

Case 20-04002-MJH    Doc 13    Filed 02/24/20    Ent. 02/24/20 10:14:33    Pg. 9 of 10

material fact, it is hereby

ORDERED that Quality's motion is GRANTED, it is further

ORDERED that Quality is dismissed with prejudice.

PRESENTED BY:

/s/ Joseph Ward McIntosh
Joseph Ward McIntosh, WSBA #39470
Attorney for Quality Loan Service Corp. of Washington

Order
Page -2-
MC#:WA-20-870023-MJH

Case 20-04002-MJH    Doc 13    Filed 02/24/20    Ent. 02/24/20 10:14:33    Pg. 10 of 10

McCarthy & Holthus LLP
108 1st Ave S, Ste 300
Seattle, WA 98104