HONORABLE MARY JO HESTON
Date: Tuesday March 24, 2020
Time: 1:00 p.m.
Hearing Location:
Tacoma Federal Courthouse Union Station
Courtroom H
1717 Pacific Avenue, Ste 2100
Tacoma, WA 98402-3233
Response Date: Tuesday March 17, 2020

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| IN RE:<br><br>SARAH HOOVER,<br><br>    Debtor.<br>_____<br><br>SARAH HOOVER,<br><br>    Plaintiff,<br>v.<br><br>QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, PHH MORTGAGE CORPORATION D/B/A PHH MORTGAGE SERVICES, HSBC BANK USA, N.A, AS TRUSTEE OF THE FIELDSTONE MORTGAGE INVESTMENT TRUST, SERIES 2006-2, NEWREZ, LLC, AND IH6 PROPERTY WASHINGTON, L.P. D/B/A INVITATION HOMES,<br><br>    Defendants. | BK Case No. 19-42890-MJH<br><br>Adv. Case No. 20-04002-MJH<br><br>Chapter: 13<br><br><br>DECLARATION OF CHRISTINA L. HENRY |

DECLRATION OF CHRISTINA L HENRY - 1

HENRY & DeGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

Case 20-04002-MJH    Doc 26    Filed 03/17/20    Ent. 03/17/20 17:34:20    Pg. 1 of 4

I, Christina L. Henry declare as follows:

1. I am an attorney representing Sarah Hoover, am over the age of eighteen, and am competent to testify upon personal knowledge of the facts herein.

2. This adversary proceeding was filed recently and QLS' answer to the amended complaint was just filed on February 25, 2020. *See* Dkt No. 14.

3. Plaintiff has not had any opportunity to conduct any discovery on any matter in this case and as her counsel, the issues in this declaration reflect discovery to be pursued on her behalf. Additionally, the declaration is does not detail an exhaustive list of discovery the Plaintiff intends to pursue but is submitted pursuant to Rule 56(d) and does not waive any work protect privileges.

4. Regarding QLS, I intend to conduct discovery regarding the communications, documentation, and information QLS obtained from and sent to PHH Mortgage Corporation ("PHH") prior to the nonjudicial foreclosure sale of 18205 106th Street East Bonney Lake, WA 98391 (the "Property") on September 13, 2019, including what was sent as part of the foreclosure referral.

5. I am particularly interested in discovering information exchanged about Ali Suleiman's death, Ms. Hoover's contacts with PHH regarding the loan and her efforts at to obtain a loan modification, and information concerning Ms. Hoover's social security number.

6. Additionally, on behalf of the Plaintiff, I want to find out about the communications and documentation QLS sent to and obtained from PHH after the nonjudicial foreclosures sale September 13, 2019 on the Property. On behalf of the Plaintiff, I am particularly interested discovering whether PHH notified QLS of Ms. Hoover's bankruptcy filing, about whether QLS notified PHH or about her bankruptcy filing, when the funds from IH6 were transferred to PHH and what QLS communicated to PHH about the $167,407.96 in surplus funds.

DECLRATION OF CHRISTINA L HENRY - 2

**HENRY & DEGRAAFF, P.S.**
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

Case 20-04002-MJH    Doc 26    Filed 03/17/20    Ent. 03/17/20 17:34:20    Pg. 2 of 4

7. Additionally, I intend to find out what information QLS knew about Mr. Suleiman's will and non-probate estate prior to the nonjudicial foreclosure and what communications they had with IH6 after receiving notification of Ms. Hoover's bankruptcy filing.

8. Since PHH hired QLS to conduct the nonjudicial foreclosure sale on the Property and QLS claims to have a fiduciary duty of good faith to PHH, I have good reason to believe that documentation exchanged between the parties and logs of their communications exist since the Trustee keeps log notes of their communications. *See* Bk No. 19-42890, Dkt No. 20, at 2, lines 10-16.

9. In the event the court does not believe it can deny QLS' motion on the merits, the discovery of the facts detailed above are needed to oppose summary judgment because they are essential to prove the QLS did not do everything it could to remedy the stay violation when they had actual knowledge of Ms. Hoover's bankruptcy filing.

10. Also, to the extent QLS' actions and procedures taken prior to the foreclosure matter, this discovery will establish that Mr. Hoover had regular communication with PHH prior to the foreclosure sale, that she shared her correct social security number PHH, and that QLS did not use that number or her name to search Pacer prior to the bankruptcy filing. I have personally searched Pacer for the United States Bankruptcy Court for Western District of Washington and discovered that there is only bankruptcy case filed for the name Sara Hoover, the case at issue here.

11. Lastly, in light of QLS' claims that they delivered the trustee's deed to IH6 prior and thus could not do anything to rescind the sale, it is important to find out what notice they did give if any to IH6 about the foreclosure since it would also shed light on their efforts to remedy the stay violation.

DECLRATION OF CHRISTINA L HENRY - 3

**Henry & DeGraaff, P.S.**
787 Maynard Ave S.
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

Case 20-04002-MJH    Doc 26    Filed 03/17/20    Ent. 03/17/20 17:34:20    Pg. 3 of 4

I DECLARE UNDER THE PENALTY OF PERJURY OF THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE

EXECUTED this 17th of March 2020 at Bothell, Washington.

*/s/ Christina L Henry*
Christina L Henry, WSBA# 31273

DECLRATION OF CHRISTINA L HENRY - 4

**HENRY & DEGRAAFF, P.S.**
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

Case 20-04002-MJH    Doc 26    Filed 03/17/20    Ent. 03/17/20 17:34:20    Pg. 4 of 4