HONORABLE MARY JO HESTON
Date: Tuesday March 24, 2020
Time: 1:00 p.m.
Hearing Location:
Tacoma Federal Courthouse Union Station
Courtroom H
1717 Pacific Avenue, Ste 2100
Tacoma, WA 98402-3233
Response Date: Tuesday March 17, 2020

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| IN RE:<br><br>SARAH HOOVER,<br><br>      Debtors. | BK Case No. 19-42890-MJH<br><br>Adv. Case No. 20-04002-MJH<br><br>Chapter: 13 |
| SARAH HOOVER,<br><br>      Plaintiffs,<br>v.<br><br>QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, PHH MORTGAGE CORPORATION D/B/A PHH MORTGAGE SERVICES, HSBC BANK USA, N.A, AS TRUSTEE OF THE FIELDSTONE MORTGAGE INVESTMENT TRUST, SERIES 2006-2, NEWREZ, LLC, AND IH6 PROPERTY WASHINGTON, L.P. D/B/A INVITATION HOMES,<br><br>      Defendants. | RESPONSE TO MOTION FOR SUMMARY JUDGMENT AND DISMISSAL BY DEFENDANT QUALITY LOAN SERVICE CORP OF WASHINGTON |

RESPONSE TO MOTION FOR SUMMARY JUDGMENT
AND DISMISSAL BY DEFENDANT QUALITY LOAN
SERVICE CORP OF WASHINGTON - 1

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

Case 20-04002-MJH    Doc 28    Filed 03/17/20    Ent. 03/17/20 18:35:04    Pg. 1 of 9

## I. INTRODUCTION

QLS brings a premature motion for summary judgment on the legally incorrect premise that, because it only learned of Ms. Hoover's bankruptcy filing after it had conducted a void foreclosure sale and delivered the deed, it cannot be held liable for violating the automatic stay. It is the law in the Ninth Circuit that a party who subsequently learns of a bankruptcy stay must take corrective action, which *at a minimum* includes notifying the bankruptcy court. *Sternberg v. Johnston* 595 F.3d 937, 943 (9th Cir. 2010), *overturned on other grounds by In re Schwartz-Tallard*, 803 F.3d 1095 (9th Cir. 2015). Here, upon learning that Ms. Hoover had filed for bankruptcy protection, QLS concealed this information not only from this Court, but from the purchaser of the property. Had QLS done anything at all, the parties would not be here today.

Although QLS' motion fails as a matter of law, if this Court agrees that QLS has met its burden on summary judgment, then a Rule 56(d) continuance is required. While QLS claims to have not learned of the September 9, 2019 bankruptcy filing until September 24, 2019, the creditor who directed the sale to occur (PHH Mortgage Corporation ("PHH") /NewRez, LLC ("NewRez")) received actual notice of the bankruptcy on September 9, 2019, and again on September 12, 2019, the day before the nonjudicial foreclosure sale on September 13, 2020. In the era of instant communications, it would be surprising if PHH did not at least attempt to give its hired trustee (QLS) notice of the bankruptcy filing. In this event, Ms. Hoover would request a continuance to conduct discovery as to when and how PHH communicated its knowledge of the bankruptcy filing to QLS.

Ultimately, however, QLS' motion fails as a matter of law and should be denied outright. Just because QLS treated the deed like a hot potato after the foreclosure sale does not mean that QLS is immunized. All QLS needed to do was to notify this Court (and, probably, the buyer) that a foreclosure sale had taken place after the commencement of this case, but instead it did nothing. (To the extent this inaction demonstrates anything, it demonstrates QLS' liability in this case pursuant to *Sternberg*).

RESPONSE TO MOTION FOR SUMMARY JUDGMENT
AND DISMSISAL BY DEFENDANT QUALITY LOAN
SERVICE CORP OF WASHINGTON - 2

**HENRY & DEGRAAFF, P.S.**
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

Case 20-04002-MJH    Doc 28    Filed 03/17/20    Ent. 03/17/20 18:35:04    Pg. 2 of 9

## II. RELEVANT FACTS

For purposes of judicial economy, the Plaintiff refers to the facts state in her response to the Motion to Annul but notes pertinent facts below. *See* BK No. 19-42890, Dkt No. 24, Resp. to Mtn to Annul.

