# EXHIBIT 1

# ALI SULEIMAN TRUST

### LIVING TRUST AGREEMENT

TRUSTOR, ALI SULEIMAN, establishes this Trust and states and declares as follows:

This Trust, for purposes of identification, shall be called the ALI SULEIMAN TRUST. TRUSTEE shall be ALI SULEIMAN.

Trustor hereby acknowledges he is now married to AFRIDAH GERUNG SULEIMAN, and at this time he is not naming Afridah, or any of her descendants, as heir or beneficiary of this Trust.

# ARTICLE I
# THE TRUST ESTATE

1.1 This Agreement shall apply to the assets described in Schedule A, attached hereto and made a part of this Agreement by this reference; and

1.2 Any other assets transferred to the Trustee of the Trust herein created. The property being at the time administered by the Trustee hereunder shall be referred to as the Trust Estate. All property, including jointly-owned marital property, community property, and separate property, transferred to the Trust shall retain its character, unless otherwise specifically

stated in this Trust. Trustor has the right under applicable State law to recharacterize property.

# ARTICLE II
## RIGHTS RESERVED BY THE TRUSTOR

Trustor reserves the following rights:

2.1   To revoke or modify this Trust or withdraw any part of the Trust assets at any time. Trustor shall have full use of all Trust assets as he may choose without obligation to compensate the Trust in any way or account to anyone. However, if Trustor is not Trustee, the powers, duties and liabilities of any acting Trustee shall not be materially changed by Trustor without the written consent of such Trustee.

2.2   To direct all actions with regard to the property in this Trust.

2.3   To direct the distribution of income from the Trust Estate.

2.4   To add to the Trust Estate other property acceptable to the Trustee.

2.5   At any time Trustor is acting as Trustee, all transactions involving real or personal property held hereunder shall be effective upon his signature alone.

# ARTICLE III
## PURPOSE, BENEFICIARIES AND DISTRIBUTIONS

3.1   The purposes of this Trust are to provide for Trustor's care and welfare during his lifetime, and to provide for the management of his property in the event of his incapacity, and to ensure an orderly, prompt and economical transition of Trustor's assets after Trustor's death

to the distributees and beneficiaries identified in Schedule B, attached hereto and made a part of this Agreement by this reference.

3.2 The Trust shall provide to the Trustor, or to his order, so much of the income or principal, or both, as he shall direct.

3.3 Upon the death of Trustor, Trustee shall administer the Trust assets, or pay them over, in the manner designated in Schedule B.

3.4 If an acting Trustee, because of illness or other reason, is incapable of managing or directing the Trust affairs, such Co-Trustees or successor Trustee as is designated in Paragraph 6.1 to continue or assume the responsibilities of Trustee shall, upon being furnished with written statements of two competent medical doctors as to such incapacity, assume full duties as Trustee for such time as the incapacity continues to exist. If Trustor is similarly declared incapacitated, the rights reserved by Trustor in Article II hereof shall be suspended. Restoration of competency, established by similar medical evidence, shall reinstate Trustor's or Trustee's standing.

## ARTICLE IV
## POWERS AND DUTIES OF THE TRUSTEE

Trustee shall have as to the Trust Estate and in the execution of this Trust all the rights, powers, and privileges which an absolute owner of the same property would have, including, without limiting the generality of the foregoing, the powers granted by law and the discretionary power to acquire, invest, reinvest, exchange, sell, convey, control, divide, partition, and manage the Trust property in accordance with the standards provided by law, and the following special rights, powers, privileges, and duties:

HOOVER000184
Case 20-04002-MJH   Doc 43-1   Filed 08/07/20   Ent. 08/07/20 00:05:14   Pg. 4 of 67

4.1 In acquiring, investing, reinvesting, exchanging, selling and managing property hereunder, Trustee shall exercise the judgment and care under the circumstances then prevailing which persons of prudence, discretion and intelligence exercise.

4.2 Trustee may freely act under any of the powers set forth in this Trust Agreement in all matters concerning this Trust, without the necessity of obtaining the consent or permission of any person interested herein, or the consent or approval of any court, and notwithstanding that Trustee may also be acting individually, or as a trustee of other trusts, or as an agent for other persons or corporations interested in the same matters, or may be interested in connection with the same matters as a stockholder, director, or otherwise; provided, however, that Trustee shall exercise such powers at all times in a fiduciary capacity, primarily in the interest of the Trustor and beneficiaries hereunder. It is expected that Trustee will consult with the Trustor, and any adult beneficiaries then receiving benefits with regard to transactions of the Trust, but no approval for such transactions need be obtained unless specifically provided otherwise herein.

4.3 Subject to the foregoing provisions, Trustee shall have as to the Trust Estate and in the execution of the directions of this Trust the following specific rights, powers, and privileges:

4.3.1 To hold and retain any property received in trust hereunder even though such property not be of a character authorized by the laws of the controlling state including, but not by way of limitation, retention of shares of stock issued by any corporate trustee hereunder, and retention of assets received in trust, even though they may represent an undue proportion of the Trust Estate, are wasting in nature or unproductive, are improved or unimproved, are inherently hazardous or are otherwise disqualified for trust investments. Any or all securities of any kind included in the Trust Estate may be held in the name of a nominee.

**HOOVER000185**

Case 20-04002-MJH    Doc 43-1    Filed 08/07/20    Ent. 08/07/20 00:05:14    Pg. 5 of 67

4.3.2 To rent or lease Trust property, with or without options to purchase or renew, to begin within a reasonable period and for terms within or extending beyond the duration of the Trust, for any purpose including exploration for and removal of oil, gas and other minerals; enter into community oil leases, pooling and unitization agreements.

4.3.3 To subdivide, develop, dedicate to public use, make or obtain the vacation of public plats, adjust boundaries, partition real property, and on exchange or partition to adjust differences in valuation by giving or receiving money or money's worth.

4.3.4 To change the character of or abandon a Trust asset or any interest in it.

4.3.5 To sell and convey any of the property of the Trust Estate or any interest therein, or to exchange the same for other property, for such price or prices and upon such terms as in Trustee's sole and absolute discretion and judgment may be deemed for the best interest of the Trust and the beneficiaries hereunder, and to execute and deliver any deed or deeds (with or without warranty), receipts, releases, contracts or other instruments necessary in connection therewith.

4.3.6 To create restrictions, easements, including easements to public use without consideration, and other servitudes.

4.3.7 To make all repairs and improvements at any time deemed necessary and proper to, and upon, real property constituting a part of the Trust Estate, and to build, construct, and complete any building or buildings upon such property, to demolish any improvements, raze existing structures, which in Trustee's sole and absolute discretion and judgment may be deemed advisable and proper and for the best interest of the Trust and the beneficiaries hereunder, and to determine the extent to

HOOVER000186

Case 20-04002-MJH   Doc 43-1   Filed 08/07/20   Ent. 08/07/20 00:05:14   Pg. 6 of 67

which the cost of such repairs and improvements shall be apportioned as between principal and income.

4.3.8 To manage any business interest, regardless of form, received by the Trustee from the Trustor of the Trust, as a result of the death of a person, or by gratuitous transfer from any other transferor, and with respect to the business interest, have the following powers:

    (a) To hold, retain, and continue to operate that business interest solely at the risk of the Trust, without need to diversify and without liability on the part of the Trustee for any resulting losses;

    (b) To enlarge or diminish the scope or nature or the activities of any business;

    (c) To authorize the participation and contribution by the business to any employee benefit plan, whether or not qualified as being tax deductible, as may be desirable from time to time;

    (d) To use the general assets of the Trust for the purpose of the business and to invest additional capital in or make loans to such business;

    (e) To endorse or guarantee on behalf of the Trust any loan made to the business and to secure the loan by the Trust's interest in the business or any other property of the Trust;

    (f) To determine, in Trustee's sole and absolute discretion, the manner and degree of the Trustee's active participation in the management of any business, and the Trustee is authorized to delegate all or any part of the Trustee's power to supervise, manage, or operate to such persons as the Trustee may select,

HOOVER000187

including any partner, associate, director, officer, or employee of the business; and also including electing or employing directors, officers, or employees of the Trustee to take part in the management of such business as directors or officers or otherwise, and to pay that person reasonable compensation for services without regard to the fees payable to the Trustee;

(g) To engage, compensate, and discharge or to vote for the engaging, compensating, and discharging of managers, employees, agents, lawyers, accountants, consultants, or other representatives, including anyone who may be a beneficiary of the Trust or any Trustee;

(h) To cause or agree that surplus be accumulated or that dividends be paid;

(i) To accept as correct financial or other statements rendered by any accountant for any sole proprietorship or by any partnership or corporation as to matters pertaining to the business except upon actual notice to the contrary;

(j) To treat the business as an entity separate from the Trust, and in any accounting by the Trustee it is sufficient if the Trustee reports the earnings and condition of the business in a manner conforming to standard business accounting practice or other comprehensive basis of accounting;

(k) To exercise with respect to the retention, continuance, or disposition of any such business all the rights and powers that the Trustor of the Trust would have if alive at the time of the exercise, including all powers as are conferred on the Trustee by law or as are necessary to enable the Trustee to administer the Trust in accordance with the instrument governing the Trust, subject to any limitations provided for in the instrument; and,

(l)    To satisfy contractual and tort liabilities arising out of an unincorporated business, first out of the business and second out of the estate or Trust, but in no event may there be a liability of the Trustee, and if the Trustee is liable, the Trustee is entitled to indemnification from the business and the Trust, respectively;

4.3.9  To cause or participate in, directly or indirectly, the formation, reorganization, merger, consolidation, dissolution, or other change in the form of any corporate or other business undertaking where Trust property may be affected and retain any property received pursuant to the change.

4.3.10  To limit participation in the management of any partnership and act as a limited or general partner.

4.3.11  To deduct, retain, expend, and pay out of any money belonging to the Trust any and all necessary and proper expenses in connection with the operation and conduct of the Trust, and to pay all taxes, insurance premiums, and other valid assessments, debts, claims or charges which at any time may be due and owing by, or which may exist against, the Trust.

4.3.12  To continue after Trustor's death, or during the incapacity of Trustor, any insurance policies owned by Trustor on the life of any person or persons and to pay premiums, assessments, and any other proper charges out of income, principal, or both, as Trustee deems best; and Trustee shall have full discretionary power to exercise any or all rights granted under any such policies, such as the right to take a premium loan, elect paid-up insurance or surrender the policies.

4.3.13  Nothing in this Trust Agreement or any insurance policy ownership or beneficiary endorsement signed by Trustor shall be construed to give Trustor or Trustee any

HOOVER000189

incidents of ownership in any policy which would cause the proceeds to be taxed in the insured's estate. The right reserved by Trustor to amend this Trust shall not be construed as reserving to an insured Trustor the right to affect the disposition of proceeds of any life insurance policy on Trustor's life.

4.3.14 To employ such agents and counsel as may be necessary or desirable in Trustee's sole and absolute discretion for the proper administration of this Trust, or in its defense against legal or equitable attack, without liability for the acts or defaults of such agents and attorneys selected by Trustee with due care; to pay a reasonable fee for such services, and to act in reliance upon the opinion or legal advice of such counsel.

