Judge Mary Jo Heston
Chapter 13
Location: Tacoma
Hearing Date: November 20, 2020
Hearing Time: 9:00 a.m.
Response Due: November 13, 2020

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| IN RE:<br><br>SARAH HOOVER,<br><br>Debtor, | BK Case No. 19-42890-MJH<br><br>Adversary Case No. 20-04002-MJH<br><br>**IH6 PROPERTY WASHINGON, L.P.'S MOTION FOR SUMMARY JUDGMENT** |
| SARAH HOOVER,<br><br>Plaintiff,<br><br>v.<br><br>QUALITY LOAN SERVICE CORP. OF WASHINGTON, et. al.,<br><br>Defendants. | |

## I. NOTICE OF HEARING

PLEASE TAKE NOTICE that defendant IH6 Property Washington, L.P. is moving for summary judgment, dismissal from the above-captioned adversary case, and annulment of the automatic stay as of the petition date, set for hearing as follows:

```
Judge:      Honorable Mary Jo Heston
Date:       November 20, 2020
Time:       9:00 a.m.
Place:      Dial: 1-888-363-4749
```

MOTION FOR SUMMARY JUDGMENT - 1

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

| | |
|---|---|
| Access Code: | 5635947# |
| | To join the call: Press # sign again |
| | Security code: 3887# |
| | Name: speak your name when prompted |
| Response Due: | November 13, 2020 |

If you oppose the Motion, you must file your written response with the Clerk's office of the Bankruptcy Court and deliver copies to the undersigned not later than the Response Date.

If no response is timely filed and served, the Court may, in its discretion, grant the Motion prior to the hearing without further notice, and strike the hearing.

## II. INTRODUCTION AND RELIEF REQUESTED

IH6 Property Washington, L.P., a Delaware limited partnership ("IH6 Property") moves for an order granting summary judgment, dismissing IH6 Property from Plaintiff's Amended Complaint with prejudice, annulling the automatic stay retroactively as of the petition date, and validating the nonjudicial foreclosure sale of real property commonly known as 18205 106th Street East, Bonney Lake, WA 98391 (the "Property"), and legally described in the recorded Trustee's Deed attached to the Declaration of Lappano as Exhibit A. IH6 Property further requests that the provisions of F.R.B.P. 4001(a)(3) be waived to avoid further deterioration of its interest in the Property.

## III. STATEMENT OF FACTS

On or about July 25, 2006, borrower Ali Suleiman, a single man, executed a Deed of Trust (the "Deed of Trust") encumbering real property commonly known as 18205 106th Street East, Bonney Lake, WA 98391 (the "Property") and legally described in the recorded Trustee's Deed attached to the Declaration of Michael Lappano as Exhibit B [Lead Case, Dkt. 19].

MOTION FOR SUMMARY JUDGMENT - 2

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 20-04002-MJH    Doc 65    Filed 10/16/20    Ent. 10/16/20 22:50:57    Pg. 2 of 14

Ali Suleiman died on February 24, 2015. The Debtor is one of four children of Ali Sulieman.[1] On March 23, 2015, pursuant to RCW 11.42[2], a nonprobate "Notice to Creditors" action was filed in King County Superior Court Case No. 15-4-01840-7 KNT.[3] Pursuant to Ali Suleiman's Last Will and Testament filed in that case, the remainder of his estate, including his interest in the Property, was transferred to the "Trustee of the Ali Suleiman Trust created under a Trust Agreement dated November 25, 2003" (the "Trust").[4] The Trust Agreement was never filed in the Notice to Creditors action and the Property was never transferred by deed to or from the Trust.[5] The Trust, and not any Suleiman's four children (including Hoover) was Ali Suleiman's heir and devisee.

