THE HONORABLE MARY JO HESTON
Chapter 13
Date of Hearing: November 20, 2020
Time of Hearing: 9:00 a.m.
Hearing Location: Telephonic
Response Due: November 13, 2020

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re<br><br>SARAH HOOVER,<br><br>　　　　Debtor. | Chapter 13<br><br>Case No.: 19-42890-MJH<br><br>Adversary No.: 20-04002-MJH |
| SARAH HOOVER,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, PHH MORTGAGE CORPORATION D/B/A PHH MORTGAGE SERVICES, HSBC BANK USA, N.A., AS TRUSTEE OF THE FIELDSTONE MORTGAGE INVESTMENT TRUST, SERIES 2006-2, NEWREZ, LLC, AND IH6 PROPERTY WASHINGTON, L.P. D/B/A INVITATION HOMES<br><br>　　　　Defendants. | **DEFENDANTS PHH MORTGAGE CORPORATION, HSBC BANK USA, N.A., AS TRUSTEE AND NEW REZ, LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

/ /

/ /

/ /

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
AP No. 20-04002-MJH
Page 1

HOUSER LLP
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 20-04002-MJH    Doc 68    Filed 11/13/20    Ent. 11/13/20 16:55:13    Pg. 1 of 10

## I. INTRODUCTION

The only question before this court is whether the subject property located at 18205 106th Street East, Bonney Lake, Washington 98391 (hereinafter, the "Property") was part of the Plaintiff Sarah Hoover's bankruptcy estate. In short, it was not. The Plaintiff did not have title to the Property on the date of the foreclosure, either as an individual or as a trustee of her father Ali Suleiman's Trust, nor did she have any legal obligation to make payments on her father's loan. These facts are undisputed. Accordingly, the Defendants did not violate this court's stay order and are entitled to judgment as a matter of law.

The Defendants set forth the following statement of material facts pursuant to Fed. R. Civ. P. 56 and Local Rules W.D. Wash. LCR 56.1, made applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure and Local Rules W.D. Wash. Bankr. 9029-2. The Defendants previously filed the Declarations of Sony Prudent ("Prudent Dec.") and Ryan S. Moore (Moore Dec.) in support of Defendants' Motion for Summary Judgment with this court on October 16, 2020. The Defendants incorporate all facts and arguments set forth in their Motion for Summary Judgment as though incorporated herein. At times, Defendants also rely upon facts already in the docket including but not limited to the Plaintiff's Motion for Partial Summary Judgment. The material facts in response to Plaintiff's Motion are as follows.

## II. RELEVANT FACTS

In 2006, borrower Ali Suleiman ("Suleiman") took out a $333,000 loan (hereinafter, the "Loan") to finance the Property. Prudent Dec., ¶ 8, Exhibit 1. Defendant PHH Mortgage Corporation ("PHH") became the servicer of the Loan on behalf of HSBC Bank USA, N.A., as Trustee of the Fieldstone Mortgage Investment Trust, Series 2006-2 (the "Trust"). PHH acts as a subservicer for Newrez, LLC ("NewRez"; collectively with PHH and the Trust, "Defendants"). Suileman entered into a 30-year $333,000 Note plus interest (the, "Note") on July 25, 2006; and, he entered into a Deed of Trust (the, "Deed of Trust") which was secured by the Property on that same date. Prudent Dec., ¶8, Exhibit 1; Prudent Dec., ¶9, Exhibit 2.

DEFENDANTS' RESPONSE TO PLAINTIFF'S  
MOTION FOR PARTIAL SUMMARY JUDGMENT  
AP No. 20-04002-MJH  
Page 2

HOUSER LLP  
600 University St., Ste. 1708  
Seattle, WA 98101  
PH: (206) 596-7838  
FAX: (206) 596-7839

Case 20-04002-MJH    Doc 68    Filed 11/13/20    Ent. 11/13/20 16:55:13    Pg. 2 of 10

Suleiman purchased the Property in his own name. Moore Dec., Exhibit A. The property is deeded to Suleiman. *Id.* The Property is not deeded to the Ali Suleiman Trust, nor is it deeded to the Plaintiff Sarah Hoover or her brother Amir Suleiman. *See Id.*

Suleiman created the Ali Suleiman Trust in 2003. Dkt. No. 43-1 at 2-34. In 2011, Suleiman signed Amendment Three to the Ali Suleiman Trust which appointed Ali Suleiman's son Amir Suleiman and daughter Plaintiff Sarah Hoover as co-trustees and successors to Ali Suleiman. Dkt. No. 43-1 at 49-58. Additionally, Amendment Three falsely contemplates that the Ali Suleiman Trust holds title to the Property and that Suleiman was a "cosigner" on the Loan. Dkt. No. 43-1 at 52. This statement is incorrect because: 1) As of 2011, the Trust Estate had never held title to the Property; and, 2) Suleiman was not a co-signer on the Loan, he was the sole borrower.

