Judge Mary Jo Heston
Chapter 13
Location: Tacoma
Hearing Date: November 20, 2020
Hearing Time: 9:00 a.m.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| IN RE:<br><br>SARAH HOOVER,<br><br>Debtor, | BK Case No. 19-42890-MJH<br><br>Adversary Case No. 20-04002-MJH<br><br>**IH6 PROPERTY WASHINGON, L.P.'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| SARAH HOOVER,<br><br>Plaintiff,<br><br>v.<br><br>QUALITY LOAN SERVICE CORP. OF WASHINGTON, *et. al.*,<br><br>Defendants. | |

IH6 Property Washington, L.P., a Delaware limited partnership ("IH6 Property") submits this Response to Plaintiff's Motion for Partial Summary Judgment. IH6 Property incorporates by reference the statement of facts, evidence relied upon, and authority set forth in its Motion for Summary Judgment filed on October 16, 2020 [Dkt. 65]. IH6 Property submits the following additional facts and legal authority:

///

IH6 Properties Response to Motion for Summary Judgment - 1

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 20-04002-MJH    Doc 69    Filed 11/13/20    Ent. 11/13/20 17:54:33    Pg. 1 of 6

1. Debtor's Background in Real Estate

Debtor claims that she didn't know to transfer the Property from the Trust to herself or the role of the parties in the nonjudicial foreclosure (Dkt. 43 at ¶¶ 29, 33). But Debtor has extensive experience in the real estate and, in particular, purchasing properties at <u>nonjudicial foreclosure sales</u> and selling them for a profit. The Debtor also negotiates construction contracts and owns or has owned several registered contractor corporations.[1]

On May 29, 2015, Debtor purchased 14510 Holiday Dr NW, Gig Harbor, WA at a trustee's sale for $177,900.00 and sold it on December 14, 2015 for $260,000.[2] On August 28, 2015, Debtor purchased 15303 103rd Avenue CT E, Puyallup, WA at a trustee's sale for $205,500 and sold it on March 3, 2016 for $307,000.00.[3]

On February 29, 2016, Debtor and her husband formed Alis Homes, LLC ("Alis Homes"). Alis Homes was a construction business that also flips homes.[4] On April 1, 2016, Alis Homes purchased 1717 Willow St, Sumner, WA at a trustee's sale for $220,000.00 and sold it for $329,950.00 on October 7, 2016.[5] Debtor understood what it meant to transfer title and understood the effect of leaving the Property in the Trust. The documents she did provide to Ocwen and PHH (the Affidavit of Trust and the Death Certificate) were not responsive to their requests and was never sufficient to establish an interest that would come into a bankruptcy estate.

2. The Property was not Property of the Estate

Property of the estate does not include "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law." 11 U.S.C. §

---

[1] Decl. of McIntosh, Exhibit I at paragraph 3.
[2] *Id*., Exhibits A-B.
[3] *Id*., Exhibits C-D.
[4] *Id*., Exhibit E.
[5] *Id*., Exhibits F-G.

IH6 Properties Response to Motion for Summary Judgment - 2

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 20-04002-MJH    Doc 69    Filed 11/13/20    Ent. 11/13/20 17:54:33    Pg. 2 of 6

541(c)(2). A beneficial interest protected by a valid spendthrift provision does not become property of the estate. *In re Cutter*, 398 B.R. 6, 19 (9th Cir. BAP, 2008). As a general rule, a spendthrift trust prevents attempts by creditors to reach the trust assets and income. RCW 6.32.250; RCW 11.96A.190. Here, the Trust has a spendthrift provision.[6] Under the terms of the Trust Agreement, the trustees were expressly permitted to retain property in their "sole and absolute discretion," when a court proceeding was pending against a beneficiary, or a threatened or probable transfer that the beneficiary would make of such .[7]

On March 28, 2017, Holeshot Properties, LLC ("Holeshot") filed a lawsuit against Alis Homes in King County Superior Court under Case No. 17-2-07550-7 KNT.[8] Holeshot sought over $50,000 in damages and alleged seven causes of action against Alis Homes related to a construction project that Alis Homes abandoned.[9] In its Seventh Cause of Action, Holeshot notified Debtor of its <u>intent to pierce the corporate veil to pursue its causes of action against the Debtor personally</u>.[10] The existence of Debtor's dispute with Holeshot, and its filing of a lawsuit, was sufficient for the co-trustees of the Trust to retain the Property under the Trust Agreement.

