## UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| IN RE:<br><br>SARAH HOOVER,<br><br>Debtor, | BK Case No. 19-42890-MJH<br><br>Adversary Case No. 20-04002-MJH |
| SARAH HOOVER,<br><br>Plaintiff,<br><br>v.<br><br>QUALITY LOAN SERVICE CORP. OF WASHINGTON, et. al.,<br><br>Defendants. | **DECLARATION OF JOHN MCINTOSH** |

I, John McIntosh, declare as follows:

1.      I am one of the attorneys for IH6 Property Washington, L.P. ("IH6 Property").  I am of legal age and competent to testify.  I have personal knowledge of the statements made in this declaration.

2.      Attached hereto as Exhibit A is a copy of the recorded Trustee's Deed to Sarah and Leo Hoover and Eastside Funding, LLC for security purposes only conveying property commonly known as 14510 Holiday Dr. NW, Gig Harbor, WA.

DECLARARATION OF MCINTOSH - 1

**SCHWEET LINDE & COULSON, PLLC**
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

3.     Attached hereto as Exhibit B is a copy of the sale history of 14510 Holiday Dr. NW, Gig Harbor, WA I obtained from the Pierce County Treasurer-Assessor website on November 13, 2020.

4.     Attached hereto as Exhibit C is a copy of the recorded Trustee's Deed to Sarah and Leo Hoover and Eastside Funding, LLC for security purposes only conveying property commonly known as 15303 103rd Avenue CT E, Puyallup, WA.

5.     Attached hereto as Exhibit D is a copy of the sale history of 15303 103rd Avenue CT E, Puyallup, WA I obtained from the Pierce County Treasurer-Assessor website on November 13, 2020.

6.     Attached hereto as Exhibit E is copy of the Corporate Information for Alis Homes, LLC I obtained from the Washington Secretary of State website on November 13, 2020.

7.     Attached hereto as Exhibit F is a copy of the recorded Trustee's Deed to Alis Homes, LLC and Eastside Funding, LLC for security purposes only conveying property commonly known as 1717 Willow St, Sumner, WA.

8.     Attached hereto as Exhibit G is a copy of the sale history of 1717 Willow St, Sumner, WA I obtained from the Pierce County Treasurer-Assessor website on November 13, 2020.

9.     Attached hereto as Exhibit H is a copy of the Complaint filed in King County Superior Court Case No. 17-2-07550-7 KNT.

10.    Attached hereto as Exhibit I is a copy of a Declaration filed by the Debtor on behalf of Alis Homes, LLC in King County Superior Court Case No. 17-2-07550-7 KNT.

I declare under the penalty of perjury that the foregoing is true and correct.

DECLARARATION OF MCINTOSH - 2

**SCHWEET LINDE & COULSON, PLLC**
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010  F (206) 381-0101

Dated: November 13, 2020 at Seattle, WA

/s/John A. McIntosh
John A. McIntosh, WSBA 43113

DECLARARATION OF MCINTOSH - 3

**SCHWEET LINDE & COULSON, PLLC**
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Exhibit A



201506150119 LPATTER        2 PGS
06/15/2015  10:29:02 AM     $73.00
AUDITOR, Pierce County, WASHINGTON

After Recording Return To:
Sarah and Leo Hoover and Eastside Funding, LLC for Security Purposes Only
3933 Lake Washington Blvd NE Suite 100
Kirkland WA 98033

For reference only, not for re-sale.

File No.:   7023.108659/GIOVINE, BECKY and LUKE

## Trustee's Deed

The GRANTOR, Northwest Trustee Services, Inc., as present Trustee under that Deed of Trust (defined below), in consideration of the premises and payment recited below, hereby grants and conveys, without representation or warranty, expressed or implied, to Sarah and Leo Hoover and Eastside Funding, LLC for Security Purposes Only, as GRANTEE, all real property (the Property), situated in the County of PIERCE, State of Washington, described as follows:

Tax Parcel No.: 788200-019-0

Lot 19 in Block 1 of Stansberry Lake, according to Plat recorded in Book 31 of Plats, Pages 28, 29 and 30, in Pierce County, Washington.

RECITALS:

1. This conveyance is made pursuant to the powers, including the power of sale, conferred upon the Grantee by that certain Deed of Trust between Becky Giovine and Luke Giovine, wife and husband, as Grantor, to Northwest Trustee Services, LLC, as Trustee, and Wells Fargo Bank, N.A., Beneficiary, dated 03/31/10, recorded 04/06/10, under Auditor's/Recorder's No. 201004060546, records of PIERCE County, Washington.

2. The Deed of Trust was executed to secure, together with other undertakings, the payment of one or more promissory note(s) ("Note") in the sum of $210,798.00 with interest thereon, according to the terms thereof, in favor of Wells Fargo Bank, N.A. and to secure any other sums of money which might become due and payable under the terms of said Deed of Trust.

3. The Deed of Trust provided that the Property is not used principally for agricultural or farming purposes and the Grantor has no actual knowledge that the Property is used principally for agricultural or farming purposes.

4. Default having occurred in the obligations secured and/or covenants of the Deed of Trust grantor, as set forth in Notice of Trustee's Sale described below, which by the terms of the Deed of Trust make operative the power to sell, the thirty-day advance Notice of Default was transmitted to the Deed of Trust grantor, or his successor in interest, and a copy of said Notice was posted or served in accordance with law.

5. Wells Fargo Bank, N.A., being then the holder of the indebtedness secured by the Deed of Trust delivered to said Grantor a written request directing Grantor to sell the Property in accordance with law and the terms of the Deed of Trust.

6. The defaults specified in the "Notice of Default" not having been cured, the Grantor, in compliance with the terms of the Deed of Trust, executed and on 03/18/14, recorded in the office of the Auditor of PIERCE County, Washington, a " Notice of Trustee's Sale" of the Property under Auditor's File No. 201403180413. And Amended Notice of Trustee's Sale recorded under Auditors File No.201502090947.

06/15/2015  10:29:02 AM   LPATTER    4370075  1  PG
EXCISE COLLECTED: $0.00     PROC FEE: $5.00
AUDITOR
Pierce County, WASHINGTON     TECH FEE: $5.00

7. The Grantor, in the "Notice of Trustee's Sale", fixed the place of sale as Outside of the 2nd floor entry plaza on the west side of the County-City Building, 930 Tacoma Avenue South, City of Tacoma, State of Washington a public place, at 10:00 o'clock a.m., and in accordance with the law caused copies of the statutory "Notice of Trustee's Sale" to be transmitted by mail to all persons entitled thereto and either posted or served in compliance with the requirements of RCW 61.24.031 and RCW 61.24.040; further, the Grantor caused a copy of said "Notice of Trustee's Sale" to be published in a legal newspaper in each county in which the property or any part thereof is situated, once between the thirty-fifth and the twenty-eighth day before the date of sale, and once between the fourteenth and the seventh day before the date of sale; and further, included with the Notice, which was transmitted to or served upon the Deed of Trust grantor or his successor in interest, a "Notice of Foreclosure" in substantially the statutory form, to which copies of the Note and Deed of Trust were attached.

8. During foreclosure, no action by the Beneficiary, its successors or assigns was pending on an obligation secured by the Deed of Trust.

9. All legal requirements and all provisions of said Deed of Trust have been complied with, as to acts to be performed and notices to be given, as provided in chapter 61.24 RCW.

10. The defaults specified in the "Notice of Trustee's Sale" not having been cured ten days prior to the date of Trustee's Sale and said obligation secured by said Deed of Trust remaining unpaid, on May 29, 2015, the date of sale, which was not less than 190 days from the date of default in the obligation secured, the Grantor then and there sold the Property at public auction to said Grantee the highest bidder therefore, for the sum of $177,900.00 cash.

This conveyance is made without representations or warranties of any kind, expressed or implied. By recording this Trustee's Deed, Grantee understands, acknowledges and agrees that the Property was purchased in the context of a foreclosure, that the trustee made no representations to Grantee concerning the Property and that the trustee owed no duty to make disclosures to Grantee concerning the Property; Grantee relying solely upon his/her/their/its own due diligence investigation before electing to bid for the Property.

DATED: June 4, 2015

**NORTHWEST TRUSTEE SERVICES, INC.**

BY: _____
     DEIRDRE PIGGOTT, Assistant Vice President

State of Washington    )
County of King        )

I Aida Vetesi, Notary certify that I know or have satisfactory evidence that DEIRDRE PIGGOTT is the person who appeared before me, and said person acknowledged that (he/she) signed this instrument, on oath stated that (he/she) was authorized to execute the instrument and acknowledged (he/she) as the Assistant Vice President of Northwest Trustee Services, Inc. to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

DATED: June 4, 2015

```
┌─────────────────────────────┐
│        AIDA VETESI          │
│     STATE OF WASHINGTON     │
│       NOTARY PUBLIC         │
│   MY COMMISSION EXPIRES     │
│          07-02-18           │
└─────────────────────────────┘
```

NOTARY PUBLIC in and for the State of
Washington, residing at King County.
My commission expires: 07-02-18

For reference only, not for re-sale.

