# EXHIBIT D

# Henry & DeGraaff, P.S.

*Christina L Henry*
*chenry@hdm-legal.com*

December 20, 2019

*SENT VIA FAX) AND FIRST CLASS MAIL (Certified)*

PHH Mortgage Services
Attn: Successor in Interest Department
1 Mortgage Way
Mailstop SV13
Mount Laurel, NJ 08054
Fax# 1-856-917-2878

> Re:   AUTHORIZATION FOR SARAH HOOVER - CO-PERSONAL
> REPRESENTATIVE / SUCCESSOR OF THE ALI SULEIMAN TRUST
> Deceased Borrower: Ali Suleiman (deceased on March 2, 2015)
> Loan No. ▇▇▇▇ ▇107
> Property Address: 18206-106th St E, Bonney Lake, WA 98391
> Trustee Sale No.: WA-18-835092-SW
> Title Order No.: TSG1719-WA-330163 611169299

To Whom It May Concern,

I am following up on prior correspondence sent to you on December 12, 2019 and on November 22, 2019. After speaking with Zuri at PHH Mortgage Services on December 19, 2019, I understand that the last authorization sent in for Sarah Hoover was deficient. Thus, I have attached supporting materials regarding Ms. Hoover's authority to act as the co-personal representative and successor of the Ali Suleiman Trust after her father's death and her signed authorization to discuss the above referenced mortgage loan on her behalf.

Please contact me as soon as possible at (206) 330-0595 or via email at *chenry@hdm-legal.com* regarding resolution of this matter.

Sincerely,

Christina L. Henry, WSBA# 31273
Attorney for Sarah Hoover

cc:   Sarah Hoover
Michael Lappano, Regional Director of Acquisitions, Invitation Homes
Robert McDonald, Quality Loan Service Corp of WA
Lance E. Olsen, McCarthy Holthus, LLP

HOOVER000896

# EXHIBIT A

# Henry & DeGraaff, P.S.

### NOTICE OF REPRESENTATION AND
### AUTHORIZATION TO RELEASE INFORMATION

Borrower: Sarah Hoover                                     Last 4 SSN/ITIN: ~~445-00~~8882

Property Address: 18205 106th St E, Bonney Lake, Wash., 98391

Loan Servicer: PHH Mortgage Services

Loan Number: ~~████~~5107

Please accept this Notice of Representation as confirmation that I/we, Sarah Hoover
have retained Henry & DeGraaff, PS to represent me/us with regard to the above referenced disputed
and time-barred mortgage loan indicated above.

I/we,   Sarah Hoover   hereby authorize and directs PHH Mortgage Services and/or its agents and
assigns to discuss and release to Henry & DeGraaff, PS, 787 Maynard Ave S., Seattle, WA 98104 all
information regarding my above-referenced loan, including inspecting and copying of any said
records, reports, accountings and information. I/we authorize Henry & DeGraaff, PS to provide legal
regarding this disputed and time-barred mortgage loan.

A photocopy of the original of this Authorization is hereby deemed by me to be sufficient to obtain
the information requested.

PHH Mortgage Services Will not be held responsible in any manner for following the authorization
and/or instructions given herein. This authorization shall remain in effect until revoked in writing.

Henry & DeGraaff, PS will not accept service of process.

This authorization supersedes all previous authorizations

Please cease communications with the borrower. Please direct all communications to Henry &
DeGraaff, PS

Signed at Seattle this 9th day of December 2019.

_Sarah Hoover_
Sarah Hoover
Borrower Signature

Jakarta     03-02-2015
Post     Date of Issue *(mm-dd-yyyy)*

SSA No.    ███-██-1892

Name in full   Ali Suleiman      Age   76

Date *(mm-dd-yyyy)* and Place of Birth   ██-██-1938    Indonesia

Evidence of U.S. Citizenship   Regular Passport #213280472 Issued On April 11, 2005

Address in U.S.A.   24805 22nd Ave S. Kent, Washington 98032   United States Of America

Permanent or Temporary Address Abroad   Komp. Sukarami Patra Permai IV H 9A Kebun Bunga Palembang, Indonesia

Date of death    Feb    24      2015

| Month | Day | Hour | Minute | Year |
|-------|-----|------|--------|------|

Place of death   RSUP Dr. Mohammad Hoesin    Palembang, South Sumatera    Indonesia

Number and street or Hospital/hotel     City     Country

Cause of death   Not provided by Local Government

Including authority for statement - if physician, include full name and official title, if any.

Disposition of the remains   Buried in Pemakaman Kambojah, Palembang, South Sumatera, Indonesia on 02/27/2015

Local law governing disinterment of remains provides that    N/A

Disposition of the effects   Nurhasinah Suleiman

Person or official responsible for custody of effects and accounting therefore
Nurhasinah Suleiman

Traveling/residing abroad with relatives or friends as follows:

| NAME | ADDRESS |
|------|---------|
| Nurhasinah Suleiman | Komp. Sukarami Patra Permai IV H 9A, RT006/003, Kebun Bunga Palembang, South |

Informed by telegram or telephone

| NAME | ADDRESS | DATE *(mm-dd-yyyy)* NOTIFIED |
|------|---------|------------------------------|
| Sarah Hoover | 18205 106th St. E Bonney Lake, WA USA 98391 | 2/27/2015 |

Copy of this report sent to:

| NAME | ADDRESS | DATE *(mm-dd-yyyy)* SENT |
|------|---------|--------------------------|
| Nurhasinah Suleiman | Komp. Sukarami Patra Permai IV H 9A, RT006/003, Kebun | 3/2/2015 |
| Sarah Hoover | 18205 106th St. E Bonney Lake, WA USA 98391 | 3/2/2015 |
| Amir Suleiman | 24805 22nd Ave S. Kent, WA USA 98032 | 3/2/2015 |

Notification or copy sent to Federal Agencies:   SSA   x   VA    CSC    Other

State Agency

The original copy of this document and information concerning the effects are being placed in the permanent files of the U.S. Department of State, Washington, DC 20520.

