# EXHIBIT F

| | |
|---|---|
| **From:** | Christina Henry |
| **Sent:** | Monday, January 13, 2020 3:51 PM |
| **To:** | Robert McDonald; John McIntosh; Lance Olsen |
| **Cc:** | Ali Small; Tom Linde; IDSFC |
| **Subject:** | RE: HOOVER | RE: SULEIMAN | RE: TS# WA-18-835092-SW | RE: Sarah Hoover re stay violation for void foreclosure |

Counsel,

I recognize the court will sort this out, but I think we at least need to be in the same ballpark of facts.

First, we understand that the deed was delivered before the 11 days were up. That sounds like a flaw in the trustee's business practices, given the 11-day window in the statute, but it is not my client's problem that the trustee did this early.

Second, we understand that the sale would not have been held if the trustee had actual notice of the bankruptcy. We get it. You can stop repeating that. The issue is that once the trustee received notice, it did nothing, and it is the party upon which the burden rests to take affirmative steps.

Third, you keep mentioning the social security number situation, which puzzles me. I personally confirmed that my client used her SSN - the correct one, and the only one she's ever used - to file this bankruptcy. This is the same SSN she sent to PHH, repeatedly. This is not an issue of my client's concern.

Finally, I'm not clear that anyone understands this, but my client filed bankruptcy *pro se* in an effort to save her home. She timely notified PHH - repeatedly - many days before the sale. It sounds like PHH did not bother to inform the trustee. When the foreclosure sale ended up happening anyway, Ms. Hoover was left with the futility of proceeding with the bankruptcy, given her singular and most important asset had been sold from under her feet. The insinuation that she "didn't comply" with anything is absurd. She did her best as a non-lawyer, but PHH could not be bothered, apparently, to call off its own sale. Thus, you may want to check with your own client first before making accusations against mine.

**Christina L. Henry,** *Attorney*
**Henry & DeGraaff, P.S.**
**787 Maynard Ave S**
**Seattle, Washington 98104**

1

**Tel 206/330-0595**
**Fax 206-400-7609**
chenry@HDM-legal.com

CONFIDENTIALITY NOTICE: This e-mail may contain information that is protected by the attorney-client and/or the attorney-work product privilege. It is intended only for the individual named above and the privileges are not waived by virtue of this having been sent by e-mail. If you are not the intended recipient ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. If you have received this communication in error, please immediately notify us by return e-mail or telephone at the e-mail address or telephone number listed above and destroy this transmission and any attachments without reading or saving in any manner. Thank you

**From:** Robert McDonald <rmcdonald@qualityloan.com>
**Sent:** Monday, January 13, 2020 2:58 PM
**To:** Christina Henry <chenry@hdm-legal.com>; John McIntosh <johnm@schweetlaw.com>; Lance Olsen <LOlsen@McCarthyHolthus.com>
**Cc:** Ali Small <alis@schweetlaw.com>; Tom Linde <tomlinde@schweetlaw.com>; IDSFC <IDSFC@qualityloan.com>
**Subject:** RE: HOOVER | RE: SULEIMAN | RE: TS# WA-18-835092-SW | RE: Sarah Hoover re stay violation for void foreclosure

Christina

As I have stated several times now the sale was held and the Trustee's Deed issued and delivered to the third party purchaser **before the Trustee was ever notified of the existence of the Hoover bankruptcy**. Had the debtor contacted the Trustee to advise she filed bankruptcy before the sale was held, the sale would not have proceeded as the Trustee would have been able to identify the filing. Had the debtor contacted the Trustee prior to the deed being executed and sent out by the Trustee to the third party purchaser, the Trustee's Deed would have been held and not issued. The Trustee did advise the third party of the challenge, hence the lawsuit.

Generally speaking the debtor may not have a specific burden, when she choose to provide no notice of the filing, files a bankruptcy with a social security number different from the social security number in the Trustee's records and then takes no effort to even comply with the orders of the court to keep the case going, it is hard to see that theses issues would not be relevant. In any event, all of these arguments can be made to the bankruptcy court and it can decide what is appropriate. The Trustee took all steps to act in good faith but simply was not met with any cooperation or consideration of the debtor / borrower as the evidence will establish before the sale was held and Trustee's Deed delivered.

2

QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A
DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

TS No.: WA-18-835092-SW

Date: 9/17/19

QUALITY LOAN SERVICE CORPORATION OF
WASHINGTON

By: Janice Stavee, Assistant Secretary

---

A notary public or other officer completing this certificate verifies only the identity of the individual
who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or
validity of that document.

---

State of: Washington )
County of: King )

On SEP 17 2019 before me, **Kristen Oswood** a notary public,
personally appeared Janice Stavee , who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and
that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.

I certify, under *PENALTY OF PERJURY* under the laws of the State of
Washington that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.          (Seal)

Signature
**Kristen Oswood**

KRISTEN OSWOOD
NOTARY PUBLIC
STATE OF WASHINGTON
COMMISSION EXPIRES
JULY 19, 2020

**Robert W. McDonald** | *General Counsel*



*"Excellence Starts Here"*

108 1st Avenue South, Suite 202
Seattle, WA 98104
d. 206.596.4862 | f. 206.274.4902 | c. 206.673.6523
rmcdonald@qualityloan.com

*Your feedback is warmly welcomed and greatly appreciated! Please feel free to send us your suggestions,
comments, and/or concerns to QLSFeedback@qualityloan.com.*

*CONFIDENTIALITY NOTICE: The information contained herein may be privileged and protected by the
attorney/client and/or other privilege. It is confidential in nature and intended for use by the intended*

3

*addressee only. If you are not the intended recipient, you are hereby expressly prohibited from dissemination distribution, copy or any use whatsoever of this transmission and its contents. If you receive this transmission in error, please reply or call the sender and arrangements will be made to retrieve the originals from you at no charge. Federal law requires us to advise you that communication with our office could be interpreted as an attempt to collect a debt and that any information obtained will be used for that purpose.*

