# EXHIBIT K

DocuSign Envelope ID: 36C5EA80-B769-4584-9C3D-2308BFFFCBBD

IN THE U.S. BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>SARAH HOOVER,<br><br>Debtor. | Case No. 19-42890-MJH<br><br>Adv No. 20-04002-MJH<br><br>Chapter 13 |
| SARAH HOOVER,<br>Plaintiff,<br>v.<br><br>QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, PHH MORTAGE CORPORATION DBA PHH MORTGAGE SERVICES, HSBC BANK USA, NA as Trustee of the Fieldstone Mortgage investment Trust, Series 2006-2; NEWREZ, LLC, IH6 PROPERTY WASHINGTON, LP, DBA INVITATION HOMES,<br><br>Defendants. | IH6 PROPERTY WASHINGTON, LP'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION |

Defendant IH6 Property Washington, LP ("IH6") submits the following objections and responses to Plaintiff's First set of Interrogatories and Requests for Production.

**General Objections**

IH6 makes the following general objections, each of which is incorporated into IH6's specific objections below.

DEFENDANT IH6 PROPERTY'S RESPONSES TO FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION - 1

*Schweet Linde & Coulson, PLLC*
575 S. Michigan St.
Seattle, WA 98108

1. IH6 objects to the Requests to the extent they seek to impose obligations on IH6 beyond those otherwise imposed or recognized under the Civil Rules and local rules.

2. By responding to the Requests, IH6 does not admit that discovery requested—or provided and produced—are relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence.

3. IH6 objects to the Requests to the extent they seek production of information of documents that are protected from disclosure or otherwise covered by or under the attorney-client privilege, the work-product doctrine or any other applicable privilege, immunity or protection. IH6 hereby asserts all such privileges, immunities, and protections and such documents will not be produced.

4. IH6 objects to the Requests to the extent they are vague, overbroad, unduly burdensome or otherwise seek information or documents that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. IH6 objects to the Requests to the extent they seek information or evidence already in the knowledge, possession, custody or control of Plaintiff or its agents, are otherwise equally accessible to Plaintiff, and/or are already being obtained from other sources.

5. IH6 objects to the Requests to the extent that they seek to impose upon IH6 the burden and expense of investigating, identifying or verifying information that Plaintiff has equally ability to investigate, identify or verify on its own.

6. IH6 objects to the Requests to the extent that they would require IH6 to search for and provide information and documents that are not in IH6's possession, custody, or control, or call for IH6's to prepare documents and/or things that do not already exist.

7. IH6 objects to the Requests to the extent they seek information and/or documents not reasonably limited in time or duration.

8. IH6 objects to any explicit or implicit characterization of facts, events, circumstances, issues or legal conclusions in the Requests.

9. IH6's answers are based on its knowledge and investigation to date and will be supplemented or amended if necessary or appropriate. No objection made herein, or lack thereof, shall be deemed an admission by IH6 as to the existence or nonexistence of any requested information. IH6 reserves the right to amend, revise, correct, add to or clarify the objections and responses set forth herein.

10. Subject to and without waiver of the foregoing General Objections, each of which is hereby incorporated into each of the responses below, whether or not repeated for emphasis, IH6 states the following additional Specific Objections and Responses, tracking the numerical order set forth in the Requests.

**Specific Responses**

Interrogatory No. 1. Identify the person(s) who answered or participated in answering each of these interrogatories. Include the position held by the respondent for IH6, including the length of time the respondent has held this position, the duties performed for IH6, and the reasons why this individual or individuals is qualified to respond to these interrogatories.

Answer: Michael Lappano, Sr. Regional Director of Acquisitions for Invitation Homes. Mr. Lappano has been a Director of Acquisitions since October of 2012 and is familiar with IH6's purchase of the Property.

Jaqueline Rumens, Portfolio Operations Director. Ms. Rumens has been employed with Invitation Homes since 2013 and emailed Ms. Hoover regarding renting the Property post-sale.

DEFENDANT IH6 PROPERTY'S RESPONSES TO FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION - 3

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
206-275-1010

Case 20-04002-MJH    Doc 73-20    Filed 11/13/20    Ent. 11/13/20 21:51:27    Pg. 4 of 9

DocuSign Envelope ID: 36C5EA80-B769-4584-9C3D-2308BFFFCBBD

Interrogatory No. 2: Identify the dates of communication IH6 had with Sarah Hoover after September 13, 2019.

