Judge Mary Jo Heston
Chapter 13
Location: Tacoma
Hearing Date: November 20, 2020
Hearing Time: 9:00 a.m.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| IN RE:<br><br>SARAH HOOVER,<br><br>Debtor,<br><br>———<br><br>SARAH HOOVER,<br><br>Plaintiff,<br><br>v.<br><br>QUALITY LOAN SERVICE CORP. OF WASHINGTON, *et. al.*,<br><br>Defendants. | BK Case No. 19-42890-MJH<br><br>Adversary Case No. 20-04002-MJH<br><br>**IH6 PROPERTY WASHINGON, L.P.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

IH6 Property Washington, L.P. ("IH6 Property") submits this Reply in Support of its Motion for Summary Judgment.

1. <u>Moving for Relief from Stay is not a Violation of the Automatic Stay</u>

Debtor fails to submit any evidence that IH6 that violated the stay. It is undisputed IH6 Property did not know of Debtor's bankruptcy filing or her claimed interest in the Property when it purchased the Property at the trustee's sale, recorded the Trustee's Deed, and posted the notice to vacate. IH6 Property did not violate the stay by re-opening Debtor's bankruptcy case and filing

IH6 Properties Reply in Support of its Motion for Summary Judgment - 1

*Schweet Linde & Coulson, PLLC*
575 S. Michigan St.
Seattle, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 20-04002-MJH    Doc 77    Filed 11/17/20    Ent. 11/17/20 20:17:58    Pg. 1 of 4

a motion for relief from stay under § 362(d).  The stay does not apply to proceedings commenced against the debtor in the bankruptcy court where the debtor's bankruptcy is pending.  *In re North Coast Village, Ltd.*, 135 B.R. 641, 643 (9th Cir.BAP.1992).  Furthermore, assuming for purposes of argument only that the trustee's sale violated the stay, the fact that IH6 Property took the proper action by moving for relief weighs in favor of annulling the stay.  A <u>Debtor's failure</u> to commence a timely, appropriate proceeding to void the trustee's sale is grounds to annul the stay.  *In re Williams*, 204 Fed.Appx. 582, 584 (9th Cir. 2006).

  2. <u>Debtor is **not** an heir of Ali Suleiman and title never vested in the Debtor</u>

  It is undisputed that Debtor is not an heir or devisee of Ali Suleiman.  "When Ali Suleiman passed away, the Property became part of the Ali Suleiman Trust through a provision in Suleiman's will that contained a pour-over provision, by which assets were placed into the Suleiman Trust."[1] The Trust Agreement therefore governs and Washington courts consider the language of a trust as a whole and give effect to each part.  *In re Estate of Sherry*, 158 Wn. App. 69 (2010).  Providing a single page of the Trust Agreement as the Debtor did here is insufficient to determine the rights of any claimed beneficiary.  Debtor never provided the full Trust Agreement to anyone, it was not public record, and her status as a beneficiary was not publicly available.

  The terms of the Trust Agreement, read as a whole, expressly authorized the trustees to hold back Property.  The co-trustees in this case held back the Property, did not deed the Property to the Debtor and, as such, a condition precedent under the Trust Agreement was not met and title never vested in the Plaintiff.  Debtor repeatedly points to one provision of the Trust as authority that she had an "unconditional" right to the Property.  But that provision of the Trust Agreement cannot be read in isolation from the rest of the document.

---

[1] Dkt. 72 at p. 3.

IH6 Properties Reply in Support of its Motion for Summary Judgment - 2

SCHWEET LINDE & COULSON, PLLC
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

The effect of the Property not being deeded to the Debtor is that title was not vested in the Debtor on the date of the petition. As that court stated *in In re Walker*, 171 B.R. 197 (E.D.PA.Bankr. 1994), a nonjudicial foreclosure only affects legal title to the property and not any possessory right of the debtors. The nonjudicial foreclosure here foreclosed legal title, which was not stayed by the Debtor's bankruptcy filing. *In re Walker* applies here.

3. <u>The Trust has a valid Spendthrift Provision</u>

The Trust also had a valid spendthrift provision that expressly prevented the Property from being property of the estate. Debtor argues she had an "accrued distribution" to the Property under the Trust Agreement, but the express terms of the Trust and her own understanding was that the trustees were permitted to hold Trust property at their sole discretion if a beneficiary was, as is the case here, being sued or at risk of having a judgment entered against her.[2] The Debtor was represented and advised by counsel in her role as co-trustee of the Trust.[3] The Debtor and Amir Suleiman, as co-trustees of the Trust, maintain an active bank account for the Trust for which they are both authorized.[4] Debtor read the Trust Agreement and understood that there was no time frame when the Property had to be transferred.[5] The Debtor, acting as her role as co-trustee, took active steps to ensure that the Property remained protected by the spendthrift provision of the Trust. The effect of leaving the Property in the Trust was that there was no interest in the Property that came into the bankruptcy estate.

Debtor also argues that the Trust is void under RCW 19.36.020 because Ali Suleiman created the Trust during his lifetime. But RCW 19.26.020 only affects the settlor of a trust, Ali Suleiman, not the Debtor, who is a co-trustee and a beneficiary. RCW 19.26.020 provides that all

---

[2] Dkt. 43-1, p. 12 at § 4.3.25.
[3] Decl. of McIntosh in Support of Reply, Exhibit A at p. 2, lines 17-22.
[4] *Id*.
[5] *Id*., p. 4-5.

IH6 Properties Reply in Support of its Motion for Summary Judgment - 3

**SCHWEET LINDE & COULSON, PLLC**
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 20-04002-MJH    Doc 77    Filed 11/17/20    Ent. 11/17/20 20:17:58    Pg. 3 of 4

deeds of gift, all conveyances, and all transfers or assignments, verbal or written, of goods, chattels or things in action, made in trust for the use of <u>the person making the same, shall be void as against the existing or subsequent creditors of such person</u>. Ali Suleiman created the Trust, not the Debtor. This statute does not void the Trust's spendthrift provision as to the Debtor who is not the settlor. Under Washington law, a valid spendthrift trust must be funded by, or proceed from, a settlor other than the beneficiary, which happened here. The settlor cannot create a spendthrift trust for his own benefit and thereby place his property beyond the reach of his creditors. RCW 6.32.250. The spendthrift provision here is valid and enforceable on the date of the petition. As such, the Property was not Property of Debtor's bankruptcy estate.

4. <u>The stay should be annulled</u>

The equities in this case warrant annulling any stay that may have applied. Requesting annulment of the stay is not a concession, but is simply a request for relief in the alternative. Here, the Debtor is a sophisticated real estate professional that has purchased multiple properties at nonjudicial foreclosure sales. Debtor was represented by counsel when administering the estate and understood that she could keep the Property in the Trust. Debtor admittedly had financial problems and a lawsuit pending against her corporation where the Plaintiff was expressly seeking to pierce the corporate veil. Debtor intended to keep the Property in the trust where her interest in the Property was concealed from the public record and protected by a spendthrift provision. The stay, to the extent one applied, should be annulled.

Dated this 17th day of November, 2020

**SCHWEET LINDE & COULSON, PLLC**

 /s/John A. McIntosh
Thomas S. Linde, WSBA #14426
John A. McIntosh, WSBA #43113
Attorneys for IH6 Property Washington, L.P.

IH6 Properties Reply in Support of its Motion for Summary Judgment - 4

*SCHWEET LINDE & COULSON, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010 F (206) 381-0101

Case 20-04002-MJH    Doc 77    Filed 11/17/20    Ent. 11/17/20 20:17:58    Pg. 4 of 4