THE HONORABLE MARY JO HESTON
Chapter 13
Date of Hearing: April 8, 2021
Time of Hearing: 1:00 PM
Hearing Location: Telephonic
Response Due: April 1, 2021

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re<br><br>SARAH HOOVER,<br><br>    Debtor. | Chapter 13<br><br>Case No.: 19-42890-MJH<br><br>Adversary No.: 20-04002-MJH |
| SARAH HOOVER,<br><br>    Plaintiff,<br><br>  vs.<br><br>QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, PHH MORTGAGE CORPORATION D/B/A PHH MORTGAGE SERVICES, HSBC BANK USA, N.A., AS TRUSTEE OF THE FIELDSTONE MORTGAGE INVESTMENT TRUST, SERIES 2006-2, NEWREZ, LLC, AND IH6 PROPERTY WASHINGTON, L.P. D/B/A INVITATION HOMES<br><br>    Defendants. | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY
PROCEEDINGS PENDING APPEAL; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
AP No. 20-04002-MJH
Page 1

HOUSER LLP
600 University St.
Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 20-04002-MJH    Doc 95    Filed 03/15/21    Ent. 03/15/21 10:13:45    Pg. 1 of 15

# I. NOTICE OF HEARING

**PLEASE TAKE NOTICE** that defendants PHH Mortgage Corporation D/B/A PHH Mortgage Services; NewRez, LLC (individually, "NewRez"); and HSBC Bank USA, N.A., as Trustee of the Fieldstone Mortgage Investment Trust, Series 2006-2 (individually the "Trust") (collectively, "Defendants") will and hereby do move for the Court to stay proceedings pending Defendants' appeal from the orders of the Honorable Mary Jo Heston, United States Judge, Western District of Washington (the "Bankruptcy Court"), entitled Memorandum Decision on Cross-Motions for Summary Judgment (Doc. 81) ("Memorandum") and Order on Cross-Motions for Summary Judgment (Doc. 82) ("Order"), entered in this case on the 8th day of February, 2021, set for hearing as follows:

Judge: Honorable Mary Jo Heston

Date: April 8, 2021

Time: 1:00 p.m.

Place: Telephonic

Dial-in: 1-888-363-4749         Access Code: 5635947#

To join the call: Press # sign again Security code: 3887# Name: speak your name when prompted

Response Due: April 1, 2021

If you oppose the Motion, you must file your written response with the Clerk's office of the Bankruptcy Court and deliver copies to the undersigned not later than the Response Date. If no response is timely filed and served, the Court may, in its discretion, grant the Motion prior to the hearing without further notice, and strike the hearing.

DATED: March 15, 2021                **HOUSER LLP**

By: */s/ Emilie K. Edling*
Emilie K. Edling WSBA No. 45042
Robert W. Norman, Jr. WSBA No. 37094
*Attorneys for Defendants*

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
AP No. 20-04002-MJH
Page 2

HOUSER LLP
600 University St.
Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 20-04002-MJH    Doc 95    Filed 03/15/21    Ent. 03/15/21 10:13:45    Pg. 2 of 15

## II. INTRODUCTION

Defendants have moved for leave to appeal this court's Memorandum and Order entered February 8, 2021, orders which are appealable as a matter of right because they concern application of the automatic bankruptcy stay, a denial of annulment, and the turnover of real property. If true, this Court has no jurisdiction to proceed in this matter. However, even if there was not a final order and Defendants' appeal is wholly interlocutory, sound reasons exist for the District Court to grant leave to appeal. Accordingly, this court should exercise its "broad discretion" to stay proceedings pending Defendants' interlocutory appeal in order "to promote economy of time and effort for itself, for counsel, and for litigants." *Asis Internet Servs. V. Active Response Grp.*, No. C076211 THE, 2008 WL 4279695, at 3-4* (N.D. Cal. Sept. 16, 2018) (quoting *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972)).

## III. FACTUAL AND PROCEDURAL BACKGROUND

The pertinent factual background concerning this matter is known to the Court through the parties' recent summary judgment and other briefing and Defendants' Amended Motion for Reconsideration (ECF No. 94), which Defendants incorporate herein by reference. Defendants therefore briefly review the most recent events in this case.

