Below is the Order of the Court.

_Mary Jo Heston_
**Mary Jo Heston**
**U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

_____

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

| | |
|---|---|
| In re:<br><br>SARAH HOOVER,<br><br>               Debtor. | Bk. No. 19-42890 |
| SARAH HOOVER,<br><br>               Plaintiff,<br><br>v.<br><br>QUALITY LOAN SERVICE CORPORATION OF WASHINGTON; PHH MORTGAGE CORPORATION D/B/A PHH MORTGAGE SERVICES; HSBC BANK USA, N.A., AS TRUSTEE OF THE FIELDSTONE MORTGAGE INVESTMENT TRUST, SERIES 2006-2; NEWREZ, LLC; AND IH6 PROPERTY WASHINGTON, L.P. D/B/A INVITATION HOMES,<br><br>               Defendants. | Adversary No. 20-04002<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

## **INTRODUCTION**

This matter came before the Court on the Defendant PHH Mortgage Corporation's, HSBC Bank USA, N.A.'s, and New Rez, LLC's (collectively "PHH") Amended Motion for

ORDER DENYING MOTION
FOR RECONSIDERATION - 1

Reconsideration (the "Motion"), ECF No. 94, of this Court's Memorandum Decision on Cross-Motions for Summary Judgment, ECF No. 81, and Order on Cross-Motions for Summary Judgment, ECF No. 82, entered on February 8, 2021 (together the "Decision").[1] Specifically PHH requests this Court reconsider the following findings of fact and conclusions of law under Fed. R. Civ. P. 60 (b)(1), (2), and (6) (FRCP 60): (1) the conclusion that PHH "willfully" violated the automatic stay based on the undisputed facts; (2) the finding that PHH's actions showed a "complete disregard for the automatic stay and Ms. Hoover's rights despite receiving notice of the Bankruptcy[,]"[2] ECF No. 81, and its potential preclusive effect on damages; (3) the finding that Ms. Hoover proved damages sufficient to grant her motion for partial summary judgment on PHH's liability for willfully violating the stay; and (4) the conclusion that denying stay annulment was appropriate because the balance of equities favors Ms. Hoover.

The Court's detailed factual findings are explained in the Decision and are incorporated by reference. Based on the Motion, the Decision, and the record on summary judgment, the Court makes the following findings and conclusions on the Motion without the need for further briefing or a hearing.[3]

## FINDINGS AND CONCLUSIONS

**A. Reconsideration Motion Standards Under FRCP 60(b) – In General.**

Motions for relief under FRCP 60(b) are addressed to the sound discretion of the court and reversal requires some abuse of discretion. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir.

---

[1] Only Defendant PHH seeks reconsideration of the Decision. Also, on February 26, 2021, PHH filed a notice of appeal and motion for leave to appeal the interlocutory Decision to the District Court of the Western District of Washington. *See* ECF Nos. 89, 90. The Court has set June 2, 2021, and thereafter for an evidentiary hearing on damages. On March 15, 2021, PHH filed a motion to stay the adversary proceeding pending the appeal, ECF No. 95, which is scheduled for hearing on March 29, 2021.

[2] All defined terms used in the Decision are incorporated in this order.

[3] Neither FRCP 60 nor Fed. Bankr. R. P. 9024 require a hearing on a 60(b) motion and the court has substantial discretion in determining whether to conduct an evidentiary hearing. *United States v. 8136 S. Dobson Street, Chicago, Ill.*, 125 F.3d 1076, 1086 (7th Cir. 1997), *cert. denied sub nom. Anderson v. United States,* 523 U.S. 1111 (1998).

1994). In general, a bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *See TrafficSchool.com, Inc. v. Edriver Inc.,* 653 F.3d 820, 832 (9th Cir. 2011) (citing *United States v. Hinkson,* 585 F.3d 1247, 1262 (9th Cir.2009) (*en banc*)). Accordingly, a motion for relief that merely revisits old issues the trial court already ruled on, or advances supporting facts that were available when the issues were originally briefed, will generally not be granted. *See In re Negrete*, 183 B.R. 195, 197 (9th Cir. BAP 1995). In sum, to succeed under a motion for reconsideration, a party must set forth new facts or new law to induce the court to reverse its prior decision. *See Negrete*, 183 B.R. at 197.

PHH cites specifically to FRCP 60 (b) (1), (2), and (6) as the legal basis for its Motion.[4] The party seeking relief has the burden of establishing that grounds exist under FRCP 60(b). *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988).

