The Honorable Marry Jo Heston
Chapter 13
Date of Hearing: March 29, 2021
Time of Hearing: 1:00 PM
Hearing Location: Telephonic
Response Due: March 22, 2021

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| IN RE:<br><br>SARAH HOOVER,<br>　　　　Debtor.<br>――――――――――――<br>SARAH HOOVER,<br>　　　　Plaintiff,<br>　　v.<br>QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, PHH MORTGAGE SERVICES D/B/A PHH MORTGAGE SERVICES, HSBC BANK USA, N.A, AS TRUSTEE OF THE FIELDSTONE MORTGAGE INVESTMENT TRUST, SERIES 2006-2, NEW REZ, LLC, AND IH6 PROPERTY WASHINGTON, L.P. D/B/A INVITATION HOMES,<br>　　　　Defendant. | BK Case No.: 19-42890-MJH<br><br>Adv No. 20-04002 – MJH<br><br>Chapter: 13<br><br>PLAINTIFF'S OPPOSITION TO MOTION FOR STAY PENDING APPEAL |

PLAINTIFF'S OPPOSITON TO MOTION TO STAY PENDING APPEAL - 1

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

## I. INTRODUCTION

This Court ruled that the PHH Defendants[1] violated the automatic stay by foreclosing on Ms. Hoover's home. PHH, who has not taken steps to comply with that Order, is so confident in its future appellate success that it is **"willing to agree not to evict Plaintiff" from her own home in the meantime.** ECF.#95 at 13. It is unclear whether PHH – who remains under court order to unwind the foreclosure – actually believes that it has the power to evict Ms. Hoover from her own home.

In any event, PHH's motion to stay should be denied.

First, PHH has no appeal as of right. This Court granted partial summary judgment in favor of Ms. Hoover as to liability as to the PHH Defendants, but all other issues remain for trial. The issue raised by the Defendants' motion to annul the stay was not a "discrete dispute" that was unconnected from this case, but rather sought adjudication of the wholly-intertwined issue about the applicability of the automatic stay. The purpose of requiring appeals from "final orders" is to avoid piecemeal appeals, which is precisely what would occur here, as PHH would almost certainly appeal from any outcome at trial in this case.

Second, PHH cannot meet any of the factors required for a permissive interlocutory appeal. As demonstrated by this Court's ruling on PHH's motion for reconsideration, PHH is not likely to prevail on the merits. PHH does spend a significant portion of its brief arguing that it would be "irreparably harmed" without an immediate appeal, but submits no evidence beyond generalized complaining about litigation costs, most of which self-inflicted.[2]

Contrary to PHH's assertions, Plaintiff Sarah Hoover would suffer harm from staying this case. Ms. Hoover testifies that because she no longer controls what happens to her home, she suffers anything from annoyances and financial inconveniences (as she cannot place most

---

[1] PHH Mortgage Corporation D/B/A PHH Mortgage Services, NewRez, LLC, and HSBC Bank USA, N.A., as Trustee of the Fieldstone Mortgage Investment Trust, Series 2006-2 (collectively, the "PHH Defendants" or "PHH")

[2] In remarkably circular logic, PHH claims that it requires permission to appeal because of the expense in dealing with this case *while it is busy pursuing an appeal*. Dkt. #95 at lines 1-2.

PLAINTIFF'S OPPOSITON TO MOTION TO STAY PENDING APPEAL - 2

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

Case 20-04002-MJH    Doc 101    Filed 03/22/21    Ent. 03/22/21 21:25:21    Pg. 2 of 12

utilities in her name, she is prevented from restoring her garbage service to its prior level, and as the bills are not in her name, she has no idea how much she will be charged in the future) to dilemmas over what to do about her daughter's unsafe school (as she cannot move to another school district). *See* Declaration of Sarah Hoover in Support of Opposition ("Hoover Opp. Dec."), at ¶ 10-13, 16-19. Ms. Hoover is also deprived of the ability to make choices for her family and otherwise assert the same self-determination that other homeowners enjoy. *Id.*, at 5-9, 14-15. While Ms. Hoover does recognize that she still has a roof over her head, it does not detract from the difficulties that she and her family face from this entire situation. *Id.*, at 20-21. Thus, she would prefer that this case be resolved by way of a final order after trial, at which point Defendants can appeal as of right.

