The Honorable Marry Jo Heston
Chapter 13
Date of Hearing: March 29, 2021
Time of Hearing: 1:00 PM
Hearing Location: Telephonic
Response Due: March 22, 2021

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

IN RE:

SARAH HOOVER,

    Debtor.

SARAH HOOVER,

    Plaintiff,

    v.

QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, PHH MORTGAGE SERVICES D/B/A PHH MORTGAGE SERVICES, HSBC BANK USA, N.A, AS TRUSTEE OF THE FIELDSTONE MORTGAGE INVESTMENT TRUST, SERIES 2006-2, NEW REZ, LLC, AND IH6 PROPERTY WASHINGTON, L.P. D/B/A INVITATION HOMES,

    Defendant.

BK Case No.: 19-42890-MJH

Adv No. 20-04002 – MJH

Chapter: 13

DECLARATION OF SARAH HOOVER IN SUPPORT OF OPPOSITION TO STAY PENDING APPEAL

I, Sarah Hoover, hereby declare as follows:

DECLARATION OF SARAH HOOVER IN SUPPORT OF OPPOSITION TO STAY PENDING APPEAL - 15

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

Case 20-04002-MJH    Doc 102    Filed 03/22/21    Ent. 03/22/21 21:26:54    Pg. 1 of 6

1. I am the Plaintiff in the above-referenced adversary proceeding and I have personal knowledge concerning all information herein. The purpose of this declaration is to describe the ongoing challenges presented by a third-party's ownership of my home.

2. For purposes of the declaration, I call the property (18205 106th St E, Bonney Lake, WA 98391) "my home" because while I realize the property was originally in my father's name before he passed, I have lived in this house for many years, and it was always my understanding that I could accomplish the title transfer whenever I needed to do so. This was complicated when Ocwen/PHH refused to allow me to become current on the loan, and that is a matter which has been described in several previous declarations submitted in this case. The point is that I realize in a strict, literal, legal sense, the property was nominally not "my home," but for all functional purposes, it has always been my home and in the control of my family. It is the place where I raised my children.

3. Since the foreclosure sale in September 2019, I am no longer in control of my home as a homeowner. While I still live here, there are many disadvantages to having some other entity own my home.

4. Each month, I continue to pay $2,200.00 to attorney Christina Henry's trust account, as previously described. I have never missed any payments, nor have I ever been late.

### Maintenance

5. As I remain unsure about the ultimate resolution of this case and what will become of the ownership of my home, my family and I have essentially been living "in limbo."

6. For example, if I continued to own my home, I would replace the carpets, which have become old and worn with time. While the carpeting is not in good condition, it is still functional, but I cannot justify the expense of replacing the carpet throughout my home if it is not even my own home. If I were renting, this is a wear-and-tear item the landlord would probably be responsible for handling.

OPPOSITION TO STAY PENDING APPEAL - 15

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

Case 20-04002-MJH    Doc 102    Filed 03/22/21    Ent. 03/22/21 21:26:54    Pg. 2 of 6

7. There is a lot of cosmetic maintenance my husband and I have delayed, because we simply do not know whether the investment of time and money into making small superficial repairs is worth it. Again, if we were renting, these are items the landlord would likely address.

8. Additionally, we do not have the freedom to do any home repairs or improvements. If I were renting, it wouldn't be appropriate to invest in an update on my home. Regardless, if we were planning a cosmetic update, replacement of flooring, or a new roof, we would not be able to hire any contractors. Contractors confirm ownership of the property before they begin work for their own legal liabilities.

9. One item which did need repair was the fence between my yard and the next-door neighbor's yard. We both have dogs, and sometimes they would get through the fence. Before the foreclosure, I discussed splitting the cost of a fence with my neighbors, but they told me they could not wait any longer and simply replaced the fence. The total cost was approximately $1,250.00, and it is only fair to my neighbors (who are very nice people) that I honor our verbal commitment to pay half, which is $625.00. Again, if I were renting this property, this is not an expense I would incur, but I would be happy to pay for this improvement to my own property.

### Utilities and future billings

10. After the foreclosure, all of my utilities were taken out of my name. I tried to place them all back in my name, but I was only able to pay the electric bill. I remain unable to pay or access the water bill or garbage bill.

11. My understanding is the water and garbage bills are being paid by IH6, which I can only assume means that I will be required to reimburse someone for these bills in the future. The problem is that such bills vary, and it can be challenging to budget correctly for a future bill of an unknown size.

