# EXHIBIT C

# Christina Henry

**Subject:** FW: Hoover v QLS - 7091305107 - mediation availability / HOOVER / 7091305107 / WA-20-879613-CV

**From:** Joseph McIntosh <jmcintosh@McCarthyHolthus.com>
**Sent:** Sunday, March 14, 2021 2:04 PM
**To:** Bob Norman <bnorman@houser-law.com>; Christina Henry <chenry@hdm-legal.com>; Emilie K. Edling <eedling@houser-law.com>
**Cc:** John McIntosh <johnm@schweetlaw.com>; Jason Anderson (jason@alkc.net) <jason@alkc.net>; IDSMH <IDSMH@McCarthyHolthus.com>
**Subject:** RE: Hoover v QLS - 7091305107 - mediation availability / HOOVER / 7091305107 / WA-20-879613-CV

Also, I just checked the property's tax account, and it's still with iH6.

The draft order I exchanged, or some equivalent, will need to be recorded to get the County to put the account back in Suileman's name.

The tax account change won't happen automatically because there is no deed and excise recording.

**From:** Joseph McIntosh
**Sent:** Sunday, March 14, 2021 1:48 PM
**To:** 'Bob Norman' <bnorman@houser-law.com>; Christina Henry <chenry@hdm-legal.com>; Emilie K. Edling <eedling@houser-law.com>
**Cc:** John McIntosh <johnm@schweetlaw.com>; Jason Anderson (jason@alkc.net) <jason@alkc.net>; IDSMH <IDSMH@McCarthyHolthus.com>
**Subject:** RE: Hoover v QLS - 7091305107 - mediation availability / HOOVER / 7091305107 / WA-20-879613-CV

Thanks.

**From:** Bob Norman [mailto:bnorman@houser-law.com]
**Sent:** Sunday, March 14, 2021 9:20 AM
**To:** Christina Henry <chenry@hdm-legal.com>; Joseph McIntosh <jmcintosh@McCarthyHolthus.com>; Emilie K. Edling <eedling@houser-law.com>
**Cc:** John McIntosh <johnm@schweetlaw.com>; Jason Anderson (jason@alkc.net) <jason@alkc.net>; IDSMH <IDSMH@McCarthyHolthus.com>
**Subject:** RE: Hoover v QLS - 7091305107 - mediation availability / HOOVER / 7091305107 / WA-20-879613-CV

Thanks Christina and Joseph for the emails. Joseph, can you draft the stip you described below for us all to review?

Robert W. Norman, Jr.
Partner
HOUSER LLP
9970 Research Drive, Irvine, CA 92618
P: (949) 679-1111   F: (949) 679-1112
WWW.HOUSER-LAW.COM
Offices in Arizona, California, Connecticut, Massachusetts,
Minnesota, Nevada, New Jersey, New Mexico, New York, Oregon & Washington

Admitted to Practice in Arizona, California, New Mexico and Washington

1

This electronic message contains information from the law firm of Houser LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at rnorman@houser-law.com.

**From:** Christina Henry <chenry@hdm-legal.com>
**Sent:** Saturday, March 13, 2021 1:41 PM
**To:** Joseph McIntosh <jmcintosh@McCarthyHolthus.com>; Emilie K. Edling <eedling@houser-law.com>
**Cc:** Bob Norman <bnorman@houser-law.com>; John McIntosh <johnm@schweetlaw.com>; Jason Anderson (jason@alkc.net) <jason@alkc.net>; IDSMH <IDSMH@McCarthyHolthus.com>
**Subject:** RE: Hoover v QLS - 7091305107 - mediation availability / HOOVER / 7091305107 / WA-20-879613-CV

The Plaintiff agrees that all the actions Joseph McIntosh describes below would resolve the issues for Ms. Hoover.

