# EXHIBIT L

| | |
|---|---|
| **From:** | Emilie K. Edling <eedling@houser-law.com> |
| **Sent:** | Friday, March 12, 2021 4:12 PM |
| **To:** | Christina Henry |
| **Cc:** | Bob Norman; John McIntosh; Joseph McIntosh; Jason Anderson (jason@alkc.net) |
| **Subject:** | Hoover v QLS - 7091305107 - mediation availability |

Christina,

As you know, I'm newer to the case. I just reviewed the recording for the hearing on 2/18/21 in order to understand why you believe a ruling on punitive damages discovery was made. I don't believe your recollection that a ruling was made is correct, nor would it make sense for Judge Heston to essentially hear an unnoticed oral motion from you, not ask for any input from the other party, and rule. Instead, Judge Heston stated she was "inclined" to allow discovery, but she wanted the parties to confer. That is what we have been trying to do, and suggest we do further at a call on Monday.

Similarly with regard to the other matters, Judge Heston asked us to confer about transferring title to the Property, and we are trying to do that; although it sounds like you are cutting us off below. I suggest we discuss this further Monday. We think a stay until there is a ruling on the appeal is reasonable and are puzzled why you would not at the very least agree to one until the mediation, given we may completely and finally resolve the entire matter at mediation. In the event there is no stay, we still have not heard a proposal from you as to your recommendation for unwinding the sale, which is the primary issue Judge Heston asked us to confer about.

Accordingly, again, we propose a call on Monday. Please advise as to your availability.

Thanks,
Emilie
Emilie K. Edling
**Appellate Practice Chair**
**HOUSER LLP**
9600 SW Oak Street, Ste 570
Portland, OR 97223
P: (503) 914-1382   F: (949) 679-1112
WWW.HOUSER-LAW.COM
Offices in Arizona, California, Connecticut, Massachusetts,
Minnesota, Nevada, New Jersey, New Mexico, New York, Oregon & Washington

Admitted to Practice in Oregon, California, and Washington

This electronic message contains information from the law firm of Houser LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at eedling@houser-law.com

---

**From:** Christina Henry [mailto:chenry@hdm-legal.com]
**Sent:** Friday, March 12, 2021 3:13 PM
**To:** Bob Norman <bnorman@houser-law.com>
**Cc:** 'johnm@schweetlaw.com' <johnm@schweetlaw.com>; Joseph McIntosh <jmcintosh@McCarthyHolthus.com>; Emilie K. Edling <eedling@houser-law.com>; Jason Anderson <jason@alkc.net>
**Subject:** RE: Hoover v QLS - 7091305107 - mediation availability

Robert,

1

It is our understanding that the court ruled on the record that punitive damages discovery would be allowed and from what I recall, Judge Heston asked us to work together about addressing the need for additional discovery and if we could not, come to an agreement, she would issue an order about the additional discovery herself. In an effort to engage in the issue, we quickly drafted punitive damages discovery, served it and attempted to set a meeting to confer about it and proper dates for deposition. At this point, I assume you will take up the matter with the judge. As to the other issues, I believe my co-counsel Jason has already addressed them in his earlier email. Thank you.

**Christina L. Henry,** *Attorney*
**Henry & DeGraaff, P.S.**
**787 Maynard Ave S**
**Seattle, Washington 98104**
**Tel 206/330-0595**
**Fax 206-400-7609**
**chenry@HDM-legal.com**

**CONFIDENTIALITY NOTICE:** This e-mail may contain information that is protected by the attorney-client and/or the attorney-work product privilege. It is intended only for the individual named above and the privileges are not waived by virtue of this having been sent by e-mail. If you are not the intended recipient ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. If you have received this communication in error, please immediately notify us by return e-mail or telephone at the e-mail address or telephone number listed above and destroy this transmission and any attachments without reading or saving in any manner. Thank you

**From:** Bob Norman <bnorman@houser-law.com>
**Sent:** Thursday, March 11, 2021 3:44 PM
**To:** Jason Anderson <jason@alkc.net>
**Cc:** Christina Henry <chenry@hdm-legal.com>; 'johnm@schweetlaw.com' <johnm@schweetlaw.com>; Joseph McIntosh <jmcintosh@McCarthyHolthus.com>; Emilie K. Edling <eedling@houser-law.com>
**Subject:** RE: Hoover v QLS - 7091305107 - mediation availability

Counsel, responding to your points below:

**Deposition and Discovery:** We received the deposition request late in the day on 2/23/21, understood from the email that the date of the deposition was flexible, and responded at the time to let you know we would be in touch, and have now responded further (2 weeks plus 1 day, *not* three weeks later). As you know, in the interim we've been working diligently on the case, both towards a mediation and preserving appellate rights. We also are inquiring what the grounds are for additional discovery after the cut-off date.