On September 13, 2019, Hoover filed her *pro se* Chapter 13 voluntary petition for bankruptcy on September 9, 2019 under bankruptcy case number 19-42890. BK No. 19-42890, Dkt. No. 25, Declaration of Sarah Hoover in Supp. of Resp. to Motion to Annul the Automatic Stay (hereafter "Hoover Dec."), at ¶ 38, Ex. I. Ms. Hoover turned to the bankruptcy court for assistance after her communications with PHH, her loan servicer broke down as she struggled to save her family home after the loan fell into default. Ms. Hoover attempted to work with PHH to save her Home for months, but PHH was ultimately unwilling to work with Ms. Hoover to bring the loan current or to otherwise offer a loan modification. Hoover Dec at ¶¶ 10-31, Ex. B - F.

Ms. Hoover lives at 18205 106th St E, Bonney Lake, WA 98391 ("the Property" or "the Home"), along with her husband and two children. Her adult niece also stays at her home with her three children, ages 11, 10 and 2 years old. The home was purchased by her father, Ali Suleiman, in 2005, with the intention that the Home would eventually pass to Ms. Hoover upon his death. *Id.*, at ¶ 2. When her father Ali Suleiman passed away in 2015, upon his death, Ms. Hoover and her brother Amir Suleiman were named as co-personal representatives of his estate. *See* King County Superior Court case no. 15-4-01840-7 KNT (non-probate estate matter). *Id.*, at ¶¶ 40-42, Ex. J, K. Mr. Suleiman's Will contained a pour-over provision which placed her Home into the Ali Suleiman Trust, of which Ms. Hoover was a co-trustee, and which provided that she would inherit the home. *See Id.* at ¶ 3, Ex. A, at ¶ 1.1 and 1.2.

After months of trying to work with her loan servicer to assume the mortgage loan after her father's death, and to get them to review a mortgage modification application, in August 2019, Ms. Hoover was told to contact QLS, which PHH confusingly referred to as their "attorney," to stop or pause the foreclosure sale. *Id.,* at ¶ 26. 12. Ms. Hoover spoke to Robert

RESPONSE TO MOTION FOR SUMMARY JUDGMENT
AND DISMSISAL BY DEFENDANT QUALITY LOAN
SERVICE CORP OF WASHINGTON - 3

**HENRY & DEGRAAFF, P.S.**
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

Case 20-04002-MJH    Doc 28    Filed 03/17/20    Ent. 03/17/20 18:35:04    Pg. 3 of 9

McDonald, the general counsel for QLS, and after receiving some information about the foreclosure sale, Mr. McDonald told her that she had been misinformed and that only PHH could stop the foreclosure sale. *Id.* When time was running out and the foreclosure date fast approaching, Ms. Hoover decided that bankruptcy was her only viable option to save her Home. *Id.* at ¶ 38, Ex. I.

On September 9, 2019, the same day as her bankruptcy filing, notice of the bankruptcy filing was faxed to PHH. Hoover Dec., at ¶ 3. Thereafter, on September 12, 2019, the day before the foreclosure sale, Ms. Hoover called PHH twice and confirmed that they received notice of her bankruptcy filing, but Ms. Hoover did not receive any clear information as to whether they had stopped the sale. *Id.* at ¶¶ 41-42, Ex. K. Unfortunately, on September 13, 2019, Ms. Hoover learned that PHH had not stopped the foreclosure sale. *Id.* at ¶ 43. Over the next week, communications with PHH, a PHH representative named "Melvin" admitted that the sale was not stopped because he (Melvin) did not have time to review the "over 600 documents and emails" in Ms. Hoover's file to locate the proof of her interest in the property which she had sent to PHH multiple times. *Id.* at ¶¶ 44-45. After PHH did not immediately commit to rescinding the sale, Ms. Hoover instructed her agent to contact QLS and IH6 on September 24, 2019 to see if they could assist her in getting the illegitimate sale rescinded. *Id.* at ¶ 46. To date this matter remains unresolved and resulted in the current lawsuit for violation of the automatic stay.