4.3.15 To determine the allocation of receipts and expenses between income and principal in accordance with the Washington Principal and Income Act; provided, there is reserved to the Trustee the power to make such equitable allocation as may nevertheless be contrary to the terms of that Act with respect to allocations relating to under productive property, depreciation, bond premium and discount, corporate distributions and the operation of a trade, business, or farm except that the Trustee may not take any action regarding such equitable allocation that may impair any marital deduction gift contained in this instrument.

4.3.16 To issue proxies to any of the adult beneficiaries of this Trust for voting stock of the Trustee corporation in the event the Trustee of this Trust is a corporation.

4.3.17 To pledge, encumber or hypothecate any asset or assets, including insurance policies of any kind, to secure financing from any source and for any purpose deemed appropriate by Trustee in Trustee's sole and absolute discretion.

HOOVER000190

4.3.18 Within the limitations of the standards outlined in this Article, Trustee is authorized to acquire and retain every kind of property, real, personal, or mixed, and every kind of investment, specifically including, but not by way of limitation, bonds, debentures, and other corporate obligations and stocks, preferred or common, partnership interests either limited or general, and insurance policies and annuities on the lives of the beneficiaries.

4.3.19 To buy, sell and trade, in Trustee's sole and absolute discretion: securities on margin or in a margin account, commodities or commodity futures of any type and in any manner, securities options either privately or through an exchange, puts and calls, other securities or assets of a similar type, precious metals, gems, and similar tangible items, and he, she, or they may pledge any securities held or purchased as security for loans or advances made to the Trust or elsewhere, and he, she, or they may borrow funds in any manner, under any conditions, and with or without collateral, including in the operation of a money management account and any related credit card or similar type activities.

4.3.20 To hold Trust assets in one or more brokerage Trust accounts having separate purposes such as, but not restricted to, growth and income.

4.3.21 If Trustee, or successor hereunder, is named as trustee under any other trust agreement containing provisions substantially similar to the provisions contained herein, Trustee is authorized and empowered to consolidate the Trust created hereunder with any such other trust or trusts insofar as it is practicable to do so and it is not in conflict with the express terms of this Trust or of such other trusts. Variations in minor details as to the management and distribution of the Trust Estate shall not be considered conflicting within the meaning of this paragraph. The determination by Trustee as to any consolidation hereunder shall be final and conclusive on all parties interested in the Trust Estate.

HOOVER000191

4.3.22 To accept and manage assets from any source which are designated as assets to be held in an irrevocable status and such assets shall not be withdrawable by Trustors in any way. Such assets are to be held, managed, and distributed by the Trustee in such manner as is directed by the person or persons depositing the assets. Trustee has the right to not accept any such assets if it is determined by Trustee, in Trustee's sole and absolute discretion, that acceptance of such assets and directions would not be in the best interest of Trustor.

4.3.23 To appoint an ancillary Trustee or agent to facilitate management of assets located in another state or foreign country.

4.3.24 To exercise any powers not otherwise granted in this instrument or given by law which the Trustee, in Trustee's sole and absolute discretion, determines are necessary and desirable and not inconsistent with the provisions of this instrument.

4.3.25 To continue to hold in Trust any distribution of principal or income otherwise authorized in this instrument to be made to or for any beneficiary for such length of time as the Trustee, in Trustee's sole and absolute discretion, considers appropriate because a significant portion of beneficiary's distribution is threatened by (a) a court proceeding or judgment involving the beneficiary or the beneficiary's family, (b) a terminal illness of the beneficiary, (c) the acute or chronic alcohol or drug abuse or dependency of the beneficiary, (d) a threatened or probable transfer that the beneficiary would make of such distribution or any transfer which the beneficiary has made or has permitted or suffered to be made in anticipation of any such distribution, which the Trustee, in Trustee's sole and absolute discretion, deems to be imprudent or ill-advised or in exchange for what the Trustee deems to be insufficient or inappropriate consideration.

HOOVER000192
Case 20-04002-MJH    Doc 43-1    Filed 08/07/20    Ent. 08/07/20 00:05:14    Pg. 12 of 67

In the event any such payment or distribution is being withheld at the death of the beneficiary, unless provided otherwise herein, Trustee shall appoint such payment or distribution to any one or more of Trustor's heirs, or add any such payment or distribution to any Trust or Trusts for one or more of them, as the Trustee, in Trustee's sole and absolute discretion, shall select. In the exercise of any such discretion, the decision of the Trustee shall be final and binding on all persons. Provided, however, as to this hold-back power, that the appointment of any such payment or distribution on the death of the beneficiary may not be made to Trustee, Trustee's estate or Trustee's creditors. Such appointment may be made for life or for such other estates as Trustee may determine, in trust or otherwise, and it may be made subject to lawful spendthrift provisions.

4.3.26 To exercise the powers given the Trustee in this instrument and by law only in the Trustee's fiduciary capacity; and notwithstanding any other provision in this instrument, the Trustee shall have no power under any such provision to enlarge or shift any of the beneficial interests under this instrument except as an incidental consequence of the discharge of the Trustee's fiduciary duties.

4.3.27 <u>S Corporation Stock</u>.

    (a)    When making distributions of S Corporation stock, Trustee is authorized to distribute such S Corporation stock at such times and in such manner as required to preserve S Corporation status. This may include non pro rata distributions in kind if required to maintain S Corporation status.

    (b)    If any stock of an S Corporation becomes distributable to a trust created under this Trust agreement, and such trust is not a qualified Subchapter S trust, Trustee may implement any of the following alternatives with respect to the S Corporation stock:

HOOVER000193

(1) <u>A Sole Beneficiary</u>.  Where the original trust is for a sole beneficiary, Trustee may create for that beneficiary a separate trust that qualifies as a Subchapter S trust, and then distribute such stock to the newly created trust.

(2) <u>Multiple Beneficiaries</u>.  Where the original trust is for multiple beneficiaries, Trustee may divide the trust into separate trusts for each of the beneficiaries.  Each newly created trust shall hold that beneficiary's pro rata share of the S Corporation stock, and shall qualify as a Subchapter S trust.

(3) <u>Outright Distribution</u>.  If circumstances prevent Trustee from accomplishing the first two alternatives under this paragraph, Trustee may, in Trustee's sole and absolute discretion, distribute such stock to the beneficiaries as if the trust had terminated, while continuing to hold any other non-S Corporation property in trust.

Each newly created S Corporation trust shall have mandatory distributions of income and shall not provide for powers of appointment that can be exercised by the beneficiary during the beneficiary's lifetime.  In all other respects, the newly created trust shall be as consistent as possible with the original trusts and still qualify as a Subchapter S trust.

Trustee may take any action necessary with regard to S Corporations, including making any elections required to qualify stock as S Corporation stock, and may sign all required tax returns and forms.

HOOVER000194

4.3.28 <u>Interest in Professional Practices</u>. If the Trust owns any interest in a professional corporation or professional practice, then trustee powers as to such interest shall be limited so as to comply with applicable law and regulations. For example, only the professional practicing trustee may be able to exercise any rights or powers over such interest.

4.3.29 <u>Continuation of Gifting Plan</u>. Trustee is authorized to continue any pattern of gifting begun by a Trustor if Trustee determines, in Trustee's sole discretion, that such gifting is in accord with Trustor's prior wishes. If possible, this shall be done in such a way so as not to cause inclusion of such gifts in Trustor's taxable estate.

4.3.30 <u>Tax Filings, Elections and Equitable Adjustments</u>. Trustee is authorized to represent the Trust in all tax matters, including but not limited to the preparation, filing and signing of any state or federal income or estate tax returns as well as where appropriate, the request for extension to file returns and/or pay taxes. Trustee may also make all elections and take all other appropriate actions with respect to taxation of every kind applying to the Trust or to the Trustor individually. Unless otherwise provided herein, such power may be exercised regardless of the effect of such exercise upon the comparative values of the distributive provisions made under this Trust, and Trustee shall not be required to make any adjustment in the amount of any distribution in order to compensate for the effect of such exercise.

Unless otherwise provided herein, Trustee may administer the Trust without regard to the income tax basis of specific property allocated to any beneficiary. Further, Trustee may, in its sole and absolute discretion, exercise all elections with respect to allowable deductions on Trustor's estate tax returns or any necessary income tax returns, all without reimbursement either from or to Trustor's estate or any beneficiaries hereunder for taxes payable in respect of said elections.

HOOVER000195

However, unless otherwise provided herein, Trustee may also make, in its discretion, any equitable adjustments which may be necessary to permit beneficiaries with different tax brackets to share fairly overall tax savings which may result from any distributions, tax savings elections or decisions which Trustee deems advisable.

4.3.31 For purposes of the basis allocation rules as provided under Internal Revenue Code Section 1022, Trustee shall, to the extent feasible, given the nature and extent of property distributed to the beneficiaries provided for herein, allocate the aggregate basis increase (Internal Revenue Code Section 1022(b)(2)(B)) in reasonably equivalent shares to the beneficiaries.

# ARTICLE V
# ACCOUNTING

5.1 Trustee shall be relieved from the duties which would otherwise be required by state law relating to accountings by Trustees in force at the time of the execution of this Agreement and any amendment or amendments thereof, and any similar Act or Acts of this or any other jurisdiction; and in lieu thereof, Trustee shall furnish to present beneficiaries, and if any beneficiary is a minor or under a legal disability then to the beneficiary's parent or guardian, a statement of accounting of administration upon reasonable request to do so. However, this requirement of accounting to beneficiaries shall not apply at any time Trustor is an acting Trustee.

# ARTICLE VI
# TRUSTEES

6.1 Initial Trustee shall be Trustor Ali Suleiman. In the event of the death, incapacity (as defined in Paragraph 3.4 hereof), or resignation of Trustor, Trustor's son, Gordon T. A.

HOOVER000196

Suleiman, shall be sole Trustee. In the event of the death, incapacity, or resignation of Gordon, Trustor's son, Amir C. Suleiman, shall serve as the next alternate and successor Trustee.

Unless stated otherwise, this Article VI shall determine the Trustees of all trusts created by this Trust.

6.2   Should a private successor sole Trustee have no named and qualified successor Trustee, such Trustee shall designate in a notarized statement who his or her successor shall be, and deliver a copy thereof to the so-designated successor Trustee and all current beneficiaries, and if any beneficiary is a minor or under a legal disability then such notice shall be made to the beneficiary's parent or guardian. The right of designation granted in this paragraph includes the right to change such named successor Trustee by giving notice in the same manner, except that if such designated successor Trustee has become the acting Trustee, the right to change Trustees granted in this paragraph shall become ineffective.

In the event of the death, incapacity, or resignation of the last successor Trustee, and no successor Trustee has been designated, the current beneficiaries (or their parent or guardian) shall have the right to vote for a successor Trustee or Trustees. Such beneficiaries may agree by unanimous vote who the successor Trustee or Trustees shall be, as well as who shall be the future successor Trustees. In the absence of unanimous agreement, the person or organization (only one shall be chosen) receiving the most votes shall be the successor Trustee (i.e., a majority is not required) and the person or organization so chosen shall immediately designate in writing who their successor shall be. In the case of a tie, the beneficiaries shall go through two more rounds of voting until the tie is broken. If there is still a tie, the oldest current beneficiary shall designate one other beneficiary to call "heads" or "tails" for one of the nominated trustees in the tie; the oldest current beneficiary shall then flip a coin and the next Successor Trustee shall be determined by the call made by the so designated beneficiary.