On or about May 9, 2019, the successor trustee of the Deed of Trust, Quality Loan Service Corporation of Washington ("Quality"), recorded a Notice of Trustee's Sale scheduling a trustee's sale for September 13, 2019.[6] The Debtor received notice of the pending trustee's sale and communicated with Quality prior to the sale on August 14, 2019.[7] The Debtor also requested and was provided reinstatement quotes from Quality on August 14, 2019 and September 4, 2019.[8] At no time prior to the trustee's sale did the Debtor notify Quality that she intended to file bankruptcy.[9]

---

[1] Declaration of McIntosh, Exhibit B [Lead Case, Dkt. 21].
[2] RCW 11.42 provides for the "[s]ettlement of creditor claims for estates passing without probate". Those who receive substantially all of the decedent's assets "by reason of the decedent's death" are qualified to give nonprobate notice to creditors. RCW 11.42.010(1), (2).
[3] Declaration of McIntosh, Exhibit A [Lead Case, Dkt. 21]
[4] *Id.*, Exhibit B.
[5] *Id.*, Exhibit A.; *see also*, Declaration of Stenman [Lead Case, Dkt. 20], Exhibit C, p. 2 at ¶3 (Trustee's Sale Guarantee showing that the Property was vested in Ali Suleiman).
[6] Declaration of Stenman [Lead Case, Dkt. 20] at ¶ 6 and Exhibit B.
[7] *Id.* at ¶ 7.
[8] *Id.* at ¶ 8.
[9] *Id.*

MOTION FOR SUMMARY JUDGMENT - 3

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 20-04002-MJH    Doc 65    Filed 10/16/20    Ent. 10/16/20 22:50:57    Pg. 3 of 14

On September 9, 2019, Debtor filed a pro se skeletal bankruptcy Petition that she signed on September 6, 2019.[10] On the same day, she also filed a Certificate of Credit Counseling that she obtained on September 6, 2019 (two days after requesting an updated reinstatement quote from Quality) and an Application to Pay filing Fees in Installments (which was granted, but no payments were ever made).[11] Debtor did not file another document in this bankruptcy and her case was dismissed for failure to file schedules, statements, lists, or a plan on September 26, 2019. This case was closed on October 2, 2019. Dkt. 14.

Despite communicating directly with Quality days before this filing, the Debtor never gave Quality notice of her bankruptcy. Prior to the trustee's sale, Quality actively searched for bankruptcy filings of interested parties, including those for Sarah Hoover.[12] This bankruptcy filing was never identified.[13] Quality used LexisNexis Banko ("Banko"), a third-party vendor, to search for and identify bankruptcy filings. These searches were specifically conducted for Sarah Hoover on 1/31/2019, 2/20/2019, 3/10/2019, 4/18/2019, 4/24/2019, 5/9/2019, 7/15/2019, 8/9/2019, 9/6/2019, 9/12/2019, 9/13/2019, 9/14/2019, 9/16/2019, 9/17/2019, and 9/18/2019.[14] Banko never disclosed this bankruptcy filing in any of its searches.[15] Quality also confirmed that the social security number it used for the Debtor in its searches is accurate and the social security number contained within the records of the loan servicer.[16] With regard to the beneficiary, she listed PHH Mortgage on the creditor matrix, but the Bankruptcy Noticing Center mailed notice by first class mail on September 11, 2019. *See*, Dkt. 10. Had the Debtor taken reasonable steps to notify Quality of her bankruptcy filing, the trustee's sale would have been postponed.

---

[10] *In re Sarah Hoover*, W.D.WA.Bankr. Case No. 19-42890-MJH (the "Lead Case"), Dkt. 1.
[11] *Id*., Dkts. 4-6.
[12] Declaration of Stenman [Lead Case, Dkt. 20], ¶ 9.
[13] *Id*.
[14] *Id*.
[15] *Id*. at ¶ 10.
[16] *Id*.

MOTION FOR SUMMARY JUDGMENT - 4

*Schweet Linde & Coulson, PLLC*
575 S. Michigan St.
Seattle, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 20-04002-MJH    Doc 65    Filed 10/16/20    Ent. 10/16/20 22:50:57    Pg. 4 of 14

On September 13, 2019, because Quality did not have knowledge or notice of the Debtor's bankruptcy, it proceeded with the trustee's sale and the Property was sold to IH6 Property.[17] On September 17, 2019, Quality executed and delivered to the IH6 Property the Trustee's Deed.[18] The Debtor first notified Quality of her filing on <u>September 24, 2019</u>, 11 days after the trustee's sale and after the Trustee's Deed had already been issued to IH6 Property.[19] The trustee's sale generated $167,407.96 in surplus funds which has been deposited to the Court's registry pending the outcome of this matter.[20]