The remainder of Amendment Three to the Ali Suleiman Trust reads as follows: "Trustee shall distribute any and all interest Trustor, or the Trust Estate, may have in that [Property] . . . In the event . . . the [Property] is not part of the Trust Estate at the time of the Trustor's death, this distribution shall lapse and be null and void." Dkt. No. 43-1 at 52. During the administration of the Ali Suleiman Trust, when there are co-trustees, the Trustees powers "may only be exercised by, or the Trustee duties may only be carried out by, the agreement of the two Co-Trustees, and all transactions shall be effective upon the act and signatures of the Co-Trustees jointly, unless specifically provided otherwise herein." Dkt. No. 43-1 at 18, ¶ 6.10.

Ali Suleiman did not convey the Property to the Ali Suleiman Trust prior to his death. Plaintiff Sarah Hoover and her brother Amir Suleiman never conveyed the Property to the Ali Suleiman Trust. There is no evidence suggesting that at any time prior to the foreclosure sale that Ms. Hoover and her brother Amir Suleiman ever conveyed or attempted to convey title in the Property to Ms. Hoover.

In January 2019, Ms. Hoover informed Ocwen/PHH that Suleiman had passed away. Ocwen updated its records to reflect that Ms. Hoover was an authorized representative on the

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
AP No. 20-04002-MJH
Page 3

HOUSER LLP
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 20-04002-MJH    Doc 68    Filed 11/13/20    Ent. 11/13/20 16:55:13    Pg. 3 of 10

Loan as Trustee of the Ali Suleiman Trust. Prudent Dec., ¶¶ 15, 16. At this point, Ms. Hoover had not been approved as a successor-in-interest to the Loan, nor was she an assuming party, meaning she had no obligations under the Loan. *Id*. Similarly, in January 2019, Ocwen/PHH provided Ms. Hoover with assumption materials to complete if Ms. Hoover wanted to assume the Loan in her individual capacity. *Id*. at ¶ 17.

In March 2019, Ocwen/PHH sent Ms. Hoover a request for proof of her successor-in-interest status. Prudent Dec. at ¶ 18, Exhibit 7. At her deposition, Ms. Hoover was asked if she ever responded to this March 2019 form and her response was "No . . ." Moore Dec., Exhibit H, Hoover Dep. Tr., at 64:11-25; *See* Prudent Dec., ¶¶ 15-16.

On May 15, 2019, Ocwen/PHH again asked Ms. Hoover for assumption materials. Prudent Dec. at ¶ 19, Exhibit 8; *Id.* at ¶ 19, Exhibit 9. In May 2019, in response to the May 15 letter, Ms. Hoover submitted an incomplete transfer packet of assumption materials. *Id*. On May 23, 2019, Ocwen sent a missing document letter to Ms. Hoover. *Id.* at ¶ 19, Exhibit 9. In particular, that letter laid out each form Ocwen/PHH required in order for Ms. Hoover to assume the loan either in the name of the trust or in her individual capacity. Prudent Dec. at ¶ 19, at Exhibit 9.

Ms. Hoover never submitted the required materials to assume the loan despite being provided the same by Ocwen/PHH prior to the sale. Prudent Dec. at ¶ 19, at Exhibit 9. During her deposition, when Ms. Hoover was asked when she first provided Ocwen with a copy of the complete Ali Suleiman Trust, she answered "I don't know." Moore Dec., Exhibit H, Hoover Dep. Tr., at 70:21-71:4.

Despite knowing of the impending foreclosure sale for no less than four months, Sarah Hoover filed for Ch. 13 bankruptcy four days prior to the sale. During her deposition, Ms. Hoover testified that she filed for bankruptcy for no reason other than to save the Property. Moore Dec., Exhibit H, Hoover Dep. Tr., at 32:4-7.