<u>On the date of the petition, had Holeshot or any other creditor obtained a judgment against the Debtor, the Property would not have been subject to execution.</u> The Trust has a valid spendthrift provision and the Debtor's interest in the Trust property is not property of the estate.

---

[6] Dkt. 43-1, p. 30, ⁋ B.3.6 ("No share or interest in principal or income of this Trust shall be liable for the debts of any beneficiary nor subject to the process of seizure of any court, nor an asset in the bankruptcy of any beneficiary; and no beneficiary hereunder shall have the power to anticipate, alienate, or encumber his or her interest in the Trust Estate of in the income therefrom.")(emphasis added).

[7] Dkt. 43-1, p. 12 at § 4.3.25 (Trustees are authorized to "continue to hold in Trust any distribution of principal or income otherwise authorized int his instrument to be made to or for any beneficiary for such length of time as the Trustee, in Trustee's sole and absolute discretion, considers appropriate because a significant portion of beneficiary's distribution is threatened by (a) a court proceeding or judgment involving the beneficiary or beneficiary's family…).

[8] Decl. McIntosh, Exhibit H.

[9] *Id*.

[10] *Id*.

IH6 Properties Response to Motion for Summary Judgment - 3

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 20-04002-MJH    Doc 69    Filed 11/13/20    Ent. 11/13/20 17:54:33    Pg. 3 of 6

As long as the Property was left in the Trust, according to its terms, and without any other facts, it is protected by Bankruptcy Code § 541(c)(2) and never became property of the Debtor's bankruptcy estate. Therefore, the automatic stay under §363(a)(3) did not apply because the Property did not become property of the estate.

3. <u>The Debtor did not have a title interest in the Property on the date of the Petition.</u>

It is indisputable that the Debtor did not hold any record interest whatsoever in the Property as of September 9, 2019, the petition date. There was no deed filed with the county auditor, the Property was not listed in the Debtor's bankruptcy schedules (no schedules were filed), the Trust Agreement was not on the record, and even the county treasurer records were held in the name of Ali Suleiman. Nor did the Debtor provide any of the Defendants with documentation to demonstrate any vested right Hoover had in the Property. The legal owner of the Property is, and has at all relevant times been, the trustees of Trust, not Hoover individually.

Hoover was also a stranger to the loan. She was not a borrower that was personally liable on the debt, she was not a grantor of the Deed of Trust, and she had no contractual relationship with the loan servicer or beneficiary of the Deed of Trust. While she claims she attempted to assume the loan, she ignored the numerous requests from Ocwen and PHH to provide them with sufficient documentation establishing her <u>title</u> interest in the Property. Hoover did not have standing to obtain the benefit of the automatic stay, and her sole possessory interest in the Property was not affected by the nonjudicial foreclosure. *In re Walker*, 171 B.R. 197 (E.D.PA.Bankr. 1994) and *In re Kizelnik*, 190 B.R. 171 (S.D.NY.Bankr.1995).

4. <u>Hoover's sole possessory interest in the Property was not affected by the foreclosure sale.</u>

Hoover's sole interest was her <u>possessory</u> interest in the Property which, while itself protected by the stay, did not preclude the sale of the Trust's interest in the Property. *In re Walker*,

IH6 Properties Response to Motion for Summary Judgment - 4

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 20-04002-MJH    Doc 69    Filed 11/13/20    Ent. 11/13/20 17:54:33    Pg. 4 of 6