Exhibit B

# Pierce County Assessor-Treasurer
## Property Summary

## 14510 HOLIDAY DR NW

MALLORY MIKE M JR & ERIKA N
7882000190

---

## Tax Description

Section 19 Township 22 Range 01 Quarter 24 STANSBERRY LAKE L 19 B 1 TOG/W COMM INT EASE OF RECORD

---

## Property Details

| | |
|---|---|
| **Parcel Number** | 7882000190 |
| **Site Address** | 14510 HOLIDAY DR NW |
| **Account Type** | Real Property |
| **Category** | Land and Improvements |
| **Use Code** | 1101-SINGLE FAMILY DWELLING |

## Taxpayer Details

| | |
|---|---|
| **Taxpayer Name** | MALLORY MIKE M JR & ERIKA N |
| **Mailing Address** | 14510 HOLIDAY DRIVE NW |
| | GIG HARBOR, WA |
| | 98329-5125 |

---

## Appraisal Details

| | |
|---|---|
| **Land Economic Area** | 100401 |
| **Value Area** | PI1 |
| **Appr Acct Type** | Residential |
| **Business Name** | |
| **Last Inspection** | 01/30/2020-Physical Inspection |
| **Appraisal Area** | 10 |

## Related Parcels

| | |
|---|---|
| **Group Account Number** | n/a |
| **Located On** | n/a |
| **Associated Parcels** | n/a |

---

## Assessed Value

| | | | |
|---|---|---|---|
| **Value Year** | 2020 | **Assessed Total** | 407,700 |
| **Tax Year** | 2021 | **Assessed Land** | 70,900 |
| | | **Assessed Improvements** | 336,800 |
| **Taxable Value** | 407,700 | | |
| **Tax Code Area** | 471 | **Current Use Land** | 0 |
| **Tax Code Area Rate** | 0 | **Personal Property** | 0 |
| **Notice of Value Mailing Date** | 06/25/2020 | | |

---

## Assessment Details

2020 Values for 2021 Tax

| | |
|---|---|
| **Taxable Value** | $407,700 |
| **Assessed Value** | $407,700 |

## Tax Amounts Due

| Tax Year | Minimum Due | Total Due |
|---|---|---|
| **TOTAL** | 0.00 | 0.00 |

---

Case 20-04002-MJH    Doc 69-1    Filed 11/13/20    Ent. 11/13/20 17:54:33    Pg. 6 of 51

## Property Tax Exemptions

No exemptions

## Land Details

| | |
|---|---|
| **Land Economic Area** | 100401 |
| **RTSQQ** | 01-22-19-24 |
| **Value Area** | PI1 |
| **Square Footage** | 10,125 |
| **Acres** | 0.232 |
| **Front Foot** | 0 |
| **Electric** | Power Installed |
| **Sewer** | Sewer/Septic Installed |
| **Water** | Water Installed |

## Building 1 Details

### General Characteristics

| | |
|---|---|
| **Property Type** | Residential |
| **Condition** | Average |
| **Quality** | Average Plus |
| **Neighborhood** | 100401 |
| **Occupancy** | Single Family Residential |
| **Square Feet** | 1,956 |
| **Net Square Feet** | 0 |
| **Attached Garage Square Feet** | 572 |
| **Detached Garage Square Feet** | 0 |
| **Carport Square Feet** | 0 |
| **Finished Attic Square Feet** | 0 |
| **Total Basement Square Feet** | 0 |
| **Finished Basement Square Feet** | 0 |
| **Basement Garage Door** | 0 |
| **Fireplaces** | 1 |

### Built-As

| | |
|---|---|
| **DESCRIPTION** | 2 Story |
| **YEAR BUILT** | 1979 |
| **ADJUSTED YEAR BUILT** | 1995 |
| **SQUARE FEET** | 1,956 |
| **STORIES** | 2 |
| **BEDROOMS** | 3 |
| **BATHROOMS** | 2.5 |
| **EXTERIOR** | Frame Siding |
| **CLASS** | n/a |
| **ROOF** | Composition Shingle |
| **HVAC** | Electric Baseboard |
| **UNITS** | 1 |

## Improvement Details

| Type | Description | Units |
|------|-------------|------:|
| Add On | Other Imps Misc | 1 |
| Garage | Built In | 572 |
| Porch | Encl Solid Wall | 208 |
| Porch | Open Slab | 594 |
| Porch | Wood Deck | 152 |

## Sales History

| SALE DATE | 10/06/2020 |
| --- | --- |
| ETN | 4543833 |
| PARCEL COUNT | 1 |
| GRANTOR | FRANKLIN SCOTT & SHAWNA |
| GRANTEE | MALLORY MIKE M JR & ERIKA N |
| SALE PRICE | 440,000 |
| DEED TYPE | Statutory Warranty Deed |
| SALES NOTES | |

| SALE DATE | 12/14/2015 |
| --- | --- |
| ETN | 4386233 |
| PARCEL COUNT | 1 |
| GRANTOR | HOOVER SARAH & LEO |
| GRANTEE | FRANKLIN SHAWNA L |
| SALE PRICE | 260,000 |
| DEED TYPE | Statutory Warranty Deed |
| SALES NOTES | |

| SALE DATE | 06/04/2015 |
| --- | --- |
| ETN | 4370075 |
| PARCEL COUNT | 1 |
| GRANTOR | NORTHWEST TRUSTEE SERVICESINC |
| GRANTEE | HOOVER SARAH & LEO |
| SALE PRICE | 177,900 |
| DEED TYPE | Trustee Deed (Foreclosure) |
| SALES NOTES | |

| SALE DATE | 09/15/2006 |
| --- | --- |
| ETN | 4140371 |
| PARCEL COUNT | 1 |
| GRANTOR | GRAHAM G ALEXANDER E & DEBORAH |
| GRANTEE | GIOVINE BECKY & LUKE |
| SALE PRICE | 309,000 |
| DEED TYPE | Statutory Warranty Deed |
| SALES NOTES | |

Case 20-04002-MJH    Doc 69-1    Filed 11/13/20    Ent. 11/13/20 17:54:33    Pg. 10 of 51

## Map



Spatial Services |

## Photos



2020_PRI_1-30-2020_CC_.jpg

Case 20-04002-MJH    Doc 69-1    Filed 11/13/20    Ent. 11/13/20 17:54:33    Pg. 12 of 51

## Sketches





2020_IMP_1_3-17-2020_Page 1 - Apex 7882000190 Imp No - 1.JPG



2014_IMP_1_8-28-2014_Page 1 - Apex 7882000190 Imp No - 1.JPG

788200-019-0



Sketched by Angelina

Sketch by Apex IV Windows™

2002_IMP_1_7-31-2002_Page 1 - Apex 7882000190 Imp No - 1.JPG

Case 20-04002-MJH    Doc 69-1    Filed 11/13/20    Ent. 11/13/20 17:54:33    Pg. 14 of 51

Exhibit C

**201509110198** Page 1 of 2



201509110198 LPATTER 2 PGS
09/11/2015 11:19:47 AM $73.00
AUDITOR, Pierce County, WASHINGTON

After Recording Return To:
Leo & Sarah Hoover and  Eastside Funding LLC for security purposes only
3933 Lake Washington Blvd NE Suite#100
Kirkland, WA  98033

File No.:  7023.113011/RICE, STEVEN and JULIE

### Trustee's Deed

The GRANTOR, Northwest Trustee Services, Inc., as present Trustee under that Deed of Trust (defined below), in consideration of the premises and payment recited below, hereby grants and conveys, without representation or warranty, expressed or implied, to Leo & Sarah Hoover and  Eastside Funding LLC for security purposes only, as GRANTEE, all real property (the Property), situated in the County of PIERCE, State of Washington, described as follows:

Tax Parcel No.: 572700-004-0

Lot 4, Meadow Lark Estates, according to Plat recorded in Book 53 of Plats, Pages 49 and 50, in Pierce County, Washington.

RECITALS:

1. This conveyance is made pursuant to the powers, including the power of sale, conferred upon the Grantee by that certain Deed of Trust between Steven Rice, a married person and Julie Rice, a married person, as Grantor, to Northwest Trustee Services, LLC, as Trustee, and Edward Jones Mortgage, LLC, Beneficiary, dated 09/26/11, recorded 09/30/11, under Auditor's/Recorder's No. 201109300402, records of PIERCE County, Washington and subsequently assigned to Wells Fargo Bank, N.A. under PIERCE County Auditor's/Recorder's No. 201109300403.

2. The Deed of Trust was executed to secure, together with other undertakings, the payment of one or more promissory note(s) ("Note") in the sum of $287,597.00 with interest thereon, according to the terms thereof, in favor of Edward Jones Mortgage, LLC and to secure any other sums of money which might become due and payable under the terms of said Deed of Trust.

3. The Deed of Trust provided that the Property is not used principally for agricultural or farming purposes and the Grantor has no actual knowledge that the Property is used principally for agricultural or farming purposes.