Remarks:
03/02/2015 this ROD is also sent to: Sofiah Corcoran (Daughter), c/o Amir Suleiman, 24805 22nd Ave S

(Continue on reverse if necessary.)

[SEAL]

Signature on all copies.

Michael Sweeney      of the United States of America.
Consul

DS-2060 *(Formerly OF-180)*
11-2012    For Additional Certified Copies, see http://travel.state.gov/passport/faq/faq_5057.html

*Right margin (vertical):* (Last name) Suleiman   (First name) Ali   (Middle name)   (Date *(mm-dd-yyyy)* of death) 02-24-2015


15-4-01840-7 KNT
ALI SULLEIMAN
Non Probate Notice to Creditor - Completed/Re-Completed

[Summary](#)  [Participants](#)  [Documents List](#)  [Events](#)  [Judgments](#)

## Documents

### ∨ Documents List

| Sub Number | Date Filed | Document Name | Additional Information | Page # | Seal |
|---|---|---|---|---|---|
| 1 | 03/23/2015 | Notice to Creditors | NOTICE TO CREDITORS /NON PROBATE | 2 | |
| 2 | 03/23/2015 | Case Information Cover Sheet | CASE INFORMATION COVER SHEET | 1 | |
| 3 | 03/23/2015 | Oath | OATH OF CO-NOTICE AGNET | 1 | |
| 4 | 03/23/2015 | Oath | OATH OF CO-NOTICE AGENT | 1 | |
| 5 | 03/23/2015 | Declaration of Mailing | DECLARATION OF MAILING | 1 | |
| 6 | 03/24/2015 | Last Will and Testament | LAST WILL & TESTAMENT | 4 | |
| 7 | 03/24/2015 | Codicil | CODICIL | 3 | |
| 8 | 04/08/2015 | Notice to Creditors | NOTICE TO CREDITORS | 2 | |
| 9 | 04/17/2015 | Affidavit of Publication | AFFIDAVIT OF PUBLICATION | 2 | |

FILED

15 APR 08 AM 10:14

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 15-4-01840-7 KNT

1

2

3

4

5

6

7      SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

8    In the Matter of the Estate of      )    Case No.: 15-4-01840-7 KNT
                                         )
9    ALI SULEIMAN,                        )    NONPROBATE NOTICE TO CREDITORS
                                         )    (AMENDED)
10                      Deceased.          )
                                         )    (RCW 11.42.030)
11
          The notice agent named below has elected to give notice to creditors of the above-named
12   decedent. As of the date of the filing of a copy of this notice with the court, the notice agent has no
     knowledge of any other person acting as notice agent or of the appointment of a personal
13   representative of the decedent's estate in the state of Washington. According to the records of the
     court as are available on the date of the filing of this notice with the court, a cause number regarding
14   the decedent has not been issued to any other notice agent and a personal representative of the
     decedent's estate has not been appointed.
15
          Any person having a claim against the decedent must, before the time the claim would be barred
16   by any otherwise applicable statute of limitations, present the claim in the manner as provided in
     RCW 11.42.070 by serving on or mailing to the notice agent or the notice agent's attorney at the
17   address stated below a copy of the claim and filing the original of the claim with the court in which
     the notice agent's declaration and oath were filed. The claim must be presented within the later of:
18   (1) Thirty days after the notice agent served or mailed the notice to the creditor as provided under
     RCW 11.42.020(2)(c); or (2) four months after the date of first publication of the notice. If the claim
19   is not presented within this time frame, the claim is forever barred, except as otherwise provided in
     RCW 11.42.050 and 11.42.060. This bar is effective as to claims against both the decedent's probate
20   and nonprobate assets. Date of First Publication: March 04, 2015         .

21
          The notice agent declares under penalty of perjury under the laws of the State of Washington
22   on April 8   , 2015  , at SeaTac, Washington that the foregoing is true and correct.

23   Attorney for the Notice Agent:                    Co-Notice Agent:

24   James A Davies, WSBA# 28737                       Amir C. Suleiman
     18000 International Blvd, Suite 550               24805 22nd Ave S
25   SeaTac, WA 98188                                  Kent, WA 98032


NONPROBATE NOTICE TO CREDITORS - 1            REHBERG LAW GROUP, P. S.
                                             18000 International Blvd, Suite 550
                                             SeaTac, WA 98188
                                             206-333-0140 Fax 206-333-0165

1    Co-Notice Agent:

2

3    *Sarah V. Hoover*

4    Sarah V. Hoover
     18205 106th St E
5    Bonney Lake, WA 98391

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

NONPROBATE NOTICE TO CREDITORS - 2

REHBERG LAW GROUP, P. S.
18000 International Blvd, Suite 550
SeaTac, WA 98188
206-246-8772 Fax 206-577-5090

Case 20-04002-MJH    Doc 73-11    Filed 11/13/20    Ent. 11/13/20 21:51:27    Pg. 8 of 41

EXHIBIT A Page 000102

**FILED**

15 MAR 23 AM 9:00

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 15-4-01840-7 KNT

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| In the Matter of the Estate of | ) Case No.: |
| | ) |
| ALI SULEIMAN, | ) DECLARATION AND OATH OF CO-NOTICE |
| | ) AGENT |
| Deceased. | ) |
| | ) (RCW 11.42.010) |
| | ) |

I, Sarah V. Hoover, declare under penalty of perjury under the laws of the State of Washington that the following is true and correct to the best of my knowledge:

1.   I am one of the people seeking appointment as Co-Notice Agent of the above-named estate, I believe in reasonable good faith that I am qualified under RCW 11.42.010 to act as the notice agent and that I will faithfully execute the duties of the notice agent as provided in this chapter.