**LEGAL DISCLAIMER:  Please be advised that while the opinions expressed herein are provided by an attorney employed by Quality Loan Service Corp. of Washington, Quality Loan Service Corp. of Washington is not a law office.  The legal analysis of any situation depends on a variety of factors and the opinions expressed herein could change based on the specific facts of any given situation.  The information and opinions set forth herein are intended as general information only, and are not intended to serve as legal advice or as a substitute for legal counsel. If you have a question about a specific factual situation, you should contact an attorney directly.**

**From:** Christina Henry <chenry@hdm-legal.com>
**Sent:** Monday, January 13, 2020 2:31 PM
**To:** Robert McDonald <rmcdonald@qualityloan.com>; John McIntosh <johnm@schweetlaw.com>; Lance Olsen <LOlsen@McCarthyHolthus.com>
**Cc:** Ali Small <alis@schweetlaw.com>; Tom Linde <tomlinde@schweetlaw.com>; IDSFC <IDSFC@qualityloan.com>
**Subject:** RE: HOOVER | RE: SULEIMAN | RE: TS# WA-18-835092-SW | RE: Sarah Hoover re stay violation for void foreclosure

Counsel,

Obviously I disagree with your assertions, but as just two points:

First, the trustee COULD have taken unilateral action, having had actual knowledge on the 11th day after the sale.  I believe the record indicates the trustee chose not to.  In fact, based on IH6's declaration, it appears the trustee did not even bother to tell the purchaser that it held a void sale; IH6 first learned of this from my letter in November 2019.

Second, I worry that you confuse the burdens involved.  My understanding is that the Ninth Circuit's pronouncement has remained unchanged: "The Bankruptcy Code does not burden the debtor with a duty to take additional steps to secure the benefit of the automatic stay.  Those taking post-petition collection actions have the burden of obtaining relief from the automatic stay." I*n re Schwartz*, 954 F.2d 569, 572 (9th Cir. 1992). Thus, to reiterate, it is not my client's responsibility to fix this, although she will of course be happy to facilitate and be cooperative where necessary.

**Christina L. Henry,** *Attorney*
**Henry & DeGraaff, P.S.**
**787 Maynard Ave S**
**Seattle, Washington  98104**
**Tel 206/330-0595**
**Fax 206-400-7609**

[chenry@HDM-legal.com](mailto:chenry@HDM-legal.com)

CONFIDENTIALITY NOTICE: This e-mail may contain information that is protected by the attorney-client and/or the attorney-work product privilege. It is intended only for the individual named above and the privileges are not waived by virtue of this having been sent by e-mail. If you are not the intended recipient ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. If you have received this communication in error, please immediately notify us by return e-mail or telephone at the e-mail address or telephone number listed above and destroy this transmission and any attachments without reading or saving in any manner. Thank you

**From:** Robert McDonald <[rmcdonald@qualityloan.com](mailto:rmcdonald@qualityloan.com)>
**Sent:** Monday, January 13, 2020 12:37 PM
**To:** John McIntosh <[johnm@schweetlaw.com](mailto:johnm@schweetlaw.com)>; Christina Henry <[chenry@hdm-legal.com](mailto:chenry@hdm-legal.com)>; Lance Olsen <[LOlsen@McCarthyHolthus.com](mailto:LOlsen@McCarthyHolthus.com)>
**Cc:** Ali Small <[alis@schweetlaw.com](mailto:alis@schweetlaw.com)>; Tom Linde <[tomlinde@schweetlaw.com](mailto:tomlinde@schweetlaw.com)>; IDSFC <[IDSFC@qualityloan.com](mailto:IDSFC@qualityloan.com)>
**Subject:** HOOVER | RE: SULEIMAN | RE: TS# WA-18-835092-SW | RE: Sarah Hoover re stay violation for void foreclosure

John

Thank you. The Trustee agrees that this matter requires judicial intervention as that is the only way that the parties can get a recorded trustee's deed rescinded or confirm the finality of sale. The Trustee has always supported judicial intervention as an option if necessary as the debtor's inaction and failure to provide timely notice of the filing of her bankruptcy prevented the Trustee's ability to take any unilateral action before the sale held and the Trustee's Deed issued. Because the debtor has continued to fail to act, the purchaser has been required to take action and the Trustee will cooperate with the finding of the Court and offer completely truthful testimony as to all facts.

**Robert W. McDonald** | *General Counsel*



*"Excellence Starts Here"*

108 1st Avenue South, Suite 202
Seattle, WA 98104
d. 206.596.4862 | f. 206.274.4902 | c. 206.673.6523
[rmcdonald@qualityloan.com](mailto:rmcdonald@qualityloan.com)

*Your feedback is warmly welcomed and greatly appreciated! Please feel free to send us your suggestions, comments, and/or concerns to* [*QLSFeedback@qualityloan.com*](mailto:QLSFeedback@qualityloan.com).

5

*CONFIDENTIALITY NOTICE: The information contained herein may be privileged and protected by the attorney/client and/or other privilege. It is confidential in nature and intended for use by the intended addressee only. If you are not the intended recipient, you are hereby expressly prohibited from dissemination distribution, copy or any use whatsoever of this transmission and its contents. If you receive this transmission in error, please reply or call the sender and arrangements will be made to retrieve the originals from you at no charge. Federal law requires us to advise you that communication with our office could be interpreted as an attempt to collect a debt and that any information obtained will be used for that purpose.*

**LEGAL DISCLAIMER: Please be advised that while the opinions expressed herein are provided by an attorney employed by Quality Loan Service Corp. of Washington, Quality Loan Service Corp. of Washington is not a law office. The legal analysis of any situation depends on a variety of factors and the opinions expressed herein could change based on the specific facts of any given situation. The information and opinions set forth herein are intended as general information only, and are not intended to serve as legal advice or as a substitute for legal counsel. If you have a question about a specific factual situation, you should contact an attorney directly.**

**From:** John McIntosh <johnm@schweetlaw.com>
**Sent:** Friday, January 10, 2020 4:36 PM
**To:** Christina Henry <chenry@hdm-legal.com>; Robert McDonald <rmcdonald@qualityloan.com>; Lance Olsen <LOlsen@McCarthyHolthus.com>
**Cc:** Ali Small <alis@schweetlaw.com>; Tom Linde <tomlinde@schweetlaw.com>
**Subject:** RE: Sarah Hoover re stay violation for void foreclosure

Attached are copies of the pleadings filed today in Ms. Hoover's bankruptcy. Hard copies will be mailed to all parties.