Answer: IH6 objects to this request because it is vague and seeks information already available to Plaintiff Sarah Hoover. Without waiving its objection, IH6 directs Plaintiff to IH6 production Bates 001-026.

Interrogatory No. 3: Identify the dates of communications IH6 had with Defendant QLS concerning the Property after September 13, 2019.

Answer: IH6 objects to this request because it is vague, overly broad, unduly burdensome, and seeks privileged communications. Without waiving its objection, IH6 directs Plaintiff to QLS's response to Interrogatory No. 13 and its document production.

Interrogatory No. 4: Identify the dates of communication IH6 had with Defendant PHH concerning the Property and/or Plaintiff after September 13, 2019.

Answer: IH6 objects to this request because it is overly broad, vague as to "documents", not reasonably limited in time or subject matter, not reasonably calculated to lead to discoverable information, and overly burdensome. Without waiving its objections, IH6 is not aware of any communications with PHH before the date IH6's motion to reopen was filed.

Interrogatory No. 5: Identify the number of properties IH6 has purchased at Washington State foreclosure sales in 2019.

Answer: IH6 objects to this Interrogatory because it is vague and/or ambiguous as to the term "purchased" and "foreclosure sales". IH6 also objects because the Interrogatory is overly burdensome, requests information that is outside the scope of discovery, and requests

DEFENDANT IH6 PROPERTY'S RESPONSES TO
FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION - 4

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108

Case 20-04002-MJH    Doc 73-20    Filed 11/13/20    Ent. 11/13/20 21:51:27    Pg. 5 of 9

information that is not readily ascertainable. Without waiving its objection, IH6 responds that it purchased 14 properties in nonjudicial foreclosure sales in Washington in 2019.

<u>Interrogatory No. 6</u>: Identify the number of properties IH6 has purchased at Washington State foreclosure sales year to date in 2020.

<u>Answer</u>: IH6 objects to this Interrogatory because it is vague and/or ambiguous as to the term "purchased" and "foreclosure sales". IH6 also objects because the Interrogatory is overly burdensome, requests information that is outside the scope of discovery, and requests information that is not readily ascertainable. Without waiving its objection, IH6 answers that it has not purchased any properties at a foreclosure sale in Washington in 2020.

<u>Interrogatory No. 7</u>: Identify any actions IH6 took after learning about the bankruptcy filed by Sarah Hoover.

<u>Answer</u>: IH6 objects to this Interrogatory because it is vague as to what "any action" means, it is overly broad, outside the scope of discoverable information, and overly burdensome to list every action IH6 took after learning about the bankruptcy filed by Sarah Hoover.

<u>Interrogatory No. 8</u>: State the name(s) and address(es) of Your liability insurer(s) for the last three years and the dates of coverage, type, and policy number(s) of each liability insurance policy, and Identify and Describe each claim made in the last two years under each such policy, including the date of claim, claim number, the subject of the claim, the status of the claim, the resolution of the claim, and any amount paid under each policy.

<u>Answer</u>: IH6 objects to this Interrogatory on the grounds that it is overly broad, vague and ambiguous; it is not reasonably limited in scope by time or subject matter; and it seeks information not within the scope of discovery. Without waiving its objections, IH6 responds that it does not have an insurance policy that would be liable for a judgment entered in this matter.

DEFENDANT IH6 PROPERTY'S RESPONSES TO FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION – 5

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
206-275-1010

Case 20-04002-MJH    Doc 73-20    Filed 11/13/20    Ent. 11/13/20 21:51:27    Pg. 6 of 9

Interrogatory No. 9: From 2018-present, identify any other properties you purchased where the sale was rescinded. In your answer, identify the reasons for the rescission.

Answer: IH6 objects to this Interrogatory because it is vague as to what is meant by "rescinded." IH6 also objects because the Interrogatory is overly burdensome, requests information that is outside the scope of discovery, and requests information that is not readily ascertainable with the records. Without waiving its objections, IH6 is not aware of any trustee's deeds that have been rescinded for any property it has purchased at a nonjudicial foreclosure sale from 2018-present.

Request for Production No. 1: Produce all documents in your files that memorialize, document, or contain communications regarding the Property up until the date you filed a motion to reopen Ms. Hoover's bankruptcy case.