### A. Defendants Appeal the Court's Denial of Motion to Annul and Partial Grant of Summary Judgment

On February 8, 2021, this Court granted in-part Plaintiff's Motion for Partial Summary Judgment (ECF No. 42) and denied Defendants' Motion to Annul the Automatic Stay effected upon the filing of the underlying bankruptcy case. (Bankr. No. 19-42890, ECF Nos. 17, 18, 40.) The Court's Memorandum Decision on Cross-Motions for Summary Judgment (ECF No. 81) ("Memorandum") and Order on Cross-Motions for Summary Judgment (ECF No. 82) ("Order") declined to annul the automatic stay and determined that Defendants had willfully violated the automatic stay when they foreclosed on property located at 18205 106th Street East, Bonney Lake (the "Property"), Washington – to which Plaintiff was not in title and which was held in a

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY
PROCEEDINGS PENDING APPEAL; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
AP No. 20-04002-MJH
Page 1

HOUSER LLP
600 University St.
Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 20-04002-MJH    Doc 95    Filed 03/15/21    Ent. 03/15/21 10:13:45    Pg. 3 of 15

trust created by Plaintiff's father, Ali Suleiman (the "Suleiman Trust") – when they had notice of Plaintiff's bankruptcy the day before the foreclosure sale, but failed to cancel the sale. (ECF No. 82.) The Court further ordered Defendants to work with Ms. Hoover to unwind the non-judicial foreclosure sale, which will effectively dispossess Defendant IH6 Property Washington, LP, ("IH6") of the Property that it purchased at the sale. (ECF No. 82 at 3.)

On February 26, 2021, Defendants filed a Notice of Appeal electing to have the appeal heard by the United States District Court for the Western District of Washington. (ECF No. 89.) Defendants further filed a Motion for Leave to Appeal, explaining that although portions of the Court's Memorandum and Order constituted a final order appealable as a matter of right, the District Court should also allow leave to appeal the portions of the order that were interlocutory in nature. (ECF No. 90.) Defendants explained that they challenged several aspects of the Memorandum and Order, including: (1) whether this Court correctly determined that the Property was part of the bankruptcy estate and protected by the automatic bankruptcy stay, given Ms. Hoover was not in title to the Property and the Property was held in a spendthrift trust; (2) whether this Court correctly balanced the equities in ruling to deny Defendants' Motion to Annul the Stay; (3) whether Defendants had raised a material issue of fact to avoid summary judgment on the issue of willfulness, given Plaintiff had not taken the necessary steps to assume the loan or become a successor in interest under the loan and there was therefore no debtor-creditor relationship with her; given there was no way to confirm her interest in the Property since she was not in title to Property and had not provided Defendants the Suleiman Trust document evidencing her right; and given the minimal and last-minute notice Plaintiff provided of her bankruptcy; and (4) whether there was adequate evidence in the record to find that Defendants' actions showed a "complete disregard for the automatic stay and Ms. Hoover's rights." (ECF No. 90.)

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY
PROCEEDINGS PENDING APPEAL; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
AP No. 20-04002-MJH
Page 2

HOUSER LLP
600 University St.
Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 20-04002-MJH    Doc 95    Filed 03/15/21    Ent. 03/15/21 10:13:45    Pg. 4 of 15

### B. Plaintiffs Propound Additional Comprehensive Discovery, the Parties Discuss Transferring Title to the Property, and Preparations for Trial Proceed

On February 18, 2021, this Court held a status conference in which she ordered the parties to confer regarding various matters, including (1) a plan for how to unwind the non-judicial foreclosure sale and (2) whether additional discovery should be allowed, and if so, a proposed timeline. This Court also re-set trial to begin on June 1, 2021, and conclude on June 4, 2021. (Minute Entry dated 2/18/21.)