**B. PHH Has Not Met its Burden of Proof for Reconsideration Under FRCP 60(b)(1), (2) or (6)**.

1. <u>PHH's Requests for Relief Do Not Satisfy the Requirements for Relief Under FRCP 60(b)(1).</u>

FRCP 60(b)(1) permits a court to reconsider its prior order based on: "(1) mistake, inadvertence, surprise, or excusable neglect." PHH does not allege "inadvertence, surprise, or excusable neglect[,]" making "mistake" the only possible basis for seeking reconsideration under FRCP 60(b)(1). Correctable mistakes include either clear mistakes of fact or clear errors

---

[4] Motions for reconsideration of a summary judgment are generally brought under FRCP 59(e) or FRCP 60(b). Courts are split on the issue of whether FRCP 59(e) can be used for interlocutory orders and there does not appear to be Ninth Circuit authority on this issue. However, motions filed after the 14-day period generally are considered under FRCP 60(b).

of law. *See Liberty Mut. Ins. Co. v. E.E.O.C.*, 691 F.2d 438, 441 (9th Cir. 1982) (citing *Gila River Ranch, Inc. v. United States*, 368 F.2d 354, 357 (9th Cir. 1966)).

### a. The Court did not Commit Any Mistake of Law or Fact in Denying PHH's Motion to Annul the Stay.

PHH's request that the Court reconsider its denial to annul the automatic stay does not allege any mistake of law or fact. Instead, PHH expresses its disagreement with the Court's balancing of equities in favor of Ms. Hoover in denying stay annulment. PHH's disagreement, without presenting factual or legal error, is not a valid basis for this Court to reconsider its denial of PHH's stay annulment motion under FRCP 60(b)(1).

### b. The Court did not Make an Error of Law in Determining that PHH Willfully Violated the Stay.

The Motion is devoted primarily to setting forth PHH's disagreement with the Court's conclusion that PHH willfully violated the stay. PHH admits that the willfulness test set forth in *In re Dyer*, 322 F.3d 1178, 1191 (9th Cir. 2003), is the correct legal standard though it characterizes the Court's application of this standard as "an extreme view of the willfulness standard[.]" *See* Amended Motion 9–10, ECF 94 (". . . 'willfulness' standard for violations of the automatic stay does not require specific intent, but only knowledge of the bankruptcy and intentional conduct."). To support its mischaracterization of the Court's ruling and PHH's argument that the willfulness standard for stay violations is shifting away from *Dyer*, PHH primarily relies on dicta in *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1804 (2019), and post-*Taggart* cases.[5] These arguments do not establish any error of law and, therefore, reconsideration is denied under FRCP 60(b)(1).

---

[5] The Court notes that PHH did not make these arguments in the pleadings related to the summary judgment motion. Furthermore, *Taggart* involves a motion for contempt of a violation of a debtor's discharge. The U.S. Supreme Court specifically declined to decide the issue of whether the standard it enunciated for contempt of a

ORDER DENYING MOTION
FOR RECONSIDERATION - 4

### c. The Court Relied on the Undisputed Facts and Evidence in the Record in Concluding that PHH Willfully Violated the Stay.

Next, the Motion incorrectly asserts that the Decision misapplied the *Dyer* standard to the facts by taking the facts in the light most favorable to Ms. Hoover. In fact, the Court concluded that PHH willfully violated the stay because the *undisputed* facts and evidence in the record showed that PHH not only had notice of the Bankruptcy but had significant information produced from PHH's records (including the Ocwen records) about the borrower's, Ali Suleiman, death, Ms. Hoover's interest in the Bonney Lake Property and the key provisions of the Suleiman Trust well before the Sale including the following: (1) a letter to Ms. Hoover dated January 18, 2019, Prudent[6] Decl. Ex. 6, ECF No. 64 (acknowledging the borrower, Ali Suleman's, death and receipt of the Suleiman Trust documents); (2) PHH's Bonney Lake Property Life of Loan Memo showing repeated exchanges between PHH and Ms. Hoover of documents and information, Henry Decl. Prudent Ex. 3, ECF No. 73; (3) a letter dated May 23, 2019, acknowledging Ms. Hoover's request to complete a family transfer package, intent to and request to assume the loan in the name of the Suleiman Trust or individually, and identifying additional records to be provided, *see* Prudent Decl. Ex. 9, ECF No. 64; (4) a fax dated July 9, 2019, from Ms. Hoover providing a copy of her driver's license and § B.2.3 of the Suleiman Trust, (i.e., the mandatory distribution language to Ms. Hoover as Ali Suleiman's daughter from