At the end of this brief, Plaintiff also addresses the Court's inquiry from the last status conference, which concerned limited discovery on the topic of punitive damages.

Plaintiff respectfully requests that this Court deny PHH's motion to stay this case pending an appeal.

## II. LEGAL ARGUMENT

### A. The Court's Ruling is Not a Final Order

Defendant asserts that issues in this case can be addressed piecemeal on appeal, that portions of this Court's order allow an immediate appeal as of right, and, for those rulings that are interlocutory, that this Court should also allow appeal.

The notion that an appellate court can parse the order into discrete parts is problematic; this case involves one single adversary proceeding in a bankruptcy case that has been dismissed, leaving no estate or other creditors with any claim to matters in this proceeding. Thus, this case is far more akin to federal litigation where an order as to liability alone (but not damages) is not final. *Liberty Mutual Insurance Co. v. Wetzel,* 424 U.S. 737, 744 (1976).

Even without viewing this case as analogous to a federal civil matter, an appeal would still be improper, as there are no "discrete disputes" unconnected to the issues raised in this

PLAINTIFF'S OPPOSITON TO MOTION TO STAY PENDING APPEAL - 3

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

Case 20-04002-MJH    Doc 101    Filed 03/22/21    Ent. 03/22/21 21:25:21    Pg. 3 of 12

adversary proceeding. Pursuant to 28 U.S.C. § 158(a), a bankruptcy court's order is final and immediately appealable if it disposes of discrete disputes within a bankruptcy case. *Bullard v. Blue Hills*, 75 U.S. 496, 501 (2015). To be final, an order terminates a "procedural unit separate from the remaining case" or "conclusively resolve[s] [a party's] entitlement to the requested relief." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 591 (2020). Since the annulment motion was consolidated into the Adversary Proceeding, Bankr. No.19-42890, ECF No. 44, and Ms. Hoover's bankruptcy case is closed, a ruling on the annulment motion does not resolve a "discrete dispute" or "procedural unit separate from the remaining case," and this Court did not "conclusively resolve [Ms. Hoover's] entitlement to requested relief." *Id*. Though this Court's order established liability as to Ms. Hoover's affirmative claims, it did not yet address damages and did not provide any finality concerning the ultimate resolution of Ms. Hoover's property. While the Court took the more pragmatic approach of asking the parties to work together on the latter issue, the Defendant concedes that this "may require judicial assistance and is not a process free of legal dispute." ECF No. 95 at 4. In addition, the determination as to whether punitive damages is appropriate is part of the same "discrete proceeding," as § 362(k)(1) authorizes such an award. 11 U.S.C. § 362(k)(1); *In re Marino,* 949 F.3d 483, 488 (9th Cir. 2020) (An order was not final where a damage award had not been finalized). Lastly, Ms. Hoover observes that it is settled law that any foreclosure sale held in violation of § 362(a) is void. Thus, any argument that the court's order would "depriv[e] both Defendants and IH6 of a property interest" is not only an incorrect statement of law and fact but using such an argument as a reason requiring an immediate is anathema to the very tenet of the automatic stay. *See In re Achterberg*, 573 B.R. 819, 830 (Bankr. E.D. Cal. 2017) (the automatic stay requires a creditor to maintain the *status quo ante* and to remediate acts taken in ignorance of the stay.").

**B.   A Stay Is Not Warranted**

Defendant's request under Fed. R. Bankr. P. 8007(a)(1) and (e) is unwarranted.

PLAINTIFF'S OPPOSITON TO MOTION TO STAY PENDING APPEAL - 4

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

Case 20-04002-MJH    Doc 101    Filed 03/22/21    Ent. 03/22/21 21:25:21    Pg. 4 of 12

A stay pending appeal is an exercise of judicial discretion, dependent on the circumstances of a particular case. *See Nken v. Holder*, 556 U.S. 418, 433 (2009). To determine whether a stay is appropriate, courts consider four factors: (1) whether the stay applicant has made a strong showing that the appeal is likely to succeed on the merits, (2) whether the applicant will be irreparably harmed absent a stay, (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding, and (4) where the public interest lies. *Nken,* 556 U.S. at 434. The movant must make a certain threshold showing on each factor and then convince the court the balance of the four factors weighs in favor of issuing a stay. *Leiva–Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011).