12. The garbage bill has been particularly problematic, since the bill was taken out of our name, our large sized garbage can was replaced with a smaller sized garbage can. There are seven people in my household, and even with careful management, we still need a larger size. The garbage company refused to work with me so we had to purchase a second can from the

DECLARATION OF SARAH HOOVER IN SUPPORT OF
OPPOSITION TO STAY PENDING APPEAL - 15

Henry & DeGraaff, P.S.
787 Maynard Ave S.
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

Case 20-04002-MJH    Doc 102    Filed 03/22/21    Ent. 03/22/21 21:26:54    Pg. 3 of 6

hardware store, and my understanding is that two cans cost significantly more than one large can. We have also had to take multiple trips to the dump which we never had to do back when we had the larger sized can.

13. While these may seem like minor annoyances, I frequently worry about the outcome. It is much easier on my mind to know what my monthly utility bills are and to know that I have paid them. Facing a future unknown bill is very concerning.

### Lack of self-determination

14. Since the foreclosure, I have realized there are many aspects of home ownership which can be taken for granted. When I owned my home, I always knew that if my family needed to move (or simply wanted to move), we could do so. It is hard to place a value on that freedom to make such decisions for ourselves.

15. I am aware of the historically low rates for refinancing home loans which are occurring right now. Had there not been a foreclosure, I believe my husband and I would qualify for a refinance, as we have steady employment and regular income. I know that refinancing can save a considerable amount of money over the life of a loan. If we owned the home, we could have the option to take out a home equity loan which would allow us to do a major update like paint the exterior or replace the roof.

16. For all practical purposes, my family is now required to continue living in this home. If we were to move elsewhere, we could not afford to pay for this home and rent a second home. Though someone else owns our home now, we essentially do not have a landlord, so as described above, we must assume certain expenses that a landlord would ordinarily bear.

17. Furthermore, we cannot access the equity in our home, which I believe is in the court's registry. Had there been an ordinary sale (and not a foreclosure), I believe we could have attained a higher price for the home and thus had more money left over. It is challenging to be without options.

18. As one example, my daughter has begun her high school years in a school which, historically, has had a severe drug problem. This concerns me, especially with her return to

DECLARATION OF SARAH HOOVER IN SUPPORT OF
OPPOSITION TO STAY PENDING APPEAL - 15

Henry & DeGraaff, P.S.
787 Maynard Ave S.
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

Case 20-04002-MJH    Doc 102    Filed 03/22/21    Ent. 03/22/21 21:26:54    Pg. 4 of 6

classes this month due to easing COVID restrictions.  My daughter is doing well, but like any parent, I worry about her safety.  Sending her to another school would actually require us to move, but this is just simply not an option I can entertain given all of the above reasons.

19. We have to live with everything on hold.  We don't have the security of knowing this is our home and it is not going anywhere.  We have to remain prepared to move at a moments notice depending the outcome.  We have to take into consideration that if we do have to relocate, we may not be able to stay in the same area and that new job we are looking into may turn out to be too far of a commute.

20. Even smaller things like decorating my home, replacing my sectional, or replacing the broken blinds in one of the bedrooms doesn't make sense right now.  If we are not going to stay here, we don't know if a new sectional will fit in a different home.  Obviously, the window treatments wouldn't go to a new home and the décor may not work.  We also like to plant flowers and update our flower beds every spring, but we haven't been able to do so, not knowing if we will have to move next week, next month, or not at all.  Until the house is in our name, we really don't own the home.  But we also don't have a landlord to rely on when things need repair.  And the most difficult part of it all, is not having the security of knowing how much longer we will be allowed to live in the home we have lived in since 2005.  Nothing can happen until the house is ours.

21. The point I am making is that there are many benefits to owning a home which go above and beyond just its market value.  The ability to make choices for my family is valuable to me, and there are choices I simply cannot make right now.  Knowing that someone else owns my home and is keeping a ledger of utility bills that I presume I will have to pay all at once someday is difficult and stressful.

DECLARATION OF SARAH HOOVER IN SUPPORT OF
OPPOSITION TO STAY PENDING APPEAL - 15

**Henry & DeGraaff, P.S.**
787 Maynard Ave S.
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

Case 20-04002-MJH    Doc 102    Filed 03/22/21    Ent. 03/22/21 21:26:54    Pg. 5 of 6

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON AND THE UNITED STATES THAT THE ABOVE IS TRUE AND CORRECT.

DATED this March 22nd, 2021

*/s/ Sarah Hoover*
Sarah Hoover

DECLARATION OF SARAH HOOVER IN SUPPORT OF
OPPOSITION TO STAY PENDING APPEAL - 15

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S.
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

Case 20-04002-MJH    Doc 102    Filed 03/22/21    Ent. 03/22/21 21:26:54    Pg. 6 of 6