**Christina L. Henry,** *Attorney*
**Henry & DeGraaff, P.S.**
**787 Maynard Ave S**
**Seattle, Washington 98104**
**Tel 206/330-0595**
**Fax 206-400-7609**
**chenry@HDM-legal.com**

**CONFIDENTIALITY NOTICE:** This e-mail may contain information that is protected by the attorney-client and/or the attorney-work product privilege. It is intended only for the individual named above and the privileges are not waived by virtue of this having been sent by e-mail. If you are not the intended recipient ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. If you have received this communication in error, please immediately notify us by return e-mail or telephone at the e-mail address or telephone number listed above and destroy this transmission and any attachments without reading or saving in any manner. Thank you

**From:** Joseph McIntosh <jmcintosh@McCarthyHolthus.com>
**Sent:** Saturday, March 13, 2021 10:18 AM
**To:** Emilie K. Edling <eedling@houser-law.com>; Christina Henry <chenry@hdm-legal.com>
**Cc:** Bob Norman <bnorman@houser-law.com>; John McIntosh <johnm@schweetlaw.com>; Jason Anderson (jason@alkc.net) <jason@alkc.net>; IDSMH <IDSMH@McCarthyHolthus.com>
**Subject:** RE: Hoover v QLS - 7091305107 - mediation availability / HOOVER / 7091305107 / WA-20-879613-CV

Last email I promise.

If the sale is immediately rescinded, I think the purchase price needs to be refunded to purchaser, including funds in registry. I don't think this is delayed during the pendency of an appeal.

If sale is affirmed on appeal, purchaser owes that money back to the lender and the parties entitled to surplus. I don't know how you protect that right to return of the funds from the purchaser, but certainly there would accrue a cause of action for restitution, and perhaps an equitable lien against the real property securing repayment by the purchaser.

This could also be made part of the instrument rescinding sale.

**From:** Joseph McIntosh
**Sent:** Saturday, March 13, 2021 10:05 AM
**To:** 'Emilie K. Edling' <eedling@houser-law.com>; 'Christina Henry' <chenry@hdm-legal.com>
**Cc:** 'Bob Norman' <bnorman@houser-law.com>; 'John McIntosh' <johnm@schweetlaw.com>; 'Jason Anderson

([jason@alkc.net](mailto:jason@alkc.net))' <[jason@alkc.net](mailto:jason@alkc.net)>; IDSMH <[IDSMH@McCarthyHolthus.com](mailto:IDSMH@McCarthyHolthus.com)>
**Subject:** RE: Hoover v QLS - 7091305107 - mediation availability / HOOVER / 7091305107 / WA-20-879613-CV

On more reflection, preservation of rights would equally be needed for the purchaser, because the purchaser is losing title through the rescission instrument, subject to reinstatement by way of successful appeal.

---

**From:** Joseph McIntosh
**Sent:** Saturday, March 13, 2021 9:39 AM
**To:** 'Emilie K. Edling' <[eedling@houser-law.com](mailto:eedling@houser-law.com)>; Christina Henry <[chenry@hdm-legal.com](mailto:chenry@hdm-legal.com)>
**Cc:** Bob Norman <[bnorman@houser-law.com](mailto:bnorman@houser-law.com)>; John McIntosh <[johnm@schweetlaw.com](mailto:johnm@schweetlaw.com)>; Jason Anderson ([jason@alkc.net](mailto:jason@alkc.net)) <[jason@alkc.net](mailto:jason@alkc.net)>; IDSMH <[IDSMH@McCarthyHolthus.com](mailto:IDSMH@McCarthyHolthus.com)>
**Subject:** RE: Hoover v QLS - 7091305107 - mediation availability / HOOVER / 7091305107 / WA-20-879613-CV

I think the sale can be immediately reversed, with the preservation of the lender's rights during the pendency of an appeal, through the recording of lis pendens.

The lis pendens will cut-off intervening rights that may be created by the borrower when title is returned to her.

Of course, this will effectively prevent the borrower from transferring or encumbering the real property during the pendency of the lis pendens / appeal (which may trigger the need for supersedes bond if the borrower had intentions of transferring / encumbering during the appeal period, and would be damaged ).

The actual rescission can be accomplished by a simple instrument or order, signed by the court (the bankruptcy court is empowered to determine title rights).

I'm motivated to close my file on this, and I would be willing to prepare the instrument. The title rights returned would be based on the trustee's litigation guarantee. Neither myself nor the trustee would me making any other title representations.

A full dismissal of the trustee would need to follow.

Let me know.

Thanks.

3

Case 20-04002-MJH    Doc 103-3    Filed 03/22/21    Ent. 03/22/21 21:31:38    Pg. 4 of 4