**Motion to stay:** As you read from our motion for leave, there is substantial Ninth Circuit authority indicating that decisions determining the scope of a stay and decisions on a motion to annul are final and appealable as a matter of right. It's possible the District Court will decide to distinguish our case from those Ninth Circuit authorities, but in the meantime we still have a case where all parties can benefit from a stay while, at a minimum, the District Court rules on our motion and we attend mediation. We are interested in understanding the actual harm your client would face from an agreement to maintain the current status quo given (1) she was not previously in title prior to the foreclosure sale; (2) it is unlikely a party with a bankruptcy filing could actually take advantage of low interest rates; (3) we can enter into a stipulated motion to stay that allows the parties to bring a change of circumstances to the Court – such as if Ms. Hoover actually desires to move from the property. Please let us know if there is some actual prejudice currently anticipated from a stay, and we can look at whether the stay should include aspects to alleviate that prejudice.

**Mediation:** We are still working to schedule mediation as a top priority and will continue to correspond with you regarding that matter. We request, at a minimum, that the parties agree to a limited stay of proceedings to the date of mediation so that the parties can focus on preparing for mediation and settling this matter, rather than incurring additional attorney fees. Please let us know if you will agree to that, so that we can advise the Court of a stipulated motion for a limited stay in our upcoming meeting.

Potential dates and mediators are below:

Ann Marshall
March 29-30;
April 1, 5-6.

Judge Scott
April 6, 7, 8, 13, 28-30
May 4, 6, 7, 10

Thank you

Robert W. Norman, Jr.
Partner
HOUSER LLP
9970 Research Drive, Irvine, CA 92618
P: (949) 679-1111   F: (949) 679-1112
WWW.HOUSER-LAW.COM
Offices in Arizona, California, Connecticut, Massachusetts,
Minnesota, Nevada, New Jersey, New Mexico, New York, Oregon & Washington

Admitted to Practice in Arizona, California, New Mexico and Washington

This electronic message contains information from the law firm of Houser LLP.  The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited.  If you have received this e-mail in error, please contact me at rnorman@houser-law.com.

**From:** Jason Anderson <jason@alkc.net>
**Sent:** Wednesday, March 10, 2021 6:33 PM
**To:** Christina Henry <chenry@hdm-legal.com>; Bob Norman <bnorman@houser-law.com>; 'johnm@schweetlaw.com' <johnm@schweetlaw.com>; Joseph McIntosh <jmcintosh@McCarthyHolthus.com>
**Cc:** Emilie K. Edling <eedling@houser-law.com>
**Subject:** Re: Hoover v QLS

Wait... so you want my client to (1) pay for a loan that she doesn't have, while (2) someone else retains legal ownership of her home?  I think she'll pass, thanks.

We're happy to work with you on logistics, but these requests put us in a very untenable position and seem designed to generate some amount of friction.

**As to the deposition**: We sent the notice out almost three weeks ago.  While, again, we are happy to work with you on scheduling, you do not get to silently wait three weeks and then declare that the witness is not available (for a Zoom deposition, no less).  I notice that a date was not even offered.  Thus, in the absence of any constructive requests, we'll keep the date as it is.  If you have alternative dates that aren't simply "no," then we will do everything we can to accommodate them.

**As to the proposed stay of proceedings**: This would be different if it were an appeal as of right.  While I understand your arguments and basis for making them, we are particularly concerned about a jurisdictional problem and subsequent piecemeal appeals.  Further, Judge Heston simply confirmed what we already know, which is that Ms. Hoover is entitled to her property, so I cannot really see a basis for Ms. Hoover agreeing to stand by for an indefinite period of time.  The longer this drags on for her, the worse it becomes.