### III.  LEGAL ARGUMENT

**A.  Foreclosure Sales After a Bankruptcy Filing are Void**

Section 362(a) provides that filing a bankruptcy petition creates an automatic "stay, applicable to all entities, of," inter alia, "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a). Transfers in violation of the automatic stay in the ninth circuit are void. In re Schwartz, 954 F.2d 569, 575 (9th Cir. 1992).

Here, the automatic stay arose upon the filing of Ms. Hoover's chapter 13 bankruptcy case on September 9, 2019. Under Ninth Circuit precedent, if Ms. Hoover has some interest (as

RESPONSE TO MOTION FOR SUMMARY JUDGMENT
AND DISMSISAL BY DEFENDANT QUALITY LOAN
SERVICE CORP OF WASHINGTON - 4

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

Case 20-04002-MJH    Doc 28    Filed 03/17/20    Ent. 03/17/20 18:35:04    Pg. 4 of 9

an heir) to the property located at 18205 106th St E, Bonney Lake, WA 98391 ("Property"), the nonjudicial foreclosure conducted by QLS violated the automatic stay and is void ab initio. *In re Schwartz*, 954 F.2d 569, 575 (9th Cir. 1992); *see also 40235 Washington St. Corp. v. Lusardi, 329 F.3d 1076, 1081* (9th Cir. 2003). Even where a debtor's property includes a spendthrift trust, any accrued portions of the trust (i.e. ready for distribution) are subject to seizure under Washington law and are thus part of the bankruptcy estate. *In re Finley*, 286 B.R. 163, 166 (W.D. Bankr. 2002).

Thus, for purposes of QLS' motion for summary judgment, if the nonjudicial foreclosure sale conducted to enforce the deed of trust to PHH Mortgage Corporation on the property was void, IH6's purchase of the property at the nonjudicial foreclosure sale was without legal effect. Alternatively, if this Court finds that the extent of Ms. Hoover's property interest in her deceased father's will and trust is at issue, then QLS' motion is premature and should be denied on that basis.

**B. QLS had an Affirmative Duty to Comply with the Automatic Stay**

The automatic stay "imposes on non-debtor parties an affirmative duty of compliance." *Sternberg,* 595 F.3d at 943; *In re Dyer*, 322 F.3d 1178, 1192 (9th Cir. 2003). To comply with the "affirmative duty" under the automatic stay, a non-debtor party must do what he can to relieve the violation once they become aware of the bankruptcy filing. *Id.* at 945. *In Sternberg,* the Ninth Circuit held that while a non-debtor party could not be liable for actions taken *before* learning of the bankruptcy, within a reasonable time *after* the learning about the bankruptcy filing, "the law required [the nondebtor party] to take **corrective** action." *Id.* At a minimum, the nondebtor party in *Sternberg* "had an obligation to alert the court to the potential violation of the automatic stay." *Id.* at 945. By its **inaction**, the non-debtor party willfully violated the automatic stay. *Id.; see also In re Gray*, 567 B.R. 841, 846 (Bankr. W.D. Wash. 2017)(creditor violated the stay by not affirmatively seeking to quash outstanding bench warrants for debtor's arrest).

RESPONSE TO MOTION FOR SUMMARY JUDGMENT
AND DISMSISAL BY DEFENDANT QUALITY LOAN
SERVICE CORP OF WASHINGTON - 5

**HENRY & DEGRAAFF, P.S.**
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

Case 20-04002-MJH    Doc 28    Filed 03/17/20    Ent. 03/17/20 18:35:04    Pg. 5 of 9

That said, if prompt action is taken to undo an innocent violation, a party may be able to avoid a willful violation. Here, QLS admits that they did nothing to alert either the bankruptcy court or the state court about the potentially void nonjudicial foreclosure sale, and absent this fact, regardless of their claims otherwise, since they were acting as the agents for PHH Mortgage Corporation, under general principles of agency law, they can be held jointly and severally liable for a willful stay violation.[1] *Gray*, 567 B.R. at 846. In short, QLS has no basis to claim no liability for the stay violation.