HOOVER000197
Case 20-04002-MJH   Doc 43-1   Filed 08/07/20   Ent. 08/07/20 00:05:14   Pg. 17 of 67

6.3 Trustees named herein and successor Trustees shall not be required to furnish bond or other security for performance of their duties in any jurisdiction.

6.4 The authorized acts of any Trustee with regard to this Trust and its assets shall be fully binding on, and effective as to, all of the assets of the Trust without restriction and shall be binding on all other Trustees.

6.5 Trustee shall be paid such compensation as is reasonable considering the time involved, the value and nature of the assets, and the expertise required. Any Trustee or Co-Trustee entitled to such fees may waive all or any part of them. Trustee is additionally entitled to reimbursement for any and all reasonable out-of-pocket costs.

6.6 In the event any Trustee is called on to perform extraordinary services outside the normal range of duties, said Trustee shall be paid reasonable and adequate compensation therefor, unless the Trustee or Co-Trustee entitled to such fee chooses to waive it.

6.7 Any Trustee, or designated successor Trustee, may resign trusteeship of this Trust by giving the Trustor a notice of resignation in a notarized statement no less than seven days in advance, or in the event Trustor is not alive and capable, by giving such written notice to the acting Trustee, named successor Trustees, and all present beneficiaries, and if any beneficiary is a minor or under a legal disability then such notice shall be made to the beneficiary's parent or guardian. No Trustee, however, shall resign unless there is a designated successor.

6.8 Successor Trustees in every case shall succeed to all the powers, authority, and discretion and be subject to all of the duties and responsibilities of each predecessor, but may accept the Trust Estate as offered at the time of succession and need not audit or inquire into the

HOOVER000198
Case 20-04002-MJH   Doc 43-1   Filed 08/07/20   Ent. 08/07/20 00:05:14   Pg. 18 of 67

activities of any predecessor Trustee in any way. Successor Trustees shall not be liable for any breaches of trust by preceding fiduciaries.

6.9 In any event where there is only one acting Trustee, that Trustee shall have the option of requesting the next named qualified successor Trustee to act as Co-Trustee with him or her. The named successor Trustee must in all cases be asked in the order in which named and the refusal to so act does not waive his or her right to act at a later time in the normal succession of Trustees as provided herein.

6.10 During the administration of this Trust by two Co-Trustees at any time other than when Trustor may be serving with a Co-Trustee (Ref. Para. 2.5), the Trustee powers may only be exercised by, or the Trustee duties may only be carried out by, the agreement of the two Co-Trustees, and all transactions shall be effective upon the act and signatures of the Co-Trustees jointly, unless specifically provided otherwise herein. In the event of disagreement, the two Co-Trustees shall each select an arbitrator and the two arbitrators shall select a third arbitrator. A decision shall be rendered by the three arbitrators within sixty days from the time that one Trustee receives notification from the other Trustee that arbitration is requested. The decision of the majority of the arbitrators shall be final and binding on all parties. In the event a Co-Trustee fails to select an arbitrator within thirty days of receiving a request for arbitration, then the arbitrator appointed by the Co-Trustee requesting such arbitration shall decide the issue. If neither Co-Trustee selects an arbitrator within thirty days of such notification, then the arbitration proceedings must start from the beginning. Notices, instructions, and arbitration decisions provided for in this paragraph shall be in writing.

6.11 During the administration of this Trust by more than two Co-Trustees, unless specifically provided otherwise herein, all Trustee powers and duties shall be exercised and all transactions shall be effective upon the acts and signatures of a majority of the Co-Trustees then serving.

HOOVER000199
Case 20-04002-MJH    Doc 43-1    Filed 08/07/20    Ent. 08/07/20 00:05:14    Pg. 19 of 67

6.12 A Co-Trustee may at any time, by a notarized statement delivered to the other acting Trustee, delegate the exercise of the Trustee powers to the other acting Trustee, and in like manner at any time revoke such delegation. Any Trustee so delegating his powers shall receive no Trustee fees so long as those powers are delegated.

6.13 A Trustee shall not be barred or disqualified from acting in a fiduciary capacity other than and in addition to Trustee of this Trust in matters and decisions hereunder, regardless of whether his or her interest conflicts with those of any beneficiary, or whether he or she is acting alone or with other Trustees. Provided, however, that should a Trustee ever become both the sole Trustee and the sole beneficiary hereunder, he or she may not act alone, but a competent Co-Trustee shall be appointed by the existing Trustee in the manner set forth in Paragraph 6.2 to act with him or her if there is no successor Trustee named to so serve as a Co-Trustee, but this provision shall not apply to the period during which final administration and distribution of this Trust is being made.

6.14 Under any provision established herein where a Trustee is also a potential recipient of discretionary payments from principal, such decision as to principal payments shall be made solely by the Co-Trustee, or next named successor Trustee if there is no Co-Trustee. Such decision shall be made according to the standards set forth in each case, and shall be in writing. However, this shall not apply as long as Trustor is living and capable.

# ARTICLE VII
## MISCELLANEOUS PROVISIONS

7.1 Any and every action taken in good faith by Trustee in the exercise of any power, authority, judgment or discretion shall be conclusive and binding upon the persons interested in the Trust. The enumeration of certain powers of the Trustee shall not limit the general powers. Trustee, subject always to the discharge of fiduciary obligations, is vested with and has all

HOOVER000200

the rights, powers, and privileges which an absolute owner of the same property would have.

7.2 If at any time during which this Trust is in effect and the acting Trustee is a corporate Trustee, the adult beneficiaries of this Trust shall have the right, by unanimous decision, to change to a different corporate Trustee. Such decision shall be made by giving the acting corporate Trustee no less than six months notice of intention to change. The acting Trustee may make the actual transfer as of the end of the calendar quarter in which the six month notification period ended.

7.3 If at any time any trust created by this Trust document has a value less than Twenty Thousand Dollars ($20,000.00) then, anything contained herein to the contrary notwithstanding, Trustee shall have the option of distributing the balance to the beneficiaries, persons responsible for the care of the beneficiaries, or such other persons as the Trustee shall deem proper and in accordance with the objectives of this Trust.

7.4 Distributions to any beneficiary entitled thereto under the terms of this Trust or the Schedules may be made by the Trustee by deposit to the credit of such beneficiary in any bank or brokerage account designated by him or her. Evidence of any such deposit by Trustee shall constitute a full acquittance from the money so deposited.

7.5 Notwithstanding anything herein contained to the contrary, any trust created by this instrument or its Schedules shall terminate within the period limited by the law of the state which controls said trust, or by the law of any state which controls an asset of that trust. In the event any trust created herein shall exceed such period, it shall be deemed terminated on the date limited by state law, and Trustee shall pay the principal and accumulated income, if any, of such trust to the beneficiaries then receiving distribution; but such termination and distribution shall be only to the extent required by such state law, and all other provisions of the trust shall remain in full effect.

HOOVER000201
Case 20-04002-MJH    Doc 43-1    Filed 08/07/20    Ent. 08/07/20 00:05:14    Pg. 21 of 67

7.6 The word "Trustee" as used anywhere herein shall mean and include a male, female, or corporate Trustee or any number or combination of Co-Trustees.

7.7 In every case where Trustee is given discretionary power or direction, Trustee's decision shall be in his, her, their, or its sole and absolute discretion.

# ARTICLE VIII
# CONTROLLING LAW

8.1 This Trust has been accepted by the Trustee in the State of Washington, and its validity, construction and rights shall be governed by the laws of that State. If any provisions of this instrument arc unenforceable, the remaining provisions, nevertheless, shall be carried into effect.

IN WITNESS WHEREOF, Trustor has subscribed this Trust and its Schedules, and as Trustee has accepted this Trust November 25, 2003.

_____
ALI SULEIMAN, TRUSTOR-TRUSTEE

HOOVER000202

# ALI SULEIMAN TRUST

## SCHEDULE A

Referred to in, and hereby made a part of, the ALI SULEIMAN TRUST dated November 25, 2003.

ASSETS

Trustor assigns to the Trust all interest in any and all assets without title documents, personal valuables, art, jewelry, bearer bonds, bearer certificates of any kind, personal effects, household furniture and furnishings, personal vehicles, pleasure boats, and similar articles of personal use which Trustor now has or may acquire in the future.

Cash in the amount of One Hundred Dollars ($100.00).

All existing and future copyrights, settlements, judgments, undistributed inheritances, and legal claims not yet asserted or finalized.

_____

Ali Suleiman

HOOVER000203

# ALI SULEIMAN TRUST

## SCHEDULE B

### DISTRIBUTIONS FROM THE TRUST ESTATE

Referred to in, and hereby made a part of, the ALI SULEIMAN TRUST dated November 25, 2003.

# SECTION I
# TRUSTOR LIVING

B.1.1 Trustee shall pay to Trustor so much of the net income and principal of the Trust Estate as Trustor shall direct.

B.1.2 During any period in which Trustor is incapable of managing or directing his affairs (as defined in Paragraph 3.4 of Article III) Trustee shall pay to, or for Trustor's benefit, so much of the income or principal as Trustee deems proper for the maintenance, care, support, comfort, and other normal activities of Trustor, including any herein described beneficiaries dependent upon him.

B.1.3 During the period described in Paragraph B.1.2 of this Section, Trustee may discontinue any payments being made under Paragraph B.1.1 of this Section.

# SECTION II
# TRUSTOR DECEASED

B.2.1 <u>Estate and Death Expenses</u>. Upon the death of Trustor, Trustee may pay all or part of the expenses of the last illness and funeral and any other remaining debts to the extent that

HOOVER000204

funds are not available from other sources. The Trust Estate shall bear its proportionate share of all taxes assessed by reason of such death, provided that the proceeds from any qualified pension, profit sharing or other retirement plan shall not be used to pay such taxes or any estate obligations. Trustee is authorized to prepare and file all necessary tax returns and to pay all transfer, inheritance, estate, succession or death taxes imposed by any taxing authority by reason of Trustor's death, whether attributable to property subject to probate administration or to outside transfers. Any and all specific distributions provided for in this Trust shall be distributed in full and shall not be subject to any share of the above named taxes. Unless otherwise stated in this Trust, all taxes, costs and expenses relative hereto shall be paid out of the residue of the Trust Estate without apportionment, deduction or reimbursement therefor.

B.2.2 <u>Personal Effects</u>. Upon the death of Trustor, any and all personal effects, household furniture and furnishings, personal vehicles, pleasure boats, and similar articles of personal use, together with any insurance thereon, are to be distributed as Trustor has designated in a written, signed and dated list indicating who is to receive certain items of personal effects. It shall be binding upon Trustee to carry out those directions contained in such list unless the intended recipient is not surviving.

Should there be any remaining personal effects thereafter, or in the event there is no such list in existence at the time of Trustor's death, then such personal effects or the remainder thereof, shall be distributed equally to those who are surviving of Trustor's children, Gordon Tucker Ali Suleiman, Sofiah Omega Corcoran, Amir Clyde Suleiman, and Sarah Virginia Suleiman, unless Trustor has provided otherwise in his last Will.