IH6 Property researched the condition of title prior to the trustee's sale and there were no public records that disclosed Sarah Hoover's claimed interest.[21] At the time of the trustee's sale, IH6 Property was not aware that Sarah Hoover claimed an interest in the Property other than that of a potential tenant or that Sarah Hoover had filed this bankruptcy.[22] IH6 Property was first notified of Sarah Hoover's alleged interest in the Property and this bankruptcy filing on or about November 22, 2019.[23] After receiving notice of Sarah Hoover's claim that the trustee's sale violated the automatic stay, IH6 Property put an immediate hold on its Unlawful Detainer action, took no further steps asserting control over the Property, and retained counsel to address Sarah Hoover's claim in this bankruptcy.

## IV. EVIDENCE RELIED ON

IH6 Property relies on the Declaration of Michael Lappano filed in the Lead Case, 19-42890-MJH [Dkt. 19]; Declaration of Jeff Stenman filed in the Lead Case at Dkt. 20; the

---

[17] *Id*. at ¶ 10; *see also*, Declaration of Lappano [Lead Case, Dkt. 19] at ¶ 5.
[18] *Id*. at ¶ 11 and Exhibit D.
[19] *Id*. at ¶ 12.
[20] *Id*. at ¶ 13.
[21] Declaration of Lappano [Lead Case, Dkt. 19] at ¶ 4.
[22] *Id*. at ¶ 6.
[23] *Id*. at ¶ 7-8, Exhibit C.

MOTION FOR SUMMARY JUDGMENT - 5

*Schweet Linde & Coulson, PLLC*
575 S. Michigan St.
Seattle, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 20-04002-MJH    Doc 65    Filed 10/16/20    Ent. 10/16/20 22:50:57    Pg. 5 of 14

Declaration of John McIntosh filed in the Lead Case at Dkt. 21; and the filings on record in this case.

## V. LEGAL AUTHORITY

Summary judgment is appropriate where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FRCP 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

1. <u>The Property was not property of Hoover's bankruptcy estate.</u>

Bankruptcy Code section 362(a)(3) stays any act to enforce any lien against property of the estate. The bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). It does not include, however, "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law." 11 U.S.C. § 541(c)(2). A beneficial interest protected by a valid spendthrift provision does not become property of the estate. *In re Cutter*, 398 B.R. 6, 19 (9th Cir. BAP, 2008). As a general rule, a spendthrift trust prevents attempts by creditors to reach the trust assets and income. RCW 6.32.250[24]; RCW 11.96A.190.

The Trust Agreement filed by the Debtor on January 31, 2020 contains a spendthrift provision. *See*, Lead Case, Dkt. 33-1, p. 29, ¶ B.3.6 ("No share or interest in principal or income of this Trust shall be liable for the debts of any beneficiary nor subject to the process of seizure of any court, **nor an asset in the bankruptcy of any beneficiary**; and no beneficiary hereunder shall have the power to anticipate, alienate, or encumber his or her interest in the Trust Estate of in the income therefrom.")(emphasis added). The trustee of the Trust has discretion to refrain from

---

[24] "This chapter does not authorize the seizure of or other interference with any money, thing, or action or other property held in trust for a judgment debtor where the trust has been created by, or the funds so held in trust has proceeded from, a person other than the judgment debtor."

MOTION FOR SUMMARY JUDGMENT - 6

*Schweet Linde & Coulson, PLLC*
575 S. Michigan St.
Seattle, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 20-04002-MJH   Doc 65   Filed 10/16/20   Ent. 10/16/20 22:50:57   Pg. 6 of 14

distributing the subject Property to the Debtor. *See*, Dkt. 33-1, p. 11, ¶ 4.3.25 (Trustee has the specific right and power to hold in Trust distribution of principal or income . . in Trustee's sole and absolute discretion …") and Dkt. 33-4, p. 5, ¶ B.2.3.1 ("Accordingly, **as soon as practicable** after the death of Trust, Trustee shall distribute any and all interest Trustor, or the Trust Estate, may have in [the Property]"…)(emphasis added). Hoover testified that it was her understanding, as co-trustee of the Trust, that there was no time fram when [the Property] had to be transferred.