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
AP No. 20-04002-MJH
Page 4

HOUSER LLP
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 20-04002-MJH    Doc 68    Filed 11/13/20    Ent. 11/13/20 16:55:13    Pg. 4 of 10

When Ms. Hoover called Ocwen/PHH on the day prior to the foreclosure, PHH/Ocwen was contractually barred from discussing the loan with her because Ms. Hoover was not a successor-in-interest and had not assumed the loan. Prudent Dec., ¶ 25. As an authorized representative on behalf of the *Estate of Ali Suleiman*, Ms. Hoover could only make payments on the Loan. *Id*. Her bankruptcy did not affect the Loan which was not in her name as a borrower, successor-in-interest, or as an assuming party. *Id*.

On September 13, 2019, the date of the foreclosure sale, Ms. Hoover did not have title to the Property. The title was either in the name of Ali Suleiman or the Ali Suleiman Trust of which Ms. Hoover and her brother Amir were co-trustees. At that time, Ms. Hoover had no legal obligations under the Loan.

Ms. Hoover did not respond to Ocwen's successor-in-interest forms until she hired counsel after she had filed bankruptcy and after the Property sold at foreclosure. Prudent Dec., ¶ 18.

### III. ARGUMENT

### A. Legal Standard.

Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds*, 512 U.S. 79, 114 S. Ct. 2048 (1994). In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citation omitted).

/ /

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
AP No. 20-04002-MJH
Page 5

HOUSER LLP
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 20-04002-MJH    Doc 68    Filed 11/13/20    Ent. 11/13/20 16:55:13    Pg. 5 of 10

**B. Ms. Hoover Has never Had a Title Interest in the Property**

To make a prima facia case for violation of the automatic stay the Plaintiff must allege three elements: (1) the automatic stay was in effect at the time of the purported violation; (2) the property at issue was property of the estate; and (3) that the conduct in question constitutes a violation of the automatic stay. *In re Brizinova*, 588 B.R. 311, 334 (Bankr. E.D.N.Y. 2018). Failure to satisfy any of these three elements should result in judgment as a matter of law in favor of the Defendants.

1. On the date of Petition, Ms. Hoover did not have title to the Property.

There is no issue of fact that the Plaintiff was not the borrower of the Loan when she filed for Ch. 13 bankruptcy protections on September 9, 2019. As detailed in Defendant's Motion for Summary Judgment, and based upon the pertinent Deed of Trust definitions and federal regulations, Ms. Hoover was neither a confirmed successor-in-interest nor was she a confirmed assuming party on the petition date. Ms. Hoover did not have title to the Property prior to the sale and therefore the second element of a prima facia case for violation of a stay cannot be met.

Interests in property are largely determined by state law. *Butner v. United States*, 440 U.S. 48, 54-55, 99 S. Ct. 914 (1979). Under Washington law, "Constitutionally protected property interests may be created either through (1) contract, (2) common law or (3) statutes and regulations." *Durland v. San Juan County*, 184 Wn.2d 55, 70, 340 P.3d 191 (2014) (*citing Conrad v. University of Wash.*, 119 Wn.2d 519, 529-30, 834 P.2d 17 (1992)).

Ms. Hoover has not articulated any basis or theory wherein she has title to the Property. In her briefing, Ms. Hoover fails to provide any authority demonstrating that she had a vested right in the Property on the date of her petition.

There is no deed with the Pierce County Auditor's office establishing a title interest in Ms. Hoover's name. Ms. Hoover did not list the Property in her bankruptcy schedule (no schedules were filed with this matter), and the Ali Suleiman Trust documents were never

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
AP No. 20-04002-MJH
Page 6

HOUSER LLP
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 20-04002-MJH    Doc 68    Filed 11/13/20    Ent. 11/13/20 16:55:13    Pg. 6 of 10

provided to Ocwen/PHH to demonstrate her claimed interest prior to the Petition Date. Simply put, Ms. Hoover was a stranger to the Loan on September 13, 2019.