171 B.R. 197 (E.D.PA.Bankr. 1994). A future testamentary interest in the Property does not alter this result. *Id*. A nonjudicial foreclosure only affects <u>legal title to the property</u> and not any possessory right of the Debtors. *Id*. at 208 (emphasis added), *citing In re Torrez*, 132 B.R. 924 (Bankr.E.D.CA.1991):

> Debtors possessed no interest in the properties includable as estate property under the contemplation of 11 U.S.C. § 541(a). The only interest Debtors possessed respecting the property is a possessory interest. Consensual and permissive presence and possession is not a legal or equitable interest includable as estate property. Contrary to the contentions advanced by the Debtors …, Debtors, to date, still retain their possessory interest. The foreclosure has not had the effect of removing debtors from their residence.

*Id*. As is the case here, the Debtor's possessory interest in the Property was not an impediment to the bank's foreclosure. The Debtor's possessory interest in the Property, while itself protected by the stay, did not preclude the trustee's sale of the Property.

  5. <u>The Automatic Stay should be Annulled.</u>

  IH6 Property incorporates by reference its arguments in its Motion for Summary Judgment regarding its request that the stay be annulled. Even assuming the trustee's sale violated the automatic stay, the stay should be annulled based on the inequitable conduct of the Debtor. Acts done in violation of the automatic stay are void. *See*, *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir. 1992). Section 362(d) authorizes annulment of the automatic stay in order to validate otherwise void acts. *Lone Star Sec. & Video, Inc., v. Gurrola (In re Gurrola)*, 328 B.R. 158, 172 (9th Cir. BAP 2005). Determining whether cause exists to annul the stay is a case-by-case inquiry based on a balance of the equities. *Nat'l Envtl. Waste Corp. v. City of Riverside*, 129 F.3d 1052, 1055 (9th Cir. 1997), *cert. denied*, 524 U.S. 952 (1998). The equities here weigh in favor of annulling the stay, validating the trustee's sale, and dismissing plaintiff's complaint.

IH6 Properties Response to Motion for Summary Judgment - 5

*Schweet Linde & Coulson, PLLC*
575 S. Michigan St.
Seattle, WA 98108
p (206) 275-1010 f (206) 381-0101

Case 20-04002-MJH   Doc 69   Filed 11/13/20   Ent. 11/13/20 17:54:33   Pg. 5 of 6

6. <u>Hoover's claim against IH6 Property should be dismissed with prejudice</u>

Hoover's sole claim against IH6 for willful violation of the stay should be dismissed with prejudice. IH6 Property did not have knowledge of Hoover's bankruptcy when it purchased the Property at the trustee's sale, sent the Trustee's Deed for recording, and sent the notice to vacate. Hoover does not dispute this, but alleges only that IH6 Property had an affirmative duty in "assisting in a rescission of the sale". But IH6 Property did take affirmative steps- it is the one the reopened the bankruptcy and filed a motion to annul the stay. Hoover provides no authority that reopening a bankruptcy case and filing a motion to annul the stay is a violation of the stay. <u>IH6 took no steps in exercising control or possession over the Property</u>, which distinguishes this matter from the cases cited by Hoover. Hoover still resides in the Property rent and mortgage free. And it was IH6 that reopened the Debtor's bankruptcy and filed a motion for relief from stay, which was the proper action to take. IH6 should be dismissed with prejudice from Hoover's amended complaint. *See, Goodrich v. Union Planters Mortgage*, 196 Fed.Appx. 586 (2006).

7. <u>Conclusion</u>

For the foregoing reasons, IH6 Property requests an order granting its motion for summary judgment, dismissing it with prejudice from Plaintiff's complaint, and validating the subject trustee's sale of the Property.

Dated this 13th day of November, 2020

**SCHWEET LINDE & COULSON, PLLC**

 /s/John A. McIntosh
Thomas S. Linde, WSBA #14426
John A. McIntosh, WSBA #43113
Attorneys for IH6 Property Washington, L.P.

IH6 Properties Response to Motion for Summary Judgment - 6

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 20-04002-MJH    Doc 69    Filed 11/13/20    Ent. 11/13/20 17:54:33    Pg. 6 of 6