4. Default having occurred in the obligations secured and/or covenants of the Deed of Trust grantor, as set forth in Notice of Trustee's Sale described below, which by the terms of the Deed of Trust make operative the power to sell, the thirty-day advance Notice of Default was transmitted to the Deed of Trust grantor, or his successor in interest, and a copy of said Notice was posted or served in accordance with law.

5. Wells Fargo Bank, N.A., being then the holder of the indebtedness secured by the Deed of Trust, delivered to said Grantor a written request directing Grantor to sell the Property in accordance with law and the terms of the Deed of Trust.

6. The defaults specified in the "Notice of Default" not having been cured, the Grantor, in compliance with the terms of the Deed of Trust, executed and on 04/28/15, recorded in the office of the Auditor of PIERCE County, Washington, a " Notice of Trustee's Sale" of the Property under Auditor's File No. 201504280507.

09/11/2015 11:19:47 AM    LPATTER    4378226   1  PG
EXCISE COLLECTED: $0.00        PROC FEE: $5.00
AUDITOR
Pierce County, WASHINGTON        TECH FEE: $5.00

For reference only, not for re-sale.

7. The Grantor, in the "Notice of Trustee's Sale", fixed the place of sale as Outside of the 2nd floor entry plaza, on the west side of the County-City Building, 930 Tacoma Avenue South, City of Tacoma, State of Washington a public place, at 10:00 o'clock a.m., and in accordance with the law caused copies of the statutory "Notice of Trustee's Sale", to be transmitted by mail to all persons entitled thereto and either posted or served in compliance with the requirements of RCW 61.24.031 and RCW 61.24.040; further, the Grantor caused a copy of said "Notice of Trustee's Sale" to be published in a legal newspaper in each county in which the property or any part thereof is situated, once between the thirty-fifth and twenty-eighth day before the date of sale, and once between the fourteenth and the seventh day before the date of sale; and further, included with the Notice, which was transmitted to or served upon the Deed of Trust grantor or his successor in interest, a "Notice of Foreclosure" in substantially the statutory form, to which copies of the Note and Deed of Trust were attached.

8. During foreclosure, no action by the Beneficiary, its successors or assigns was pending on an obligation secured by the Deed of Trust.

9. All legal requirements and all provisions of said Deed of Trust have been complied with, as to acts to be performed and notices to be given, as provided in chapter 61.24 RCW.

10. The defaults specified in the "Notice of Trustee's Sale" not having been cured ten days prior to the date of Trustee's Sale and said obligation secured by said Deed of Trust remaining unpaid, on August 28, 2015, the date of sale, which was not less than 190 days from the date of default in the obligation secured, the Grantor then and there sold the Property at public auction to said Grantee, the highest bidder therefore, for the sum of $205,500.00 cash.

This conveyance is made without representations or warranties of any kind, expressed or implied. By recording this Trustee's Deed, Grantee understands, acknowledges and agrees that the Property was purchased in the context of a foreclosure, that the trustee made no representations to Grantee concerning the Property and that the trustee owed no duty to make disclosures to Grantee concerning the Property, Grantee relying solely upon his/her/their/its own due diligence investigation before electing to bid for the Property.

DATED: September 2, 2015

**NORTHWEST TRUSTEE SERVICES, INC.**

BY: _____
DEIRDRE PIGGOTT, Assistant Vice President

State of Washington
County of King

I Aida Vetesi, Notary certify that I know or have satisfactory evidence that DEIRDRE PIGGOTT is the person who appeared before me, and said person acknowledged that (he/she) signed this instrument, on oath stated that (he/she) was authorized to execute the instrument and acknowledged (he/she) as the Assistant Vice President of Northwest Trustee Services, Inc. to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

DATED:  September 2, 2015

> AIDA VETESI
> STATE OF WASHINGTON
> NOTARY PUBLIC
> MY COMMISSION EXPIRES
> 07-02-18

NOTARY PUBLIC in and for the State of Washington, residing at King County.
My commission expires: 07-02-18

For reference only, not for re-sale.

Exhibit D

# Pierce County Assessor-Treasurer
## Property Summary

### 15303 103RD AVCT E

MATTESON BRIGHTON & BRITTANY
5727000040

---

## Tax Description

Section 22 Township 19 Range 04 Quarter 32 MEADOW LARK ESTATES L 4 EASE OF RECORD

---

### Property Details

| | |
|---|---|
| Parcel Number | 5727000040 |
| Site Address | 15303 103RD AVCT E |
| Account Type | Real Property |
| Category | Land and Improvements |
| Use Code | 1101-SINGLE FAMILY DWELLING |

### Taxpayer Details

| | |
|---|---|
| Taxpayer Name | MATTESON BRIGHTON & BRITTANY |
| Mailing Address | 15303 103RD AVENUE CT E PUYALLUP, WA 98374-9701 |

---

### Appraisal Details

| | |
|---|---|
| Land Economic Area | 081403 |
| Value Area | PI2 |
| Appr Acct Type | Residential |
| Business Name | |
| Last Inspection | 02/05/2015-Physical Inspection |
| Appraisal Area | 08 |

### Related Parcels

| | |
|---|---|
| Group Account Number | n/a |
| Located On | n/a |
| Associated Parcels | n/a |

---

### Assessed Value

| | | | |
|---|---|---|---|
| Value Year | 2020 | Assessed Total | 362,300 |
| Tax Year | 2021 | Assessed Land | 139,600 |
| | | Assessed Improvements | 222,700 |
| Taxable Value | 362,300 | | |
| Tax Code Area | 195 | Current Use Land | 0 |
| Tax Code Area Rate | 0 | Personal Property | 0 |
| Notice of Value Mailing Date | 06/25/2020 | | |

---

### Assessment Details

2020 Values for 2021 Tax

| | |
|---|---|
| Taxable Value | $362,300 |
| Assessed Value | $362,300 |

### Tax Amounts Due

| Tax Year | Minimum Due | Total Due |
|---|---|---|
| **TOTAL** | **0.00** | **0.00** |

---

Case 20-04002-MJH   Doc 69-1   Filed 11/13/20   Ent. 11/13/20 17:54:33   Pg. 17 of 51

## Property Tax Exemptions

No exemptions

## Land Details

| | |
|---|---|
| **Land Economic Area** | 081403 |
| **RTSQQ** | 04-19-22-32 |
| **Value Area** | PI2 |
| **Square Footage** | 12,933 |
| **Acres** | 0.297 |
| **Front Foot** | 0 |
| **Electric** | Power Installed |
| **Sewer** | Sewer/Septic Installed |
| **Water** | Water Installed |

Case 20-04002-MJH    Doc 69-1    Filed 11/13/20    Ent. 11/13/20 17:54:33    Pg. 18 of 51

# Building 1 Details

## General Characteristics

| | |
|---|---|
| **Property Type** | Residential |
| **Condition** | Average |
| **Quality** | Average |
| **Neighborhood** | 081403 |
| **Occupancy** | Single Family Residential |
| **Square Feet** | 2,214 |
| **Net Square Feet** | 0 |
| **Attached Garage Square Feet** | 648 |
| **Detached Garage Square Feet** | 0 |
| **Carport Square Feet** | 0 |
| **Finished Attic Square Feet** | 0 |
| **Total Basement Square Feet** | 0 |
| **Finished Basement Square Feet** | 0 |
| **Basement Garage Door** | 0 |
| **Fireplaces** | 1 |

## Built-As

| | |
|---|---|
| **DESCRIPTION** | Split Entry |
| **YEAR BUILT** | 1979 |
| **ADJUSTED YEAR BUILT** | 1994 |
| **SQUARE FEET** | 2,214 |
| **STORIES** | 2 |
| **BEDROOMS** | 4 |
| **BATHROOMS** | 2.25 |
| **EXTERIOR** | Frame Siding |
| **CLASS** | n/a |
| **ROOF** | Composition Shingle |
| **HVAC** | Forced Air |
| **UNITS** | 1 |

Case 20-04002-MJH    Doc 69-1    Filed 11/13/20    Ent. 11/13/20 17:54:33    Pg. 19 of 51

## Improvement Details

| Type | Description | Units |
|------|-------------|-------|
| Basement | Concrete Slab | 783 |
| Garage | Built In | 648 |
| Porch | Wood Deck | 264 |

# Sales History

| SALE DATE | 03/03/2016 |
|---|---|
| ETN | 4391947 |
| PARCEL COUNT | 1 |
| GRANTOR | HOOVER LEO & SARAH |
| GRANTEE | MATTESON BRIGHTON & BRITTANY |
| SALE PRICE | 307,000 |
| DEED TYPE | Statutory Warranty Deed |
| SALES NOTES | |

| SALE DATE | 09/02/2015 |
|---|---|
| ETN | 4378226 |
| PARCEL COUNT | 1 |
| GRANTOR | NORTHWEST TRUSTEE SERVICES INC |
| GRANTEE | HOOVER LEO & SARAH |
| SALE PRICE | 205,500 |
| DEED TYPE | Trustee Deed (Foreclosure) |
| SALES NOTES | |

| SALE DATE | 08/29/2006 |
|---|---|
| ETN | 4138361 |
| PARCEL COUNT | 1 |
| GRANTOR | BOTSFORD JAMES R & TATIANA L |
| GRANTEE | RICE STEVEN & JULIE |
| SALE PRICE | 319,000 |
| DEED TYPE | Statutory Warranty Deed |
| SALES NOTES | |

| SALE DATE | 03/18/2004 |
|---|---|
| ETN | 4035065 |
| PARCEL COUNT | 1 |
| GRANTOR | CHAVEZ ROBERT J & CARMELITA M |
| GRANTEE | BOTSFORD JAMES R & TATIANA L |
| SALE PRICE | 179,500 |
| DEED TYPE | Statutory Warranty Deed |
| SALES NOTES | |