2.   Decedent died a resident of King County on February 24, 2015.

3.   I will perform the duties of Notice Agent according to the law of the State of Washington.

DATED: _March 12, 2015_

_Sarah V. Hoover_
Sarah V. Hoover, Co-Notice Agent

DECLARATION AND OATH OF NOTICE AGENT - 1

REHBERG LAW GROUP, P.S.
18000 International Blvd, Suite 550
SeaTac, WA 98188
206.246.8772



FILED

15 APR 17 PM 1:21

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

## STATE OF WASHINGTON -- KING COUNTY
--ss.

321985
REHBERG LAW GROUP, P.S.

No. 15-4-01840-7KNT

### Affidavit of Publication

The undersigned, on oath states that he is an authorized representative of The Daily Journal of Commerce, a daily newspaper, which newspaper is a legal newspaper of general circulation and it is now and has been for more than six months prior to the date of publication hereinafter referred to, published in the English language continuously as a daily newspaper in Seattle, King County, Washington, and it is now and during all of said time was printed in an office maintained at the aforesaid place of publication of this newspaper. The Daily Journal of Commerce was on the 12th day of June, 1941, approved as a legal newspaper by the Superior Court of King County.

The notice in the exact form annexed, was published in regular issues of The Daily Journal of Commerce, which was regularly distributed to its subscribers during the below stated period. The annexed notice, a

NCNP:SULEIMAN,ALI

was published on

03/24/15 03/31/15 04/07/15

The amount of the fee charged for the foregoing publication is the sum of $156.00 which amount has been paid in full.

04/07/2015

Subscribed and sworn to before me on

Notary public for the State of Washington,
residing in Seattle

Affidavit of Publication

# State of Washington, King County

NONPROBATE
NOTICE TO CREDITORS
Estate of
ALI SULEIMAN
SUPERIOR COURT OF
Washington for King County.

In the Matter of the Estate of
Ali Suleiman, Deceased. Case
No. 15-4-01840-7 KNT. Nonpro-
bate Notice to Creditors. (RCW
11.42.030).

The notice agents named below
have elected to give notice to cred-
itors of the above-named decedent.
As of the date of the filing of a
copy of this notice with the court,
the notice agents have no knowl-
edge of any other person acting as
notice agent or of the appointment
of a personal representative of
the decedent's estate in the state
of Washington. According to the
records of the court as are avail-
able on the date of the filing of
this notice with the court, a cause
number regarding the decedent
has not been issued to any other
notice agent and a personal repre-
sentative of the decedent's estate
has not been appointed.

Any person having a claim
against the decedent must, before
the time the claim would be
barred by any otherwise applica-
ble statute of limitations, present
the claim in the manner as provid-
ed in RCW 11.42.070 by serving
on or mailing the notice agents or
the notice agents' attorney at the
address stated below a copy of the
claim and filing the original of
the claim with the court in which
the notice agent's declaration and
oath was filed. The claim must be
presented within the later of: (1)
Thirty days after the notice agent
served or mailed the notice to
creditor as provided under RCW
11.42.020(2)(c); or (2) four months
after the date of the first publi-
cation of the notice. If the claim
is not presented within this time
frame, the claim is forever barred,
except as otherwise provided in
RCW 11.42.050 or 11.42.060.
This bar is effective as to claims
against both the decedent's pro-
bate and nonprobate assets.

Date of First Publication:
March 24, 2015.

The notice agents declare under
penalty of perjury under the
laws of the State of Washington
on March 20, 2015, at SeaTac,
Washington that the foregoing is
true and correct.

Co-Notice Agent:
AMIR C. SULEIMAN.
24805 22nd Ave. S, Kent, WA
98032.

Co-Notice Agent:
SARAH V. HOOVER.
18205 106th St. E, Bonney
Lake, WA 98391.

Attorney for the Co-Notice
Agents: JAMES A. DAVIES,
WSBA #28737, REHBERG LAW
GROUP, P.S., 18000 International
Blvd., Suite 550, SeaTac, WA
98188. 206-246-8772.
4/7(321985)

FILED

15 MAR 24 PH 2: 35

SUPERIOR COURT CLERK
KENT. WA

15-4-01840-7 KNT

# CODICIL TO THE LAST WILL

## of

# ALI SULEIMAN

I, ALI SULEIMAN, declare this to be a Codicil to my last Will dated November 25, 2003.

I wish it to be known that I was originally married to AFRIDAH GERUNG SULEIMAN, and she is now deceased. I am now married to NURHASINAH SULEIMAN, and I hereby exclude her from receiving any benefits or distributions of any kind from my estate.

Paragraph 2.2 of ARTICLE II is hereby amended in its entirety to read as follows:

2.2 <u>Personal Representative</u>. I appoint my son, Amir C. Suleiman, and my daughter, Sarah V. Hoover, co-personal representatives of my estate. If either Amir or Sarah is unable or unwilling to so act, I appoint my daughter, Sofiah Omega Corcoran, to serve in his or her place as co-personal representative of my estate. Thereafter in the event a co-personal representative is unable or unwilling to so act, the remaining co-personal representative shall serve as sole personal representative of my estate.

I hereby ratify and confirm my said last Will in all other respects.

IN WITNESS WHEREOF, I have subscribed hereunto on March 24, 2011.

_____
ALI SULEIMAN

The foregoing instrument, consisting of three pages, including the following page, was subscribed by the TESTATOR, ALI SULEIMAN, who appeared to be of sound mind and memory and was by him declared to be his last Will, in the presence of us, who at his request and in his presence, and in the presence of each other, have hereunto set our hands as witnesses thereto, on the day and year last before written.

Witness, _____Deborah D. French_____
Residing at _Maple Valley_____, Washington


Witness, _____SANDI J. REHBERG_____
Residing at _Normandy Park_____, Washington


_____
ALI SULEIMAN

## SELF PROVING CERTIFICATE

STATE OF WASHINGTON, County of King; ss.

Before me this day personally appeared, ALI SULEIMAN, ___Deborah D. French___ and ___SANDI J. REHBERG___, known to me to be the TESTATOR and WITNESSES, respectively, whose names are subscribed to the foregoing instrument in their respective capacities, and after being sworn, on oath stated:

1. That each of them was of legal age at the time of the execution of the attached Codicil.

2. That immediately prior to the execution of the attached Codicil the TESTATOR declared the document to be his Codicil and requested the witnesses to witness and subscribe it.

3. That the TESTATOR signed the Codicil in the presence of the witnesses, and that the witnesses attested the execution of subscribing their names in the presence of the TESTATOR and of each other.