Thanks,

John

John A. McIntosh, Attorney
Schweet Linde & Coulson, PLLC
575 S. Michigan Street
Seattle, Washington 98108
Direct dial: (206) 381-0118
Fax: (206) 381-0101
johnm@schweetlaw.com

This e-mail may contain confidential information which is legally privileged. The information is solely for the use of the addressee named above. If you are not the intended recipient, any disclosure, copying, distribution or other use of the contents of this information is strictly prohibited. If you have received this e-mail in error, please notify us by return e-mail and delete this message. Thank you.

**From:** Joseph McIntosh <jmcintosh@McCarthyHolthus.com>
**Sent:** Thursday, January 9, 2020 10:27 AM
**To:** John McIntosh <johnm@schweetlaw.com>
**Subject:** FW: Sarah Hoover re stay violation for void foreclosure

**From:** Christina Henry [mailto:chenry@hdm-legal.com]
**Sent:** Thursday, January 09, 2020 10:16 AM
**To:** Robert McDonald <rmcdonald@qualityloan.com>; Lance Olsen <LOlsen@McCarthyHolthus.com>; Joseph McIntosh <jmcintosh@McCarthyHolthus.com>
**Subject:** Sarah Hoover re stay violation for void foreclosure

Please see the attached letter that went out in the mail this morning regarding the matters with Sarah Hoover. I look forward to your attention to is.

**Christina L. Henry,** *Attorney*
**Henry & DeGraaff, P.S.**
**787 Maynard Ave S**
**Seattle, Washington  98104**
**Tel 206/330-0595**
**Fax 206-400-7609**
chenry@HDM-legal.com

CONFIDENTIALITY NOTICE:  This e-mail may contain information that is protected by the attorney-client and/or the attorney-work product privilege.  It is intended only for the individual named above and the privileges are not waived by virtue of this having been sent by e-mail.  If you are not the intended recipient ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  If you have received this communication in error, please immediately notify us by return e-mail or telephone at the e-mail address or telephone number listed above and destroy this transmission and any attachments without reading or saving in any manner.  Thank you

| | |
|---|---|
| **From:** | Christina Henry |
| **Sent:** | Wednesday, December 18, 2019 10:50 AM |
| **To:** | Robert McDonald |
| **Cc:** | IDSFC; Jeffrey Stenman; Lance Olsen; Michael Lappano |
| **Subject:** | RE: SULEIMAN | RE: TS# WA-18-835092-SW |

Rocky,

I have no agreement with the third party purchaser. In fact, from my perspective, the third party purchaser may also have an action against PHH Mortgage and QLS for tendering a trustee's deed on a void mortgage, not giving them clear title, and not notifying them as to the defect when QLS learned unequivocally about the void foreclosure on the 11th day, prior to the recording of the trustee's deed and when it was still in the power of QLS to easily fix this issue. So if you are asking Ms. Hoover to start communications with third party purchaser to join forces in such a lawsuit, I assume that is an avenue we may pursue in the future, but for now, it is my client's position that she is not in a position to remedy this issue. I request yet again that you bring your contact at PHH Mortgage into this discussion. Thank you.

**Christina L. Henry,** *Attorney*
**Henry & DeGraaff, P.S.**
**787 Maynard Ave S**
**Seattle, Washington 98104**
**Tel 206/330-0595**
**Fax 206-400-7609**
**chenry@HDM-legal.com**

CONFIDENTIALITY NOTICE: This e-mail may contain information that is protected by the attorney-client and/or the attorney-work product privilege. It is intended only for the individual named above and the privileges are not waived by virtue of this having been sent by e-mail. If you are not the intended recipient ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. If you have received this communication in error, please immediately notify us by return e-mail or telephone at the e-mail address or telephone number listed above and destroy this transmission and any attachments without reading or saving in any manner. Thank you

**From:** Robert McDonald <rmcdonald@qualityloan.com>
**Sent:** Wednesday, December 18, 2019 10:42 AM
**To:** Christina Henry <chenry@hdm-legal.com>
**Cc:** IDSFC <IDSFC@qualityloan.com>; Jeffrey Stenman <jstenman@qualityloan.com>; Lance Olsen <LOlsen@McCarthyHolthus.com>; Michael Lappano <mlappano@invitationhomes.com>
**Subject:** RE: SULEIMAN | RE: TS# WA-18-835092-SW

Christina

I believe you have misread my last email. On 11.27.19 I stated … "The Trustee has no reason to believe that PHH will not cooperate with the request of your client to have the sale unwound."

Case 20-04002-MJH    Doc 73-13    Filed 11/13/20    Ent. 11/13/20 21:51:27    Pg. 9 of 21

I am not aware if PHH has retained counsel for this matter and I have had no conversations with any PHH attorney as to this file or sale. It is my understanding your client and the third party purchaser ("TPP") have not agreed to have the sale unwound. Should your cleint and the TPP agree, the Trustee can then begin the process of contacting PHH to have the TPP funds returned – **the sale rescission cannot be done without the TPP as the Trustee's Deed has already been issued, delivered and recorded**. **Quality, completed this sale, execute and delivered the Trustee's Deed to the TPP before any notice of your client's bankruptcy was ever provided.**

I reached out to the TPP Monday 12.16.19 and was advised they were seeking legal representation. As stated previously while the Trustee is certainly ready and able to assist, your client must also assume some responsibility and assist with the solution as it is her failures that are the reason that the parties find themselves in the instant situation. This is directly attributed to her failure to notify the Trustee of her emergency pro se bankruptcy filing concerning a property that she was neither grantor under the DOT or obligor under the promissory note, concerning a bankruptcy that does not appears to use her correct social security number and for a subject property in which the public record indicated she held no title interest.

| ETN | Parcel Count | Grantor | Grantee | Sale Price | Sale D |
|---|---|---|---|---|---|
| 4511455 | 1 | QUALITY LOAN SERVICE CORP OF WASHINGTON | IH6 PROPERTY WASHINGTON LP | 356,000 | 09/17 |
| 4105482 | 1 | SUNCREST BUILDERS INC | SULIEMAN ALI | 299,950 | 11/01 |
| 4043892 | 26 | APPLETON DEVELOPMENT LLC | SUNCREST BUILDERS INC | 1,700,400 | 05/26 |

I again recommend setting up a conference call with the third party purchaser, Trustee and your office to fully discuss the position of the parties in an attempt to reach an agreed resolution short of litigation. Please let me know if you have any availability for a call this week and if so when. Thank you and I hope you are having a happy holiday season.