Response: IH6 objects to this request because it is unnecessarily burdensome and overly broad, it requests confidential and proprietary information, and it requests privileged communication. Without waiving its objections, see IH6 Production Bates Numbers 001-026.

Request for Production No. 2: Produce all documents that memorialize, document, or contain communication between you and Sarah Hoover (and/or her agents) up until the date you filed a motion to reopen Ms. Hoover's bankruptcy case.

Response: *See* IH6 Production Bates Numbers 001; 007-014, 025-026.

Request for Production No. 3: Produce all documents that memorialize, document, or contain communication between you and PHH up until the date you filed a motion to reopen Ms. Hoover's bankruptcy case.

Response: IH6 objects to this request because it is overly broad, vague as to "documents", not reasonably limited in time or subject matter, not reasonably calculated to lead

DEFENDANT IH6 PROPERTY'S RESPONSES TO
FIRST SET OF INTERROGATORIES AND REQUESTS
FOR PRODUCTION - 6

*Schweet Linde & Coulson, PLLC*
575 S. Michigan St.
Seattle, WA 98108
206-275-1010

Case 20-04002-MJH    Doc 73-20    Filed 11/13/20    Ent. 11/13/20 21:51:27    Pg. 7 of 9

to discoverable information, and overly burdensome. Without waiving its objections, IH6 is not aware of any communications with PHH before the date IH6's motion to reopen was filed.

Request for Production No. 5: Produce all documents that memorialize, document, or contain communications between you and QLS up until the date you filed a motion to reopen Ms. Hoover's bankruptcy case.

Response: All non-privileged communication between IH6 and QLS in this matter has been disclosed in QLS's production of documents; *see,* QLS response to request for production no. 12.

Request for Production No. 6: Produce all documents in your possession regarding the Property prior to the purchase at the September 13, 2019 foreclosure sale. [In other words, produce your internal file with respect to the Property as it existed on the morning of September 13, 2019].

Response: IH6 objects to this request because it is vague, unnecessarily burdensome and overly broad; it requests confidential and proprietary information; and it requests privileged communication. Without waiving its objections, please see IH6's production 001-026.

Request for Production No. 7: Produce all documents regarding your evaluation of the fair market value of the Property on September 13, 2019.

Response: IH6 objects to this request because it is vague, unnecessarily burdensome and overly broad; it requests confidential and proprietary information; and it requests privileged communication. IH6 also objects because the Request is not reasonably calculated to lead to the discovery of relevant information and is outside the scope of discovery.

Request for Production No. 8: Produce any liability insurance policy IH6 has for purchasing properties with title issues at a foreclosure sale.

DEFENDANT IH6 PROPERTY'S RESPONSES TO FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION - 7

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
(206) 275-1010

Case 20-04002-MJH    Doc 73-20    Filed 11/13/20    Ent. 11/13/20 21:51:27    Pg. 8 of 9

Response: IH6 objects to this Request as vague, overly broad, and outside the scope of discoverable information. Without waiving its objection, IH6 does not currently have a title insurance policy related to the Property.

**VERIFICATION**

I, Michael Lappano, am an employee of Invitation Homes, LLC and authorized by Invitation Homes, LLC and IH6 Property Washington, LP to execute this Verification. I have read the foregoing Interrogatories and Requests for Production of Documents and the answers and responses thereto and have reviewed the documents produced, know the contents thereof, and believe the answers to the Interrogatories and responses to the Requests to be true and the documents produced complete.

I certify under the penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this verification was executed on September __22__, 2020 at __Renton__, WA.



Signature
Michael Lappano
Print Name

**CERTIFICATE OF COUNSEL**

I, John McIntosh, am counsel for Defendant IH6 Property Washington, LP. I certify that the foregoing Responses to Interrogatories and Requests for Production are made in good faith; that there is a factual and/or legal basis for each of them; and that they are not being interposed for any improper purpose.

ANSWERS AND RESPONSES DATED this 22nd day of September 2020.

/s/John A. McIntosh
John A. McIntosh, WSBA #43113

DEFENDANT IH6 PROPERTY'S RESPONSES TO FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION - 8

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P: (206) 275-1010

Case 20-04002-MJH   Doc 73-20   Filed 11/13/20   Ent. 11/13/20 21:51:27   Pg. 9 of 9