The discovery deadlines in this case passed in the Fall of 2020 (ECF No. 24) and substantial discovery has already taken place in this matter. Plaintiff has filed no motion for leave to extend discovery, and Defendants have not had any opportunity to respond to such a motion. Yet, rather than first conferring as required by the Court, and during a time when discovery was closed, Plaintiff e-mailed Defendants' counsel substantial additional written discovery demands and notices of deposition on February 23, 2021. The demands include a second set of interrogatories and requests for production containing 15 new, intrusive interrogatories and 13 requests for production from each of the three moving Defendants, as well as unilaterally noticed 30(b)(1) depositions to take place on March 25 and March 26 for Defendants PHH, NewRez, and the Trust, in spite of the fact that Plaintiff previously deposed PHH's 30(b)(6) witness prior to summary judgment. The discovery will require considerable time and resources to respond to, and more importantly, Plaintiffs refuse to confer with counsel on the propriety of the discovery, including why it was not sought earlier and should be allowed after discovery has closed. The discovery requests also come at a time when Defendants are already taking the lead on scheduling mediation; have been involved in filing a Notice of Appeal, Motion for Leave to Appeal, and Motion for Reconsideration by the Court's February 26, 2021 deadline (ECF No. 86); and are attempting to confer with opposing counsel regarding the instant motion to stay and other matters.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY
PROCEEDINGS PENDING APPEAL; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
AP NO. 20-04002-MJH
Page 3

HOUSER LLP
600 University St.
Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 20-04002-MJH    Doc 95    Filed 03/15/21    Ent. 03/15/21 10:13:45    Pg. 5 of 15

Additionally, Plaintiff's counsel have pressed to proceed with unwinding the nonjudicial foreclosure as required by the Court's recent order, yet unwinding a non-judicial foreclosure is a cumbersome, complicated effort that likely cannot be done with a single document, may require court assistance, and is not a process free from legal dispute[1]. Defendants will need to ensure that the recorded ownership interest in the Property be returned to the party who held that interest prior to the sale, and also ensure that all lien interests in the Property that were previously wiped clean by the foreclosure sale are reinstated. At the same time, the parties plan to mediate in the near future in hopes of reaching a resolution prior to trial of this matter, and Defendants' counsel has been diligently working to find a mediator and date for mediation that the parties can agree to. In spite of the upcoming plan to mediate, the difficulties in unwinding the nonjudicial foreclosure sale, and the fact that there is a pending appeal as a matter of right, Plaintiff's counsel will not agree to a stay to save the parties time and expense and protect the rights of the parties pending mediation and/or appeal. Accordingly, Defendants bring the instant motion to stay to this Court's attention.

## IV.  POINTS AND AUTHORITIES

### A.  A Stay is Necessary Given the Likelihood that this Court has No Jurisdiction to Proceed Following Appeal from a Final Order

In the Ninth Circuit, bankruptcy court orders denying or granting motions to grant annulment of an automatic stay, interpreting the scope of an automatic stay, and disposing of property are final orders appealable as a matter of right.[2] Given the U.S. Supreme Court's recent

---

[1] As of this weekend, the parties are negotiating an option that appears viable and may reach an agreement on how to unwind the foreclosure sale and preserve appellate rights prior to a hearing on this matter; however, Defendants continue to contend that a stay is the more appropriate approach.

[2] *See In re Nat'l Envtl. Waste Corp.*, 129 F.3d 1052, 1054 (9th Cir. 1997) ("Orders granting or denying relief from the automatic stay are deemed to be final orders;" also ruling that decisions regarding annulment of stay are final orders appealable as of right); *In re Rogers*, 11 F. App'x 840, 842 (9th Cir. 2001) (noting ordinarily a ruling on annulment of stay would be a final order appealable as a matter of right); *Moore v. ING Bank, FSB*, No. C11-139Z,

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
AP No. 20-04002-MJH
Page 4

HOUSER LLP
600 University St.
Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 20-04002-MJH    Doc 95    Filed 03/15/21    Ent. 03/15/21 10:13:45    Pg. 6 of 15

ruling in accord two months ago, both Ninth Circuit and Supreme Court precedent indicate that this Court's February 8, 2021 Order and Memorandum determining the scope of the automatic stay and denying the motion to annul it were final and appealable as a matter of right. *Ritzen Grp., Inc. v. Jackson Masonry, LLC,* 140 S. Ct. 582, 592, 205 L. Ed. 2d 419 (2020) (holding denial from a motion for relief from stay was immediately appealable as a matter of right.) Further, orders requiring a party to immediately turn over property to a Debtor are immediately appealable as a matter of right because such an order "resolves and seriously affects substantive rights." *In re Even St. Prods. Ltd.*, No. LACV 17-1756 JGB, 2020 WL 4559511, at *5 (C.D. Cal. Aug. 6, 2020).[3] Here, the Court has issued an order requiring Defendants to immediately cooperate with Plaintiff in unwinding the nonjudicial foreclosure sale, which will result in depriving both Defendants and IH6 of a property interest and is another final order, appealable as a matter of right.