---

discharge injunction is the same standard to decide willfulness in the automatic stay violation context. In doing so, the Supreme Court notes several differences between the origin of the discharge's statutory language versus the stay, and it also notes policy differences that may support a different standard in the stay context. *Taggart*, 139 S. Ct. at 1801–1807. Also, this Court acknowledges PHH's reference to *In re Moo Jeong*, 2020 WL 1277575, at *3 (9th Cir. BAP Mar. 16, 2020), where the Ninth Circuit Bankruptcy Appellate Panel decision applied the "no fair ground of doubt" standard to automatic stay violations. However, *Moo Jeong* is distinguishable from this case, which involves § 362(k)(1). The *Moo Jeong* parties did not object to the standards used in that case, and the cited Ninth Circuit authority addressed a bankruptcy court's equitable powers under § 105(a), rather than § 362(k)(1) willful automatic stay violations.

[6] Sony Prudent is PHH's Federal Rule of Civil Procedure's 30(b)(6) designee witness who produced testimony at Ms. Hoover's deposition of him.

the Suleiman Trust upon his death subject only to her surviving him), Prudent Ex. 3, ECF No. 73; (5) a fax confirmation and corresponding entry of receipt on July 8, 2019, in the Bonney Lake Property Life of Loan Memo of Ms. Hoover faxing the documents, *see* Hoover Decl. Exs. 1, 4, ECF No 43, *and* Henry Decl. Prudent Ex. 3, ECF No. 73; (6) on September 9, 2019, PHH receives a fax about the Bankruptcy and images the fax into the Bonney Lake Property Life of Loan memo and files; Henry Decl. Ex. A, Prudent Dep. 85:21–86:1, ECF No. 73; (7) on September 12, 2019, Ocwen's life of loan memo for the Bonney Lake Property notes "SARAH HOOVER FILED FOR BK CASE #19-42890-MJH MARY JO HESTON. CH 13 FILED on 9.9.2019[.]" Henry Decl. Prudent Ex. 3, ECF No. 73; (8) Ms. Hoover also notifies PHH again, via telephone, of the Bankruptcy on September 12, 2019, Henry Decl. Prudent Ex. 13, ECF No. 73 (Transcript of Recorded Telephone Call from Sarah Hoover to PHH Mortgage Corporation: "I filed bankruptcy." Said Ms. Hoover to Ms. Robertson of PHH.).

The Decision rejected PHH's title arguments and paperwork arguments concerning Ms. Hoover's confirmed successor-in-interest status because PHH's records reflected substantial information about the Bonney Lake Property and Ms. Hoover's relationship as a successor-in-interest under 12 C.F.R. § 1024.31 (involving a transfer to a relative resulting from the death of a borrower). That substantial information was sufficient to find that both Ms. Hoover held a protectable interest under 11 U.S.C. § 541(a),[7] and PHH knew of such interest in the Bonney Lake Property. The Motion's arguments concerning PHH's right hand not knowing what its left hand was doing does not negate PHH's knowledge of the stay and Ms. Hoover's interest in the Bonney Lake Property. It further ignores the basic legal principle that a corporation is charged

---

[7] Unless otherwise indicated, all chapter, section and rule references are to the Federal Bankruptcy Code, 11 U.S.C. §§ 101–1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

with the knowledge of its employees acting within the scope of their employment and the knowledge of its own records. *See*, *e.g.*, *Helton v. AT & T Inc.*, 709 F.3d 343, 356 (4th Cir. 2013) (citing numerous cases that support this assertion); 3 William Meade Fletcher, *Gen. Rules as Applied to Corps.*, Fletcher Cyc. Corp. § 790 (2020) ("the general rule is well established that a corporation is charged with constructive knowledge, regardless of its actual knowledge, or all material facts of which its officer or agent receives notice or acquires knowledge while acting in the course of employment within the scope of his or her authority, even though the officer or agent does not in fact communicate the knowledge to the corporation"); 5A William Meade Fletcher, *Admissibility and Effect of Books and Recs.—Against Dirs. and Offs.*, Fletcher Cyc. Corp. § 2203 (2020) ("Directors are charged with knowledge of matters contained in the corporate books and records").