The first two factors are the most critical. *Nken*, 556 U.S. at 434. A failure on any one factor requires the court to deny the application for a stay. *In re Swartout*, 554 B.R. 474, 476 (E.D. Cal. Bankr. 2016). If an applicant satisfies the first two factors, the inquiry then calls for assessing the harm to the opposing party and weighing the public interest. *Nken*, 556 U.S. at 435. Here, the scales weigh decisively against a stay and the motion should be denied.

**C.     First Factor: Likelihood of Success on the Merits**

First, the moving party "must make a strong showing that it would succeed on the merits on appeal." *Lair v. Bullock,* 697 F.3d 1200, 1204 (9th Cir. 2012). However, the court does not have to change its mind; it only has to find there is a "substantial case for relief on the merits" and that the showing of success is more than a mere possibility of relief. *Id*.; *see also Leiva–Perez*, 640 F.3d at 964-68.

While Plaintiff has already briefed the issues in the case regarding the so-called spendthrift trust, she need not expand on it here. *See* ECF.No. 42 at pg. 9. Defendant's insistence on the validity of some spendthrift trust argument here without raising any new legal arguments is emblematic of the low merit of their appeal – this is a black letter law issue determined by state law. Despite this, Defendants grasp at straws by citing the laws of OTHER states as some

PLAINTIFF'S OPPOSITON TO MOTION TO STAY PENDING APPEAL - 5

Henry & DeGraaff, P.S.
787 Maynard Ave S.
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

Case 20-04002-MJH    Doc 101    Filed 03/22/21    Ent. 03/22/21 21:25:21    Pg. 5 of 12

sort of basis to overturn this court's decision based on Washington State law, which happens to be the law that applies here. As a result, Defendants' appeal has a low probability of succeeding.

It is undisputed that the Ninth Circuit's definition of "willfulness" under 11 U.S.C. § 362(k)(1) does not require specific intent to violate the automatic stay. *Goichman v. Bloom (In re Bloom),* 875 F.2d 224, 227 (9th Cir. 1989). Under the statute, damages are provided upon a finding that the defendant knew of the automatic stay and that their actions done in violation of the stay were intentional. *Id.* Subjective good faith about whether it had a right to the property is not relevant to whether the act was "willful" or whether compensatory damages must be awarded. *Id.*

Although not argued in the summary judgment proceedings, on reconsideration, PHH attempts to raise a novel argument under *Taggart v. Lorenzen,* 139 S. Ct. 1795, 1804, 204 L. Ed. 2d 129 (2019), that the willfulness standard under 11 U.S.C. § 362(k)(1) used by the Ninth circuit is an extreme one and that if an entity acts with subjective good faith belief that it should not be subject to sanctions. ECF No. 94 at 10. In reviewing PHH's motion for reconsideration, the court already eschewed reliance on *In re Moo Jeong*, 2020 WL 1277575, at *3 (9th Cir. BAP Mar. 16, 2020), a non-binding case decided in the context of a Trustee who claimed a violation of the automatic stay under the bankruptcy court's contempt provisions of 11 U.S.C. § 105(a) where the court applied the "no fair ground of doubt" standard to automatic stay violations, as inapplicable and distinguishable as the Moo Jeong parties did not object to the standards used in that case and the cited Ninth Circuit authority addressed a bankruptcy court's equitable powers under § 105(a), rather than § 362(k)(1) for willful automatic stay violations. ECF No. 99 at 4, n. 5.

Even if a court applied, for the first time, the *Taggart* standard for contempt proceedings to willful stay violations under § 362(k)(1), this argument would also fail. First, PHH had notice of Ms. Hoover's bankruptcy in its system and it cannot claim its internal disorder to excuse it from violating the stay. *In re Campion*, 294 B.R. 313, 317 (B.A.P. 9th Cir. 2003). ECF No. 99 at

PLAINTIFF'S OPPOSITON TO MOTION TO STAY PENDING APPEAL - 6

**HENRY & DEGRAAFF, P.S.**
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

Case 20-04002-MJH    Doc 101    Filed 03/22/21    Ent. 03/22/21 21:25:21    Pg. 6 of 12

6. Despite PHH's ill-conceived attempt to bootstrap the fair ground of doubt standard from *Taggart* onto the automatic stay, 11 U.S.C. § 362(k)(1) does not support such a reading. There is no relief available to debtors under § 105 for willful stay violations. Individual debtors have a specific remedy available under § 362(k), so it would not be "necessary or appropriate" for the bankruptcy court to enforce the stay by imposing contempt sanctions or to rely on any interpretation of a willfulness standard under the catch-all authority granted by § 105(a). *See In re Snowden,* 769 F.3d 651, 661 (9th Cir.2014) (citing *In re Roman,* 283 B.R. 1, 14–15 (9th Cir. BAP 2002)).