**As to the prejudice**: The statement that being free from eviction is the same as "no prejudice" is outright insulting. Telling someone that they're just as well off *with someone else owning their home* is a statement I never thought I would read in the modern era. The "status quo" is specifically the problem, that does not mean there is "no prejudice."

What conveniently gets overlooked in this process is that Ms. Hoover is actually a human being with a family. The benefits we all take from home ownership go beyond the financial benefits - Ms. Hoover and her family cannot make decisions that someone who owns their home could make. If she wanted to enroll her children in another school district for example, she would need to move. That is rendered nearly impossible at present. If the loan were still intact, she could save her family a lot of money by taking advantage of historically low refinance rates right now. That option, too, is taken from her. Basically, all of the things homeowners take for granted are denied to her. She cannot even touch the equity in her property because that's in the court registry.

Thus, you can imagine my client's response when she is asked to hand over the funds being held in trust while someone else "holds onto" her property for her.

**As to negotiating anything at all**: Every proposal made by PHH to this point has been a "heads I win, tails you lose" proposal. There needs to be reciprocity if anyone is going to negotiate anything. If PHH wants the money held in trust, great, then make arrangements to comply with Judge Heston's order and hand over the title. If PHH wants to stay proceedings and keep IH6 holding title, great, hand over the funds in the court registry.

At this point, Ms. Hoover questions whether PHH has acted in good faith at any point in this matter. I can't say I disagree. We were told to "wait" to set a mediation date, only to find out that PHH never had any intention of following through with that. It does not bother me one bit, but I know how it looks to my client. In conclusion, if PHH wants something, it can offer something in exchange. I am unsure whether that well has been poisoned by your client's actions, but Ms. Hoover will no longer dignify "proposals" which inure to everyone's benefit except hers.

**Conclusion**: Your clients can file whatever they want, and that's their right. In the meantime, this case proceeds and there's a court order, and we are moving forward. Our concerns with the appeal are jurisdictional, but to the extent opposing the appeal otherwise would simply waste time and resources, Ms. Hoover would rather just not oppose it. The common thread is that she remains dispossessed of her property, so for her, sooner is better.

**Jason D. Anderson**
Anderson Santiago, PLLC
787 Maynard Ave. S
Seattle, WA 98104
206-395-2665

---

**From:** Christina Henry <chenry@hdm-legal.com>
**Sent:** Wednesday, March 10, 2021 5:38 PM
**To:** Bob Norman <bnorman@houser-law.com>; 'johnm@schweetlaw.com' <johnm@schweetlaw.com>; Joseph McIntosh <jmcintosh@McCarthyHolthus.com>; Jason Anderson <jason@alkc.net>

**Cc:** Emilie K. Edling <eedling@houser-law.com>
**Subject:** Re: Hoover v QLS

Please be sure to send all emails to my co-counsel Jason Anderson who Is not being forwarded this message

Christina Henry

Get Outlook for iOS

---

**From:** Bob Norman <bnorman@houser-law.com>
**Sent:** Wednesday, March 10, 2021 5:18 PM
**To:** Christina Henry; 'johnm@schweetlaw.com'; Joseph McIntosh
**Cc:** Emilie K. Edling
**Subject:** Hoover v QLS

Christina,

We write to confer with you regarding several matters and suggest a teleconference Thursday or Friday to discuss further. Here are our thoughts:

**Motion to Stay:** We plan to file a motion to stay this case pending a decision on our motion for leave to appeal this matter, and we are hoping you agree to the motion. Our thought is that a stay will benefit all of the parties in several respects by allowing the District Court to review this matter and provide finality regarding the Judgment. We are concerned that if this case moves forward and is later reversed, unrecoverable time and resources will be expended on trial preparation and trial. This is true even if PHH is not fully successful on appeal: It is possible that the District Court will find that it was premature to rule on PHH's "willfulness" at the summary judgment stage, and this would ruling would require the case to be re-tried so evidence of willfulness could be presented.