Ms. Hoover would also note that QLS misleadingly omitted any reference at all to the controlling authority in the 9th Circuit on the duties imposed by the automatic stay, *Sternberg* and *Dyer* and instead cited 30-year-old precedent suggesting the contrary. Dkt.No. 13, Mtn. at 6: 4-9.

## C. References to the Deed of Trust Act Are Irrelevant

QLS spends much of its brief complaining that its hands were tied pursuant to RCW 61.24.050. Whether QLS could rescind the sale at the time it learned of the bankruptcy filing is relevant to the issue of damages, but not to liability. Again, as argued elsewhere in this brief, even if QLS absolutely could not rescind the sale, it had a legal duty to notify this Court (and perhaps others) so that this Court could rectify the situation.[2] The only point made by the Complaint (on applicable notice-pleading standards) was that a trustee in QLS' position retains the statutory right to rescind a sale up to eleven days post-sale, which, coincidentally, was September 24, 2019. Dkt No., Amended Complaint at ¶ 63, citing RCW 61.24.050(2). Thus, if QLS had not treated the deed like a hot potato, it <u>could have rescinded the sale</u> without further issue.

---

[1] Plaintiff also notes that QLS generated $167,407.96 in surplus funds from the sale and still did not thing to alert the bankruptcy court about the nonjudicial foreclosure sale. Bk Case No. 19-42890, Dkt No. 20, Dec. of Stenman, at ¶13.

[2] It is telling, however, that QLS took the time to argue that while it owed its corporate client a duty of good faith, QLS owed no duty whatsoever to Ms. Hoover. Dkt No. 13, Mtn. at 7, lines 19-21. For what its worth, the trustee does have a duty of good faith to the borrower, beneficiary and the grantor. RCW 61.24.010(4). Since the deed of trust act defines the "grantor" as "a person, *or its successors*, who executes a deed of trust to encumber the person's interest in property as security for the performance of all or part of the borrower's obligations," heirs to a property are indeed owed a duty of good faith. RCW 61.24.005(7).

RESPONSE TO MOTION FOR SUMMARY JUDGMENT
AND DISMSISAL BY DEFENDANT QUALITY LOAN
SERVICE CORP OF WASHINGTON - 6

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

Case 20-04002-MJH    Doc 28    Filed 03/17/20    Ent. 03/17/20 18:35:04    Pg. 6 of 9

Even if RCW Chapter 61.24 somehow restricted QLS from taking actions to comply with the automatic stay, such state law would be preempted. Under the doctrine of "conflict preemption," preemption occurs where "compliance with both federal and state regulation is a physical impossibility." *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 98 (1992); see also *In re Chaussee*, 399 B.R. 225, 232 (9th Cir. B.A.P.)(the Code preempts substantive state law claims and remedies for alleged misconduct that occurs in connection with a bankruptcy case). Additionally, QLS' argument – that it had already issued the deed to the purchaser prior to learning of the bankruptcy, and therefore had no legal ability to unilaterally rescind the sale – does not relieve it from compliance with the automatic stay. *See* Dkt No. 13, Mtn at 6: 18-25. QLS had an affirmative duty to conform its actions to the automatic stay once it became aware of the stay. *Sternberg v. Johnston*, 595 F.3d at 943. To the extent state law can somehow be interpreted to the contrary, it is preempted by bankruptcy law. *Chaussee*, 399 B.R. at 232. Here, the sale occurred after the automatic stay took effect. Thus, the sale is void. *Schwartz*, 954 F.2d 575. Period. State statutes regarding foreclosure are simply not applicable at all to the case at hand and in any case, state law cannot be used to circumvent the bankruptcy court's orders. *MSR Exploration, Ltd. V. Meridian Oil, Inc.*, 74 F.3d 910, 915 (9th Cir. 1996).