If Trustor's surviving children do not agree within one hundred twenty days from the date of Trustor's death as to the division of the personal effects, or if a child is unable to make such a choice because of a legal disability, Trustee shall distribute these personal effects to such child, children, organizations, or any other person or persons as Trustee deems

**HOOVER000205**

appropriate. Such distribution shall be in Trustee's sole and absolute discretion and shall be binding on all parties. Trustee is to have suitable documentation evidencing the fact that no agreement has been able to be reached between or among the children described above.

B.2.3   Remainder Trust Estate. The remainder Trust Estate shall continue to be administered up to one year after Trustor's death, at which time Trustee shall divide and allocate the Trust Estate into as many equal shares as there are then surviving children of Trustor and deceased children of Trustor who have surviving descendants.

Each share allocated to a surviving child of Trustor shall be distributed to him or her at the time of allocation.

Each share allocated to a deceased child of Trustor who has surviving descendants shall be divided as follows, and distributed under the provisions of Paragraph B.2.4: Each of the surviving children of a deceased child of Trustor (grandchildren of Trustor) shall receive an equal share, and the surviving children of any deceased grandchild of Trustor (great grandchildren of Trustor) shall divide a share equally.

B.2.4   Distribution to Grandchildren and Great Grandchildren. Unless otherwise indicated, each share allocated to a surviving grandchild or great grandchild of Trustor shall be distributed to him or her at the time of allocation providing he or she has reached the age of twenty-one years. In the event a beneficiary has not reached the age of twenty-one years, then his or her share shall be held and administered as a sub-trust and Trustee shall use so much of the income or principal from the beneficiary's sub-trust as Trustee deems necessary for the beneficiary's maintenance, education, support and health to the age of twenty-one, considering the availability to the beneficiary of other sources of funds. When the beneficiary shall attain the age of twenty-one years, the remainder of his or her sub-trust shall be distributed to him or her.

**HOOVER000206**
Case 20-04002-MJH   Doc 43-1   Filed 08/07/20   Ent. 08/07/20 00:05:14   Pg. 26 of 67

B.2.5   <u>Distribution Upon Death of a Beneficiary</u>. Unless otherwise indicated, in the event of the death of a beneficiary herein prior to receiving a complete and final distribution of a share he or she has been allocated, the remainder of such share shall be divided and allocated into as many equal shares as there are then surviving children of the deceased beneficiary and deceased children of the deceased beneficiary who have surviving children.

   B.2.5.1   Each share allocated to a surviving child of the deceased beneficiary shall be distributed to him or her under the distributive provisions of Paragraph B.2.4.

   B.2.5.2   Each share allocated to a deceased child of the deceased beneficiary who has surviving children shall be distributed in equal parts to said surviving children, under the distributive provisions of Paragraph B.2.4.

   Should the beneficiary not have surviving descendants, as herein defined, the remainder of his or her share shall be added equally to the shares, distributed or not, of the beneficiary's then surviving brothers and sisters who were herein allocated shares and distributed as those shares have been or will be distributed; and if there be no such brothers or sisters, the said remainder shall be added equally to the shares allocated to Trustor's children, surviving and deceased, and distributed as those shares have been or will be distributed, but distributed only to then surviving beneficiaries.

B.2.6   <u>Beneficiary Emergency Expenses</u>.   Unless otherwise indicated, in the event of an emergency arising out of sickness or accident to a child of Trustor prior to division of the remainder Trust Estate, Trustee may pay to such child, or for his or her benefit, such amounts of income or principal from the Trust Estate as deemed necessary by Trustee, considering the availability to such child of other sources of funds.  Such disbursements

HOOVER000207

shall be a charge against the share of the recipient child of Trustor who received the disbursement if and when determined.

After division of the Trust Estate into shares, Trustee may make such emergency distributions from any beneficiary's share being held in trust for that beneficiary.

B.2.7   Beneficiary Death Expenses.  Unless otherwise indicated, in the event of the death of a child of Trustor prior to division of the remainder Trust Estate, Trustee may pay from the Trust Estate all or part of the expenses of said child's last illness and funeral and any other remaining debts to the extent that funds are not available from other sources.

Trustee may make such disbursements from any deceased beneficiary's share, including a proportionate share of all taxes assessed by reason of the beneficiary's death, should the Trust be divided in such a manner that a specific share has been allocated to the deceased beneficiary.

B.2.8   Distribution to Beneficiary's Living Trust.  Any and all distributions to a beneficiary who has his or her own living Trust may be distributed to the Trustee of such Trust rather than directly to such beneficiary upon written request by such beneficiary.  However, any such distributions to a Trust shall be governed by the same terms and conditions as provided in this Trust as to distributions.

B.2.9   None of the Above Beneficiaries Surviving.   In the event none of the foregoing beneficiary distribution provisions are applicable at any time prior to a complete and final distribution of the Trust Estate, Trustee shall distribute the Trust Estate, or the remainder thereof, to the legal heirs of Trustor under the laws of the controlling State of this Trust. Distribution shall be per stirpes, subject to the distributive provisions of Paragraph B.2.4.

HOOVER000208

# SECTION III
# <u>GENERAL PROVISIONS</u>

B.3.1  <u>Children</u>. The term "children" as used in this Trust in reference to Trustor's children shall mean and include Gordon Tucker Ali Suleiman, born March 18, 1965; Sofiah Omega Corcoran, born December 30, 1966; Amir Clyde Suleiman, born June 2, 1971; and Sarah Virginia Suleiman, born May 23, 1978. As used elsewhere in this Trust all forms of the terms "children" and "descendants" shall mean and include any and all children born to or legally adopted by beneficiaries named or described herein; however, a child of a beneficiary legally adopted by a party other than the spouse of the beneficiary, and his or her descendants, shall not be included in the definition of children as used herein, nor shall a person, and his or her descendants, who is eighteen years or older when adopted by any beneficiary herein.

B.3.2  The meanings of the terms "minor", "legal age" and "legal disability" as used herein shall be those meanings attributed to those terms by the state law controlling this Trust as it exists each time a question arises and not the state law as it existed at the time this Trust was signed, and regardless of the state of residency or domicile of the beneficiary.

B.3.3  Unless otherwise indicated, the meaning of the term "education" as used in this Schedule B shall include college, university, graduate or vocational school and all other types of general educational training as well as elementary, high school, and preparatory schooling, including such travel and other costs as are necessary.

B.3.4  Regardless of any distribution provisions set forth in this Trust document, Trustee may retain sufficient assets in the Trust after Trustor's death until taxes and other liabilities have been fully determined and paid. Trustee may also make distributions to beneficiaries of this Trust during the one year administration period set forth in Section II

HOOVER000209

in Trustee's sole and absolute discretion. Such disbursements shall be a charge against the share of the recipient beneficiary who received the disbursement.

B.3.5 Divisions and distributions of the Trust Estate shall be based on the fair market value of the assets on the date of death, less encumbrances, and need not be an interest in every asset, unless specifically provided otherwise herein, but may be made in money or other assets, or partly in each, as is deemed practicable, in Trustee's sole and absolute discretion, for the carrying out of the objectives stated herein, notwithstanding anything contained herein to the contrary. Special valuations granted by State or Federal authorities may be considered in determining "fair market value" under this paragraph. For example, state "Open Space" assessment value or I.R.C. §2032A valuation may be considered in determining "fair market value".

B.3.6 No share or interest in principal or income of this Trust shall be liable for the debts of any beneficiary nor subject to the process of seizure of any court, nor an asset in the bankruptcy of any beneficiary; and no beneficiary hereunder shall have the power to anticipate, alienate, or encumber his or her interest in the Trust Estate or in the income therefrom.

B.3.7 During the administration of any trust created by this instrument, the undistributed net income shall be added to the principal at intervals convenient to the Trustee but at least annually.

B.3.8 Generation Skipping. Trustee shall establish separate Trusts for any allocation to persons defined as "skip-persons" under Sections 2613(a) and 2651(d) of the Internal Revenue Code. All such Trusts shall be administered as provided herein and shall bear their proportionate share of expenses and taxes.

If by virtue of the allocation of any federal generation-skipping transfer tax exemption ("GST exemption") to any trust created under this Trust, such trust would have a generation-skipping transfer tax inclusion ratio other than one (1) or zero (0), the Trustee before such allocation shall create or divide such trust into two (2) separate trusts which are fractional shares, known as the "exempt trust" and the "nonexempt trust." The exempt trust is that fractional share of the total trust fund that has a generation-skipping transfer tax inclusion ratio of zero (0), and the nonexempt trust is the remaining fractional share of the trust, with a generation-skipping transfer tax inclusion ratio of one (1). The terms and conditions of the nonexempt trust and the exempt trust will be identical. Any reference to a trust created under this article, without a further specification or limitation shall be deemed to refer to both each exempt trust and each nonexempt trust, in proportionate amounts, where relevant.

No Trustee or personal representative will in any event be liable to any beneficiary or any other person for any additional death taxes, penalties, or interest, or other losses incurred by any person (including Trustor's estate) on account of having made or refrained from making any election or allocation related to Generation Skipping Transfers, unless it can be established that they acted in bad faith or with gross negligence. No Trustee or personal representative shall be required to make any compensating adjustments between income or principal or between any beneficiaries because of the results of making or refraining from making any election or allocation related to Generation Skipping Transfers.

B.3.9   At any time, any beneficiary of this Trust may waive his or her right to all or part of any distribution that may be or become due to him or her by giving notice to the Trustee in a written notarized statement. The effect of such waiver will be that the distribution or distributions which would have been made to the waiving beneficiary will be made to such beneficiaries as this Trust provides for in the event the waiving beneficiary was deceased.

HOOVER000211

B.3.10 In any case where the provisions of this Trust call for distributions to beneficiaries, any beneficiary shall have the option of instructing the Trustee to not make one or more distributions to him or her. By doing so the beneficiary does not waive or relinquish his or her right to any other distributions to which he or she is entitled. Instructions to the Trustee shall be in a written notarized statement and shall state the person, persons, or organizations to whom the distribution or distributions shall be made and when (which shall not be prior to the distribution date provided in this Trust Agreement), or shall indicate the beneficiary's irrevocable relinquishment of the distribution or distributions. The beneficiary may modify or revoke the instructions to Trustee at any time prior to the distributions unless the instructions were originally indicated to be irrevocable. Trustee shall have the right to approve or reject any written designations or instructions authorized in this paragraph.

B.3.11 <u>Transfers to Minors</u>. Unless otherwise indicated, all transfers and distributions to minors shall be made to a custodian under the Uniform Transfers to Minors Act as amended, or similar law if applicable. This paragraph may be nullified only if the relevant language specifically states that such transfer or distribution shall be held in Trust. The Trustee making such transfer or distribution may serve as custodian.

B.3.12 <u>No Contest Clause</u>. If any of Trustor's statutory heirs, any beneficiary mentioned or referred to in this Trust or for whom or for whose benefit Trustor has made any provision in this Trust, or any other person shall in any manner contest in any court or before any tribunal, this Trust or the validity thereof, or its due and proper execution, or the provisions applicable to him or her, or any other provision of this Trust, or shall in any way question Trustor's acts in making this Trust or any of its provisions, or file any claim against this Trust exceeding One Hundred Dollars ($100.00) then, in that event, such beneficiary or heir shall forfeit and cease to have any right, title or interest in or to any portion of the Trust Estate or any property given under this Trust or any income from

HOOVER000212

such property, and any and all provisions of this Trust in favor of or for the benefit of such beneficiary or heir are revoked. However, this shall not be construed as preventing any beneficiary from contesting the reasonableness of compensation paid to Trustee.