Furthermore, the Trust contains multiple beneficiaries and multiple trustees; the Debtor is a co-trustee with her brother and the Trustee powers can only be exercised by the agreement of the two Co-Trustees. Lead Case, Dkt. 33-1, p. 18, ¶ 6.10. *See, In re Schwen*, 240 B.R. 754 (MN.Bankr.2001)(spendthrift valid where plaintiff was one of two co-trustees, both of whom must consent prior to any withdrawal from the trust).

Under the facts on this record, the Trust has a valid spendthrift provision and the Debtor's interest in the Trust property is not property of the estate. As long as the Property was left in the Trust, according to its terms, and without any other facts, it is protected by Bankruptcy Code § 541(c)(2) and never became property of the Debtor's bankruptcy estate. Therefore, the automatic stay under §363(a)(3) did not apply because the Property did not become property of the estate.

2. <u>The Debtor did not have a title interest in the Property on the date of the Petition.</u>

It is indisputable that the Debtor did not hold any record interest whatsoever in the Property as of September 9, 2019, the petition date. There was no deed filed with the county auditor, the Property was not listed in the Debtor's bankruptcy schedules (no schedules were filed), the Trust Agreement was not on the record, and even the county treasurer records were held in the name of Ali Suleiman. Nor did the Debtor provide any of the Defendants with documentation to

MOTION FOR SUMMARY JUDGMENT - 7

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 20-04002-MJH    Doc 65    Filed 10/16/20    Ent. 10/16/20 22:50:57    Pg. 7 of 14

demonstrate any vested right Hoover had in the Property. The legal owner of the Property is, and has at all relevant times been, the trustees of Trust, not Hoover individually.

Hoover was also a stranger to the loan. She was not a borrower that was personally liable on the debt, she was not a grantor of the Deed of Trust, and she had no contractual relationship with the loan servicer or beneficiary of the Deed of Trust. While she claims she attempted to assume the loan, she ignored the numerous requests from Ocwen and PHH to provide them with sufficient documentation establishing her <u>title</u> interest in the Property. Hoover did not have standing to obtain the benefit of the automatic stay, and her sole possessory interest in the Property was not affected by the nonjudicial foreclosure. *In re Walker*, 171 B.R. 197 (E.D.PA.Bankr. 1994) and *In re Kizelnik*, 190 B.R. 171 (S.D.NY.Bankr.1995).

3. <u>Hoover's sole possessory interest in the Property was not affected by the foreclosure sale.</u>

Hoover's sole interest was her <u>possessory</u> interest in the Property which, while itself protected by the stay, did not preclude the sale of the Trust's interest in the Property. *In re Walker*, 171 B.R. 197 (E.D.PA.Bankr. 1994). A future testamentary interest in the Property does not alter this result. *Id*. A nonjudicial foreclosure only affects <u>legal title to the property</u> and not any possessory right of the Debtors. *Id*. at 208 (emphasis added), *citing In re Torrez*, 132 B.R. 924 (Bankr.E.D.CA.1991):

> Debtors possessed no interest in the properties includable as estate property under the contemplation of 11 U.S.C. § 541(a). The only interest Debtors possessed respecting the property is a possessory interest. Consensual and permissive presence and possession is not a legal or equitable interest includable as estate property. Contrary to the contentions advanced by the Debtors …, Debtors, to date, still retain their possessory interest. The foreclosure has not had the effect of removing debtors from their residence.

MOTION FOR SUMMARY JUDGMENT - 8

***Schweet Linde & Coulson, PLLC***
575 S. Michigan St.
Seattle, WA 98108
p (206) 275-1010 f (206) 381-0101

Case 20-04002-MJH    Doc 65    Filed 10/16/20    Ent. 10/16/20 22:50:57    Pg. 8 of 14

*Id*. As is the case here, the Debtor's possessory interest in the Property was not an impediment to the bank's foreclosure. The Debtor's possessory interest in the Property, while itself protected by the stay, did not preclude the trustee's sale of the Property.