The only documents Ms. Hoover provided to Ocwen/PHH prior to the sale demonstrating that she had a legitimate interest in the Property was evidence that she had made payments on the Loan. That did not produce obligations under the Loan, nor did it create a debtor-creditor relationship. *Anolik v. Bank of America Loans*, No.11-00406, 2011 WL 1549291, at *3 (E.D. Cal. Apr. 21, 2011) ("Any payments Plaintiff chose to make on behalf of the borrower ... Without more, those payments confer no legal rights inuring to Plaintiff's benefit"). Accordingly, the Defendants did not violate this court's stay order and are entitled to judgment as a matter of law since title to the Property was not in Ms. Hoover's name.

2. The Spendthrift provision precludes any transfer of title.

Pursuant to 11 U.S.C. § 541(a)(1), "all legal and equitable interests of the debtor in property as of the commencement of the case" are included in Ms. Hoover's bankruptcy estate. Although, it does not comprise a "restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law." 11 U.S.C. § 541(c)(1). A beneficial interest that is protected by a valid spendthrift provision does not become property of the estate. *See Mitsui Mfrs. Bank v. Unicom Computer Corp. (In re Unicom Computer Corp.)*, 13 F.3d 321, 324 (9th Cir. 1994) ("something held in trust by a debtor for another is neither property of the bankruptcy estate under section 541(d), nor the property of the debtor" for purposes of avoidance actions. (*citing Begier v. I.R.S.*, 496 U.S. 53, 58, 110 S.Ct. 2258 (1990) (property that a debtor holds in trust for another is not property of the estate under section 541 nor is it property of the debtor under section 547.))).

Ms. Hoover filed a trust agreement on January 31, 2020 which contains a spendthrift provision. Dkt. 33-1, pg. 29 at ¶ B.3.6. ("No share or interest in principal or income of this Trust shall be liable for the debts of any beneficiary nor subject to the process of seizure of any court, *nor an asset in the bankruptcy of any beneficiary . . .* ") (emphasis supplied). The trustees of the

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
AP No. 20-04002-MJH
Page 7

HOUSER LLP
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 20-04002-MJH    Doc 68    Filed 11/13/20    Ent. 11/13/20 16:55:13    Pg. 7 of 10

estate, in this instance Ms. Hoover and her brother Amir Suleiman, have discretion to distribute or prevent from distribution the property held in trust when acting in concert. Dkt. 33-4, p.5, ¶ B.2.3.1 ("Accordingly, as soon as practicable after the death of Trustor, Trustee shall distribute any and all interest Trustor, or the Trust Estate, may have in" the Property). Per the aforementioned agreement, there was no time frame in which title to the Property needed to be transferred to its intended beneficiary.

Ms. Hoover and her brother Amir Suleiman are co-trustees, and accordingly, the power to distribute property in that capacity under that instrument required an agreement by both parties. Under these facts, the Property remains in the Ali Suleiman Trust. Without more, Plaintiff has failed to meet its burden to demonstrate the Property is protected by § 541(c)(2) because it never became property of the estate prior to the Petition date. Accordingly, the Defendants are entitled to judgment as a matter of law.

**C. Defendants had Inadequate Information Regarding Title to the Property**

The Pierce County Recorder's Office was the sole means the Defendants had to determine who held title on the petition date and the foreclosure date because Ms. Hoover did not file the requisite assumption and successor-in-interest documents. In March 2019, Ocwen/PHH sent those documents to Ms. Hoover, months prior to the foreclosure sale, and attempted to work with her when she replied with incomplete documentation. *See* Prudent Dec. ¶ 18, Exhibit 7. During her deposition, Ms. Hoover confirmed that she did not respond to the forms Ocwen/PHH provided until after she had filed for bankruptcy and after the property sold at foreclosure. Moore Dec., Exhibit H, Hoover Dep. Tr., at 64:11-25; *See* Prudent Dec., ¶ 18.

Suleiman purchased the Property in his own name. Moore Dec., Exhibit A. The property is deeded to Suleiman. *Id*. The Property is not deeded to the Ali Suleiman Trust, nor is it deeded to the Plaintiff Sarah Hoover or her brother Amir Suleiman whether as individuals or trustees of the Ali Suleiman Trust. *See Id.* On March 23, 2019, through counsel, Ms. Hoover and Amir Suleiman filed a nonprobate Notice to Creditors action in King County Superior Court. Case

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
AP No. 20-04002-MJH
Page 8

HOUSER LLP
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 20-04002-MJH    Doc 68    Filed 11/13/20    Ent. 11/13/20 16:55:13    Pg. 8 of 10

No. 15-4-01840-7 KNT. The Ali Suleiman Trust was never filed in that action, nor was any deed purporting to transfer title from Suleiman to his trust. The trust, and not any of Suleiman's four children, was Ali Suleiman's heir.