## Map



**Photos**

Sorry, no photo available for display

## Sketches



2020_IMP_1_6-19-2020_Page 1 - Apex 5727000040 Imp No - 1.JPG

Exhibit E

# BUSINESS INFORMATION

Business Name:
**ALIS HOMES LLC**

UBI Number:
**603 591 042**

Business Type:
**WA LIMITED LIABILITY COMPANY**

Business Status:
**ADMINISTRATIVELY DISSOLVED**

Principal Office Street Address:
**18205 106TH ST E, BONNEY LAKE, WA, 98391, UNITED STATES**

Principal Office Mailing Address:

Expiration Date:
**02/28/2018**

Jurisdiction:
**UNITED STATES, WASHINGTON**

Formation/ Registration Date:
**02/29/2016**

Period of Duration:
**PERPETUAL**

Inactive Date:
**07/03/2018**

Nature of Business:

# REGISTERED AGENT INFORMATION

Registered Agent Name:
**SARAH HOOVER**

Street Address:
**18205 106TH ST E, BONNEY LAKE, WA, 98391-0000, UNITED STATES**

Mailing Address:

# GOVERNORS

| Title | Governors Type | Entity Name | First Name | Last Name |
|-------|----------------|-------------|------------|-----------|
| GOVERNOR | INDIVIDUAL | | SARAH | HOOVER |
| GOVERNOR | INDIVIDUAL | | LEO | HOOVER |

Exhibit F

AFTER RECORDING RETURN TO:
ALIS HOMES LLC AND EASTSIDE
FUNDING LLC FOR SECURITY
PURPOSES ONLY
3933 Lake Washington Blvd NE Suite 100
Kirkland, WA 98033

201604220569 RJOHNSO    3 PGS
04/22/2016  02:20:11 PM    $75.00
AUDITOR, Pierce County, WASHINGTON

15024|022

Simons, Helen M., 46781429

## TRUSTEE'S DEED

**The GRANTOR, Weinstein & Riley, P.S.,** as present Trustee under that Deed of Trust, as hereinafter particularly described, in consideration of the premises and payments, recited below, hereby grants and conveys without warranty to ALIS HOMES LLC AND EASTSIDE FUNDING LLC FOR SECURITY PURPOSES ONLY, **GRANTEE,** that real property, situated in Pierce County, State of Washington, described as follows:

**Assessor's Property Tax Parcel/Account Number(s):** 5316000010

Abbreviated Legal: LOT 1, LITTLE SIX ADD.

LOT 1 OF LITTLE SIX ADDITION, AS PER PLAT RECORDED IN VOLUME 48 OF PLATS AT PAGES 10 AND 11, RECORDS OF PIERCE COUNTY AUDITOR; SITUATE IN THE CITY OF SUMNER, COUNTY OF PIERCE, STATE OF WASHINGTON

**RECITALS:**

1.      This conveyance is made pursuant to the powers, including the power of sale, conferred upon said Trustee by that certain Deed of Trust between Helen M Simons, as her sole and separate property, as Grantor, to Commonwealth as Trustee, and Mortgage Electronic Registration Systems, Inc. is a separate corporation that is acting solely as a nominee for Mortgage Brokers Services, Inc. and its successors and assigns as Beneficiary, dated August 21, 2006 recorded August 30, 2006 under Recording No. 200608300361

TRUSTEE'S DEED - 1

Simons, 46781429
WA-Trustee's Deed Lender

04/22/2016  02:20:11 PM    RJOHNSO    4396017  2 PGS
EXCISE COLLECTED: $0.00    PROC FEE: $5.00
AUDITOR
Pierce County, WASHINGTON    TECH FEE: $5.00

Case 20-04002-MJH    Doc 69-1    Filed 11/13/20    Ent. 11/13/20 17:54:33    Pg. 26 of 51

2.    Said Deed of Trust was executed to secure, together with other undertakings, the payments of a promissory note according to the terms thereof, in favor of Mortgage Electronic Registration Systems, Inc. is a separate corporation that is acting solely as a nominee for Mortgage Brokers Services, Inc. and its successors and assigns and to secure any other sums of money which might become due and payable under the terms of said Deed of Trust.

3.    The described Deed of Trust provides that the real property conveyed therein is not used principally for agricultural or farming purposes.

4.    Default having occurred in the obligations secured and/or covenants of the Grantor as set forth in "Notice of Trustee's Sale" described below, which by the terms of the Deed of Trust made operative the power to sell, the thirty-day advance "Notice of Default" was transmitted to the Grantor, or his successor-in-interest, and a copy of said Notice was posted or served in accordance with law.

5.    CitiMortgage, Inc. being then the holder of the indebtedness secured by said Deed of Trust, delivered to said Trustee a written request directing said Trustee to sell the described property in accordance with law and the terms of said Deed of Trust.

6.    The defaults specified in the "Notice of Default" not having been cured, the Trustee, in compliance with the terms of said Deed of Trust, executed and on November 23, 2015 recorded in the office of the Auditor of Pierce County, Washington a "Notice of Trustee's Sale" of said property as Instrument No. 201511230003.

7.    The Trustee, in its aforesaid "Notice of Trustee's Sale", fixed the place of sale as at the 2nd floor entry plaza outside the Pierce County Courthouse, 930 Tacoma Ave South, Tacoma, WA located at Pierce County, State of Washington, a public place on April 1, 2016 at 9:00 AM and in accordance with law, caused copies of the statutory "Notice of Trustee's Sale" to be transmitted by mail to all persons entitled thereto and either posted or served prior to ninety (90) days before the sale; further, the Trustee caused a copy of said "Notice of Trustee's Sale" to be published once between the thirty-five (35) and twenty-eighth (28) day before the date of sale, and once between the fourteenth (14) and seventh (7) day before the date of sale in a legal newspaper in each county in which the property or any part thereof is situated; and further, included with this Notice, which was transmitted or served to or upon the Grantor or his successor-in-interest, a "Notice of Foreclosure" in substantially the statutory form, to which copies of the Grantor's Note and Deed of Trust were attached.

8.    During foreclosure, no action was pending on an obligation secured by said Deed of Trust.

TRUSTEE'S DEED - 2

Simons, 46781429
WA-Trustee's Deed Lender

For reference only, not for re-sale.

9.    All legal requirements and all provisions of said Deed of Trust have been complied with, as to acts to be performed and notices to be given, as provided in Chapter 61.24 RCW.

10.    The default specified in the "Notice of Trustee's Sale' not having been cured ten (10) days prior to the date of Trustee's Sale and said obligation secured by said Deed of Trust remaining unpaid, on April 1, 2016, the date of sale, which was not less than 190 days before the date of default in the obligation secured, the Trustee then and there sold at public auction to said Grantee, the highest bidder therefore, the property hereinabove described, for the sum of $220,000.00.

Dated: April 20, 2016

Weinstein & Riley, P.S.

By _____
Daniel Ross, Director

State of Washington    )
                       ) ss:
County of King         )

On this 20 day of April, 2016 before me, the undersigned a Notary Public in and for the State of Washington, duly commissioned and sworn, personally appeared Daniel Ross, Director of Weinstein & Riley, P.S., the corporation that executed the foregoing instrument and acknowledged the said instrument to be the free and voluntary act and deed of said corporation, for the uses and purposes therein mentioned and on oath states that they are authorized to execute the said instrument.

WITNESS my hand and official seal hereto affixed the date and year first above written.

Name: Darla Trautman
NOTARY PUBLIC in and for the State of Washington at King County
My Appt. Exp. April 9, 2016 2020

DARLA TRAUTMAN
STATE OF WASHINGTON
NOTARY PUBLIC
MY COMMISSION EXPIRES
04-09-20

TRUSTEE'S DEED - 3

Simons, 46781429
WA-Trustee's Deed Lender

For reference only, not for re-sale.