4. That the undersigned and parties making this agreement are the same as the parties who signed the foregoing Codicil.

5. That the TESTATOR appeared to be of sound mind and acted freely without any duress or undue influence, as did the witnesses.

TESTATOR, ALI SULEIMAN

WITNESS, _Deborah D. French_

WITNESS, _SANDI J. REHBERG_

SUBSCRIBED, SWORN, and ACKNOWLEDGED TO before me on March 24, 2011.

NOTARY PUBLIC: James A. Davies
In and for the State of Washington
My appointment expires 12-19-2011

FILED

15 MAR 24
CLERK
SUPERIOR COURT CLERK

# LAST WILL
of

15-4- 01840-7KNT

# ALI SULEIMAN

I, ALI SULEIMAN, declare this to be my Last Will and revoke all other Wills and Codicils that I have made.

At the time of making this Will I am married to AFRIDAH GERUNG SULEIMAN, and we have no children. I have four children from a previous marriage: namely, Gordon Tucker Ali Suleiman, born March 18, 1965; Sofiah Omega Corcoran, born December 30, 1966; Amir Clyde Suleiman, born June 2, 1971; and Sarah Virginia Suleiman, born May 23, 1978.

## ARTICLE I

### DEVISES AND BEQUESTS

1.1 Personal Effects. All interest in any and all personal effects, household furniture and furnishings, personal vehicles, pleasure boats and similar articles of personal use I may have at the time of my death, together with any insurance thereon, shall be distributed as I have designated in the most recently signed and dated list which indicates who is to receive certain items of personal effects. It shall be binding upon my personal representative to carry out those directions contained in such list unless the intended recipient is not surviving. Should there be any remaining personal effects thereafter, or in the event there is no such list in existence at the time of my death, then such personal effects, or the remainder thereof, shall be distributed as provided in the ALI SULEIMAN TRUST dated November 25, 2003.

1.2 Remainder Estate. All the rest, residue and remainder of my estate, of whatever nature and wherever situated, of which I may own or be entitled at the time of my death, including property over which I may have a power of appointment which I have not otherwise



Initials

1

exercised, released, or refused in writing, to exercise, I give, devise and bequeath to the Trustee of the ALI SULEIMAN TRUST created under a Trust Agreement dated November 25, 2003, by myself as Trustor, which has been signed prior to this Will and is now in full force and effect, as an addition to the principal of said Trust, under the terms, conditions, and provisions contained in said Trust Agreement and any amendments made to said Trust Agreement subsequent to the date of said Trust. If the Trust created by said Agreement shall have terminated prior to my death, then this paragraph of my Will shall be construed to establish a Trust with the same terms and conditions as said ALI SULEIMAN TRUST, including any amendments made prior to the date of my death, and all assets provided for in this paragraph shall go to the Trustee therein named.

## ARTICLE II

GENERAL PROVISIONS

2.1 Estate and Death Expenses. All inheritance, estate, transfer, succession or death taxes imposed by any taxing authority by reason of my death, whether attributable to property subject to probate administration or to outside transfers, shall be paid out of the residue of my estate as an expense of the administration thereof, without apportionment, deduction or reimbursement therefor, provided that the proceeds from any qualified pension, profit sharing or other retirement plan shall not be used to pay such taxes or any estate obligations.

2.2 Personal Representative. I appoint my son, Gordon T. A. Suleiman, personal representative of my estate. In the event Gordon is unable or unwilling to so act, I appoint my son, Amir C. Suleiman, to be the next alternate and successor personal representative of my estate.

2.3 Non-intervention Powers. I direct that my estate be settled in the manner provided in this Will without the intervention of any court, except as may be required by law in the case of non-intervention Wills. I, therefore, give my personal representative full power to deal with my estate and to do all acts and exercise all rights with relation to such property. As I wish my personal representative to exercise the broadest discretion possible in dealing with my estate, I direct that no bond of any kind shall be required for the performance of duties in any jurisdiction.

IN WITNESS WHEREOF, I have hereunto set my hand to each page hereof November 25, 2003.

_____
ALI SULEIMAN

2

The foregoing instrument, consisting of three pages, including the following page, was subscribed by the TESTATOR, ALI SULEIMAN, who appeared to be of sound mind and memory and was by him declared to be his last Will, in the presence of us, who at his request and in his presence, and in the presence of each other, have hereunto set our hands as witnesses thereto, on the day and year last before written.

Witness, _____ Deborah D. French _____
Residing at _____ Maple Valley _____, Washington

Witness, _____ SANDI J. REHBERG _____
Residing at _____ Normandy Park _____, Washington

_____
ALI SULEIMAN

The foregoing instrument, consisting of four pages, including the following page, was subscribed by the TESTATOR, ALI SULEIMAN, who appeared to be of sound mind and memory and was by him declared to be his last Will, in the presence of us, who at his request and in his presence, and in the presence of each other, have hereunto set our hands as witnesses thereto, on the day and year last before written.

_____
Witness
Residing at Kent, Washington


_____
Witness
Residing at Kent, Washington


_____
ALI SULEIMAN

## SELF PROVING CERTIFICATE

STATE OF WASHINGTON, County of King; ss.

Before me this day personally appeared, ALI SULEIMAN, BONNIE BUCHANAN and KARI M. KENT, known to me to be the TESTATOR and WITNESSES, respectively, whose names are subscribed to the foregoing instrument in their respective capacities, and after being sworn, on oath stated:

1. That each of them was of legal age at the time of the execution of the attached Will.

2. That immediately prior to the execution of the attached Will the Testator declared the document to be his last Will and requested the witnesses to witness and subscribe it.

3. That the Testator signed the Will in the presence of the witnesses, and that the witnesses attested the execution of subscribing their names in the presence of the Testator and of each other.

4. That the undersigned and parties making this agreement are the same as the parties who signed the foregoing Will.

5. That the Testator appeared to be of sound mind and acted freely without any duress or undue influence, as did the witnesses.