**Robert W. McDonald** | *General Counsel*



*"Excellence Starts Here"*

108 1st Avenue South, Suite 202
Seattle, WA 98104
d. 206.596.4862 | f. 206.274.4902 | c. 206.673.6523
rmcdonald@qualityloan.com

*Your feedback is warmly welcomed and greatly appreciated! Please feel free to send us your suggestions, comments, and/or concerns to QLSFeedback@qualityloan.com.*

*CONFIDENTIALITY NOTICE: The information contained herein may be privileged and protected by the attorney/client and/or other privilege. It is confidential in nature and intended for use by the intended addressee only. If you are not the intended recipient, you are hereby expressly prohibited from dissemination distribution, copy or any use whatsoever of this transmission and its contents. If you receive this transmission in error, please reply or call the sender and arrangements will be made to retrieve the originals from you at no charge. Federal law requires us to advise you that communication with our office could be interpreted as an attempt to collect a debt and that any information obtained will be used for that purpose.*

**LEGAL DISCLAIMER:  Please be advised that while the opinions expressed herein are provided by an attorney employed by Quality Loan Service Corp. of Washington, Quality Loan Service Corp. of Washington is not a law office.  The legal analysis of any situation depends on a variety of factors and the opinions expressed herein could change based on the specific facts of any given situation.  The information and opinions set forth herein are intended as general information only, and are not intended to serve as legal advice or as a substitute for legal counsel. If you have a question about a specific factual situation, you should contact an attorney directly.**

**From:** Christina Henry <chenry@hdm-legal.com>
**Sent:** Wednesday, December 18, 2019 9:48 AM
**To:** Robert McDonald <rmcdonald@qualityloan.com>
**Cc:** IDSFC <IDSFC@qualityloan.com>; Jeffrey Stenman <jstenman@qualityloan.com>; Lance Olsen <LOlsen@McCarthyHolthus.com>; Michael Lappano <mlappano@invitationhomes.com>
**Subject:** RE: SULEIMAN | RE: TS# WA-18-835092-SW

Rocky,

This is the first email you have indicated that you are in contact with PHH Mortgage Services. Do they have separate counsel for this matter? I have not received any contact from anyone at PHH Mortgage so far and I believe they need to be part of this discussion. We also have a fundamental disagreement about the status of this VOID mortgage. It is not the Debtor's responsibility to remedy the discharge violation or to remedy a violation of the deed of trust act. As Ms. Hoover's attorney I am trying to engage all parties to put you on notice to remedy this matter before she is forced to bring this before the court. However, as part of the due diligence required, I insist that if you have made contact with PHH Mortgage Services, that their attorneys be included in these discussions and that they contact me with their version of the events here.  I do believe that the Debtors and the third party purchaser have different interests here.. and since the sale of a void foreclosure was caused by PHH Mortgage and QLS, it would be up to you and PHH to come up with a solution that rescinds the mortgage and justly compensates my client and/or the third party purchaser. To date I have not heard any adequate resolution from you on this matter aside from sending us to court to file a lawsuit.


**Christina L. Henry,** *Attorney*
**Henry & DeGraaff, P.S.**
**787 Maynard Ave S**
**Seattle, Washington  98104**
**Tel 206/330-0595**

**Fax 206-400-7609**
[chenry@HDM-legal.com](mailto:chenry@HDM-legal.com)

CONFIDENTIALITY NOTICE:  This e-mail may contain information that is protected by the attorney-client and/or the attorney-work product privilege.  It is intended only for the individual named above and the privileges are not waived by virtue of this having been sent by e-mail.  If you are not the intended recipient ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  If you have received this communication in error, please immediately notify us by return e-mail or telephone at the e-mail address or telephone number listed above and destroy this transmission and any attachments without reading or saving in any manner.  Thank you

**From:** Robert McDonald <[rmcdonald@qualityloan.com](mailto:rmcdonald@qualityloan.com)>
**Sent:** Tuesday, December 17, 2019 10:43 PM
**To:** Christina Henry <[chenry@hdm-legal.com](mailto:chenry@hdm-legal.com)>
**Cc:** IDSFC <[IDSFC@qualityloan.com](mailto:IDSFC@qualityloan.com)>; Jeffrey Stenman <[jstenman@qualityloan.com](mailto:jstenman@qualityloan.com)>; Lance Olsen <[LOlsen@McCarthyHolthus.com](mailto:LOlsen@McCarthyHolthus.com)>; [michaellappano@invitationhomes.com](mailto:michaellappano@invitationhomes.com)
**Subject:** SULEIMAN | RE: TS# WA-18-835092-SW

Christina

I am in receipt of your December 12, 2019 letter and wish to respond to your request to have the Trustee's Sale held rescinded by the Trustee. As this foreclosure sale was already held and the Trustee's Deed delivered when the Trustee was made aware of the Hoover bankruptcy filing there was nothing the Trustee could do stop the issuance and delivery of the Trustee's Deed Upon Sale to the third party purchaser. To take any action concerning this requested rescission all parties must agree to a resolution absent a Court Order. With the Deed being recorded it will likely take a Court Order to have the recorded Deed invalidated and recognized by title. My client has offered to assist twice with finding a resolution to this matter in the event your client and the third party purchaser have agreed on a resolution or alternative to litigation. To date I have not been advised that the parties have reached any such agreement. As I stated in my previous message, I am very interested in final resolution as to this matter. Here the Trustee is holding surplus funds that it wishes to deposit with the Court pursuant to RCW 61.24.080 – however the Trustee is awaiting direction from the parties or the Court if litigation is ultimately pursued before taking any further action in an attempt to keep the issue relatively simple and straight forward. It is my understanding the third party purchaser is retaining counsel to address this matter with the goal of seeking to reopen the Hoover matter to seek retroactive annulment of the automatic stay to validate this foreclosure sale. I provide this information to confirm to your office that the Trustee will of course follow and be bound by any Court Order issued

4

concerning the validity of the sale held. Please let me know if you have any questions. Thank you.