The filing of a notice of appeal from a final order is an event of jurisdictional significance and confers jurisdiction on the court hearing the appeal, while divesting the bankruptcy court "of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.") *See also In re Silberkraus*, 336 F.3d 864, 869 (9th Cir. 2003) (noting that bankruptcy court is generally

---

2011 WL 3586152, at *3 (W.D. Wash. Aug. 16, 2011) (noting 9th Circuit precedent that denial or grant of relief from automatic stay is a final order); *In re Aheong*, 276 B.R. 233, 250 (BAP 9th Cir. 2002) (holding decisions regarding annulment of stay are appealable as a matter of right). *See also United States v. Nicolet, Inc.*, 857 F.2d 202 (3d Cir.1988) (holding decisions concerning application of automatic stay are appealable as a matter of right); *Lomas Financial Corp. v. Northern Trust Co.*, 932 F.2d 147, 151 n. 2 (2d Cir.1991) (same).

[3] *See also In re Stasz*, 520 F. App'x 547 (9th Cir. 2013) (holding order compelling turnover of estate property is immediately appealable); *Matter of Simpson*, 36 F.3d 450, 452 (5th Cir. 1994) ("We have held that a judgment compelling a defendant to turn over property is appealable as of right pursuant to 28 U.S.C. § 158(a)")

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
AP No. 20-04002-MJH
Page 5

HOUSER LLP
600 University St.
Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 20-04002-MJH    Doc 95    Filed 03/15/21    Ent. 03/15/21 10:13:45    Pg. 7 of 15

divested of jurisdiction upon filing of a notice of appeal, but declining to rely on rule where it would "induce needless paper shuffling"); *Bialac v. Harsh Inv. Co. (In re Bialac)*, 694 F.2d 625 (9th Cir. 1982) (noting filing of notice of appeal divests bankruptcy court of jurisdiction); FRBP 8008 (allowing bankruptcy court to provide an indicative ruling when it determines it cannot rule because it has been deprived of jurisdiction due to a pending appeal). "Even though a bankruptcy court has wide latitude to reconsider and vacate its own prior decisions, not even a bankruptcy court may vacate or modify an order while on appeal." *Id*. (citing *In re Combined Metals Reduction Co.*, 557 F.2d 179, 200-01 (9th Cir.1977).) While a bankruptcy court retains jurisdiction to implement or enforce a final order, it may not expand on it or alter it. *In re Dardashti*, No. BAP.CC-07-1311-PADMO, 2008 WL 8444787, at *6 (B.A.P. 9th Cir. Feb. 12, 2008).

Here, all further proceedings in this adversary action are directly related to the final orders from this Court denying Defendants' motion to annul the stay, determining the scope of the automatic stay, and ordering the turnover of Property to the Debtor. Although Defendants acknowledge that this is a unique case where those final orders are intertwined with necessary additional proceedings (i.e., trial), Defendants have not been able to locate any authority indicating that this fact counters the substantial Ninth Circuit and U.S. Supreme Court authority holding that an order on these matters is a final order, appealable as a matter of right. As such, this Court does not have jurisdiction to proceed with "those aspects of the case involved in the appeal," *Griggs*, 459 U.S. at 58, and should rule that the proceedings are halted by virtue of the appeal.

### B. Even if the Instant Appeal is Interlocutory in Full, a Stay is warranted to Promote Efficient Use of Party and Judicial Resources

Even if this Court determines that the appeal is entirely interlocutory in nature, Defendants move pursuant to FRBP 8007(a)(1) and FRBP 8007(e) for a stay of all proceedings pertaining to this adversary action, and a stay of this Court's February 8, 2021 Order and

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY
PROCEEDINGS PENDING APPEAL; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
AP No. 20-04002-MJH
Page 6

HOUSER LLP
600 University St.
Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 20-04002-MJH    Doc 95    Filed 03/15/21    Ent. 03/15/21 10:13:45    Pg. 8 of 15

Memorandum. A stay is appropriate given the substantial potential that this Court has lost jurisdiction; the prejudice that faces Defendants in this matter if no stay is granted and they are forced to turn over property, and the unnecessary expenditure of time and resources on the part of this Court and all parties if there is a reversal on appeal.