In sum, the undisputed record on summary judgment shows that PHH willfully violated the stay because it undisputedly knew of the Bankruptcy before the Sale, had sufficient information in its records to show that Ms. Hoover had a clear protectable interest in the Bonney Lake Property under § 541(a), and failed to stop the Sale or inform the Trustee of these facts, which allowed a third-party purchaser to purchase the Bonney Lake Property. Based on the foregoing, PHH is not entitled to FRCP 60(b)(1) relief on this Court's "willfulness" ruling.

### d. The Court Did Not Err in Granting the Partial Motion for Summary Judgment on PHH's Willfulness Without Requiring Additional Evidence of Damages.

Finally, under FRCP 60(b)(1), PHH fails in asserting that the Court mistakenly granted Ms. Hoover's partial summary judgment on its willful stay violation without additional damages evidence. Unlike many causes of action that require proof of causation and the existence of specific damages as an element to prove liability, § 362(k)(1) provides that once a willful stay violation is shown, "an *individual . . . shall* recover actual damages, including *costs and*

*attorneys' fees* . . . ." § 362(k)(1) (emphasis added). In other words, Congress determined that individual debtors are entitled to legal representation for willful automatic stay violations, and the payment of attorneys and costs, without needing to prove anything further if they prevail in showing a willful stay violation. The record is clear from both the Complaint and the multiple pleadings Ms. Hoover's attorneys have filed in this proceeding that, at a minimum, Ms. Hoover has incurred and intends to seek payment of her attorneys' fees. Additionally, as the Decision and this Order note, the Court has set a hearing to determine the amount of attorney's fees, costs, and other damages. Thus, the Court made no error of law redressable under FRCP 60(b)(1) in granting partial summary judgment to Ms. Hoover without further proof of damages.

2. <u>PHH's Requests for Relief Under FRCP 60(b)(2) Does Not Meet the Threshold Requirement of Showing "Newly Discovered Evidence."</u>

FRCP 60(b)(2) permits a court to reconsider its prior orders based on *newly discovered evidence* that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b). FRCP 60(b)(2) relief is warranted only if: (1) the moving party can show the evidence relied on in fact constitutes "newly discovered evidence" within the meaning of FRCP 60(b)(2); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of "such magnitude that production of it earlier would have been likely to change the disposition of the case*." Feature Realty, Inc., v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc.,* 833 F.2d 208, 211 (9th Cir.1987). Applying these standards, the Court concludes the Motion does not meet FRCP 60(b)(2)'s requirements because it does not rely on any newly discovered evidence not already in the record.

### 3. PHH's Requests for Relief Under FRCP 60(b)(6) Do Not Show Extraordinary Circumstances Justifying Relief.

FRCP 60(b)(6) permits a court to reconsider its prior orders based on "any other reason that justifies relief." This subsection is mutually exclusive from relief sought under FRCP 60(b)(1)–(5) and may only be used in "extraordinary circumstances." Accordingly, relief under FRCP 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice. *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).

The Court concludes that the Motion does not set forth any extraordinary circumstances justifying equitable relief under FRCP 60(b)(6). While Rule 60(b)(6) can be used to clarify a court order in appropriate circumstances, *see, e.g., In re Int'l Fibercom, Inc.*, 503 F.3d 933, 947 (9th Cir. 2007) (court did not abuse its discretion in reconsidering and clarifying its prior order under FRCP 60(b)(6)), those circumstances are not present here. The Motion does not fall within FRCP 60(b)(6)'s narrow purview in requesting to "clarify" the preclusive effect on damages of the Court's finding that PHH showed a complete disregard for the automatic stay, but instead requests an advisory opinion, which is not appropriate under FRCP 60(b)(6) or otherwise. As the Decision and this Order explain, this Court already contemplated a future hearing on damages, which is currently scheduled to begin on June 2, 2021. That hearing is to determine the amount of mandatory compensatory damages under § 362(k) and whether punitive damages are appropriate. PHH and Ms. Hoover will have a full opportunity to brief the legal standards for punitive damages plus a full hearing on the appropriate compensatory damages. Accordingly, PHH's request for clarification is denied under FRCP 60(b)(6).

/ /

/ /

/ /

## **CONCLUSION**

Thus, based on the foregoing findings and conclusions about PHH's failure to show grounds sufficient for this Court to alter, amend, or reconsider the Decision under FRCP 60(b)(1), (2), and (6), it is hereby

**ORDERED** that PHH's Motion is DENIED.

/ / / End of Order / / /