**D.     Second Factor: Irreparable Harm**

PHH claims – without submission of evidence – it will encounter irreparable harm in complying with this Court's order to unwind the foreclosure sale. However, IH6 (the party actually holding the Property and who is also subject to the court's reconveyance order) is apparently not aggrieved enough to join in on this appeal. ECF No. 90 at 14. Additionally, the equities and interests of the parties here are not equal. PHH and IH6 are corporate entities while Ms. Hoover are an individual who is living in a house with her six family members.

Aside from what it believes to be protracted litigation costs, PHH cannot prove irreparable harm it there is no stay, and litigation costs generally do not qualify as irreparable harm. *Marino,* 949 F.3d at 488. Certainly, considering PHH's weak legal arguments, the balance of equities weighs on judicial efficiency and lack of piecemeal litigation gained by proceeding to trial on damages, as the parties would almost certainly climb back up the appellate ladder, which is disfavored. *See Bullard*, 135 S. Ct. at 1693 (explaining that the "rule of finality" exists to avoid "climb[s] up the appellate ladder and slide[s] down the chute" and the "delays and inefficiencies" that result).

Additionally, any perceived harm to Defendants is purely financial. While minor financial harm to a major corporation is something which still must be weighed, any such harm is at least defrayed by the security of (a) Ms. Hoover paying $2,200 per month into her attorney's

PLAINTIFF'S OPPOSITON TO MOTION TO STAY PENDING APPEAL - 7

**HENRY & DEGRAAFF, P.S.**
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

Case 20-04002-MJH    Doc 101    Filed 03/22/21    Ent. 03/22/21 21:25:21    Pg. 7 of 12

trust account, and (b) the surplus funds of $167,407.96 which remain in this court's registry. Hoover Opp. Dec., at ¶ 4; Bankr. No.19-42890, ECF No. 15. However, the parties discussed that compliance with the court's order could be remedied by reconveyance of the property back to Ms. Hoover via stipulated order with potential provisions to protect the parties should the court grant a stay pending appeal. Declaration of Christina L Henry in Support of Opposition ("Henry Opp. Dec."), at ¶ 4-5, Ex C and D. Although initiated by the Plaintiff nearly a month earlier, IH6 chose not to participate in any discussions, and PHH, responded by filing this motion for stay, *Id.*, at ¶ 2-3, Ex. A and B. During the discussions, aside from QLS raising ways to ameliorate any potential harm to the positions of PHH and IH6, they have raised any issues regarding the need for potential protections or expressed any desire to comply with the court's order to retore title due to the stay violation in the event an appeal is allowed. Thus, the court should reject PHH's concerns in whole cloth.

### E. Fourth Factor: Injury to Ms. Hoover caused by a stay

Unlike PHH, a corporation whose existence will not be imperiled by any outcome in this case, a stay would cause far more grievous injury to Ms. Hoover.

Though Ms. Hoover and her family still live in the property – for now – she has been deprived of the fundamental attributes that homeowners share, such as certainty and security for her future. While a homeowner has the right to move, make improvements, and generally make her own decisions for her and her family's future, Ms. Hoover is bound to the property until the conclusion of this litigation. *See generally*, Hoover Opp. Dec. Ms. Hoover's daughter recently began high school at a school known for a drug problem, and Ms. Hoover worries for her daughter's safety. Hoover Opp. Dec., at ¶ 18. At present, Ms. Hoover cannot simply pack up and move to another school district, as she could not afford to continue making payments on this home and another one (assuming she could even qualify for a loan or a rental). Again, had PHH not violated the automatic stay, Ms. Hoover would have none of these problems and would have the freedom of self-determination that most homeowners take for granted.