Additionally, a stay is warranted in this case because PHH and IH6 are jeopardized by the Bankruptcy Court's order to unwind the nonjudicial foreclosure, which is not an uncomplicated process. We anticipate that compliance with the order will require PHH to return the funds that IH6 paid, somehow return title to the Suleiman Trust, and potentially file litigation for a declaratory action reinstating the liens on the Property. These efforts will not be nominal in cost or time, and yet transfer of the title back to the Suleiman Trust also means that your client will be free to dispose of it, and PHH and IH6's interests may not be protected, warranting a stay. At the same time, we are happy to provide assurances that no party will move to evict your client and we will maintain the status quo, so that there is no prejudice caused to your client by a stay. Please let us know if we can reach an agreement on this issue. We do need to file our motion soon and may need to request an expedited hearing.

**Discovery:** With regard to your recent written discovery requests and requests for deposition, please note that we are not able to make a witness available so soon as the date requested and ask that you not prepare to conduct depositions on that date. Additionally, we believe at a minimum discovery should be stayed at this time because of the pending appeal issues discussed above. The parties also had a prior scheduling order where discovery closed, but we are willing to discuss that further if the case does proceed after the appeal.

**Title:** Regarding your request to stipulate to restore title, we are hopeful you will agree to a stay concerning that matter, as noted above. We will work with IH6 to provide assurances that no effort will be made to evict and that we will maintain the status quo pending the stay. If you will not agree, we will need to address the motion to stay with the court; however, we also would like to hear from you how you propose title be restored. As we've noted above, several things need to occur to unwind a foreclosure, and it may even require a declaratory action. Please let us know your thoughts and if your client is prepared to take the lead on such efforts, as well as what your client's plans are for providing us the funds that are being held in trust for payment on this account.

Thank you,

Bob

Robert W. Norman, Jr.
Partner

HOUSER LLP

9970 Research Drive, Irvine, CA 92618
P: (949) 679-1111   F: (949) 679-1112
WWW.HOUSER-LAW.COM
Offices in Arizona, California, Connecticut, Massachusetts,
Minnesota, Nevada, New Jersey, New Mexico, New York, Oregon & Washington

Admitted to Practice in Arizona, California, New Mexico and Washington

This electronic message contains information from the law firm of Houser LLP.  The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited.  If you have received this e-mail in error, please contact me at rnorman@houser-law.com.

---

**From:** Christina Henry <chenry@hdm-legal.com>
**Sent:** Tuesday, February 23, 2021 3:38 PM
**To:** Bob Norman <bnorman@houser-law.com>; 'johnm@schweetlaw.com' <johnm@schweetlaw.com>; Joseph McIntosh <jmcintosh@McCarthyHolthus.com>
**Subject:** Hoover v QLS

Counsels,

Please see the attached discovery or punitive damages and notices of Rule 30(b)(1) depositions se for March 25th and March 26th. We would like to minimize expenses and request that you work to identify suitable witnesses ASAP. Trial is coming up quickly and we are concerned with substance over form here given that trial is coming up quickly and thus have set these depositions to target the persons most likely to have the relevant information. However, if you would rather have your rule 30(b)(6) be the deponent we are also open to having those discussions.

In light of the trial date that is fast approaching, we would like to engage now in fashioning an agreement over the timeline for punitive damages discovery as directed by the court.  We have moved quickly to get this out to you so that we can engage in that discussion. Please let us know by Thursday the 25th by the close of business if you have any concerns or if you need to move the dates for the deposition to accommodate the deponents. Also, should we need to further meet and confer, I would like to propose Friday morning at 10am if that is agreeable about all of these topics.


**Christina L. Henry,** *Attorney*
**Henry & DeGraaff, P.S.**
**787 Maynard Ave S**
**Seattle, Washington  98104**
**Tel 206/330-0595**
**Fax 206-400-7609**
**chenry@HDM-legal.com**


**CONFIDENTIALITY NOTICE:  This e-mail may contain information that is protected by the attorney-client and/or the attorney-work product privilege.  It is intended only for the individual named above and the privileges are not waived by virtue of this having been sent by e-mail.  If you are not the intended recipient ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  If you have received this communication in error, please immediately notify us by return e-mail or telephone at the e-mail address or telephone number listed above and destroy this transmission and any attachments without reading or saving in any manner.  Thank you**