To be clear, QLS' liability for violating the automatic stay arises from its inaction (regardless of when it learned of the automatic stay). Any references to the Deed of Trust Act are not pertinent to the issue of liability.

D. **In the Alternative, The Debtor Requests a Continuance Under Rule 56(d)**

Plaintiff maintains that QLS should be denied summary judgment as a matter of law based on its failure to conform its actions to the automatic stay once it became aware of it.

Federal Rule of Civil Procedure 56(d) provides that:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

RESPONSE TO MOTION FOR SUMMARY JUDGMENT
AND DISMSISAL BY DEFENDANT QUALITY LOAN
SERVICE CORP OF WASHINGTON - 7

**HENRY & DEGRAAFF, P.S.**
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

Case 20-04002-MJH    Doc 28    Filed 03/17/20    Ent. 03/17/20 18:35:04    Pg. 7 of 9

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order. Fed. R. Civ. P. 56(d).

Rule 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *Tarutis v. Wal-Mart Stores, Inc.*, No. C12-5076-RJB, 2013 WL 247710, *2 (W.D. Wash. Jan. 23, 2013) (denying motion for summary judgment without prejudice under Rule 56(d)). "

Under Rule 56(d), incorporated by Bankruptcy Rule 7056, the bankruptcy court may deny a summary judgment motion, or continue the hearing on the motion, where the nonmoving party by affidavit shows that it "cannot present facts essential to justify its opposition[.]" Pursuant to this rule, summary judgment is to be refused "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n. 5 (1986).

In this adversary proceeding, the Plaintiff has not had an opportunity to conduct any discovery. Indeed, the court just issued the Notice of Trial and Order Setting Deadlines today. *See* Dkt. No. 24. Plaintiff intends to conduct discovery regarding the information exchanged between PHH and QLS, both before and the after the void foreclosure sale on September 13, 2019, to determine what information QLS knew about Sarah Hoover's interest in the Property. Ms. Hoover also wants to know about any communications QLS had with IH6, if any, regarding Ms. Hoover's bankruptcy filing and the bankruptcy's impact on the validity of the foreclosure sale. Other topics of interest include any notice given by PHH to QLS about Ms. Hoover's bankruptcy filing both before and after the foreclosure sale, and any notice QLS gave to PHH after it found out about Mr. Hoover's bankruptcy filing. Declaration of Christina L Henry, at ¶ 4--10. Should this court decline to deny the motion for summary judgment as a matter of law, Plaintiff has shown justification to continue this summary judgment motion to allow discovery into the extent of QLS' knowledge. *Family Home & Fin. Ctr. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

RESPONSE TO MOTION FOR SUMMARY JUDGMENT
AND DISMSISAL BY DEFENDANT QUALITY LOAN
SERVICE CORP OF WASHINGTON - 8

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

Case 20-04002-MJH    Doc 28    Filed 03/17/20    Ent. 03/17/20 18:35:04    Pg. 8 of 9

## IV.     CONCLUSION

QLS' motion for summary judgment and dismissal should be denied on the merits, or in the alternative, the motion should be continued pursuant to the request under FRCP 56(d) to allow for additional discovery.

Dated this March 17, 2020.

| HENRY & DEGRAAFF, P.S. | ANDERSON SANTIAGO, PLLC |
|---|---|
| By: /s/ Christina L Henry<br>Christina L Henry, WSBA# 31273<br>Attorney for the Plaintiffs<br>787 Maynard Ave S<br>Seattle, WA 98104<br>Tel# 206-330-0595<br>chenry@hdm-legal.com | By: /s/ Jason Anderson<br>Jason Anderson, WSBA# 38014<br>Attorney for the Plaintiffs<br>787 Maynard Ave S<br>Seattle, WA 98104<br>Tel# 206-395-2665<br>jason@alkc.net |

RESPONSE TO MOTION FOR SUMMARY JUDGMENT
AND DISMSISAL BY DEFENDANT QUALITY LOAN
SERVICE CORP OF WASHINGTON - 9

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

Case 20-04002-MJH    Doc 28    Filed 03/17/20    Ent. 03/17/20 18:35:04    Pg. 9 of 9