_____
Ali Suleiman

HOOVER000213

ACKNOWLEDGMENT

STATE OF WASHINGTON,            )
                                ) ss.
County of King,                 )


On this day personally appeared before me ALI SULEIMAN to me known to be the individual described in and who executed the within and foregoing ALI SULEIMAN TRUST and its SCHEDULES and acknowledged that he signed the same as his free and voluntary act and deed for the uses and purposes therein mentioned.

GIVEN under my hand and official seal November 25, 2003.

★MARK D. ALBERTSON★
NOTARY PUBLIC
STATE OF WASHINGTON
COMMISSION EXPIRES
DECEMBER 25, 2005

NOTARY PUBLIC:  Mark D. Albertson
State of Washington, residing in Kent
My appointment expires 12-25-05

ALI SULEIMAN TRUST   PAGE -33-

HOOVER000214

# ALI SULEIMAN TRUST

## <u>AMENDMENT ONE</u>

TRUSTOR, ALI SULEIMAN, pursuant to the rights reserved by Trustor in Article II, Paragraph 2.1 of the ALI SULEIMAN TRUST dated November 25, 2003, hereby amends and modifies said Trust as follows, as to his interest in the Trust.

The following Paragraphs 4.3.30 - 4.3.31 are hereby modified and amended in their entirety to read as follows:

4.3.30 <u>Tax Filings, Elections and Equitable Adjustments</u>. Trustee is authorized to represent the Trust in all tax matters, including but not limited to the preparation, filing and signing of any state or federal income or estate tax returns as well as where appropriate, the request for extension to file returns and/or pay taxes. It is the Trustors' intent that this instrument conform to applicable laws that would create the maximum reduction in their joint estate taxes, income taxes, gift taxes and the fees of administering this trust without defeating its dispositive provisions or otherwise impairing the substantive rights of trust beneficiaries. The Trustee therefore has sole discretion to make any and all tax elections and take all other appropriate action with respect to taxation of every kind applying to the Trustors, the Trust and its beneficiaries. Unless otherwise provided herein, such power may be exercised regardless of the effect of such exercise upon the comparative values of the distributive provisions made under this Trust, and Trustee shall not be required to make any adjustment in the amount of any distribution in order to compensate for the effect of such exercise.

**HOOVER000215**

1

Unless otherwise provided herein, Trustee may administer the Trust without regard to the income tax basis of specific property allocated to any beneficiary. Further, Trustee may, in its sole and absolute discretion, exercise all elections with respect to allowable deductions on Trustors' estate tax returns or any necessary income tax returns, all without reimbursement either from or to Trustors' estate or any beneficiaries hereunder for taxes payable in respect of said elections.

Unless otherwise provided herein, Trustee may also make, in its discretion, any equitable adjustments which may be necessary to permit beneficiaries with different tax brackets to share fairly overall tax savings which may result from any distributions, tax savings elections or decisions which Trustee deems advisable.

However, for purposes of the basis allocation rules as provided under Internal Revenue Code Section 1022, Trustee shall, to the extent feasible, given the nature and extent of property distributed to the beneficiaries provided for herein, allocate the aggregate basis increase (Internal Revenue Code Section 1022(b)(2)(B)) in reasonably equivalent shares to the beneficiaries.

4.3.31 <u>Amendments and Reformation</u>. The Trustors recognize that the laws relating to taxation change from time to time and that they may inadvertently fail to amend this Trust to take advantage of these changes. Accordingly, to the extent permitted by law, the Trustee may amend this document or petition a court of competent jurisdiction to reform this instrument for the purpose of conforming its provisions to those laws that would favorably affect any tax liability otherwise accruing to the Trustors or their respective estates, or that would substantially reduce the costs of administering this Trust, provided that such amendment or reformation is otherwise consistent with dispositive provisions of this Trust and does not otherwise impair the substantive rights of trust beneficiaries. If no definitive law exists on the

**HOOVER000216**

propriety of the amendment or sought after reformation, or if the effect of the amendment or sought after reformation on the rights of Trust beneficiaries is uncertain, the Trustee may rely on advice of counsel who specialize in tax law, estate planning or trust administration as to the risks and benefits of amending the trust or obtaining reformation and the advisability of pursuing such an action. Reasonable reliance on such advice shall absolve the Trustee of any liability that might otherwise accrue under this section.


IN WITNESS WHEREOF, Trustor hereby ratifies and confirms this Trust and its Schedules, as amended, and as Trustee hereby assents to this Amendment One on January 4, 2006.

_____

ALI SULEIMAN, TRUSTOR-TRUSTEE

HOOVER000217

ACKNOWLEDGMENT

STATE OF WASHINGTON,    )
    ) ss.
County of King,    )

       On this day personally appeared before me ALI SULEIMAN to me known to be the individual described in and who executed the within and foregoing AMENDMENT ONE of the ALI SULEIMAN TRUST and its SCHEDULES and acknowledged that he signed the same as his free and voluntary act and deed for the uses and purposes therein mentioned.

       GIVEN under my hand and official seal January 4, 2006.

NOTARY PUBLIC: James A. Davies
In and for the State of Washington
My appointment expires 12-19-2007

# ALI SULEIMAN TRUST

## AMENDMENT TWO

FIRST:      ARTICLE III, PARAGRAPH 3.4

        INCAPACITY OF TRUSTOR

SECOND:    SCHEDULE B      DISTRIBUTIONS FROM THE TRUST ESTATE

        SECTION II      TRUSTOR DECEASED

THIRD:      SCHEDULE B, SECTION II, PARAGRAPH B.3.5

        ALLOCATION AND DIVISION OF ASSETS

ACKNOWLEDGMENT

**ALBERTSON LAW GROUP, P. S.**
**124 4TH AVENUE SOUTH, SUITE 200**
**KENT, WASHINGTON 98032**
**(253) 852-8772**

# ALI SULEIMAN TRUST

## AMENDMENT TWO

TRUSTOR ALI SULEIMAN, pursuant to the rights reserved by Trustor in Article II, Paragraph 2.1 of the ALI SULEIMAN TRUST dated November 25, 2003, hereby amends and modifies said Trust as follows.

FIRST:  Paragraph 3.4 of ARTICLE III is hereby modified and amended in its entirety to read as follows:

3.4  Incapacity of Trustee.  If an acting Trustee, because of disability or incapacity, is incapable of managing or directing the Trust affairs, such Co-Trustees or successor Trustee as is designated in Paragraph 6.1 to continue or assume the responsibilities of Trustee shall, assume full duties as Trustee for such time as the disability or incapacity continues to exist. If the Trustor is declared disabled or incapacitated, as provided herein, the powers reserved by Trustor in Article II hereof shall be suspended as to the Trustor during such disability or incapacitation.  Restoration of capacity or elimination of such disability, shall reinstate Trustor's or Trustee's standing.

Disability or incapacity shall include inability on the part of the Trustor to manage the Trust property effectively for reasons such as mental illness, mental deficiency, physical illness or disability, advanced age, chronic use of drugs, chronic intoxication, confinement, detention by a foreign power or terrorists, or disappearance.  For purposes herein, disability or incapacity, or the restoration of such condition, may be evidence by written statements from two physicians or by two other persons' written statements attesting to such confinement,

1

HOOVER000220

detention or disappearance. Incapacity may also be established by a finding of a court having jurisdiction over the incapacitated Trustor or Trustee.

Notwithstanding anything contained herein to the contrary, Trustor authorizes the Trustee, Co-Trustees or the next successor Trustee to act as a personal representative of a Trustor under 45 CFR 164.502(g) to direct either Trustor's physician to conduct an examination to determine such Trustor's capacity. Trustor's physician shall be released from any and all liability that might attach under the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 42 USC 1320d and 45 CFR 160-164 for conducting such examination and communicating its results to the acting Co-Trustee or next alternate successor Trustee.

SECOND: SCHEDULE B, SECTION II is hereby modified and amended in its entirety to read as follows:

# SECTION II
# TRUSTOR DECEASED

B.2.1 <u>Estate and Death Expenses</u>. Upon the death of Trustor, Trustee may pay all or part of the expenses of the last illness and funeral and any other remaining debts to the extent that funds are not available from other sources. The Trust Estate shall bear its proportionate share of all taxes assessed by reason of such death, provided that the proceeds from any qualified pension, profit sharing or other retirement plan shall not be used to pay such taxes or any estate obligations. Trustee is authorized to prepare and file all necessary tax returns and to pay all transfer, inheritance, estate, succession or death taxes imposed by any taxing authority by reason of Trustor's death, whether attributable to property subject to probate administration or to outside transfers. Any and all specific distributions provided for in this Trust shall be distributed in full and shall not be subject to any share of the above named taxes. Unless otherwise stated in this Trust, all taxes, costs and

2

**HOOVER000221**

expenses relative hereto shall be paid out of the residue of the Trust Estate without apportionment, deduction or reimbursement therefor.

B.2.2 <u>Personal Effects</u>.  Upon the death of Trustor, any and all personal effects, household furniture and furnishings, personal vehicles, pleasure boats, and similar articles of personal use, together with any insurance thereon, are to be distributed as Trustor has designated in a written, signed and dated list indicating who is to receive certain items of personal effects.  It shall be binding upon Trustee to carry out those directions contained in such list unless the intended recipient is not surviving.

Should there be any remaining personal effects thereafter, or in the event there is no such list in existence at the time of Trustor's death, then such personal effects or the remainder thereof, shall be distributed equally to those who are surviving of Trustor's children, Gordon Tucker Ali Suleiman, Sofiah Omega Corcoran, Amir Clyde Suleiman, and Sarah Virginia Suleiman, unless Trustor has provided otherwise in his last Will.

If Trustor's surviving children do not agree within one hundred twenty days from the date of Trustor's death as to the division of the personal effects, or if a child is unable to make such a choice because of a legal disability, Trustee shall have full authority to make an equitable division of such property to such children pursuant to the preceding paragraph, giving preference where possible to their desires, or to sell all or any part of such articles and distribute such proceeds among such children.  Trustee is authorized to sell any or all such property to one or more of such children or to others.

B.2.3 <u>Remainder Trust Estate</u>.  The remainder Trust Estate shall continue to be administered up to one year after Trustor's death, at which time Trustee shall divide and allocate the Trust Estate into as many equal shares as there are then surviving children of Trustor and deceased children of Trustor who have surviving descendants.

HOOVER000222

Each share allocated to a surviving child of Trustor shall be distributed to him or her at the time of allocation.

Each share allocated to a deceased child of Trustor who has surviving descendants shall be divided as follows, and distributed under the provisions of Paragraph B.2.4: Each of the surviving children of a deceased child of Trustor (grandchildren of Trustor) shall receive an equal share, and the surviving children of any deceased grandchild of Trustor (great grandchildren of Trustor) shall divide a share equally.