    4.    <u>The Automatic Stay should be Annulled.</u>

Even assuming the trustee's sale violated the automatic stay, the stay should be annulled based on the inequitable conduct of the Debtor. Acts done in violation of the automatic stay are void. *See*, *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir. 1992). Section 362(d) authorizes annulment of the automatic stay in order to validate otherwise void acts. *Lone Star Sec. & Video, Inc., v. Gurrola (In re Gurrola)*, 328 B.R. 158, 172 (9th Cir. BAP 2005). Determining whether cause exists to annul the stay is a case-by-case inquiry based on a balance of the equities. *Nat'l Envtl. Waste Corp. v. City of Riverside*, 129 F.3d 1052, 1055 (9th Cir. 1997), *cert. denied*, 524 U.S. 952 (1998).

Section 362(d) of the Bankruptcy Code provides:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

    (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

Cause for relief under 11 U.S.C. §362(d)(1) is not defined in the Bankruptcy Code, and a determination as to whether cause exists is done on a case by case basis. *In re Conejo Enterprises Inc.*, 96 F.3d 346, 352 (9th Cir. 1996). Cause is a broad and flexible concept that allows a Bankruptcy Court, sitting in equity, to fashion the necessary relief to creditors in situations that are necessarily fact intensive. *In re Indian River Estates, Inc.*, 293 B.R. 429, 432-433 (Bankr. N.D.Ohio 2003). A bankruptcy court can grant relief from the stay prospectively or grant retroactive relief under 11

MOTION FOR SUMMARY JUDGMENT - 9

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 20-04002-MJH    Doc 65    Filed 10/16/20    Ent. 10/16/20 22:50:57    Pg. 9 of 14

U.S.C. §362(d) because of the inclusion of "annul" in the list of potential relief listed in that subsection. *In re Fjeldstad*, 293 B.R. 12, 21 (9th Cir. B.A.P. 2003).

In assessing whether to annul the stay, the *Fjeldstad* Court enumerate twelve factors that can be relevant in deciding whether retractive annulment of the stay is justified:

1. Number of filings from the debtor;
2. Whether, in a repeat filing case, the circumstances indicate an intent to delay and hinder creditors;
3. A weighing of the extent of prejudice to creditors or third parties if retroactive relief is not granted, including whether harm exists to a bona fide purchaser;
4. Overall good faith of the debtor;
5. Whether creditor knew of the stay and nonetheless took action in violation, thereby compounding issues;
6. Whether the debtor has complied, or is otherwise complying, with the requirements of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure;
7. The relative ease of restoring the parties to the *status quo ante*;
8. Cost of the annulment to both creditor and debtor;
9. How quickly, after learning of the bankruptcy filing, the creditor moved for annulment, or how quickly the debtor moves to set aside the sale;
10. Whether, after learning of the stay, creditors proceeded to take steps in continued violation of the stay, or whether the creditor moves expeditiously for annulment;
11. Whether annulment will cause irreparable harm to the debtor; and
12. Whether granting the annulment will promote judicial economy and other efficiencies.

These factors are merely a framework for analysis and not a scorecard; thus, in any given case, one factor may so outweigh the others as to be dispositive. *In re Fjeldsted*, 293 B.R. 12, 25 (9th Cir. BAP 2003). The debtor bears the ultimate burden of proving that the request for retractive relief from the stay should be denied. *Id*.

  a. <u>IH6 Property is a bona fide purchaser that will be harmed if the stay is not retroactively annulled</u>

IH6 Property is a purchaser for value without actual, constructive, or inquiry notice of Hoover's bankruptcy filing.[25] Sarah Hoover's claimed ownership interest in the Property, if any, was

---

[25] The bona fide purchaser doctrine provides that a good faith purchaser for value who is without actual, constructive, or inquiry notice of another's interest in real property has a superior interest in the property. *Tomlinson v. Clarke*, 118 Wn. 2d 498, 500, 825 P.2d 706 (1992).