The Defendants did everything possible under the circumstances to assist Ms. Hoover in becoming a successor-in-interest to assume the obligations under the Loan. Had she completed those documents in the months leading up to the foreclosure sale and then filed bankruptcy, Defendants would not have foreclosed on the Property because of the stay. But Ms. Hoover did not do that. It appears Ms. Hoover sought to be off the Loan, having no obligations to make payments under it, and yet still take advantages of the protections that a Ch. 13 filing contemplates. But, Ms. Hoover did not have title to the Property whether as an individual or as part of her estate. "The bankruptcy code provisions cannot be used to allow a bankruptcy estate to benefit from property that the debtor did not own." *See Matter of Quality Holstein Leasing,* 752 F.2d 1009, 1013 (5th Cir. 1985).

Ms. Hoover has not met her burden of demonstrating a material issue of fact as to whether she or her bankruptcy estate had title to the Property whether by contract, common law, or statute. Accordingly, the Defendants are entitled to judgment as a matter of law and this court should dismiss Plaintiff's Motion for Partial Summary Judgment.

## IV. CONCLUSION

Defendants respectfully request that this court deny Plaintiff's Motion for Partial Summary Judgment and enter judgment as a matter of law in favor of Defendants.

DATED: November 13, 2020

**HOUSER LLP**

By: */s/ Robert W. Norman, Jr.*
Robert W. Norman, Jr. WSBA No. 37094
bnorman@houser-law.com
*Attorneys for Defendants PHH Mortgage Corporation, HSBC Bank USA, N.A., as Trustee, and NewRez, LLC*

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
AP No. 20-04002-MJH
Page 9

HOUSER LLP
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 20-04002-MJH    Doc 68    Filed 11/13/20    Ent. 11/13/20 16:55:13    Pg. 9 of 10

# CERTIFICATE OF SERVICE

On November 13, 2020, I served the foregoing document(s): DEFENDANTS PHH MORTGAGE CORPORATION, HSBC BANK USA, N.A., AS TRUSTEE AND NEW REZ, LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, in the manner described below:

| | |
|---|---|
| Jason D. Anderson<br>Anderson Law of King County, PLLC<br>787 Maynard Ave S., Suite B<br>Seattle, WA 98104<br>Jason@alkc.net<br>*Counsel for Plaintiff/Debtor* | ☒ CM/ECF<br>☐ UPS Overnight<br>☐ UPS 2 Day Shipping<br>☐ Email<br>☐ Courier |
| Christina L. Henry<br>Henry & Degraaff, P.S.<br>787 Maynard Ave S., Suite B<br>Seattle, WA 98104<br>chenry@hdm-legal.com<br>*Counsel for Plaintiff/Debtor* | ☒ CM/ECF<br>☐ UPS Overnight<br>☐ UPS 2 Day Shipping<br>☐ Email<br>☐ Courier |
| Joseph W. McIntosh<br>McCarthy & Holthus, LLP<br>108 1st Ave South, Suite 300<br>Seattle, WA 98104<br>jmcintosh@mccarthyholthus.com<br>*Counsel for Quality Loan Service Corporation of Washington* | ☒ CM/ECF<br>☐ UPS Overnight<br>☐ UPS 2 Day Shipping<br>☐ Email<br>☐ Courier |
| John A. McIntosh<br>Schweet Linde & Coulson, PLLC<br>575 S. Michigan St.<br>Seattle, WA 98108<br>johnm@schweetlaw.com<br>*Counsel for IH6 Property Washington, L.P.* | ☒ CM/ECF<br>☐ UPS Overnight<br>☐ UPS 2 Day Shipping<br>☐ Email<br>☐ Courier |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 13, 2020

*/s/ Rachel M. Perez*
Rachel M. Perez

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AP No. 20-04002-MJH
Page 10

HOUSER LLP
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 20-04002-MJH    Doc 68    Filed 11/13/20    Ent. 11/13/20 16:55:13    Pg. 10 of 10