Exhibit G

# Pierce County Assessor-Treasurer
## Property Summary



### 1717 WILLOW ST

FORNEY BARBARA L
5316000010

---

## Tax Description

Section 25 Township 20 Range 04 Quarter 11 LITTLE SIX ADDITION L 1 EASE OF REC

---

## Property Details

| | |
|---|---|
| **Parcel Number** | 5316000010 |
| **Site Address** | 1717 WILLOW ST |
| **Account Type** | Real Property |
| **Category** | Land and Improvements |
| **Use Code** | 1101-SINGLE FAMILY DWELLING |

## Taxpayer Details

| | |
|---|---|
| **Taxpayer Name** | FORNEY BARBARA L |
| **Mailing Address** | 1717 WILLOW ST |
| | SUMNER, WA |
| | 98390-1274 |

---

## Appraisal Details

| | |
|---|---|
| **Land Economic Area** | 030203 |
| **Value Area** | PI6 |
| **Appr Acct Type** | Residential |
| **Business Name** | |
| **Last Inspection** | 10/25/2019-Physical Inspection |
| **Appraisal Area** | 03 |

## Related Parcels

| | |
|---|---|
| **Group Account Number** | n/a |
| **Located On** | n/a |
| **Associated Parcels** | n/a |

---

## Assessed Value

| | | | |
|---|---|---|---|
| **Value Year** | 2020 | **Assessed Total** | 366,600 |
| **Tax Year** | 2021 | **Assessed Land** | 162,300 |
| | | **Assessed Improvements** | 204,300 |
| **Taxable Value** | 366,600 | | |
| **Tax Code Area** | 117 | **Current Use Land** | 0 |
| **Tax Code Area Rate** | 0 | **Personal Property** | 0 |
| **Notice of Value Mailing Date** | 06/25/2020 | | |

---

## Assessment Details

2020 Values for 2021 Tax

| | |
|---|---|
| **Taxable Value** | $366,600 |
| **Assessed Value** | $366,600 |

## Tax Amounts Due

| Tax Year | Minimum Due | Total Due |
|---|---|---|
| **TOTAL** | 0.00 | 0.00 |

Case 20-04002-MJH  Doc 69-1  Filed 11/13/20  Ent. 11/13/20 17:54:33  Pg. 29 of 51

## Property Tax Exemptions

No exemptions

## Land Details

| | |
|---|---|
| **Land Economic Area** | 030203 |
| **RTSQQ** | 04-20-25-11 |
| **Value Area** | Pl6 |
| **Square Footage** | 12,750 |
| **Acres** | 0.293 |
| **Front Foot** | 0 |
| **Electric** | Power Installed |
| **Sewer** | Sewer/Septic Installed |
| **Water** | Water Installed |

Case 20-04002-MJH    Doc 69-1    Filed 11/13/20    Ent. 11/13/20 17:54:33    Pg. 30 of 51

# Building 1 Details

## General Characteristics

| | |
|---|---|
| **Property Type** | Residential |
| **Condition** | Average |
| **Quality** | Average |
| **Neighborhood** | 030203 |
| **Occupancy** | Single Family Residential |
| **Square Feet** | 1,475 |
| **Net Square Feet** | 0 |
| **Attached Garage Square Feet** | 330 |
| **Detached Garage Square Feet** | 0 |
| **Carport Square Feet** | 0 |
| **Finished Attic Square Feet** | 0 |
| **Total Basement Square Feet** | 0 |
| **Finished Basement Square Feet** | 0 |
| **Basement Garage Door** | 0 |
| **Fireplaces** | 1 |

## Built-As

| | |
|---|---|
| **DESCRIPTION** | 1 Story |
| **YEAR BUILT** | 1977 |
| **ADJUSTED YEAR BUILT** | 1993 |
| **SQUARE FEET** | 1,475 |
| **STORIES** | 1 |
| **BEDROOMS** | 3 |
| **BATHROOMS** | 1.75 |
| **EXTERIOR** | Frame Vinyl |
| **CLASS** | n/a |
| **ROOF** | Composition Shingle |
| **HVAC** | Forced Air |
| **UNITS** | 1 |

Case 20-04002-MJH    Doc 69-1    Filed 11/13/20    Ent. 11/13/20 17:54:33    Pg. 31 of 51

## Improvement Details

| Type | Description | Units |
|------|-------------|-------|
| Add On | Other Imps Misc | 1 |
| Garage | Attached | 330 |
| Porch | Slab Roof Ceil | 141 |
| Porch | Wood Deck | 610 |

## Sales History

| SALE DATE | 10/07/2016 |
|---|---|
| ETN | 4412694 |
| PARCEL COUNT | 1 |
| GRANTOR | ALIS HOMES LLC |
| GRANTEE | FORNEY BARBARA L |
| SALE PRICE | 329,950 |
| DEED TYPE | Statutory Warranty Deed |
| SALES NOTES | |

| SALE DATE | 04/20/2016 |
|---|---|
| ETN | 4396017 |
| PARCEL COUNT | 1 |
| GRANTOR | WEINSTEIN AND RILEY PS |
| GRANTEE | ALIS HOMES LLC |
| SALE PRICE | 220,000 |
| DEED TYPE | Trustee Deed (Foreclosure) |
| SALES NOTES | |

| SALE DATE | 08/21/2006 |
|---|---|
| ETN | 4137896 |
| PARCEL COUNT | 1 |
| GRANTOR | DEESE JULIAN C JR & SANDRA K |
| GRANTEE | SIMONS HELEN M |
| SALE PRICE | 310,000 |
| DEED TYPE | Statutory Warranty Deed |
| SALES NOTES | |

## Map



Case 20-04002-MJH    Doc 69-1    Filed 11/13/20    Ent. 11/13/20 17:54:33    Pg. 33 of 51

## Photos



2020_PRI_10-25-2019_MX_.jpg

## Sketches



2020_IMP_1_6-19-2020_Page 1 - Apex 5316000010 Imp No - 1.JPG

FILED

17 MAR 28 PM 3:07

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 17-2-07550-7 KNT

1

2

3

4

5

6        IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

7          IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| HOLESHOT PROPERTIES, LLC, a Washington state limited liability company; Assignee of PACWEST INVESTMENT GROUP, INC., a Nevada corporation, | No. |
| | COMPLAINT |
| Plaintiff, | |
| v. | |
| ALIS HOMES, LLC, a Washington state limited liability company, and AMERICAN CONTRACTORS INDEMNITY CO., a Washington state corporation, Bond No. 100301498, | |
| Defendants. | |

COMES NOW Plaintiff, HOLESHOT PROPERTIES, LLC, by and through its

attorneys of record, Chad E. Ahrens and Maura S. McCoy of Smith Alling, P.S., and for

claims against Alis Homes, LLC, allege and aver as follows:

## I.    PARTIES AND JURISDICTION

    1.1    Plaintiff Holeshot Properties, LLC (hereinafter "Holeshot") is a Washington

state limited liability company with its principal place of business in Graham, Pierce County,

Washington. Holeshot has paid all corporate license fees to date as required by law.

COMPLAINT – Page 1



1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

1  Holeshot is the current fee owner of the subject real property and improvements located at the

2  common address of 34625 53rd Ave S., Auburn, King County, Washington (the "Real

3  Property") and is the assignee of PacWest Investment Group, Inc., the fee owner at the time

4  Defendant Alis Homes, LLC was engaged as a general contractor for improvements to the

5  Real Property.  For purposes of this Complaint, wherever Plaintiff Holeshot is referenced

6  herein such reference shall mean Plaintiff Holeshot Properties, LLC, owner of the Real

7  Property and assigned and successor-in-interest to PacWest Investment Group, Inc.

8      1.2    Defendant Alis Homes, LLC (hereinafter "Alis") is a Washington state limited

9  liability company with its principal place of business located at 18205 106th St. E, Bonney

10  Lake, Pierce County, Washington, and, all times relevant hereto, conducted business in Pierce

11  County, Washington as a duly licensed general contractor, bonded, and registered pursuant to

12  RCW 18.27.040 under registration number ALISHHL844DD all times relevant hereto.

13     1.3    Defendant American Contractors Indemnity Company is a Washington State

14  insurer and is the surety which issued a bond on behalf of Defendant Alis under Bond No.

15  100301498, in the amount of $12,000. This bond was posted by Alis for the principal purpose

16  of allowing Alis the requirements for registration pursuant to RCW 18.27, for the period of

17  March 1, 2016 until cancelled. Plaintiff is within the class of persons intended to be protected

18  by said bond.

19     1.4    Jurisdiction and venue are properly placed in the Superior Court of King

20  County, Washington, pursuant to RCW 4.12 *et seq*.

21          **II.    FACTS**

22     2.1    Plaintiff Holeshot, as owner of the Real Property, engaged Defendant Alis to

23  perform construction services as a general contractor at the Real Property. Defendant Alis's

COMPLAINT – Page 2



SMITH | ALLING PS
ATTORNEYS AT LAW

1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

scope of work included, by way of example, but by no means limited to: installation of new

windows and doors; painting of interior and exterior; remodeling kitchen and laundry rooms

as well as various other repairs (the "Work"). The total estimate to complete the Work was

$43,436.53.

2.2     In order to commence the Work, Defendant Alis required a $20,000.00

construction deposit from Plaintiff, Holeshot; $10,000.00 of which was allotted as an advance

for the express purpose of purchasing materials required for the Work and the remainder was

allotted for work to be performed by Defendant Alis.  Plaintiff Holeshot paid this initial

construction deposit as required and, accordingly, Defendant Alis started the Work on the

Real Property.