_____
TESTATOR, ALI SULEIMAN

_____
WITNESS, BONNIE BUCHANAN

_____
WITNESS, KARI M. KENT

SUBSCRIBED, SWORN, and ACKNOWLEDGED TO before me November 25, 2003.

_____
NOTARY PUBLIC: Mark D. Albertson
State of Washington, residing in Kent
My appointment expires 12-25-05

★MARK D ALBERTSON
NOTARY PUBLIC
STATE OF WASHINGT.
COMMISSION EXPIRES
DECEMBER 25, 2005

4

# CERTIFICATE AND AFFIDAVIT OF TRUST
## (RCW 11.98.075)

Amir C. Suleiman and Sarah V. Hoover, Trustee of the Ali Suleiman Trust (the "Trust") being first duly sworn on oath, hereby certify(ies), represent(s), warrant(s) and declare(s) as follows:

**Trust Information**

1.  Trust name (as stated in the Trust document) or name by which Trust is commonly known: Ali Suleiman Trust.

2.  Names of all grantors, settlors, trustors, or other creators of Trust: Ali Suleiman.

3.  Date Trust document was executed (including date of any Will): November 25, 2003.

4.  State or other jurisdiction in which Trust established: Washington.

5.  Type of Trust: Irrevocable.

6.  Manner in which title to Trust assets is held: The name of the Trust is (assets are titled thus) Ali Suleiman Trust.

**Trustee Information**

7.  Name of current Trustees: Amir C. Suleiman and Sarah V. Hoover.

8.  Address of each currently acting Trustee:
    Amir C. Suleiman
    24805 22nd Ave S
    Kent, WA 98032

    Sarah V. Hoover
    18205 106th St E
    Bonney Lake, WA 98391

9.  Names of successor Trustee (as named in Trust document or, if applicable, named in accordance with Trust document): If Amir C. Suleiman or Sarah V. Hoover are unwilling or unable to act, Sofiah O. Corcoran shall be Co-Trustee in their place.

10. Under the terms of the Trust document: On November 25, 2003, the Ali Suleiman Trust was established by Ali Suleiman, as Trustor. The Trustor died on February 24, 2015. The Trust is now irrevocable and the Trust provides the successor Trustees can undertake any transactions relating to the management of the assets of the Trust.

11.  The Trustees are authorized to do the following:  Article IV of the Trust provides that the "Trustees shall have as to the Trust Estate and in the execution of this Trust all the rights, powers and privileges which an absolute owner of the same property would have, including, without limiting the generality of the foregoing, the powers granted by law . . . and the following special rights, powers, and privileges: . . ." Trust assets may be used as collateral for a loan.  The specific rights, powers, and privileges are very extensive and broad and are designed to give the Trustees wide latitude in managing the Trust.

12.  Trustees' powers include, but are not limited to:

   a.  The powers to sell, convey and exchange:  [X] Yes   [   ] No (check one)
   b.  The power to borrow money and pledge and encumber trust property with a deed of trust or mortgage [X] Yes  [   ] No (check one)

**Miscellaneous Information**

13.  To the best of the knowledge of Trustees, there is no claim, litigation, cause of action alleged, or challenge of any kind, which contests or questions the validity of the Trust or a Trustee's authority to act on behalf of the Trust.

14.  The Trust is in full force and effect and has not been terminated, revoked, amended or modified in any way that causes the representations in this Certificate and Affidavit of Trust to be inaccurate or incorrect.

**RCW 11.98.075 (8) states:  A person making a demand for the trust instrument in addition to a certification of trust or excerpts is liable for damages, including reasonable attorney fees, if the court determines that the person did not act in good faith in demanding the trust instrument.**

Amir C. Suleiman, Co-Trustee

SUBSCRIBED and SWORN TO before me this ___19th___ day of March, 2015.

David A. Johnson

NOTARY PUBLIC ___David A. Johnson___
In and for the State of Washington
My appointment expires ___6-28-15___

DAVID A. JOHNSON
COMMISSION EXPIRES
NOTARY
PUBLIC
06-28-15
STATE OF WASHINGTON

*Sarah V. Hoover*

Sarah V. Hoover, Co-Trustee

SUBSCRIBED and SWORN TO before me this __19th__ day of March, 2015.

*David A. Johnson*

NOTARY PUBLIC _David A. Johnson_
In and for the State of Washington
My appointment expires ___6-28-15___

# ALI SULEIMAN TRUST

## AMENDMENT THREE

FIRST:      ARTICLE VI, PARAGRAPH 6.1

               TRUSTEES

SECOND:   ARTICLE VII, PARAGRAPH 7.6

               INCAPACITY OF TRUSTOR

THIRD:      SCHEDULE B, SECTION II,

               TRUSTOR DECEASED


ACKNOWLEDGMENT

CODICIL

**ALBERTSON LAW GROUP, P. S.**
**124 4TH AVENUE SOUTH, SUITE 200**
**KENT, WASHINGTON 98032**
**(253) 852-8772**

EXHIBIT A Page 00 36

# ALI SULEIMAN TRUST

## **AMENDMENT THREE**

TRUSTOR ALI SULEIMAN, pursuant to the rights reserved by Trustor in Article II, Paragraph 2.1 of the ALI SULEIMAN TRUST dated November 25, 2003, hereby amends and modifies said Trust as follows, as to his interest in the Trust.

FIRST: Pursuant to the provisions of Paragraph 6.1 of ARTICLE VI, said Paragraph is hereby modified and amended in its entirety, to read as follows:

6.1 <u>Acting and Successor Trustees</u>. Acting Trustee is Trustor Ali Suleiman. In the event of the death, incapacity (as defined in Paragraph 3.4 hereof), or resignation of Trustor Ali Suleiman, Trustor's son, Amir C. Suleiman, and Trustor's daughter, Sarah V. Hoover, shall be Co-Trustees. In the event of the death, incapacity, or resignation of either Amir or Sarah, Trustor's daughter, Sofiah O. Corcoran, shall be Co-Trustee in his or her place. Thereafter in the event of the death, incapacity, or resignation of a Co-Trustee, the remaining Co-Trustee shall be sole Trustee.