**Robert W. McDonald** | *General Counsel*



*"Excellence Starts Here"*

108 1st Avenue South, Suite 202
Seattle, WA 98104
d. 206.596.4862 | f. 206.274.4902 | c. 206.673.6523
rmcdonald@qualityloan.com

*Your feedback is warmly welcomed and greatly appreciated! Please feel free to send us your suggestions, comments, and/or concerns to QLSFeedback@qualityloan.com.*

***CONFIDENTIALITY NOTICE:*** *The information contained herein may be privileged and protected by the attorney/client and/or other privilege. It is confidential in nature and intended for use by the intended addressee only. If you are not the intended recipient, you are hereby expressly prohibited from dissemination distribution, copy or any use whatsoever of this transmission and its contents. If you receive this transmission in error, please reply or call the sender and arrangements will be made to retrieve the originals from you at no charge. Federal law requires us to advise you that communication with our office could be interpreted as an attempt to collect a debt and that any information obtained will be used for that purpose.*

**LEGAL DISCLAIMER:  Please be advised that while the opinions expressed herein are provided by an attorney employed by Quality Loan Service Corp. of Washington, Quality Loan Service Corp. of Washington is not a law office.  The legal analysis of any situation depends on a variety of factors and the opinions expressed herein could change based on the specific facts of any given situation.  The information and opinions set forth herein are intended as general information only, and are not intended to serve as legal advice or as a substitute for legal counsel. If you have a question about a specific factual situation, you should contact an attorney directly.**

---

**From:** Robert McDonald
**Sent:** Monday, December 2, 2019 3:14 PM
**To:** 'Christina Henry' <chenry@hdm-legal.com>
**Cc:** IDSFC <IDSFC@qualityloan.com>; Jeffrey Stenman <jstenman@qualityloan.com>; Lance Olsen <LOlsen@McCarthyHolthus.com>; 'michaellappano@invitationhomes.com' <michaellappano@invitationhomes.com>
**Subject:** RE: SULEIMAN | RE: TS# WA-18-835092-SW - Notice of Automatic Stay Violation *CONFERENCE CALL 12.2.2019?*

Christina

Addressing the four issues identified in your most recent message and adding Mr. Lappano to assist with creating a constructive dialogue.

1. **The Trustee's Deed Upon Sale was executed and issued to the third party purchaser an entire week before Ms. Hoover contacted the Trustee to inform that she had filed bankruptcy.** The Deed had already been issued and delivered to the purchaser. The Trustee was unable to rescind the deed after issuance and delivery.

2. It appears the that Ms. Hoover may have used an incorrect Social Security Number ("SSN") when she filed her bankruptcy. The SSN in our file for her was searched for active bankruptcies both before the Trustee's Sale was held and again after the sale and also before the TDUS was drafted, executed and delivered to the third party purchaser. Had she filed her bankruptcy with her correct SSN it is highly likely our internal systems would have automatically located the filed BK causing the Trustee's Sale at a minimum to be postponed.

3. Quality follows the Deed of Trust Act RCW 61.24 *et al* when advancing a non-judicial foreclosure concerning a obligor or grantor who may be deceased. Ms. Hoover was provided notice of the sale as required by statute.

4. The sale did generate surplus funds in the amount of $167,407.96, funds are typically deposited with the Court 45 days post dale with notice sent to all parties 60 days from the date of the sale held. Here based on the issued raised by Ms. Hoover and likelihood that all funds will need to returned to the third party purchaser, I have instructed the law firm handling the notice of deposit to hold the funds until the matter concerning the sale rescission is resolved. Should the sale be unwound, the surplus fund would be added to the funds required to be returned by PHH to the third party purchaser.

**Robert W. McDonald** | *General Counsel*



*"Excellence Starts Here"*

108 1st Avenue South, Suite 202
Seattle, WA 98104
d. 206.596.4862 | f. 206.274.4902 | c. 206.673.6523
rmcdonald@qualityloan.com

*Your feedback is warmly welcomed and greatly appreciated! Please feel free to send us your suggestions, comments, and/or concerns to QLSFeedback@qualityloan.com.*

***CONFIDENTIALITY NOTICE***: *The information contained herein may be privileged and protected by the attorney/client and/or other privilege. It is confidential in nature and intended for use by the intended addressee only. If you are not the intended recipient, you are hereby expressly prohibited from dissemination distribution, copy or any use whatsoever of this transmission and its contents. If you receive this transmission in error, please reply or call the sender and arrangements will be made to retrieve the originals from you at no charge. Federal law requires us to advise you that communication with our office could be interpreted as an attempt to collect a debt and that any information obtained will be used for that purpose.*

**LEGAL DISCLAIMER: Please be advised that while the opinions expressed herein are provided by an attorney employed by Quality Loan Service Corp. of Washington, Quality Loan Service Corp. of Washington is not a law office. The legal analysis of any situation depends on a variety of factors and the opinions expressed herein could change based on the specific facts of any given situation. The information and opinions set forth herein are intended as general information only, and are not intended to serve as legal advice or as a substitute for legal counsel. If you have a question about a specific factual situation, you should contact an attorney directly.**

---

**From:** Christina Henry <chenry@hdm-legal.com>
**Sent:** Monday, December 2, 2019 12:41 PM
**To:** Robert McDonald <rmcdonald@qualityloan.com>
**Cc:** IDSFC <IDSFC@qualityloan.com>; Jeffrey Stenman <jstenman@qualityloan.com>; Lance Olsen <LOlsen@McCarthyHolthus.com>
**Subject:** RE: SULEIMAN | RE: TS# WA-18-835092-SW - Notice of Automatic Stay Violation *CONFERENCE CALL 12.2.2019?*

Rocky,

We are in contact with the third party purchaser and have communicated with Michael Lappano from Invitation Homes; they were served with the same letter sent to you on November 26th. We also mailed the letter to PHH Mortgage and US Bank, but we would appreciate any assistance you could give to make sure your contact for the foreclosure receives my letter (directly from you if possible). Our goal is, of course, to notify everyone of the issues regarding this void foreclosure sale as soon as possible.