### 1. Legal Standard for granting stay pending appeal

This Court is empowered to "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). The Ninth Circuit has repeatedly emphasized that a stay of trial court proceedings is appropriate under U.S. Supreme Court precedent, where the trial court or another tribunal is addressing issues integral to the merits of the suit.[4] "The question of whether a stay pending appeal is warranted requires consideration of four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *In re Cook Invs. NW, SPNWY, LLC.*, No. 17-5516 BHS, 2017 WL 3641914, at *1 (W.D. Wash. Aug. 24, 2017) (*Nken v. Holder*, 556 U.S. 418, 426 (2009).) Here, this analysis weighs in favor of granting the stay.

### 2. Defendants have made a strong showing on the "likelihood of success on the merits" factor

Defendants readily satisfy the requirement of showing a strong potential for success on the merits of this matter. The Ninth Circuit has squarely held that the likelihood-of-success prong "does not require the petitioners to show that 'it is more likely than not that they will win

---

[4] *See, e.g., Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163 (1936); *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059 (9th Cir. 2007) (same*); Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (same).

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
AP No. 20-04002-MJH
Page 7

HOUSER LLP
600 University St.
Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 20-04002-MJH    Doc 95    Filed 03/15/21    Ent. 03/15/21 10:13:45    Pg. 9 of 15

on the merits.'" *Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012). If it did, then "a stay would seldom, if ever, be granted because [the lower court] would have to conclude that it was probably incorrect in its determination on the merits." *Himebaugh v. Smith*, 476 F. Supp. 502, 510 (C.D. Cal. 1978). Instead, Defendants must only show that it has a "'reasonable probability,' 'fair prospect,' 'substantial case on the merits,' [or that] 'serious legal questions [are] raised'"—formulations that the Ninth Circuit has treated as "largely interchangeable." *Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012).

Here, Defendants have explained in detail in their Motion for Leave to Appeal and their Motion for Reconsideration why they have a strong argument supporting potential success on the merits of their appeal. In short, in their prior motions, the parties presented this court with several novel issues, including:

(1) Whether spendthrift provisions in a trust are restrictions on the transfer of Property under the under the trust that exclude the property from becoming property of the estate under 11 U.S.C. § 541(c)(2).

(2) The application of the "willfulness" standard, including whether it is satisfied by a loan servicer's failure to stop a sale when it receives last minute notice of a bankruptcy filing and has no information that confirms that the bankruptcy impacts the subject property; whether the standard is satisfied when there are sound legal arguments for proceeding with the sale; and whether the standard is satisfied when the debtor has intentionally conducted herself in a way that precluded the loan servicer from obtaining the information needed to know that the property was impacted by the bankruptcy.

(3) Whether the balancing of equities weighed against granting annulment of the automatic stay, given Ms. Hoover filed for bankruptcy for the sole purpose of avoiding a valid foreclosure, actively concealed her interest in the Property by leaving title in another's name, refused to provide a grant deed to her loan servicer to establish her interest in the Property, failed

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY
PROCEEDINGS PENDING APPEAL; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
AP No. 20-04002-MJH
Page 8

HOUSER LLP
600 University St.
Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 20-04002-MJH    Doc 95    Filed 03/15/21    Ent. 03/15/21 10:13:45    Pg. 10 of 15

to timely provide assumption or successor-in-interest documents that would have indicated to the servicer that she had an interest in the Property, delayed four months before filing for bankruptcy, and notified PHH the day before the bankruptcy sale.

(4) The propriety of ruling that defendants showed "reckless disregard" for a customers' bankruptcy rights when neither punitive damages nor a heightened standard of intent were before the Court.

For the reasons set forth herein, in Defendants' Motion for Reconsideration, and in Defendants' Motion for Leave to Appeal, Defendants' appeal readily presents a "substantial case on the merits," raising "serious legal questions," which is all that is required to satisfy this prong under governing Ninth Circuit precedent. *See Lair*, 697 F.3d at 1204.