PLAINTIFF'S OPPOSITON TO MOTION TO STAY PENDING APPEAL - 8

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

Case 20-04002-MJH    Doc 101    Filed 03/22/21    Ent. 03/22/21 21:25:21    Pg. 8 of 12

In the interest of judicial economy, Ms. Hoover will simply direct the Court to her declaration, which describes the impact that continuing this litigation will have on her life and her family's lives. *See generally*, Hoover Opp. Dec. In any event, given the egregious stay violations found by this court, PHH's claim that it will "agree to not evict Plaintiff" rings rather hollow and provides no reassurance at all to Ms. Hoover and her family. ECF No. 95 at 11. While real estate may be a fungible asset for PHH, the home in which Ms. Hoover raised her children is not something she would be happy to allow a third party to hold onto for "safe keeping."

Lastly, in blatantly inaccurate and misleading statements, PHH claims that Ms. Hoover's counsel was unwilling to discuss any issues as to why Ms. Hoover would be prejudiced by a stay, while still refusing to acknowledge that their actions are in violation of the stay that was in place when the house was sold in foreclosure. Henry Opp. Dec., at ¶ 10.

**F.  Fourth Factor: Public Interest**

Lastly, aside from the Defendant's focus on preserving the status quo and the conservation of judicial resources, there is no basis in fact that a stay is in the public interest. Courts consider whether the public interest will be served by granting a stay pending appeal. *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987). "This factor calls for the court . . . to consider and balance the goal of efficient case administration and the right to a meaningful review on appeal." *In re Taub*, Case No. 08-44210, 2010 WL 3911360, at *9 (Bankr. E.D.N.Y. Oct. 1, 2010). Here, PHH fails to address the fact that a violation of the stay erodes the very nature of bankruptcy and the status quo is what needs to be restored, with the property back in Ms. Hoover's control. Accordingly, the public interest favors the court denying a stay pending appeal.

### III.  DISCOVERY RE: PUNITIVE DAMAGES

At the most recent status conference in this matter, this Court indicated an inclination to grant Plaintiff's oral motion (made at the February 18, 2021 status conference) for a very limited

PLAINTIFF'S OPPOSITON TO MOTION TO STAY PENDING APPEAL - 9

**HENRY & DEGRAAFF, P.S.**
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

Case 20-04002-MJH    Doc 101    Filed 03/22/21    Ent. 03/22/21 21:25:21    Pg. 9 of 12

re-opening of discovery as to punitive damages, and requested more information from Plaintiff, which is therefore being provided by way of this brief.

As this Court is aware, Defendants have taken issue with nearly every facet of Plaintiff's case, and the parties extensively litigated simple fundamentals, such as whether Ms. Hoover's home was even property of the estate. Defendants not only vigorously opposed Ms. Hoover's motion for summary judgment, but also joined in the filing of (a somewhat duplicative) motion to annul the stay, confusingly, without conceding that the automatic stay even applied.

On this backdrop, prior to any ruling from this Court as to the applicability of the automatic stay, Plaintiff did not need to further complicate the case by issuing discovery requests concerning punitive damages, correctly anticipating that Defendant PHH would oppose any and all such discovery. When the parties were engaged in discovery, Plaintiff was, of course, required to be mindful of the standards contained in Fed. R. Civ. P. 26(d)(1), which limits discovery to matters which are "proportional to the needs of the case" and "whether the burden or expense of the proposed discovery outweighs its likely benefit." At the time when the parties were litigating whether the automatic stay even applied to this case, even Ms. Hoover would have had to agree that issuing discovery requests which related exclusively to a potential assessment of punitive damages would not have been proportional to the needs of the case at that time.

Now that a damages trial is upcoming, a narrowly-focused round of discovery as to Defendant PHH's finances, policies and procedures and pattern and practice is undeniably appropriate. Plaintiff therefore raised this issue as soon as possible by making an oral motion at the February 18, 2021 status conference, and this Court indicated preliminary approval, subject to negotiation by the parties as to the scope and terms of such discovery. To save time and expense, Ms. Hoover sent the proposed discovery requests and deposition notice to PHH on February 23, 2021, with an urgent request that the parties confer. Henry Opp. Dec., at ¶ 6-7, Ex. E-K.