B.2.4 <u>Distribution to Grandchildren and Great Grandchildren</u>. Unless otherwise indicated, each share allocated to a surviving grandchild or great grandchild of Trustor shall be distributed to him or her at the time of allocation providing he or she has reached the age of twenty-one years. In the event a beneficiary has not reached the age of twenty-one years, then his or her share shall be held and administered as a sub-trust and Trustee shall use so much of the income or principal from the beneficiary's sub-trust as Trustee deems necessary for the beneficiary's maintenance, education, support and health to the age of twenty-one, considering the availability to the beneficiary of other sources of funds. When the beneficiary shall attain the age of twenty-one years, the remainder of his or her sub-trust shall be distributed to him or her.

B.2.5 <u>Distribution Upon Death of a Beneficiary</u>. Unless otherwise indicated, in the event of the death of a beneficiary herein prior to receiving a complete and final distribution of a share he or she has been allocated, the remainder of such share shall be divided and allocated into as many equal shares as there are then surviving children of the deceased beneficiary and deceased children of the deceased beneficiary who have surviving children.

B.2.5.1 Each share allocated to a surviving child of the deceased beneficiary shall be distributed to him or her under the distributive provisions of Paragraph B.2.4.

B.2.5.2   Each share allocated to a deceased child of the deceased beneficiary who has surviving children shall be distributed in equal parts to said surviving children, under the distributive provisions of Paragraph B.2.4.

Should the beneficiary not have surviving descendants, as herein defined, the remainder of his or her share shall be added equally to the shares, distributed or not, of the beneficiary's then surviving brothers and sisters who were herein allocated shares and distributed as those shares have been or will be distributed; and if there be no such brothers or sisters, the said remainder shall be added equally to the shares allocated to Trustor's children, surviving and deceased, and distributed as those shares have been or will be distributed, but distributed only to then surviving beneficiaries.

B.2.6   <u>Debts Owed by Gordon T. A. Suleiman</u>.   It is acknowledged that Trustor has loaned Trustor's son, Gordon T. A. Suleiman, funds currently in the amount of $231,701.22, as evidenced by that certain Promissory Note dated June 2, 2009.  Such balance shall be a charge against Gordon's distributive share of the Trust Estate.

B.2.7   <u>Beneficiary Emergency Expenses</u>.   Unless otherwise indicated, in the event of an emergency arising out of sickness or accident to a child of Trustor prior to division of the remainder Trust Estate, Trustee may pay to such child, or for his or her benefit, such amounts of income or principal from the Trust Estate as deemed necessary by Trustee, considering the availability to such child of other sources of funds.  Such disbursements shall be a charge against the share of the recipient child of Trustor who received the disbursement if and when determined.

After division of the Trust Estate into shares, Trustee may make such emergency distributions from any beneficiary's share being held in trust for that beneficiary.

HOOVER000224

B.2.8   Beneficiary Death Expenses.  Unless otherwise indicated, in the event of the death of a child of Trustor prior to division of the remainder Trust Estate, Trustee may pay from the Trust Estate all or part of the expenses of said child's last illness and funeral and any other remaining debts to the extent that funds are not available from other sources.

Trustee may make such disbursements from any deceased beneficiary's share, including a proportionate share of all taxes assessed by reason of the beneficiary's death, should the Trust be divided in such a manner that a specific share has been allocated to the deceased beneficiary.

B.2.9   Distribution to Beneficiary's Living Trust.  Any and all distributions to a beneficiary who has his or her own living Trust may be distributed to the Trustee of such Trust rather than directly to such beneficiary upon written request by such beneficiary.  However, any such distributions to a Trust shall be governed by the same terms and conditions as provided in this Trust as to distributions.

B.2.10  None of the Above Beneficiaries Surviving.  In the event none of the foregoing beneficiary distribution provisions are applicable at any time prior to a complete and final distribution of the Trust Estate, Trustee shall distribute the Trust Estate, or the remainder thereof, to the legal heirs of Trustor under the laws of the controlling State of this Trust. Distribution shall be per stirpes, subject to the distributive provisions of Paragraph B.2.4.

THIRD:  Paragraph B.3.5, of SECTION III, SCHEDULE B, is hereby amended and restated in its entirety as follows:

B.3.5   Allocation and Division of Assets.  In making distributions of the remainder trust estate, Trustee may allocate particular assets, or portions thereof, or undivided interests therein, to any one or more of the beneficiaries named herein without regard to any pro-rata method of distribution and without regard to the income tax basis of specific property

6

**HOOVER000225**

allocated to any beneficiary. Accordingly distributions may be made in money or other assets, or partly in each, and need not be an interest in every asset, unless otherwise provided herein. This power of "non pro-rata" allocation shall be made in Trustee's sole and absolute discretion. All divisions and distributions of the remainder estate shall be based on the fair market value of the assets, less encumbrances. Special valuations granted by State or Federal authorities may be considered in determining "fair market value" under this paragraph. For example, State "Open Space" assessment value or I.R.C. §2032A valuation may be considered in determining "fair market value".


IN WITNESS WHEREOF, Trustor hereby ratifies and confirms this Trust and its Schedules, as amended, and as Trustee hereby assents to this Amendment Two on June 2, 2009.

ALI SULEIMAN, TRUSTOR-TRUSTEE

ACKNOWLEDGMENT

STATE OF WASHINGTON,                    )
                                        ) ss.
County of King,                         )


On this day personally appeared before me ALI SULEIMAN to me known to be the individual described in and who executed the within and foregoing AMENDMENT TWO of the ALI SULEIMAN TRUST and its SCHEDULES and acknowledged that he signed the same as his free and voluntary act and deed for the uses and purposes therein mentioned.

GIVEN under my hand and official seal June 2, 2009.


NOTARY PUBLIC: James A. Davies
In and for the State of Washington
My appointment expires 12-19-2011

# ALI SULEIMAN TRUST

## AMENDMENT THREE

FIRST:      ARTICLE VI, PARAGRAPH 6.1

                  TRUSTEES

SECOND:    ARTICLE VII, PARAGRAPH 7.6

                  INCAPACITY OF TRUSTOR

THIRD:      SCHEDULE B, SECTION II,

                  TRUSTOR DECEASED

ACKNOWLEDGMENT

CODICIL

ALBERTSON LAW GROUP, P. S.
124 4TH AVENUE SOUTH, SUITE 200
KENT, WASHINGTON 98032
(253) 852-8772

HOOVER000228

# ALI SULEIMAN TRUST

## <u>AMENDMENT THREE</u>

TRUSTOR ALI SULEIMAN, pursuant to the rights reserved by Trustor in Article II, Paragraph 2.1 of the ALI SULEIMAN TRUST dated November 25, 2003, hereby amends and modifies said Trust as follows, as to his interest in the Trust.

<u>FIRST</u>:  Pursuant to the provisions of Paragraph 6.1 of ARTICLE VI, said Paragraph is hereby modified and amended in its entirety, to read as follows:

6.1  <u>Acting and Successor Trustees</u>.  Acting Trustee is Trustor Ali Suleiman.  In the event of the death, incapacity (as defined in Paragraph 3.4 hereof), or resignation of Trustor Ali Suleiman, Trustor's son, Amir C. Suleiman, and Trustor's daughter, Sarah V. Hoover, shall be Co-Trustees.  In the event of the death, incapacity, or resignation of either Amir or Sarah, Trustor's daughter, Sofiah O. Corcoran, shall be Co-Trustee in his or her place.  Thereafter in the event of the death, incapacity, or resignation of a Co-Trustee, the remaining Co-Trustee shall be sole Trustee.

Unless stated otherwise, this Article VI shall determine the Trustees of all trusts created by this Trust.

<u>SECOND</u>:  Paragraph 7.6 is hereby modified and amended in its entirety to read as follows:

7.6  <u>Form of Term "Trustee"</u>.  The word "Trustee" as used anywhere herein shall mean and include a male, female, or corporate Trustee or any number or combination of Co-Trustees.

1

**HOOVER000229**

For purposes herein, a corporate Trustee shall be defined as a business consisting of one or more professionals who actively and regularly engage in serving as Trustee on an annual basis. Such professional shall either be a certified public accountant or attorney licensed to practice in the State of Washington or a chartered bank or trust company authorized to do business in the State of Washington with minimum capital assets of One Hundred Million Dollars ($100,000,000.00).

THIRD  SECTION II, SCHEDULE B, is hereby modified and amended in its entirety to read as follows:

# SECTION II
# TRUSTOR DECEASED

Trustor wishes it to be known that he was originally married to AFRIDAH GERUNG SULEIMAN, and she is now deceased. Trustor is now married to NURHASINAH SULEIMAN, and Trustor hereby excludes her from receiving any benefits or distributions of any kind from the Trust Estate.

B.2.1  <u>Debts, Estate Administrative, and Death Expenses</u>. Upon the death of Trustor, Trustee may pay all or part of the expenses of the last illness and funeral, any and all administrative expenses and any other remaining debts to the extent that funds are not available from other sources. Unless otherwise provided herein or unless otherwise paid from other sources, any and all such expenses as well as all inheritance, estate, transfer, succession or death taxes imposed by any taxing authority by reason of Trustor's death, whether attributable to property subject to probate administration or to non probate transfers, shall first be paid out of the residue of the Trust Estate as an expense of the administration thereof, without apportionment, deduction or reimbursement from any charitable or specific bequests, and only thereafter, to the extent the residue is insufficient to pay for such taxes and expenses, proportionately from any charitable or specific

2

HOOVER000230

bequests. Any additional taxes and expenses exceeding the value of any charitable or specific bequests shall thereafter be apportioned or deducted proportionately from any non probate transfers. Any proceeds from any qualified pension, profit sharing or other retirement plan shall not be used to pay such taxes or any estate obligations.

B.2.2  <u>Personal Effects</u>.  Upon the death of Trustor, any and all personal effects, household furniture and furnishings, personal vehicles, pleasure boats, and similar articles of personal use, together with any insurance thereon, are to be distributed as Trustor has designated in a written, signed and dated list indicating who is to receive certain items of personal effects. It shall be binding upon Trustee to carry out those directions contained in such list unless the intended recipient is not surviving.

Should there be any remaining personal effects thereafter, or in the event there is no such list in existence at the time of Trustor's death, then such personal effects or the remainder thereof, shall be distributed equally to those who are surviving of Trustor's children, Sofiah Omega Corcoran, Amir Clyde Suleiman, Sarah Virginia Hoover, and Trustor's granddaughter, Jaimie Elizabeth Suleiman, unless Trustor has provided otherwise in his last Will.

If Trustor's surviving beneficiaries do not agree within one hundred twenty days from the date of Trustor's death as to the division of the personal effects, or if a beneficiary is unable to make such a choice because of a legal disability, Trustee shall have full authority to make an equitable division of such property to such beneficiaries pursuant to the preceding paragraph, giving preference where possible to their desires, or to sell all or any part of such articles and distribute such proceeds among such beneficiaries. Trustee is authorized to sell any or all such property to one or more of such beneficiaries or to others.

3

**HOOVER000231**

With respect to the share of a minor or a beneficiary under a legal disability, Trustee shall have the authority to place assets in safekeeping for the beneficiary until he or she reaches legal age or deliver all, or any part thereof, to the guardian of his or her person.