MOTION FOR SUMMARY JUDGMENT - 10

*Schweet Linde & Coulson, PLLC*
575 S. Michigan St.
Seattle, WA 98108
p (206) 275-1010 f (206) 381-0101

Case 20-04002-MJH  Doc 65  Filed 10/16/20  Ent. 10/16/20 22:50:57  Pg. 10 of 14

also unknown to IH6 Property.[26] IH6 Property purchased the Property for $356,000.00 at the trustee's sale, received and recorded the Trustee's Deed, and began taking steps to obtain possession of its Property before the Debtor notified it of her alleged interest and bankruptcy filing.[27] If the stay is not annulled, there will be obvious harm to IH6 Property in that it will lose the Property it purchased at the trustee's sale.

The intervention of the rights of an innocent third party warrant the granting of the requested retroactive relief. There is no dispute that IH6 Property had no knowledge of the filing of the case prior to purchasing at the sale. Debtor claims that IH6 Property will not be harmed if the sale is void, but that overlooks the fact that IH6 Property purchased the property in good faith without knowledge of the bankruptcy filing and will lose the benefit of its bargain. *In re Batton*, 308 B.R. 406, 415 (Bankr.W.D.Mo.2004).

The Debtor actively concealed her interest in the Property by leaving title in the name of the original borrower. She had amply notice and opportunity to comply with Ocwen and PHH's repeated requests to provide a recorded deed (either to the Trust or to her individually). She concealed her frivolous bankruptcy filing and failed to give reasonable notice to any creditor. She waited to notify Quality until after the Trustee's Deed was issued, which was the same day of the deadline to file her deficient schedules. And, even after her bankruptcy was dismissed, she never took any steps to reopen the bankruptcy, vacate the dismissal, and address the issues with her bad faith filing. Now, the Debtor seeks to benefit from the automatic stay. Factor 3 weighs in favor of annulment.

    b. <u>The Debtor concealed her interest in the Property, failed to give notice of her bankruptcy filing, and took no steps to fix the deficiencies in her chapter 13 Bankruptcy.</u>

---

[26] It is not clear what interest, if any, Sarah Hoover has in the Property and IH6 Property does not concede here that the Property came into the bankruptcy estate of Sarah Hoover.
[27] Decl. of Lappano, ¶ 8.

MOTION FOR SUMMARY JUDGMENT - 11

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 20-04002-MJH    Doc 65    Filed 10/16/20    Ent. 10/16/20 22:50:57    Pg. 11 of 14

According to the Pierce County real property records and the Pierce County Treasurer, the Property was vested in Ali Sulieman at all relevant times prior to the trustee's sale.[28] Ali Suleiman's Will filed in the Notice to Creditor's action directed the Property to be transferred to the Ali Suleiman Trust (the "Trust"), not Sarah Hoover, and there is nothing in the public record showing the Trust Agreement, a transfer of the Property to or from the Trust, or anything suggesting that Sarah Hoover had in interest in the Ali Suleiman Trust or the Property.

The Debtor was also in contact with Quality, discussed loss mitigation options, and requested reinstatement quotes, but inexplicably never once mentioned the fact that she had filed bankruptcy. Even after the trustee's sale, she waited until September 24, 2019, 11 days after the trustee's sale, to notify Quality of her filing which was after Quality had already issued the Trustee's Deed to IH6 Property. Quality actively searched for bankruptcy filings by the Debtor, but the searches did not disclose this filing. The only notice given to PHH on this record is the notice issued by the Bankruptcy Noticing Center, which was sent by first class mail on September 11, 2019, only two days before the trustee's sale. Had the Debtor provided reasonable notice, the trustee's sale would have been postponed.

The Debtor's bankruptcy filing was also filed in bad faith. The Debtor had no intention of paying the filing fee or filing anything beyond the three sole documents she filed on September 9, 2019. The Debtor did not file any schedules or a proposed plan, and her case was dismissed on September 26, 2019 for failure to file schedules, statements, lists and/or a plan. She has not attempted to reopen her bankruptcy to correct its deficiencies, or otherwise show that she can avoid a future foreclosure if the stay is not annulled.