2.3     Plaintiff Holeshot and Defendant Alis's business relationship and their

understanding of the Work and associated costs was based upon both written and verbal

communications between the parties.  At no time prior to Defendant Alis's self-termination

and abandonment of the Work did Plaintiff Holeshot or its affiliates self-perform any of the

Work.

2.4     Defendant Alis failed to provide Plaintiff with a "Notice to Customer"

disclosure as required by RCW 18.27.114 prior to commencing the Work.  In addition, none

of Defendant Alis's written invoices or other communications referenced Alis's contractor

registration number.

2.5     In attempting to perform under the parties' agreement, Defendant Alis

performed work that was outside the scope of the Work, which of the work Plaintiff Holeshot

was aware, Defendant Alis was specifically told to not to perform. As more particularly set

forth herein, Defendant Alis breached the parties' agreement by failing to perform its

COMPLAINT – Page 3



1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

1   contractual obligations including, by way of example but by no means limited to: failing to

2   perform the Work in a workmanlike manner or failing to perform it at all; failing to purchase

3   the required materials; failing to use licensed, registered, and bonded subcontractors and,

4   ultimately, abandoning its Work.

5       2.6     Defendant Alis utilized inexperienced, unlicensed subcontractors to perform

6   the Work.  In addition, Defendant Alis employed inexperienced laborers to perform the Work.

7       2.7     Of the portion of Work that was actually attempted by Defendant Alis, its

8   agents and/or subcontractors, the work and work-product fell far below the industry standards.

9       2.8     Defendant Alis actually failed to use any portion of the construction deposit to

10  purchase materials for the Work, or otherwise refused to provide Plaintiff Holeshot any

11  records to demonstrate that such materials were in fact purchased.  In the alternative, if

12  Defendant Alis actually purchased materials, said materials were never provided to Plaintiff

13  Holeshot.

14      2.9     As a result of Defendant Alis's failure to perform the Work and properly

15  construct, repair and improve the Real Property as agreed, Plaintiff Holeshot was forced to

16  hire additional contractors to correct or complete Defendant Alis's work, which has resulted

17  in actual costs to Plaintiff.

18      2.10    When Defendant Alis issued invoices, it failed to credit Plaintiff Holeshot for

19  work Alis agreed to not charge for due to admitted poor workmanship and/or failure(s) to

20  perform the Work as agreed.

21      2.11    Plaintiff Holeshot routinely requested that Defendant Alis provide an

22  accounting and documentation to support the labor and materials that it charged to Plaintiff

23

COMPLAINT – Page 4



1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

1  Holeshot.  However, Defendant Alis refused or otherwise failed to provide any

2  documentation, materials, or accounting to support their charges.

3       2.12    Defendant Alis never provided Plaintiff Holeshot with a sufficient accounting

4  of what materials were purchased during its time performing portions of the Work.

5       2.13    At all times relevant hereto, Plaintiff Holeshot justifiably relied upon

6  Defendant Alis as its general contractor, its purported construction experience, as expressly

7  represented by Defendant Alis, for performance of the Work for a reasonable value and price.

8  Defendant Alis exploited Plaintiff Holeshot's trust and confidence to grossly overcharge for

9  the work it did attempt to perform and/or to charge Plaintiff Holeshot for work that was not

10 actually performed.

11      2.14    Ultimately, as a result of Defendant Alis's deceptive business practices,

12 Plaintiff paid Defendant Alis an amount significantly greater than the "market" or reasonable

13 value for the work actually performed.

14      2.15    There is risk of harm to other customers in the State of Washington as a result

15 of Defendant Alis's business practices and the pattern and practice engaged in this matter by

16 Defendant Alis demonstrates potential repetition to other customers.

17      2.16    As a result of Defendant Alis's breach(es) of the parties' agreement and

18 ultimate failure to perform the Work,  Plaintiff Holeshot has had to exercise its remedies

19 including, but not limited to engaging subcontractors to remedy and complete Defendant

20 Alis's  Work.  To date, Plaintiff Holeshot has incurred damages of not less than $50,000.00

21 with the total sum of damages incurred to be established at trial.

22

23

COMPLAINT – Page 5



1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

2.17    Based upon information and belief, Alis was undercapitalized for the time period referenced above and, based on further information and belief, its principals, members, and/or officers knew or should have known of such undercapitalization.

### III.    FIRST CAUSE OF ACTION – CLAIM ON CONTRACTORS BOND

3.1    Plaintiff realleges and incorporates the preceding paragraphs of this pleading as thought set forth in full herein.

3.2    Defendant American Contractors Indemnity Company is named solely as issuing Bond No. 100301498, in the amount of $12,000, pursuant to Washington State law, RCW 18.27 *et seq.*, on behalf of Defendant Alis. Defendant American Contractors Indemnity Company is named as a party in this action for the sole purpose of Plaintiff's claim against the surety bond of Defendant.  Plaintiff Holeshot is an assignee of PacWest Investment Group, LLC pursuing a claim against the bond.

### IV.    SECOND CAUSE OF ACTION – BREACH OF CONTRACT/QUANTUM MERUIT

4.1    Plaintiff realleges and incorporates the preceding paragraphs of this pleading as thought set forth in full herein.

4.2    In exchange for payment, Defendant Alis agreed to perform construction services and the Work on the Real Property.  The agreement between Plaintiff Holeshot and Defendant Alis is a valid and binding contract.  Defendant Alis breached its contract with Plaintiff Holeshot by unduly delaying performance, failing to perform duties pursuant to the contract, and/or committing other acts or omissions amounting breaches of contract.

4.3    As a result of Defendant Alis's breaches, Plaintiff Holeshot has sustained economic harm and is entitled to monetary damages in amount to be proven at trial resulting

COMPLAINT – Page 6



SMITH | ALLING PS
ATTORNEYS AT LAW

1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

from all direct, foreseeable, consequential, and incidental actions and/or omissions of Defendant Alis. Plaintiff Holeshot is further entitled to be paid accrued interest, attorneys' fees and costs incurred in pursuing this action

## V.     THIRD CAUSE OF ACTION – VIOLATION OF CONSUMER PROTECTION ACT

5.1     Plaintiff realleges and incorporates the preceding paragraphs of this pleading as thought set forth in full herein.

5.2     Defendant Alis engaged in unfair and deceptive acts affecting the public interest and are therefore in violation of the Consumer Protection Act, RCW 19.86, *et seq*. Defendant Alis provided estimates and contract amounts with which it could not comply. Defendant Alis also failed to follow the statutorily required procedures set forth in RCW 18.27, *et seq*., in performing construction work including, but not necessarily limited to, failing to provide a "Notice to Customer" as required by RCW 18.27.114. Pursuant to RCW 18.27.350, Defendant Alis's infraction is deemed to affect the public interest and "shall constitute a violation of chapter 19.86 RCW." These acts by Defendant Alis have affected the public interest and show potential for repetition to other customers.

5.3     As a result of Defendant Alis's violation of the Consumer Protection Act, Plaintiff is entitled to treble damages and reasonable costs and attorneys' fees.

## VI.     FOURTH CAUSE OF ACTION – CONVERSION/CONSTRUTIVE TRUST

6.1     Plaintiff realleges and incorporates the preceding paragraphs of this pleading as thought set forth in full herein.

//

//

COMPLAINT – Page 7

SMITH | ALLING PS
ATTORNEYS AT LAW

1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

6.2     Defendant Alis's acts have seriously and intentionally interfered with Plaintiff Holeshot's right of possession to its property. Defendant's acts have caused physical damage to Plaintiff's property.

6.3     Plaintiff has been damaged as a result of such conversion, in an amount to be established at trial.

6.4     In the alternative, Defendant Alis purports to hold title to the Plaintiff's chattel in the form of money and other personal property. Plaintiff's tendered money, including but not limited to, the $20,000.00 construction deposit and other personal property to Defendant Alis in trust for the Work to the Real Property with the understanding that they would receive the benefit of the bargain – performance of the Work or return of the money and personal property tendered. Defendant Alis's possession of Plaintiff's money and other personal property through actual fraud, misrepresentation, concealment, abuse of confidence, or other questionable means.

6.5     As a result of malfeasance by Defendant Alis, Defendant Alis would be unjustly enriched by retention of the chattel and therefore have an equitable duty to convey and return the Plaintiff's property or to pay Plaintiff the value of the property in an amount to be proven at trial.

## VII.    FIFTH CAUSE OF ACTION –
## UNJUST ENRICHMENT

7.1     Plaintiff realleges and incorporates the preceding paragraphs of this pleading as thought set forth in full herein.

7.2     In the alternative to breach of contract or quantum meruit, Plaintiff hereby claims under promissory estoppel. By tendering payments to Defendant Alis, and Defendant

COMPLAINT – Page 8



1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

Alis's failure to perform *quid pro quo*, Plaintiffs conferred a benefit to Defendant Alis. Defendant Alis was aware of the benefit being conferred by Plaintiff but has failed or refused to refund the payment or tender the performance owed.  It is unjust for Defendant Alis to retain the benefit conferred by Plaintiffs without tendering payment to the extent of its unjust enrichment.