Unless stated otherwise, this Article VI shall determine the Trustees of all trusts created by this Trust.

SECOND: Paragraph 7.6 is hereby modified and amended in its entirety to read as follows:

7.6 <u>Form of Term "Trustee"</u>. The word "Trustee" as used anywhere herein shall mean and include a male, female, or corporate Trustee or any number or combination of Co-Trustees.

For purposes herein, a corporate Trustee shall be defined as a business consisting of one or more professionals who actively and regularly engage in serving as Trustee on an annual basis. Such professional shall either be a certified public accountant or attorney licensed to practice in the State of Washington or a chartered bank or trust company authorized to do business in the State of Washington with minimum capital assets of One Hundred Million Dollars ($100,000,000.00).

THIRD   SECTION II, SCHEDULE B, is hereby modified and amended in its entirety to read as follows:

## SECTION II
## TRUSTOR DECEASED

Trustor wishes it to be known that he was originally married to AFRIDAH GERUNG SULEIMAN, and she is now deceased. Trustor is now married to NURHASINAH SULEIMAN, and Trustor hereby excludes her from receiving any benefits or distributions of any kind from the Trust Estate.

B.2.1   Debts, Estate Administrative, and Death Expenses. Upon the death of Trustor, Trustee may pay all or part of the expenses of the last illness and funeral, any and all administrative expenses and any other remaining debts to the extent that funds are not available from other sources. Unless otherwise provided herein or unless otherwise paid from other sources, any and all such expenses as well as all inheritance, estate, transfer, succession or death taxes imposed by any taxing authority by reason of Trustor's death, whether attributable to property subject to probate administration or to non probate transfers, shall first be paid out of the residue of the Trust Estate as an expense of the administration thereof, without apportionment, deduction or reimbursement from any charitable or specific bequests, and only thereafter, to the extent the residue is insufficient to pay for such taxes and expenses, proportionately from any charitable or specific

bequests. Any additional taxes and expenses exceeding the value of any charitable or specific bequests shall thereafter be apportioned or deducted proportionately from any non probate transfers. Any proceeds from any qualified pension, profit sharing or other retirement plan shall not be used to pay such taxes or any estate obligations.

B.2.2 <u>Personal Effects</u>. Upon the death of Trustor, any and all personal effects, household furniture and furnishings, personal vehicles, pleasure boats, and similar articles of personal use, together with any insurance thereon, are to be distributed as Trustor has designated in a written, signed and dated list indicating who is to receive certain items of personal effects. It shall be binding upon Trustee to carry out those directions contained in such list unless the intended recipient is not surviving.

Should there be any remaining personal effects thereafter, or in the event there is no such list in existence at the time of Trustor's death, then such personal effects or the remainder thereof, shall be distributed equally to those who are surviving of Trustor's children, Sofiah Omega Corcoran, Amir Clyde Suleiman, Sarah Virginia Hoover, and Trustor's granddaughter, Jaimie Elizabeth Suleiman, unless Trustor has provided otherwise in his last Will.

If Trustor's surviving beneficiaries do not agree within one hundred twenty days from the date of Trustor's death as to the division of the personal effects, or if a beneficiary is unable to make such a choice because of a legal disability, Trustee shall have full authority to make an equitable division of such property to such beneficiaries pursuant to the preceding paragraph, giving preference where possible to their desires, or to sell all or any part of such articles and distribute such proceeds among such beneficiaries. Trustee is authorized to sell any or all such property to one or more of such beneficiaries or to others.

3

With respect to the share of a minor or a beneficiary under a legal disability, Trustee shall have the authority to place assets in safekeeping for the beneficiary until he or she reaches legal age or deliver all, or any part thereof, to the guardian of his or her person.

All reasonable expenses incurred for storage, packing, shipping, delivery or insurance of such tangible personal property on or before the expiration of one hundred twenty days from the date of Trustor's death shall be charged as an administrative expense of the Trust.

B.2.3   Specific Distributions.  As soon as practicable after Trustor's death, Trustee shall make the following specific distributions:

B.2.3.1   Residence.  Trustor and the Trust Estate has held title to the property located at 18205 106th Street East, Bonney Lake, Washington, and Trustor is currently named as co-signer or Surety on the primary residence loan executed by Sarah and primary lender for the purposes of securing financing on said property for Sarah. Accordingly, as soon as practicable after the death of Trustor, Trustee shall distribute any and all interest Trustor, or the Trust Estate, may have in that certain residence and real property located at 106th Street East, Bonney Lake, Washington, to Trustors' daughter, Sarah V. Hoover, if she is surviving. This distribution shall be in addition to Sarah's distributive share of the remainder Trust Estate and will carry with it any obligations against the residence. In the event Sarah is not surviving at the time of Trustor's death, or this residence and real property is not a part of the Trust Estate at the time of Trustor's death, this distribution shall lapse and be null and void.

Additionally, to the extent that Trustor or the Trust Estate is responsible for paying for any or all part of such loan, such amount shall be considered a loan

by Trustor or the Trust Estate to Sarah, shall be considered an asset of the Trust and specifically allocated to Sarah as a part of her share of the remainder Trust.

B.2.3.2   <u>Jaimie E. Suleiman</u>.   Trustor has previously loaned money to Trustor's son, Gordon T. Suleiman, in the amount of approximately Two Hundred and Twenty Thousand Dollars ($220,000.00), which was unpaid at the time of Gordon's death (date of death 12/26/2010). It is Trustor's wish to allocate the share that would have otherwise been allocated to Gordon upon Trustor's death to Gordon's daughter, Jaimie E. Suleiman. Such share however shall be reduced in recognition of the fact that Gordon has already received the sum of Two Hundred Twenty Thousand Dollars ($220,000.00).

Accordingly, Trustor allocates to Trustor's granddaughter, Jaimie E. Suleiman, an amount equal to twenty-five percent (25%) of the Adjusted Trust Estate less Two Hundred and Twenty Thousand Dollars ($220,000.00). For purposes herein, the Adjusted Trust Estate shall mean the remainder Trust Estate plus Two Hundred and Twenty Thousand Dollars ($220,000.00).