As to your other issues: Aside from the issue that the foreclosure sale was void, RCW 61.24.050(2) plainly allows the trustee to declare the trustee's sale and trustee's deed of trust void (up to the eleventh day following the trustee's sale). You have acknowledged that you had actual knowledge of Ms. Hoover's bankruptcy filing on 9/24/2019. Since the foreclosure took place on 9/13/2019, this also acknowledges that you had actual knowledge of the bankruptcy within the statutory time period which would have permitted voiding or rescinding the sale, and yet you did nothing to void the sale. Given that statutory provision, I am not sure why, as the trustee, you would send a trustee's deed (in any foreclosure, not just this one) to the buyer before the twelfth day following a foreclosure sale, but especially in a situation where you knew that Mr. Suleiman was deceased and his heir was residing in the property.

You also mentioned that Ms. Hoover used a different Social Security number, but I am not sure what you mean - do you mean that hers differed from her father's? Ms. Hoover was in contact with PHH Mortgage Services prior to the bankruptcy in an attempt to obtain a loan modification and/or an assumption of the mortgage, and as part of that process sent them her tax returns and loan modification applications that included her Social Security number. Other than that, I have no information why you have the wrong Social Security number, because Ms. Hoover has certainly informed PHH Mortgage of the correct number on numerous occasions and spread over numerous documents.

Lastly, I am not sure what kind of process Quality Loan Servicing goes through for a foreclosure where the borrower was deceased, but in this case, when Mr. Suleiman died, his estate was assigned a personal representative (as would be expected) and the properties were in a trust with Ms. Hoover as the beneficiary. PHH Mortgage was given all this information, but it is also filed as a matter of public record in King County Superior Court. I have attached the relevant documents for your review, but I would also assume the Trustee would have done due diligence

prior to moving for foreclosure and at the very least would have known that there was a personal representative and how to contact her.

One last thing.. my client has received no notice of surplus funds and from the trustee's deed it appears that they were quite substantial.


**Christina L. Henry,** *Attorney*
**Henry & DeGraaff, P.S.**
**787 Maynard Ave S.**
**Seattle, Washington  98104**
**Tel 206/330-0595**
**Fax 206-400-7609**
chenry@HDM-legal.com

CONFIDENTIALITY NOTICE:  This e-mail may contain information that is protected by the attorney-client and/or the attorney-work product privilege.  It is intended only for the individual named above and the privileges are not waived by virtue of this having been sent by e-mail.  If you are not the intended recipient ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  If you have received this communication in error, please immediately notify us by return e-mail or telephone at the e-mail address or telephone number listed above and destroy this transmission and any attachments without reading or saving in any manner.  Thank you

**From:** Robert McDonald <rmcdonald@qualityloan.com>
**Sent:** Wednesday, November 27, 2019 3:13 PM
**To:** Christina Henry <chenry@hdm-legal.com>
**Cc:** IDSFC <IDSFC@qualityloan.com>; Jeffrey Stenman <jstenman@qualityloan.com>; Lance Olsen <LOlsen@McCarthyHolthus.com>
**Subject:** SULEIMAN | RE: TS# WA-18-835092-SW - Notice of Automatic Stay Violation *CONFERENCE CALL 12.2.2019?*

Christina

As I wrote in my response yesterday afternoon I am willing to assist, and you have the cooperation of the Trustee, however we must also include the third party purchaser and the loan servicer/beneficiary in your request as the Trustee is unable to take unilateral action to resolve the issues presented. Please note when the Trustee was made aware of the Hoover bankruptcy filed, the Trustee's Sale had already been held, the Trustee's Deed had already been drafted, already been executed and already sent to the third party purchaser. I cannot speak to if the third party purchaser also may have already as of 9.24.2019 sent his Trustee's Deed to record with the Auditor; but what I do know is the Trustee was not in physical possession of the deed on 9.24.2019 and the Trustee had no ability or opportunity to stop the Trustee's Deed from being issued and or recorded by the third party purchaser. Also of importance and note, Ms. Hoover is neither the obligor under the subject note or grantor under the instant deed of trust. Although the Trustee honored her request for a reinstatement quote pre-sale, nothing to date has been provided to the Trustee to indicate or support the position that Ms. Hoover has a legal interest or equitable interest in the subject property. The Trustee does not at this time concur in your blanket assessment the Trustee's Sale was "done in violation of the automatic stay." As stated, the Trustee acknowledges the bankruptcy filed, however without documentation supporting Ms. Hoover has a defined legal or equitable interest in the subject property the Trustee is not in a position to reach a conclusion as to that legal determination.

8

To understand how the parties arrived where they find themselves today, I must ask what actions do you believe Quality could have taken after being noticed of the bankruptcy to address the alleged violation? This matter was also complicated by the issue of different social security numbers used by Ms. Hoover. The beneficiary's file contains the SSN for Ms. Hoover of ████ 8882, which is the SSN I have verified through LexisNexis as belonging to Sarah V Hoover, her Court pleading indicate the last four digits match, however when I run a manual search in Pacer for her full and correct SSN – nothing populates as an associated case for that SSN. Can you please review with your client and advise as to why this may be the case? Any explanation as to if she used a different SSN may help explain why the BANKO searches ran on this file (ever 24 hours by the Trustee) yielded no hits as to an applicable active bankruptcy and stay. If we can confirm she did use her correct SSN that would also be helpful to assist the Trustee in identifying and isolating in its systems why it [Quality] was unable to self-identify this bankruptcy prior to the Trustee's Sale held. I am very interested in getting the bottom of this issue as I want to ensure any issues on this file are isolated to this file.