### 3. Defendants will be irreparably harmed

Given the dispositive nature of the Memorandum and Order, including its order to unwind the nonjudicial foreclosure sale, irreparable harm will result if there is no stay in this matter. First, the fact that there are substantial Ninth Circuit and Supreme Court authorities indicating that this Court's Memorandum and Order constituted a final order, which would require a stay from this Court, weighs in favor of finding prejudice if there is no stay. Defendants are entitled to appellate review of issues concerning the scope of the stay, annulment of the stay, and turnover of Property. To allow proceedings to continue in this matter would require cumbersome efforts on the part of Defendants to unwind a nonjudicial foreclosure sale – a process that is neither uncomplicated nor without legal dispute – where the reviewing court may find that it should not be unwound. Unwinding the sale is prejudicial for many reasons. First, the effort itself will not be inexpensive: it likely requires uncontested litigation through a declaratory action; it will definitely require return of funds paid to purchase the property; and it will place a continued financial burden on Defendants to pay for taxes and other encumbrances on the Property, while not receiving recoupment on its debt. Both Defendants and Plaintiff may

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY
PROCEEDINGS PENDING APPEAL; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
AP No. 20-04002-MJH
Page 9

HOUSER LLP
600 University St.
Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 20-04002-MJH    Doc 95    Filed 03/15/21    Ent. 03/15/21 10:13:45    Pg. 11 of 15

forever lose the opportunity the sale afforded, to be purchased by a bidder who paid excess funds for the Property. IH6 will be irreversibly prejudiced by the requirement to give up title to the Property, which Plaintiff will then be free to dispose of, such that IH6 would not later be able to obtain the Property if there is a reversal on appeal.

Defendants – as well as Plaintiff and this Court – are also potentially irreversibly prejudiced by continuation of proceedings in this matter. The Ninth Circuit has recognized that, where the very issue raised on appeal involves whether a case can proceed at all, it can constitute irreparable harm to subject a party to the burdens of discovery and a trial that should never take place if the appeal is successful. *See e.g., Alascom, Inc. v. ITT N. Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984); *see also In re Sealed*, Case No. 98-3077, 151 F.3d 1059, 1065–66 (D.C. Cir. 1998) ("[T]he infliction of the 'burdens' of discovery might cause irreparable harm to one who asserts an immunity from those very burdens."); *Ontiveros v. Zamora*, No. CIV. S-08-567 LKK/DAD, 2013 WL 1785891, at *5 (E.D. Cal. Apr. 25, 2013) (granting stay pending appeal given that it would be a "hollow victory" for the movant to secure a ruling on appeal that the case should not proceed only after a full trial had already taken place); *Winig v. Cingular Wireless LLC*, No. C06-4297 MMC, 2006 WL 3201047, at *2 (N.D. Cal. Nov. 6, 2006) (staying proceedings pending appeal because the defendant "w[ould] be irreparably harmed by the absence of a stay" by being forced to "'undergo the expense and delay of a trial before being able to appeal'") (citing *Alascom Inc. v. ITT North Elec. Co.,* 727 F.2d 1419, 1422 (9th Cir. 1984)). The possibility of burdensome and wasteful discovery is a valid ground for entering a stay pending the outcome of an interlocutory appeal. *See, e.g., Intergen N.V. v. Grina*, 2003 WL 1562200, at *4 (D. Mass. Feb. 21, 2003) (granting stay of discovery pending appeal of denied motion to compel arbitration). In this matter, there is a substantial amount of work to be done to prepare for the upcoming four-day trial of this matter. Additionally, Plaintiff has served three additional sets of requests for production and interrogatories, and noticed three depositions. All

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY
PROCEEDINGS PENDING APPEAL; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
AP No. 20-04002-MJH
Page 10

HOUSER LLP
600 University St.
Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 20-04002-MJH    Doc 95    Filed 03/15/21    Ent. 03/15/21 10:13:45    Pg. 12 of 15

of this discovery (if allowed) must happen in a condensed timeframe, and also while Defendants are pursuing an appeal, which adds to the burden and expense of such discovery. However, all of these efforts would be for naught if the District Court reverses on appeal. As such, a temporary stay of discovery now would "avoid waste of judicial and party resources." *see Goldhammer v. Dunkin' Donuts*, 59 F. Supp. 2d 248, 254 (D. Mass. 1999) (staying discovery because "[a]llowing this case to go forward" would "consume a great amount of judicial, administrative, and party resources"). Accordingly, Defendants would suffer irreparable harm if this court does not stay proceedings pending the outcome on appeal.