PLAINTIFF'S OPPOSITON TO MOTION TO STAY PENDING APPEAL - 10

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

Case 20-04002-MJH    Doc 101    Filed 03/22/21    Ent. 03/22/21 21:25:21    Pg. 10 of 12

PHH declined to confer, instead focusing on its own litany of filings (including the instant motion), and only even acknowledged receipt of the proposed discovery on March 10, 2021. Henry Opp. Dec., at ¶ 8, Ex. L. Thereafter, on March 15, 2021, PHH and the Plaintiff's counsels later held a discovery conference on the motion for stay and punitive damages but they did not resolve any issues. *Id.,* at 9. It would appear that PHH was hoping that it could delay even addressing the discovery at issue for a long enough period that, perhaps, it could force a delay of trial.

A.  **Applicable law**

There is no question that discovery as to a defendant's finances and net worth are relevant for purposes of punitive damage calculations. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270 (1981). Often, a defendant will balk at responding to discovery concerning punitive damages if liability has not been established, as it may seem premature. Indeed, PHH's predecessor entity (Ocwen) has fought such discovery on similar grounds. *See Covarrubias v. Ocwen Loan Servicing, LLC*, 2018 WL 5914240, at *2 (C.D. Cal. June 21, 2018). Trial courts, of course, have broad discretion in pretrial and scheduling matters, including whether to permit additional discovery. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Hunt v. Orange Cnty.*, 672 F.3d 606, 616 (9th Cir. 2012) (explaining that District courts have broad discretion to manage discovery).

The Ninth Circuit has not weighed in on the issue of when discovery into punitive damages is allowed. Some courts do permit discovery into punitive damages early in the case, but it remains fact-specific. *See Atayde v. Napa State Hosp.*, 2020 WL 605868, at *3 (E.D. Cal. Feb. 7, 2020) (citing cases); *cf. Zielke v. Vision Hosp. Grp., Inc.*, 2015 WL 9876950, at *2 (E.D. Tenn. Nov. 3, 2015) (some courts permit discovery upon a prima facie evidentiary showing, "while other courts delay discovery altogether on punitive damages until after dispositive motions have been decided"). Other jurisdictions outright prohibit punitive damages discovery

PLAINTIFF'S OPPOSITON TO MOTION TO STAY PENDING APPEAL - 11

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

Case 20-04002-MJH    Doc 101    Filed 03/22/21    Ent. 03/22/21 21:25:21    Pg. 11 of 12

until liability is established.  *See Specialty Surplus Ins. Co. v. Second Chance, Inc.*, 2006 WL 8454865, at *1 (W.D. Wash. May 23, 2006) (applying New York law).

Here, had Ms. Hoover sought discovery concerning Defendants' finances for purposes of punitive damages, it would have been a very poor use of all parties' resources, and would have been unnecessary for some parties, such as QLS (as the Court found no willful violation by QLS).  Such discovery would have ensnared the parties in discovery disputes and, more importantly, probably would not have met the required standards under Rule 26 (that discovery be proportionate to the needs of the case).

Now, however, discovery concerning PHH's finances, policies and procedures and pattern and practice – on a limited basis for a limited period of time – is particularly appropriate and relevant.  This is a matter squarely within this Court's discretion, and Plaintiff respectfully requests that this Court permit Plaintiff to issue the interrogatories and requests for production concerning Defendants' financial condition and net worth, and that PHH attend a deposition on this topic as well.

### IV. CONCLUSION

WHEREFORE, PHH has failed to satisfy the factors for granting a stay pending appeal and for the reasons set herein and in the interests of justice, Ms. Hoover respectfully requests that this court deny the request for a stay pending the appeal.

DATED this 22nd day of March, 2021.

| HENRY & DEGRAAFF, P.S. | ANDERSON SANTIAGO, PLLC |
|---|---|
| By: */s/Christina L Henry*<br>Christina L Henry, WSBA #31273<br>Attorneys for Plaintiff<br>787 Maynard Ave S.<br>Seattle, WA 98104<br>Tel# 206-330-0595<br>chenry@hdm-legal.com | By: */s/ Jason Anderson*<br>Jason Anderson, WSBA #38014<br>Attorneys for Plaintiff<br>787 Maynard Ave S.<br>Seattle, WA 98104<br>Tel# 206-330-0595<br>jason@alkc.net |

PLAINTIFF'S OPPOSITON TO MOTION TO STAY PENDING APPEAL - 12

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

Case 20-04002-MJH    Doc 101    Filed 03/22/21    Ent. 03/22/21 21:25:21    Pg. 12 of 12