All reasonable expenses incurred for storage, packing, shipping, delivery or insurance of such tangible personal property on or before the expiration of one hundred twenty days from the date of Trustor's death shall be charged as an administrative expense of the Trust.

B.2.3   <u>Specific Distributions</u>.  As soon as practicable after Trustor's death, Trustee shall make the following specific distributions:

B.2.3.1   Residence.  Trustor and the Trust Estate has held title to the property located at 18205 106th Street East, Bonney Lake, Washington, and Trustor is currently named as co-signer or Surety on the primary residence loan executed by Sarah and primary lender for the purposes of securing financing on said property for Sarah.  Accordingly, as soon as practicable after the death of Trustor, Trustee shall distribute any and all interest Trustor, or the Trust Estate, may have in that certain residence and real property located at 106th Street East, Bonney Lake, Washington, to Trustors' daughter, Sarah V. Hoover, if she is surviving.  This distribution shall be in addition to Sarah's distributive share of the remainder Trust Estate and will carry with it any obligations against the residence.  In the event Sarah is not surviving at the time of Trustor's death, or this residence and real property is not a part of the Trust Estate at the time of Trustor's death, this distribution shall lapse and be null and void.

Additionally, to the extent that Trustor or the Trust Estate is responsible for paying for any or all part of such loan, such amount shall be considered a loan

by Trustor or the Trust Estate to Sarah, shall be considered an asset of the Trust and specifically allocated to Sarah as a part of her share of the remainder Trust.

B.2.3.2 <u>Jaimie E. Suleiman</u>. Trustor has previously loaned money to Trustor's son, Gordon T. Suleiman, in the amount of approximately Two Hundred and Twenty Thousand Dollars ($220,000.00), which was unpaid at the time of Gordon's death (date of death 12/26/2010). It is Trustor's wish to allocate the share that would have otherwise been allocated to Gordon upon Trustor's death to Gordon's daughter, Jaimie E. Suleiman. Such share however shall be reduced in recognition of the fact that Gordon has already received the sum of Two Hundred Twenty Thousand Dollars ($220,000.00).

Accordingly, Trustor allocates to Trustor's granddaughter, Jaimie E. Suleiman, an amount equal to twenty-five percent (25%) of the Adjusted Trust Estate less Two Hundred and Twenty Thousand Dollars ($220,000.00). For purposes herein, the Adjusted Trust Estate shall mean the remainder Trust Estate plus Two Hundred and Twenty Thousand Dollars ($220,000.00).

The amount allocated to Jaimie shall be distributed to her under the provisions of Paragraph B.2.5.

In the event Jaimie is not surviving at the time of allocation, the amount allocated to her shall be divided and allocated into as many equal shares as she has then surviving children

Each share allocated to a child of Jaimie (great grandchild of Trustor) shall be distributed in equal parts to said surviving children under the provisions of Paragraph B.2.5.

5

**HOOVER000233**

In the event Jaimie is not surviving at the time of allocation and has no surviving children, the amount allocated to Jaimie shall lapse and be null and void.

B.2.4 <u>Remainder Trust Estate</u>. The remainder Trust Estate shall continue to be administered up to one year after Trustor's death, at which time Trustee shall divide and allocate the Trust Estate into three equal shares as follows:

B.2.4.1 <u>Sofiah Omega Corcoran</u>. One share (1) shall be distributed outright to Trustor's daughter, Sofiah Omega Corcoran, if she is surviving.

B.2.4.2 <u>Amir Clyde Suleiman</u>. One share (1) shall be distributed outright to Trustor's son, Amir Clyde Suleiman, if he is surviving.

B.2.4.3 <u>Sarah Virginia Suleiman</u>. One share (1) shall be distributed outright to Trustor's daughter, Sarah Virginia Suleiman, if she is surviving.

B.2.4.4 <u>Beneficiary Not Surviving With Surviving Descendants</u>. Unless otherwise provided, in the event an above named beneficiary is not surviving at the time of allocation and has surviving children or grandchildren, Trustee shall divide and allocate his or her share into as many equal shares as there are then surviving children of a deceased beneficiary and deceased children of a deceased beneficiary who have surviving children.

(a) Each share allocated to a surviving child of a deceased beneficiary (grandchild of Trustor) shall be distributed to him or her under the provisions of Paragraph B.2.5.

6

HOOVER000234

(b) Each share allocated to a deceased child of a deceased beneficiary who has surviving children (great grandchild of Trustor) shall be distributed in equal parts to said surviving children under the provisions of Paragraph B.2.5.

B.2.4.5  <u>Beneficiary Not Surviving With No Surviving Descendants</u>.  Unless otherwise provided, in the event an above named beneficiary is not surviving at the time of allocation and has no surviving descendants, his or her share shall be added proportionately to the other shares allocated in this Paragraph B.2.4.

B.2.5  <u>Distribution to Grandchildren and Great Grandchildren</u>.  Unless otherwise indicated, each share allocated to a surviving grandchild or great grandchild of Trustor shall be distributed to him or her at the time of allocation providing he or she has reached the age of thirty-one years.  In the event a beneficiary has not reached the age of thirty-one years, then his or her share shall be held and administered as a sub-trust and Trustee shall use so much of the income or principal from the beneficiary's sub-trust as Trustee deems necessary for the beneficiary's maintenance, education, support and health to the age of thirty-one, considering the availability to the beneficiary of other sources of funds.  When the beneficiary shall attain the age of thirty-one years, the remainder of his or her sub-trust shall be distributed to him or her.

B.2.6  <u>Distribution Upon Death of a Beneficiary</u>.  Unless otherwise indicated, in the event of the death of a beneficiary herein prior to receiving a complete and final distribution of a share he or she has been allocated, the remainder of such share shall be divided and allocated into as many equal shares as there are then surviving children of the deceased beneficiary and deceased children of the deceased beneficiary who have surviving children.

**HOOVER000235**

B.2.6.1     Each share allocated to a surviving child of the deceased beneficiary shall be distributed to him or her under the distributive provisions of Paragraph B.2.5.

B.2.6.2     Each share allocated to a deceased child of the deceased beneficiary who has surviving children shall be distributed in equal parts to said surviving children, under the distributive provisions of Paragraph B.2.5.

Should the beneficiary not have surviving descendants, as herein defined, the remainder of his or her share shall be added equally to the shares, distributed or not, of the beneficiary's then surviving brothers and sisters who were herein allocated shares and distributed as those shares have been or will be distributed; and if there be no such brothers or sisters, the said remainder shall be added equally to the shares allocated to the beneficiaries named herein, surviving and deceased, and distributed as those shares have been or will be distributed, but distributed only to then surviving beneficiaries.

B.2.7    <u>Beneficiary Emergency Expenses</u>.    Unless otherwise provided, in the event of an emergency arising out of sickness or accident to a child of Trustor prior to division of the remainder Trust Estate, Trustee may pay to such child, or for his or her benefit, such amounts of income or principal from the Trust Estate as deemed necessary by Trustee, considering the availability to such child of other sources of funds. Such disbursements shall be a charge against the share of the recipient child of Trustor who received the disbursement if and when determined.

After division of the Trust Estate into shares, Trustee may make such emergency distributions from any beneficiary's share being held in trust for that beneficiary.

B.2.8    <u>Beneficiary Death Expenses</u>.    Unless otherwise provided, in the event of the death of a child of Trustor prior to division of the remainder Trust Estate, Trustee may pay from the

Trust Estate all or part of the expenses of said child's last illness and funeral and any other remaining debts to the extent that funds are not available from other sources.

Trustee may make such disbursements from any deceased beneficiary's share, including a proportionate share of all taxes assessed by reason of the beneficiary's death, should the Trust be divided in such a manner that a specific share has been allocated to the deceased beneficiary.

B.2.9  <u>Distribution to Beneficiary's Living Trust</u>.  Any and all distributions to a beneficiary who has his or her own living Trust may be distributed to the Trustee of such Trust rather than directly to such beneficiary upon written request by such beneficiary.  However, any such distributions to a Trust shall be governed by the same terms and conditions as provided in this Trust as to distributions.

B.2.10  <u>None of the Above Beneficiaries Surviving</u>.  In the event none of the foregoing beneficiary distribution provisions is applicable at any time prior to a complete and final distribution of the Trust Estate, Trustee shall distribute the Trust Estate, or the remainder thereof, to the legal heirs of Trustor under the laws of the controlling State of this Trust. Distribution shall be by right of representation, subject to the distributive provisions of Paragraph B.2.5.

IN WITNESS WHEREOF, Trustor hereby ratifies and confirms this Trust and its Schedules, as amended, and as Trustee hereby assents to this Amendment Three on March 24, 2011.

_____

ALI SULEIMAN, TRUSTOR-TRUSTEE

ACKNOWLEDGMENT


STATE OF WASHINGTON,    )
                                   ) ss.
County of King,                 )


On this day personally appeared before me ALI SULEIMAN to me known to be the individual described in and who executed the within and foregoing AMENDMENT THREE of the ALI SULEIMAN TRUST and its SCHEDULES and acknowledged that he signed the same as his free and voluntary act and deed for the uses and purposes therein mentioned.

GIVEN under my hand and official seal March 24, 2011.


NOTARY PUBLIC: James A. Davies
In and for the State of Washington
My appointment expires 12-19-2011

# ALI SULEIMAN TRUST

## <u>AMENDMENT FOUR</u>

<u>FIRST</u>:     ARTICLE V, PARAGRAPH 5.1

         RELIEF FROM STATUTORY ACCOUNTING REQUIREMENTS

<u>SECOND</u>:    ARTICLE VI, PARAGRAPH 6.15

         DEEMED VIRTUAL REPRESENTATION

<u>THIRD</u>:     SCHEDULE B, PARAGRAPH B.2.2

         PERSONAL EFFECTS

<u>FOURTH</u>:    SCHEDULE B, PARAGRAPH B.2.3.2

         JAIMIE E. SULEIMAN

<u>FIFTH</u>:      SCHEDULE B, PARAGRAPH B.2.11

         DEBTS OWED BY BENEFICIARIES

ACKNOWLEDGMENT

REHBERG LAW GROUP, P.S.
18000 INTERNATIONAL BLVD. SUITE 550
SEATAC, WASHINGTON 98188
(206) 246-8772

**HOOVER000239**

# ALI SULEIMAN TRUST

## AMENDMENT FOUR

TRUSTOR ALI SULEIMAN, pursuant to the rights reserved by Trustor in Article II, Paragraph 2.1 of the ALI SULEIMAN TRUST dated November 25, 2003, hereby amends and modifies said Trust as follows:

FIRST: Paragraph 5.1 of ARTICLE V is hereby amended in its entirety to read as follows:

5.1    Relief from Statutory Accounting Requirements. A person nominated as Trustee of one or more trusts or sub-trusts established hereunder, shall keep all persons interested in the Trust reasonably informed about the administration of the Trust. Trustee may, in Trustee's sole and absolute discretion, provide a report for the relevant period containing the following information to satisfy such duty: (a) a statement of receipts and disbursements of principal and income; (b) a statement of assets and liabilities of the Trust; (c) Trustee's compensation; (d) agents hired by Trustee, their relationship to the Trustee, if any, and their compensation; (e) disclosure of any pledge, mortgage, option, or lease of Trust property or other agreement affecting Trust property binding for a period of five years or more; (f) disclosure of any conflict of interest transactions; (g) a statement that the recipient may petition the superior court under RCW 11.106 to obtain review of the statement and the acts of the Trustee disclosed in the statement; and (h) a statement that claims against Trustee for breach of trust may not be made after the expiration of three years from the date the beneficiary receives the statement.