---

[28] Declaration of Stenman, Exhibit C, p. 2 at ¶3; *see also*, McIntosh Declaration, Exhibit C (According to the Pierce County Treasurer, Ali Suleiman was listed as the record owner of the Property up until the trustee's sale.)

MOTION FOR SUMMARY JUDGMENT - 12

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 20-04002-MJH    Doc 65    Filed 10/16/20    Ent. 10/16/20 22:50:57    Pg. 12 of 14

The Debtor's overall good faith (Factor 4), the lack of knowledge of the bankruptcy stay by the creditors (Factor 5), whether the Debtor has complied with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure (Factor 6), and whether annulment will cause irreparable harm to Debtor (Factor 11) weigh in favor of annulment.

    c. <u>IH6 Property took prompt action after learning of Debtor's claim to resolve a situation that the Debtor created.</u>

IH6 Property's prompt action in seeking annulment of the stay after learning of Sarah Hoover's claim puts factors 9 and 10 in favor of annulment of the stay. IH6 Property first learned of the Debtor's bankruptcy filing and claim that the automatic stay was violated on November 22, 2019. IH6 Property put a hold on any steps to evict any occupants of the Property and retained counsel to re-open this bankruptcy to address the Debtor's claim. Debtor, on the other hand, has taken no action, and continues to live in the Property rent free. Factors 9 and 10 weigh in favor of annulment.

    d. <u>Factors 7, 8, and 12 also favor annulment of the stay.</u>

The relative ease of restoring the parties to the status quo (Factor 7), the cost of annulment to IH6 Property (Factor 8) and judicial economy (Factor 12) support annulling the stay. To restore the parties back to the status quo would require the trustee's sale to be rescinded. This would be unduly burdensome and prejudicial to IH6 Property and reward the Debtor for concealing her interest and bankruptcy filing. Also, under these circumstances, there is no point to have another foreclosure sale since the underlying bankruptcy case has already been dismissed and, based on the Debtor's lack of good faith, these factors weigh in favor of annulment.

    e. <u>Waiver of the 14-day stay is appropriate in this case</u>

IH6 Property is also requesting this Court waive the 14-day stay normally applicable to orders granting annulment of the Automatic Stay under FRBP 4001(a)(3) to allow for prompt action to be

MOTION FOR SUMMARY JUDGMENT - 13

*Schweet Linde & Coulson, PLLC*
575 S. Michigan St.
Seattle, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 20-04002-MJH    Doc 65    Filed 10/16/20    Ent. 10/16/20 22:50:57    Pg. 13 of 14

taken to secure the Property. The 14-day stay would prevent movant from taking prompt action to prevent potential diminishment of its Property.

5. <u>Hoover's claim against IH6 Property should be dismissed with prejudice</u>

Hoover's sole claim against IH6 for willful violation of the stay should be dismissed with prejudice. IH6 Property did not have knowledge of Hoover's bankruptcy when it purchased the Property at the trustee's sale, sent the Trustee's Deed for recording, and sent the notice to vacate. Hoover does not dispute this, but alleges only that IH6 Property had an affirmative duty in "assisting in a rescission of the sale". But IH6 Property did take affirmative steps- it is the one the reopened the bankruptcy and filed a motion to annul the stay. Hoover provides no authority that reopening a bankruptcy case and filing a motion to annul the stay is a violation of the stay. IH6 otherwise took no steps in exercising control or possession over the Property, which distinguishes this matter from the cases cited by Hoover. Hoover still resides in the Property rent and mortgage free. IH6 should be dismissed with prejudice from Hoover's amended complaint.

## VI. CONCLUSION

For the foregoing reasons, IH6 Property requests an order granting its motion for summary judgment, dismissing it with prejudice from Plaintiff's complaint, and validating the subject trustee's sale of the Property.

Dated this 16th day of October 2020.

**SCHWEET LINDE & COULSON, PLLC**

 /s/John A. McIntosh
Thomas S. Linde, WSBA #14426
John A. McIntosh, WSBA #43113
Attorneys for IH6 Property Washington, L.P.

MOTION FOR SUMMARY JUDGMENT - 14

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 20-04002-MJH    Doc 65    Filed 10/16/20    Ent. 10/16/20 22:50:57    Pg. 14 of 14