      7.3.     Plaintiff is entitled to be paid the principal amount owed for the benefit conferred to Defendant Alis.  Plaintiff is further entitled to be paid accrued interest, attorneys' fees and costs incurred in bringing this action.

## VIII.   SIXTH CAUSE OF ACTION – PROMISSORY ESTOPPEL

      8.1     Plaintiff realleges and incorporates the preceding paragraphs of this pleading as thought set forth in full herein.

      8.2     By entering into an agreement with Defendant Alis and having Defendant Alis accept Plaintiff's payment(s), Plaintiff should have reasonably expected Defendant Alis to perform as required under the contract where Defendant Alis failed to do so.  Acting in justifiable reliance on the promise of Defendant Alis, Plaintiffs tendered payment(s) to Defendant Alis.  Injustice can be prevented only by enforcing the promise of Defendant Alis.

      8.3     Plaintiff is entitled to be reimbursed of all amounts paid on the contract. Plaintiff is further entitled to be paid late fees, accrued interest, reasonable attorneys' fees, and legal costs incurred in pursuing this action.

//

//

//

COMPLAINT – Page 9

SMITH | ALLING PS
ATTORNEYS AT LAW

1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

## IX.  SEVENTH CAUSE OF ACTION –
## NOTICE OF INTENT TO DISCOVER CORPORATE DISREGARD
### (as to the principals, members, and officers of Defendant Alis, LLC)

9.1     Plaintiff realleges and incorporates the preceding paragraphs of this pleading as thought set forth in full herein.

9.2     Based on information and belief (including, but not limited to, information and belief that Defendant Alis was undercapitalized and/or its principals, members, and/or officers engaged in conduct allowing Plaintiff to "pierce the corporate veil"), Plaintiff alleges that the doctrine of corporate disregard applies with regards to the principals, members, and/or officers of Defendant Alis which will render its corporate members liable at law or in equity for all or a portion of the damages owed to Plaintiff.  Plaintiffs hereby put Defendant Alis's corporate members and officers on notice of its intent to claim on this issue, to conduct further discovery, and amend its complaint to include Defendant Alis's corporate members and officers as named defendants in the above-captioned matter.

## X.     RESERVATION OF RIGHTS

Plaintiff reserve the right to assert additional claims as may be appropriate following further investigation and discovery.

## XI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief against Defendants, jointly and severally:

11.1     For judgment against Defendants in an amount to be proven at trial, plus interest at the rate of twelve percent (12%) per annum on the liquidated sum.

11.2     For judgment against the Defendants for consequential damages in an amount to be proven at trial incurred as a result of Defendant Alis's breach of contract;

COMPLAINT – Page 10



1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

1    11.3    For judgment against Defendants for damages incurred as a result of Alis's

2    above-referenced conduct.

3    11.4    For judgment against Defendants in an amount to be proven at the time of trial

4    representing the reasonable costs to properly repair Plaintiff's home.

5    11.5    For judgment against Defendants for attorneys' fees and costs as provided by

6    statute or equity;

7    11.6    For judgment against Defendant American Contractor's Indemnity Company

8    in the bond amount of $12,000;

9    11.7    For judgment against Defendants for treble damages under RCW 19.86 *et seq.*;

10   and

11   11.8    For an award of Plaintiffs' post-judgment attorneys' fees and costs incurred in

12   collection on the judgment.

13   11.9    For such other relief as the Court deems just and equitable.

14   DATED this _11th_ day of January, 2017.

                              SMITH ALLING, P.S.

                              By: _____
                                    Chad E. Ahrens, WSBA #36149
                                    Maura S. McCoy, WSBA #48070
                                    Attorneys for Plaintiff

COMPLAINT – Page 11



1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

Exhibit I

FILED

17 OCT 18 AM 9:31

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 17-2-07550-7 KNT

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING**

| | |
|---|---|
| HOLESHOT PROPERTIES, LLC, a Washington state limited liability company; Assignee of PACWEST INVESTMENT GROUP, INC., a Nevada corporation, | JUDGE MATTHEW W. WILLIAMS |
| | NO. 17-2-07550-7 KNT |
| Plaintiff, | **DECLARATION OF SARAH V. HOOVER IN SUPPORT OF ALIS HOMES, LLC'S MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| ALIS HOMES, LLC, a Washington state limited liability company, and AMERICAN CONTRACTORS INDEMNITY CO., a Washington state corporation, Bond No. 100301498, | Hearing: November 17, 2017 at 9:00 a.m. With Oral Argument |
| Defendants. | |

I, SARAH V. HOOVER, state and declare as follows:

1.     I am over the age of eighteen (18) and make this statement based on my personal knowledge.

2.     I am one of the owners of Alis Homes, LLC ("Alis Homes").

3.     I, on behalf of Alis, negotiated with Heather Rickman of Holeshot Properties LLC's ("Holeshot") predecessor, PacWest Investment Group, Inc. ("PacWest"), to perform certain construction services as part of a remodel of a property in Auburn, Washington and Alis ultimately entered into a verbal agreement with PacWest. It was my understanding that PacWest intended to remodel the home for the purposes of selling it. In other words, to flip it. Attached hereto as **Exhibit 1** is a true and correct copy of a report generated on the King

DECLARATION OF SARAH V. HOOVER - 1

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956  Fax (425) 462-4995

County Department of Assessments indicating PacWest purchased the property July 29, 2016 for $200,000 and sold it (as Holeshot) on November 30, 2016 for $361,000.

4.      Alis Homes then performed the following work on the project: framed a downstairs closet, framed laundry closet, opened up access hole from garage to heater room, removed one of the two kitchen windows, framed and placed temporary siding and installed soffit near that same area, performed demolition of portions of the kitchen walls, added a temporary support wall, and placed two 2x12x15 beams for added to support.

5.      Alis Homes entered into subcontracts with following subcontractors to perform the respective scopes of work: 2FL Enterprises, LLC dba 2FL Windows & Siding (windows and gutters), Comprehensive Electrical Services, LLC (electrical), Carlson Custom Finishes (painting) and PDM Drywall & Repair (drywall). Contractors retained by Holeshot were also on site during this time, doing other work.

6.      Alis Homes suspended work on the Project less than a month after it started when the relationship had deteriorated.

7.      Alis Homes denies the baseless allegations set out in Holeshot's complaint.

I STATE AND DECLARE UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.


DATED this 28 day of September , 2017 in Bonney Lake, Washington.


Sarah V. Hoover
Sarah V. Hoover


DECLARATION OF SARAH V. HOOVER - 2

**GILLASPY & RHODE, PLLC**
821 Kirkland Avenue, Suite 200
Kirkland, Washington 98033
Phone (425) 646-2956 Fax (425) 462-4995



ADVERTISEMENT

New Search | Property Tax Bill | Map This Property | Glossary of Terms | Area Report | Print Property Detail

## PARCEL DATA

| | | | | |
|---|---|---|---|---|
| Parcel | 375160-1007 | | Jurisdiction | KING COUNTY |
| Name | RAMBO JUSTIN M | | Levy Code | 3490 |
| Site Address | 34625 53RD AVE S 98001 | | Property Type | R |
| Residential Area | 055-016 (SW Appraisal District) | | Plat Block / Building Number | 30 |
| | | | Plat Lot / Unit Number | 24-25 |
| Property Name | | | Quarter-Section-Township-Range | SW-23-21-4 |

### Legal Description

JOVITA HEIGHTS ADD
PLat Block: 30
Plat Lot: 24-25

## LAND DATA

| | | | | |
|---|---|---|---|---|
| Highest & Best Use As If Vacant | SINGLE FAMILY | | Percentage Unusable | |
| Highest & Best Use As Improved | PRESENT USE | | Unbuildable | NO |
| | | | Restrictive Size Shape | NO |
| Present Use | Single Family(Res Use/Zone) | | Zoning | R4 |
| | | | Water | WATER DISTRICT |
| Land SqFt | 9,600 | | Sewer/Septic | PRIVATE |
| Acres | 0.22 | | Road Access | PUBLIC |
| | | | Parking | ADEQUATE |
| | | | Street Surface | GRAVEL |

### Views

| | |
|---|---|
| Rainier | |
| Territorial | |
| Olympics | |
| Cascades | |
| Seattle Skyline | |
| Puget Sound | |
| Lake Washington | |
| Lake Sammamish | |
| Lake/River/Creek | |
| Other View | |

### Waterfront

| | |
|---|---|
| Waterfront Location | |
| Waterfront Footage | 0 |
| Lot Depth Factor | 0 |
| Waterfront Bank | |
| Tide/Shore | |
| Waterfront Restricted Access | |
| Waterfront Access Rights | NO |
| Poor Quality | NO |
| Proximity Influence | NO |

### Designations

| | |
|---|---|
| Historic Site | |
| Current Use | (none) |
| Nbr Bldg Sites | |
| Adjacent to Golf Fairway | NO |
| Adjacent to Greenbelt | NO |
| Other Designation | NO |
| Deed Restrictions | NO |
| Development Rights Purchased | NO |
| Easements | NO |
| Native Growth Protection Easement | NO |
| DNR Lease | NO |