The amount allocated to Jaimie shall be distributed to her under the provisions of Paragraph B.2.5.

In the event Jaimie is not surviving at the time of allocation, the amount allocated to her shall be divided and allocated into as many equal shares as she has then surviving children

Each share allocated to a child of Jaimie (great grandchild of Trustor) shall be distributed in equal parts to said surviving children under the provisions of Paragraph B.2.5.

In the event Jaimie is not surviving at the time of allocation and has no surviving children, the amount allocated to Jaimie shall lapse and be null and void.

B.2.4   Remainder Trust Estate.  The remainder Trust Estate shall continue to be administered up to one year after Trustor's death, at which time Trustee shall divide and allocate the Trust Estate into three equal shares as follows:

B.2.4.1   Sofiah Omega Corcoran.   One share (1) shall be distributed outright to Trustor's daughter, Sofiah Omega Corcoran, if she is surviving.

B.2.4.2   Amir Clyde Suleiman.  One share (1) shall be distributed outright to Trustor's son, Amir Clyde Suleiman, if he is surviving.

B.2.4.3   Sarah Virginia Suleiman.   One share (1) shall be distributed outright to Trustor's daughter, Sarah Virginia Suleiman, if she is surviving.

B.2.4.4   Beneficiary Not Surviving With Surviving Descendants.   Unless otherwise provided, in the event an above named beneficiary is not surviving at the time of allocation and has surviving children or grandchildren, Trustee shall divide and allocate his or her share into as many equal shares as there are then surviving children of a deceased beneficiary and deceased children of a deceased beneficiary who have surviving children.

(a)   Each share allocated to a surviving child of a deceased beneficiary (grandchild of Trustor) shall be distributed to him or her under the provisions of Paragraph B.2.5.

6

(b)   Each share allocated to a deceased child of a deceased beneficiary who has surviving children (great grandchild of Trustor) shall be distributed in equal parts to said surviving children under the provisions of Paragraph B.2.5.

B.2.4.5   <u>Beneficiary Not Surviving With No Surviving Descendants</u>. Unless otherwise provided, in the event an above named beneficiary is not surviving at the time of allocation and has no surviving descendants, his or her share shall be added proportionately to the other shares allocated in this Paragraph B.2.4.

B.2.5   <u>Distribution to Grandchildren and Great Grandchildren</u>. Unless otherwise indicated, each share allocated to a surviving grandchild or great grandchild of Trustor shall be distributed to him or her at the time of allocation providing he or she has reached the age of thirty-one years. In the event a beneficiary has not reached the age of thirty-one years, then his or her share shall be held and administered as a sub-trust and Trustee shall use so much of the income or principal from the beneficiary's sub-trust as Trustee deems necessary for the beneficiary's maintenance, education, support and health to the age of thirty-one, considering the availability to the beneficiary of other sources of funds. When the beneficiary shall attain the age of thirty-one years, the remainder of his or her sub-trust shall be distributed to him or her.

B.2.6   <u>Distribution Upon Death of a Beneficiary</u>. Unless otherwise indicated, in the event of the death of a beneficiary herein prior to receiving a complete and final distribution of a share he or she has been allocated, the remainder of such share shall be divided and allocated into as many equal shares as there are then surviving children of the deceased beneficiary and deceased children of the deceased beneficiary who have surviving children.

7

B.2.6.1   Each share allocated to a surviving child of the deceased beneficiary shall be distributed to him or her under the distributive provisions of Paragraph B.2.5.

B.2.6.2   Each share allocated to a deceased child of the deceased beneficiary who has surviving children shall be distributed in equal parts to said surviving children, under the distributive provisions of Paragraph B.2.5.

Should the beneficiary not have surviving descendants, as herein defined, the remainder of his or her share shall be added equally to the shares, distributed or not, of the beneficiary's then surviving brothers and sisters who were herein allocated shares and distributed as those shares have been or will be distributed; and if there be no such brothers or sisters, the said remainder shall be added equally to the shares allocated to the beneficiaries named herein, surviving and deceased, and distributed as those shares have been or will be distributed, but distributed only to then surviving beneficiaries.

B.2.7   <u>Beneficiary Emergency Expenses</u>.   Unless otherwise provided, in the event of an emergency arising out of sickness or accident to a child of Trustor prior to division of the remainder Trust Estate, Trustee may pay to such child, or for his or her benefit, such amounts of income or principal from the Trust Estate as deemed necessary by Trustee, considering the availability to such child of other sources of funds.   Such disbursements shall be a charge against the share of the recipient child of Trustor who received the disbursement if and when determined.

After division of the Trust Estate into shares, Trustee may make such emergency distributions from any beneficiary's share being held in trust for that beneficiary.

B.2.8   <u>Beneficiary Death Expenses</u>.   Unless otherwise provided, in the event of the death of a child of Trustor prior to division of the remainder Trust Estate, Trustee may pay from the

EXHIBIT A, PAGE 000039

Trust Estate all or part of the expenses of said child's last illness and funeral and any other remaining debts to the extent that funds are not available from other sources.

Trustee may make such disbursements from any deceased beneficiary's share, including a proportionate share of all taxes assessed by reason of the beneficiary's death, should the Trust be divided in such a manner that a specific share has been allocated to the deceased beneficiary.

B.2.9 <u>Distribution to Beneficiary's Living Trust</u>. Any and all distributions to a beneficiary who has his or her own living Trust may be distributed to the Trustee of such Trust rather than directly to such beneficiary upon written request by such beneficiary. However, any such distributions to a Trust shall be governed by the same terms and conditions as provided in this Trust as to distributions.

B.2.10 <u>None of the Above Beneficiaries Surviving</u>. In the event none of the foregoing beneficiary distribution provisions is applicable at any time prior to a complete and final distribution of the Trust Estate, Trustee shall distribute the Trust Estate, or the remainder thereof, to the legal heirs of Trustor under the laws of the controlling State of this Trust. Distribution shall be by right of representation, subject to the distributive provisions of Paragraph B.2.5.