Addressing next steps, have you contacted the third party purchaser to discuss having the sale unwound? If not you will need to do that as soon as possible. The Trustee has no reason to believe that PHH will not cooperate with the request of your client to have the sale unwound. In the spirit of cooperation and working towards a resolution, I ask you to contact the third party purchaser and obtain their position as to your request to have the sale unwound. You may also want to ask them to delay the filing of any potential unlawful detainer action until this matter has been resolved. I ask this of your client as based on the above it is your client's failure to provide notice to the Trustee of the bankruptcy filed, possible failure to file her bankruptcy with her correct SSN and failure to timely act since the sale was held that has placed the parties in the position that they find themselves in today. While the Trustee is certainly ready and able to help, your client must also assume some responsibility and assist with the solution as it is her failures that are the reason that the parties find themselves in the instant situation. I recommend setting up a conference call with the third party purchaser, trustee and your office on Monday 12.2.2019 to fully discuss the position of the parties in an attempt to reach an agreed resolution short of litigation. Please let me know if you have any availability for a call Monday and if so when. Thank you and have a happy holiday.

**Robert W. McDonald** | *General Counsel*



*"Excellence Starts Here"*

108 1st Avenue South, Suite 202
Seattle, WA 98104
d. 206.596.4862 | f. 206.274.4902 | c. 206.673.6523
rmcdonald@qualityloan.com

*Your feedback is warmly welcomed and greatly appreciated! Please feel free to send us your suggestions, comments, and/or concerns to QLSFeedback@qualityloan.com.*

**CONFIDENTIALITY NOTICE**: *The information contained herein may be privileged and protected by the attorney/client and/or other privilege. It is confidential in nature and intended for use by the intended addressee only. If you are not the intended recipient, you are hereby expressly prohibited from dissemination distribution, copy or any use whatsoever of this transmission and its contents. If you receive this transmission in error, please reply or call the sender and arrangements will be made to retrieve the originals from you at no charge. Federal law requires us to advise you that communication with our office could be interpreted as an attempt to collect a debt and that any information obtained will be used for that purpose.*

**LEGAL DISCLAIMER:  Please be advised that while the opinions expressed herein are provided by an attorney employed by Quality Loan Service Corp. of Washington, Quality Loan Service Corp. of Washington is not a law office.  The legal analysis of any situation depends on a variety of factors and the opinions expressed herein could change based on the specific facts of any given situation.  The information and opinions set forth herein are intended as general information only, and are not intended to serve as legal advice or as a substitute for legal counsel. If you have a question about a specific factual situation, you should contact an attorney directly.**

**From:** Christina Henry <chenry@hdm-legal.com>
**Sent:** Wednesday, November 27, 2019 8:59 AM
**To:** Robert McDonald <rmcdonald@qualityloan.com>; Lance Olsen <LOlsen@McCarthyHolthus.com>
**Cc:** IDSFC <IDSFC@qualityloan.com>; Jeffrey Stenman <jstenman@qualityloan.com>
**Subject:** RE: SULEIMAN | RE: TS# WA-18-835092-SW - Notice of Automatic Stay Violation

Rocky,

I understand the issues you are raising here but it does not change the fact that actions done in violation of the automatic stay are void. *In re Schwartz*, 954 F.2d 569 (9th Cir. 1992). It also does not change the fact that, as detailed in the letter, PHH knew about the bankruptcy filing. Additionally, as you acknowledge in your email below, you knew that Mr. Suleiman was deceased and at least by September 24, 2019 you knew that the sale was done in violation of the automatic stay and yet you did nothing even though the trustee's deed was not filed and recorded until September 26, 2019.  As I am sure you aware, you have an affirmative duty to conform to the automatic stay. *Sternberg v. Johnston*, 595 F.3d 937, 942 (9th Cir. 2010).  Lastly, I will also note that *Sundquist v. Bank of America*, 566 B.R. 563, 577 (Bankr. E.D. CA 2017) includes similar facts regarding notice of the bankruptcy filing and is instructive on this point.  In that case the court noted the following:

"Case law in this circuit establishes that all acts in violation of the stay are void from the outset, not merely voidable. *E.g., Schwartz*, 954 F.2d at 572-73. Similarly, subsequent dismissal of a case does not ratify an act that was void from the outset. *40235 Washington St. Corp.*, 329 F.3d at 1080 n.2. And, liability continues until a stay violation has been corrected. *Snowden*, 769 F.3d at 659 & 662."

With these cases in mind, the stay violation remains, there has been a failure to remedy it, and the violation is continuing. At this time I request that you notify PHH Mortgage about this matter and seek counsel as to how to resolve the matter. Lastly, Ms. Hoover has been threatened with eviction as of December 1, 2019 so this issue is time sensitive.

**Christina L. Henry,** *Attorney*
**Henry & DeGraaff, P.S.**
**787 Maynard Ave S.**
**Seattle, Washington  98104**
**Tel 206/330-0595**
**Fax 206-400-7609**
chenry@HDM-legal.com

CONFIDENTIALITY NOTICE:  This e-mail may contain information that is protected by the attorney-client and/or the attorney-work product privilege.  It is intended only for the individual named above and the privileges are not waived by virtue of this having been sent by e-mail.  If you are not the intended recipient ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  If you have received this communication in error, please immediately notify us by return e-mail or telephone at the e-mail address or telephone number listed above and destroy this transmission and any attachments without reading or saving in any manner.  Thank you

**From:** Robert McDonald <rmcdonald@qualityloan.com>
**Sent:** Tuesday, November 26, 2019 5:27 PM
**To:** Christina Henry <chenry@hdm-legal.com>; Lance Olsen <LOlsen@McCarthyHolthus.com>
**Cc:** IDSFC <IDSFC@qualityloan.com>; Jeffrey Stenman <jstenman@qualityloan.com>
**Subject:** SULEIMAN | RE: TS# WA-18-835092-SW - Notice of Automatic Stay Violation

Christina

Thank you for your letter. On this file SULEIMAN – the Trustee was in communication with Ms. Hoover prior to the Trustee's Sale held 9.13.2019. I personally spoke with her on 8.14.2019 and discussed a variety of foreclosure alternatives including, loan assumption, loss mitigation and reinstatement. My system notes also indicate I advised her to contact a lawyer with any questions (she may have) to assist with foreclosure avoidance. Following my call with Ms. Hoover on 8.14.2019, she requested a reinstatement quote. On 9.4.2019 an updated RIQ was issued to her via email. See attached email referencing RIQ Release.