### 4. A stay does not prejudice plaintiff

Also important, Defendants can ascertain no real reason why a stay would be prejudicial to Plaintiff. Defendants' counsel has conferred with Plaintiff's counsel regarding this issue in an effort to reach agreement on an order staying this case that would protect against prejudice, and had not been able to obtain from Plaintiff an explanation of any legitimate prejudice that cannot be readily avoided. Defendants' counsel has argued that because Plaintiff is not in title, she cannot sell the Property or obtain new financing at the current record-low interest rates. Yet, given Plaintiff was never in title to the Property and has damaged credit (at a minimum, from her bankruptcy filing), it is unclear how these concerns apply. Defendants are willing to agree not to evict Plaintiff and have offered to reach an agreement that would allow this Court to reconsider the stay if Plaintiff legitimately wishes to move, but Plaintiff's counsel refused to discuss the issue further. Defendants therefore request an opportunity to address this issue further with the Court, in the event Plaintiff provides some basis for her prejudice.

### 5. A stay is in the public interest

Finally, a stay would also be in the public interest because it would serve to preserve the Defendants' interests while at the same time not causing any impairment to Plaintiffs' claim, and

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
AP No. 20-04002-MJH
Page 11

HOUSER LLP
600 University St.
Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 20-04002-MJH    Doc 95    Filed 03/15/21    Ent. 03/15/21 10:13:45    Pg. 13 of 15

conserving judicial resources. *In re Wirecomm Wireless, Inc.*, No. 2:07-CV-02451-MCE, 2008 WL 3056491, at *5 (E.D. Cal. Aug. 1, 2008).

### VI. CONCLUSION

For the foregoing reasons, this Court should stay proceedings pending appeal of its Order on Defendants' Motion for Summary Judgment.

DATED: March 15, 2021

**HOUSER LLP**

By: */s/ Emilie K. Edling*
Emilie K. Edling WSBA No. 45042
eedling@houser-law.com
Robert W. Norman, Jr. WSBA No. 37094
rnorman@houser-law.com
*Attorneys for Defendants PHH Mortgage Corporation, HSBC Bank USA, N.A., as Trustee of the Fieldstone Mortgage Investment Trust, Series 2006-2, and NewRez, LLC*

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY
PROCEEDINGS PENDING APPEAL; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
AP No. 20-04002-MJH
Page 12

HOUSER LLP
600 University St.
Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 20-04002-MJH    Doc 95    Filed 03/15/21    Ent. 03/15/21 10:13:45    Pg. 14 of 15

# CERTIFICATE OF SERVICE

On March 15, 2021, I served the foregoing document(s): DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF, in the manner described below:

| | |
|---|---|
| Jason D. Anderson<br>Anderson Law of King County, PLLC<br>787 Maynard Ave S., Suite B<br>Seattle, WA 98104<br>Jason@alkc.net<br>*Counsel for Plaintiff/Debtor* | ☒ CM/ECF<br>☐ UPS Overnight<br>☐ UPS 2 Day Shipping<br>☐ Email<br>☐ Courier |
| Christina L. Henry<br>Henry & Degraaff, P.S.<br>787 Maynard Ave S., Suite B<br>Seattle, WA 98104<br>chenry@hdm-legal.com<br>*Counsel for Plaintiff/Debtor* | ☒ CM/ECF<br>☐ UPS Overnight<br>☐ UPS 2 Day Shipping<br>☐ Email<br>☐ Courier |
| Joseph W. McIntosh<br>McCarthy & Holthus, LLP<br>108 1st Ave South, Suite 300<br>Seattle, WA 98104<br>jmcintosh@mccarthyholthus.com<br>*Counsel for Quality Loan Service Corporation of Washington* | ☒ CM/ECF<br>☐ UPS Overnight<br>☐ UPS 2 Day Shipping<br>☐ Email<br>☐ Courier |
| John A. McIntosh<br>Schweet Linde & Coulson, PLLC<br>575 S. Michigan St.<br>Seattle, WA 98108<br>johnm@schweetlaw.com<br>*Counsel for IH6 Property Washington, L.P.* | ☒ CM/ECF<br>☐ UPS Overnight<br>☐ UPS 2 Day Shipping<br>☐ Email<br>☐ Courier |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 15, 2021

*/s/ Rachel M. Perez*
Rachel M. Perez

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
AP No. 20-04002-MJH
Page 13

HOUSER LLP
600 University St.
Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 20-04002-MJH    Doc 95    Filed 03/15/21    Ent. 03/15/21 10:13:45    Pg. 15 of 15