Except as provided above, Trustee shall be relieved from the duties which would otherwise be required by state law related to accountings by Trustees in force at the time of the execution of this Agreement and any amendment or amendments thereof and any similar Act or Acts of this or any other jurisdiction and in lieu thereof, Trustee shall: (a) unless unreasonable under the circumstances, promptly respond to a beneficiary's request for information related to the administration of the Trust, and (b) within sixty (60) days of a request from a beneficiary for information reasonably necessary to enforce their rights under the Trust, provide such information to such beneficiary or their virtual representative under RCW 11.96A.120. Delivery of the entire trust instrument to such person shall be deemed to satisfy the Trustee's obligations to provide such reasonably necessary information.

1

HOOVER000240

SECOND: Paragraph 6.15 is hereby added as a part of ARTICLE VI to read as follows:

6.15    Deemed Virtual Representation.  A person nominated as Trustee of one or more trusts or sub-trusts established hereunder, even if such trust(s) or sub-trust(s) have not yet been formally established or funded, shall be deemed to serve as virtual representative of the beneficiaries of such trust(s) under RCW 11.96A.120.  This shall include, but not be limited to, acting as virtual representative for the beneficiaries of such trust(s) or sub-trust(s) for the satisfaction of notice requirements under RCW 11.103.050.

THIRD: Paragraph B.2.2 of SECTION II, SCHEDULE B, is hereby amended in its entirety to read as follows:

B.2.2   Personal Effects.  Upon the death of Trustor, any and all personal effects, household furniture and furnishings, personal vehicles, pleasure boats, and similar articles of personal use, together with any insurance thereon, are to be distributed as Trustor has designated in a written, signed and dated list indicating who is to receive certain items of personal effects.  It shall be binding upon Trustee to carry out those directions contained in such list unless the intended recipient is not surviving.

Should there be any remaining personal effects thereafter, or in the event there is no such list in existence at the time of Trustor's death, then such personal effects or the remainder thereof, shall be distributed equally to those who are surviving of Trustor's children, Sofiah Omega Corcoran, Amir Clyde Suleiman, and Sarah Virginia Hoover, unless Trustor has provided otherwise in his last Will.

If Trustor's surviving children do not agree within one hundred twenty days from the date of Trustor's death as to the division of the personal effects, or if a beneficiary is unable to make such a choice because of a legal disability, Trustee shall have full authority to make an equitable division of such property to such beneficiaries pursuant to the preceding paragraph, giving preference where possible to their desires, or to sell all or any part of such articles and distribute such proceeds among such beneficiaries.  Trustee is authorized to sell any or all such property to one or more of such beneficiaries or to others.

HOOVER000241

With respect to the share of a minor or a beneficiary under a legal disability, Trustee shall have the authority to place assets in safekeeping for the beneficiary until he or she reaches legal age or deliver all, or any part thereof, to the guardian of his or her person.

All reasonable expenses incurred for storage, packing, shipping, delivery or insurance of such tangible personal property on or before the expiration of one hundred twenty days from the date of Trustor's death shall be charged as an administrative expense of the Trust.

FOURTH:  Paragraph B.2.3.2 of SECTION II, SCHEDULE B, is hereby deleted in its entirety.

FIFTH:  Paragraph B.2.11 is hereby added to, and made a part of, SECTION II of Schedule B:

B.2.11  Debts Owed by Beneficiaries.  In the event there is a balance owing to Trustor, at the time of allocation of the remainder Trust Estate, on any note, loan or other financial obligation evidenced by a note or other writing signed by any beneficiary of this Trust or evidenced by any other writing or ledger maintained by Trustor, including any remaining unpaid debt accrued by Trustor's son, Gordon T. Suleiman, prior to his death (date of death December 26, 2010), then such balance shall be considered forgiven and paid in full and not a charge against such beneficiary's distributive share of the Trust Estate.  .

IN WITNESS WHEREOF, Trustor hereby ratifies and confirms this Trust and its Schedules, as amended, and as Trustee hereby assents to this Amendment Four on May 29, 2014.

ALI SULEIMAN, TRUSTOR-TRUSTEE

ACKNOWLEDGMENT

STATE OF WASHINGTON,    )
                      ) ss.
County of King,                )

On this day personally appeared before me ALI SULEIMAN to me known to be the individual described in and who executed the within and foregoing AMENDMENT FOUR of the ALI SULEIMAN TRUST and its SCHEDULES and acknowledged that he signed the same as his free and voluntary act and deed for the uses and purposes therein mentioned.

GIVEN under my hand and official seal May 29, 2014.

NOTARY PUBLIC: James A. Davies
In and for the State of Washington
My appointment expires 12-19-2015

# AFFIDAVIT OF TRUST EXISTENCE AND AUTHORITY

STATE OF WASHINGTON, County of King; ss.

ALI SULEIMAN, being first duly sworn on oath, states as follows:

1. <u>ESTABLISHMENT OF TRUST</u>. On November 25, 2003, the ALI SULEIMAN TRUST was established by me. The Trust is amendable and revocable by me.

2. <u>NAME</u>. The name of the Trust is (assets are titled thus): ALI SULEIMAN, TRUSTEE OF THE ALI SULEIMAN TRUST, U/A DTD November 25, 2003.

3. <u>PRESENT TRUSTEE</u>. I am the existing Trustee. The Trust provides that I can undertake any transaction relating to the management of the assets of the Trust.

4. <u>SUCCESSOR TRUSTEES</u>. The Trust provides that if a Trustee becomes incapacitated, dies, or resigns that the next successor Trustee shall automatically succeed to all the powers and duties outlined. The Trust provides that in the event of the death, incapacity, or resignation of Trustor, Trustor's son, Amir C. Suleiman, and Trustor's daughter, Sarah V. Hoover, shall be the Co-Trustees.

5. <u>TRUSTEE POWERS</u>. Article IV of the Trust provides that the "Trustees shall have as to the Trust Estate and in the execution of this Trust all the rights, powers and privileges which an absolute owner of the same property would have, including, without limiting the generality of the foregoing, the powers granted by law and the following special rights, powers, and privileges: . . ." The specific rights, powers, and privileges are very extensive and broad and are designed to give the Trustees wide latitude in managing the Trust.

6. <u>TRUST EXISTENCE</u>. All of the provisions of the Trust outlined above are as established and set forth in the Trust document and any amendments as of the date of this affidavit and there are no amendments, addendums, or other changes of any kind that alter the above statements. Any person to whom this Affidavit is presented may rely upon the statements herein for purposes of dealing with the Trustor and Trustees, including but not limited to the transfer of the assets of Trustor to the ALI SULEIMAN TRUST.

_____
ALI SULEIMAN, TRUSTOR-TRUSTEE

SUBSCRIBED and SWORN TO before me March 24, 2011.

_____
NOTARY PUBLIC: James A. Davies
In and for the State of Washington
My appointment expires 12-19-2011

ALBERTSON LAW GROUP, P.S.
124 4TH AVENUE SOUTH, SUITE 200
KENT, WASHINGTON 98032
(253) 852-8772

**HOOVER000244**

Case 20-04002-MJH    Doc 43-1    Filed 08/07/20    Ent. 08/07/20 00:05:14    Pg. 64 of 67

# CERTIFICATE AND AFFIDAVIT OF TRUST
## (RCW 11.98.075)

Amir C. Suleiman and Sarah V. Hoover, Trustee of the Ali Suleiman Trust (the "Trust") being first duly sworn on oath, hereby certify(ies), represent(s), warrant(s) and declare(s) as follows:

**Trust Information**

1. Trust name (as stated in the Trust document) or name by which Trust is commonly known: Ali Suleiman Trust.

2. Names of all grantors, settlors, trustors, or other creators of Trust: Ali Suleiman.

3. Date Trust document was executed (including date of any Will): November 25, 2003.

4. State or other jurisdiction in which Trust established: Washington.

5. Type of Trust: Irrevocable.

6. Manner in which title to Trust assets is held: The name of the Trust is (assets are titled thus) Ali Suleiman Trust.

**Trustee Information**

7. Name of current Trustees: Amir C. Suleiman and Sarah V. Hoover.

8. Address of each currently acting Trustee:
   Amir C. Suleiman
   24805 22nd Ave S
   Kent, WA 98032

   Sarah V. Hoover
   18205 106th St E
   Bonney Lake, WA 98391

9. Names of successor Trustee (as named in Trust document or, if applicable, named in accordance with Trust document): If Amir C. Suleiman or Sarah V. Hoover are unwilling or unable to act, Sofiah O. Corcoran shall be Co-Trustee in their place.

10. Under the terms of the Trust document: On November 25, 2003, the Ali Suleiman Trust was established by Ali Suleiman, as Trustor. The Trustor died on February 24, 2015. The Trust is now irrevocable and the Trust provides the successor Trustees can undertake any transactions relating to the management of the assets of the Trust.

**HOOVER000245**

11. The Trustees are authorized to do the following: Article IV of the Trust provides that the "Trustees shall have as to the Trust Estate and in the execution of this Trust all the rights, powers and privileges which an absolute owner of the same property would have, including, without limiting the generality of the foregoing, the powers granted by law . . . and the following special rights, powers, and privileges: . . ." Trust assets may be used as collateral for a loan. The specific rights, powers, and privileges are very extensive and broad and are designed to give the Trustees wide latitude in managing the Trust.

12. Trustees' powers include, but are not limited to:

   a. The powers to sell, convey and exchange:  [X] Yes   [   ] No (check one)
   b. The power to borrow money and pledge and encumber trust property with a deed of trust or mortgage [X] Yes  [   ] No (check one)

**Miscellaneous Information**

13. To the best of the knowledge of Trustees, there is no claim, litigation, cause of action alleged, or challenge of any kind, which contests or questions the validity of the Trust or a Trustee's authority to act on behalf of the Trust.

14. The Trust is in full force and effect and has not been terminated, revoked, amended or modified in any way that causes the representations in this Certificate and Affidavit of Trust to be inaccurate or incorrect.

**RCW 11.98.075 (8) states:  A person making a demand for the trust instrument in addition to a certification of trust or excerpts is liable for damages, including reasonable attorney fees, if the court determines that the person did not act in good faith in demanding the trust instrument.**

Amir C. Suleiman, Co-Trustee

SUBSCRIBED and SWORN TO before me this ___19th___ day of March, 2015.

David A. Johnson

NOTARY PUBLIC ___Dail A. Johnson___
In and for the State of Washington
My appointment expires ___6-28-15___

DAVID A. JOHNSON
NOTARY PUBLIC
COMMISSION EXPIRES
06-28-15
STATE OF WASHINGTON

_Sarah V. Hoover_

Sarah V. Hoover, Co-Trustee

SUBSCRIBED and SWORN TO before me this ___19th___ day of March, 2015.

_David A. Johnson_
NOTARY PUBLIC ___Dail A. Johnson___
In and for the State of Washington
My appointment expires ___6-28-15___