### Nuisances

| | |
|---|---|
| Topography | |
| Traffic Noise | |
| Airport Noise | |
| Power Lines | NO |
| Other Nuisances | NO |

### Problems

| | |
|---|---|
| Water Problems | NO |
| Transportation Concurrency | NO |
| Other Problems | NO |

### Environmental

| | |
|---|---|
| Environmental | NO |

## BUILDING

| | |
|---|---|
| Building Number | 1 |
| Year Built | 1959 |
| Year Renovated | 0 |
| Stories | 1 |
| Living Units | 1 |
| Grade | 7 Average |
| Grade Variant | 0 |
| Condition | Good |
| Basement Grade | 6 Low Average |

ADVERTIS

Exhibit No. 1, Decl. Hoover

| | |
|---|---|
| 1st Floor | 1,070 |
| 1/2 Floor | 0 |
| 2nd Floor | 0 |
| Upper Floor | 0 |
| Finished Basement | 640 |
| Total Finished Area | 1,710 |
| Total Basement | 1,070 |
| Basement Garage | 340 |
| Unfinished 1/2 | 0 |
| Unfinished Full | 0 |
| AGLA | 1,070 |
| Attached Garage | 0 |
| Bedrooms | 3 |
| Full Baths | 1 |
| 3/4 Baths | 0 |
| 1/2 Baths | 0 |
| Heat Source | Oil |
| Heat System | Forced Air |
| Deck Area SqFt | 220 |
| Open Porch SqFt | 0 |
| Enclosed Porch SqFt | 0 |
| Brick/Stone | 0 |
| Fireplace Single Story | 0 |
| Fireplace Multi Story | 1 |
| Fireplace Free Standing | 0 |
| Fireplace Additional | 1 |
| AddnlCost | 0 |
| Obsolescence | 0 |
| Net Condition | 0 |
| Percentage Complete | 0 |
| Daylight Basement | YES |
| View Utilization | |

Picture of Building 1



Floor plan of Building 1



**Accessory Of Building Number: 1**

| Accessory Type | Picture | Description | SqFt | Grade | Eff Year | % | Value | Date Valued |
|---|---|---|---|---|---|---|---|---|
| PRK:DET GAR | | | 1510 | 7 Average | 1989 | | | |

**TAX ROLL HISTORY**

| Account | Valued Year | Tax Year | Omit Year | Levy Code | Appraised Land Value ($) | Appraised Imps Value ($) | Appraised Total Value ($) | New Dollars ($) | Taxable Land Value ($) | Taxable Imps Value ($) | Taxable Total Value ($) | Tax Value Reason |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 375160100703 | 2017 | 2018 | | 3490 | 65,000 | 235,000 | 300,000 | 0 | 65,000 | 235,000 | 300,000 | |
| 375160100703 | 2016 | 2017 | | 3490 | 65,000 | 192,000 | 257,000 | 0 | 65,000 | 192,000 | 257,000 | |
| 375160100703 | 2015 | 2016 | | 3490 | 65,000 | 188,000 | 253,000 | 0 | 65,000 | 188,000 | 253,000 | |
| 375160100703 | 2014 | 2015 | | 3490 | 65,000 | 173,000 | 238,000 | 0 | 65,000 | 173,000 | 238,000 | |
| 375160100703 | 2013 | 2014 | | 3490 | 62,000 | 135,000 | 197,000 | 0 | 62,000 | 135,000 | 197,000 | |
| 375160100703 | 2012 | 2013 | | 3490 | 62,000 | 130,000 | 192,000 | 0 | 62,000 | 130,000 | 192,000 | |
| 375160100703 | 2011 | 2012 | | 3490 | 66,000 | 141,000 | 207,000 | 0 | 66,000 | 141,000 | 207,000 | |
| 375160100703 | 2010 | 2011 | | 3490 | 70,000 | 147,000 | 217,000 | 0 | 70,000 | 147,000 | 217,000 | |
| 375160100703 | 2009 | 2010 | | 3490 | 70,000 | 153,000 | 223,000 | 0 | 70,000 | 153,000 | 223,000 | |
| 375160100703 | 2008 | 2009 | | 3490 | 70,000 | 206,000 | 276,000 | 0 | 70,000 | 206,000 | 276,000 | |
| 375160100703 | 2007 | 2008 | | 3490 | 67,000 | 184,000 | 251,000 | 0 | 67,000 | 184,000 | 251,000 | |
| 375160100703 | 2006 | 2007 | | 3490 | 62,000 | 158,000 | 220,000 | 0 | 62,000 | 158,000 | 220,000 | |
| 375160100703 | 2005 | 2006 | | 3490 | 59,000 | 161,000 | 220,000 | 0 | 59,000 | 161,000 | 220,000 | |
| 375160100703 | 2004 | 2005 | | 3490 | 56,000 | 152,000 | 208,000 | 0 | 56,000 | 152,000 | 208,000 | |
| 375160100703 | 2003 | 2004 | | 3490 | 54,000 | 142,000 | 196,000 | 0 | 54,000 | 142,000 | 196,000 | |
| 375160100703 | 2002 | 2003 | | 3490 | 52,000 | 134,000 | 186,000 | 0 | 52,000 | 134,000 | 186,000 | |
| 375160100703 | 2001 | 2002 | | 3490 | 50,000 | 128,000 | 178,000 | 0 | 50,000 | 128,000 | 178,000 | |
| 375160100703 | 2000 | 2001 | | 3490 | 48,000 | 124,000 | 172,000 | 0 | 48,000 | 124,000 | 172,000 | |
| 375160100703 | 1999 | 2000 | | 3490 | 30,000 | 101,000 | 131,000 | 0 | 30,000 | 101,000 | 131,000 | |
| 375160100703 | 1998 | 1999 | | 3490 | 30,000 | 90,000 | 120,000 | 0 | 30,000 | 90,000 | 120,000 | |
| 375160100703 | 1997 | 1998 | | 3490 | 0 | 0 | 0 | 0 | 30,000 | 82,000 | 112,000 | |
| 375160100703 | 1996 | 1997 | | 3490 | 0 | 0 | 0 | 0 | 28,000 | 75,600 | 103,800 | |
| 375160100703 | 1994 | 1995 | | 3490 | 0 | 0 | 0 | 0 | 28,000 | 75,600 | 103,600 | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 375160100703 | 1992 | 1993 | 3490 | 0 | 0 | 0 | 0 | 31,400 | 61,700 | 93,100 |
| 375160100703 | 1990 | 1991 | 3490 | 0 | 0 | 0 | 0 | 23,100 | 61,700 | 84,800 |
| 375160100703 | 1989 | 1990 | 3490 | 0 | 0 | 0 | 0 | 15,300 | 63,000 | 78,300 |
| 375160100703 | 1988 | 1989 | 3490 | 0 | 0 | 0 | 0 | 15,300 | 46,800 | 62,100 |
| 375160100703 | 1987 | 1988 | 3490 | 0 | 0 | 0 | 0 | 13,500 | 44,600 | 58,100 |
| 375160100703 | 1986 | 1987 | 3490 | 0 | 0 | 0 | 0 | 13,500 | 44,600 | 58,100 |
| 375160100703 | 1985 | 1986 | 3489 | 0 | 0 | 0 | 0 | 12,000 | 48,800 | 60,800 |
| 375160100703 | 1984 | 1985 | 3489 | 0 | 0 | 0 | 0 | 10,000 | 48,800 | 58,800 |
| 375160100703 | 1982 | 1983 | 3489 | 0 | 0 | 0 | 0 | 10,000 | 48,800 | 58,800 |

### SALES HISTORY

| Excise Number | Recording Number | Document Date | Sale Price | Seller Name | Buyer Name | Instrument | Sale Reason |
|---|---|---|---|---|---|---|---|
| 2837271 | 20161201000889 | 11/30/2016 | $361,000.00 | HOLESHOT PROPERTIES LLC | RAMBO JUSTIN M | Statutory Warranty Deed | None |
| 2834657 | 20161117001201 | 11/16/2016 | $0.00 | PACWEST INVESTMENT GROUP INC | HOLESHOT PROPERTIES LLC | Quit Claim Deed | Other |
| 2813542 | 20160803000255 | 7/29/2016 | $200,000.00 | SCHULTZ FERN | PACWEST INVESTMENT GROUP INC | Statutory Warranty Deed | Other |

### REVIEW HISTORY

### PERMIT HISTORY

| Permit Number | Permit Description | Type | Issue Date | Permit Value | Issuing Jurisdiction | Reviewed Date |
|---|---|---|---|---|---|---|
| ADDC15-0193 | OTCP - REPLACE EXISTING DECK WITH 12' X 16' SECOND STORY DECK, | Remodel | 3/24/2015 | $4,800 | KING COUNTY | 6/18/2015 |

### HOME IMPROVEMENT EXEMPTION

| New Search | Property Tax Bill | Map This Property | Glossary of Terms | Area Report | Print Property Detail |
|---|---|---|---|---|---|

ADVERTISEMENT

Case 20-04002-MJH   Doc 69-1   Filed 11/13/20   Ent. 11/13/20 17:54:33   Pg. 51 of 51