IN WITNESS WHEREOF, Trustor hereby ratifies and confirms this Trust and its Schedules, as amended, and as Trustee hereby assents to this Amendment Three on March 24, 2011.

ALI SULEIMAN, TRUSTOR-TRUSTEE

9

## ACKNOWLEDGMENT

STATE OF WASHINGTON,    )
                          ) ss.
County of King,             )

On this day personally appeared before me ALI SULEIMAN to me known to be the individual described in and who executed the within and foregoing AMENDMENT THREE of the ALI SULEIMAN TRUST and its SCHEDULES and acknowledged that he signed the same as his free and voluntary act and deed for the uses and purposes therein mentioned.

GIVEN under my hand and official seal March 24, 2011.


NOTARY PUBLIC: James A. Davies
In and for the State of Washington
My appointment expires 12-19-2011

| NAME OF PARTY / ACCOUNT REFERENCE | **DECLARATION OF MAILING** |
|---|---|
| | **CERTIFICATE OF SERVICE** |
| SARAH HOOVER | |

On 12/20/2019, I did cause a copy of the following documents, described below,

Third Letter with Authorization and exhibits - 12-20-2019

to be served for delivery by the United States Postal Service, via First Class United States Mail, First Class, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

Parties who were mailed documents via certified mail, return receipt requested, are those listed as certified on the attacheed mailing matrix.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com.  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

DATED: 12/20/2019

/s/ Christina L Henry
Christina L Henry  31273
Henry & DeGraaff, PS
787 Maynard Ave S
Seattle, WA  98104
206 330 0595

| NAME OF PARTY / ACCOUNT REFERENCE | **DECLARATION OF MAILING** |
| | **CERTIFICATE OF SERVICE** |
| SARAH HOOVER | |

On 12/20/2019, I did cause a copy of the following documents, described below,

Third Letter with Authorization and exhibits - 12-20-2019

to be served for delivery by the United States Postal Service, via First Class United States Mail, First Class, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

Parties who were mailed documents via certified mail, return receipt requested, are those listed as certified on the attacheed mailing matrix.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com.  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

DATED: 12/20/2019

/s/ Christina L Henry
Christina L Henry  31273
Henry & DeGraaff, PS
787 Maynard Ave S
Seattle, WA  98104
206 330 0595

HOOVER000928

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

1 MORTGAGE WAY
MAILSTOP SV13
MOUNT LAUREL NJ 08054

ROBERT MCDONALD
QUALITY LOAN SERVICE CORP. OF WA
108 1ST AVE S
SUITE 202
SEATTLE WA 98104

HSBC BANK USA N.A. AS TRUSTEE
OF THE FIELDSTONE MORTGAGE
INVESTMENT TRUST SERIES 2006-2
ATTN: NOEL QUINN CEO
425 5TH AVE
NEW YORK NY 10018

LANCE E. OLSEN
MCCARTHY HOLTHUS LLP
108 1ST AVE S
SEATTLE WA 98104

MICHAEL LAPPANO
REGIONAL DIRECTOR OF ACQUISITIONS
INVITATION HOMES
15900 SE EASTGATE WAY SUITE 150
BELLEVUE WA 98008

DEBTOR
SARAH HOOVER
18205 106TH ST E
BONNEY LAKE WASH. 98391

HOOVER000929

# USPS Tracking®

FAQs ›

## Track Another Package ✚

**Tracking Number:** 70183090000177155963

Remove ✕

The delivery status of your item has not been updated as of December 24, 2019, 2:11 am. We apologize that it may arrive later than expected.

## Alert

December 24, 2019 at 2:11 am
Awaiting Delivery Scan

**Get Updates** ⌄

Feedback

---

### Text & Email Updates ⌃

**Select what types of updates you'd like to receive and how. Send me a notification for:**

**Text**　　　**Email**

☐　　　☐　All Below Updates

☐　　　☐　Expected Delivery Updates ⓘ

☐　　　☐　Day of Delivery Updates ⓘ

☐　　　☐　Package Delivered ⓘ

HOOVER000930

☐          ☐   Available for Pickup  ⓘ

☐          ☐   Delivery Exception Updates  ⓘ

☐          ☐   Package In-Transit Updates  ⓘ

## Tracking History                                                      ⌃

### December 24, 2019, 2:11 am
Awaiting Delivery Scan
The delivery status of your item has not been updated as of December 24, 2019, 2:11 am. We apologize that it may arrive later than expected.

### December 23, 2019, 12:28 pm
Arrived at Unit
MOUNT LAUREL, NJ 08054

### December 23, 2019, 8:11 am
Available for Pickup
MOUNT LAUREL, NJ 08054

### December 23, 2019, 3:03 am
Departed USPS Regional Facility
SOUTH JERSEY NJ DISTRIBUTION CENTER

### December 22, 2019, 11:27 pm
Arrived at USPS Regional Destination Facility
SOUTH JERSEY NJ DISTRIBUTION CENTER

### December 22, 2019, 7:23 am
Departed USPS Regional Facility
SEATTLE WA DISTRIBUTION CENTER

### December 21, 2019, 10:16 pm
Arrived at USPS Regional Origin Facility
SEATTLE WA DISTRIBUTION CENTER

Feedback

HOOVER000931

**December 21, 2019, 2:26 pm**
Departed Post Office
BOTHELL, WA 98012

**December 21, 2019, 10:50 am**
USPS in possession of item
BOTHELL, WA 98012

## Product Information 

**See Less** ∧

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

HOOVER000932

SENDER: *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse
  so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

PHH Mortgage Svcs
Attn: Successor In Interest
Dept.
1 Mortgage Way, Mailsto SV13
Mount Laurel, NJ 08054

9590 9402 4964 9063 9231 77

2. Article Number *(Transfer from service label)*

7018 3090 0001 7715 5963

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X Rodney K. Spence
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery
12 30

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt

USPS TRACKING #





9590 9402 4964 9063 9231 77

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Henry J DeGraaff, PS
Attn: Christin L Heng
787 Maynard Ave S
Seattle, WA 98104