As the sale held 9.13.2019 and the issue of notice of the bankruptcy filed. The Trustee was first altered to filing of the bankruptcy after the Trustee's Sale was held and Trustee's Deed upon Sale issued on 9.17.2019. See Email dated 9.24.2019 indicating notice of BK to Trustee 9.24.2019 and Hoover VM to Robert McDonald dated 10.10.2019 – referencing call "last week." Your letter indicates "After discovering that her home had been sold via a nonjudicial foreclosure sale on September 13, 2019, Ms. Hoover contacted Robert McDonald at Quality Loan Service Corp. shortly after the sale to inquire about how to rescind the foreclosure sale, because it took place

11

after her bankruptcy filing." Although "shortly" after the sale is referenced in your letter – that period of time is undefined, the Trustee's file does not log a call between 9.13.2019 and 9.24.2019 on this file or show any such communication until after the above date of September 24, 2019 which the Trustee first received notice of a bankruptcy filed.

As referenced in the 9.24.2019 Trustee's email to the Trustee's bankruptcy counsel (provided under limited condition that attorney client privilege continues to be asserted and is not waived), the Trustee's automatic BANKO searches for interested parties on this loan yielded no hits for Ms. Hoover's filing pre or post sale Trustee's Sale – essentially the Trustee was placed on notice of the bankruptcy when alerted by Ms. Hoover on 9.24.2019. The Trustee believes that a reason why the automatic bankruptcy searches did not identify the bankruptcy filing in question could be if Ms. Hoover did not file her bankruptcy case with the same social security number referenced in the beneficiary's system. If so, here would have been no way to identify the bankruptcy filed absent contacting the Trustee prior to sale or issuance of the Trustee's Deed. The Trustee also has no information or supporting documentation that the loan servicer or beneficiary was provided notice of Ms. Hoover's bankruptcy pre Trustee's Sale other than the information provided in your instant letter.

Bottom-line, the Trustee was not aware of any active bankruptcy filing by Ms. Hoover until after the sale in question was held and third party deed issued. If the Trustee would have been noticed pre foreclosure, the Trustee's Sale would at a minimum be postponed under RCW 61.24.040(10) if not cancelled. The Trustee is more than happy to cooperate with your request to assist with sale's rescission; however the Trustee alone cannot invalidate the sale held at this time as the Deed has recorded. Should the interested parties which would include Ms. Hoover, the third party purchaser and the beneficiary all agree to have the sale invalidated, the Trustee will of course also agree and will even draft the rescission instruments for all parties to sign. Please let me know how you wish to proceed and how I can assist.

**Robert W. McDonald** | *General Counsel*



*"Excellence Starts Here"*

108 1st Avenue South, Suite 202
Seattle, WA 98104
d. 206.596.4862 | f. 206.274.4902 | c. 206.673.6523
rmcdonald@qualityloan.com

*Your feedback is warmly welcomed and greatly appreciated! Please feel free to send us your suggestions, comments, and/or concerns to QLSFeedback@qualityloan.com.*

*CONFIDENTIALITY NOTICE: The information contained herein may be privileged and protected by the attorney/client and/or other privilege. It is confidential in nature and intended for use by the intended*

12

*addressee only. If you are not the intended recipient, you are hereby expressly prohibited from dissemination distribution, copy or any use whatsoever of this transmission and its contents. If you receive this transmission in error, please reply or call the sender and arrangements will be made to retrieve the originals from you at no charge. Federal law requires us to advise you that communication with our office could be interpreted as an attempt to collect a debt and that any information obtained will be used for that purpose.*

**LEGAL DISCLAIMER:  Please be advised that while the opinions expressed herein are provided by an attorney employed by Quality Loan Service Corp. of Washington, Quality Loan Service Corp. of Washington is not a law office.  The legal analysis of any situation depends on a variety of factors and the opinions expressed herein could change based on the specific facts of any given situation.  The information and opinions set forth herein are intended as general information only, and are not intended to serve as legal advice or as a substitute for legal counsel. If you have a question about a specific factual situation, you should contact an attorney directly.**

**From:** Christina Henry <chenry@hdm-legal.com>
**Sent:** Tuesday, November 26, 2019 3:50 PM
**To:** Robert McDonald <rmcdonald@qualityloan.com>; Lance Olsen <LOlsen@McCarthyHolthus.com>
**Subject:** TS# WA-18-835092-SW - Notice of Automatic Stay Violation

Rocky and Lance,

Please see the attached letter sent on behalf of my client Sarah Hoover regarding an automatic stay violation for the nonjudicial foreclosure sale that occurred on September 13, 2019. I look forward to discussing the matter with both of you.

You will also receive the letter by mail and by fax to Rocky.

**Christina L. Henry,** *Attorney*
**Henry & DeGraaff, P.S.**
**787 Maynard Ave S.**
**Seattle, Washington  98104**
**Tel 206/330-0595**
**Fax 206-400-7609**
chenry@HDM-legal.com

CONFIDENTIALITY NOTICE:  This e-mail may contain information that is protected by the attorney-client and/or the attorney-work product privilege.  It is intended only for the individual named above and the privileges are not waived by virtue of this having been sent by e-mail.  If you are not the intended recipient ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  If you have received this communication in error, please immediately notify us by return e-mail or telephone at the e-mail address or telephone number listed above and destroy this transmission and any attachments without reading or saving in any manner.  Thank you