Robert W. Norman, Jr. (SBN 37094)
Emilie K. Edling (SBN 45042)
Houser LLP
600 University St., Suite 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

THE HONORABLE BENJAMIN H. SETTLE

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re<br><br>SARAH HOOVER,<br><br>      Debtor.<br><br>SARAH HOOVER,<br><br>      Plaintiff,<br><br>  vs.<br><br>QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, PHH MORTGAGE CORPORATION D/B/A PHH MORTGAGE SERVICES, HSBC BANK USA, N.A., AS TRUSTEE OF THE FIELDSTONE MORTGAGE INVESTMENT TRUST, SERIES 2006-2, NEWREZ, LLC, AND IH6 PROPERTY WASHINGTON, L.P. D/B/A INVITATION HOMES<br><br>      Defendants. | USDC Number: 3:21-cv-05154-BHS<br><br>Case No.: 19-42890-MJH<br><br>Internal Appeal Number: 21−T003<br><br>Adversary No.: 20-04002-MJH<br><br>**APPELLANTS' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY** |

/ /

APPELLANTS' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY
USDC No. 3:21-cv-05154-BHS
Page 1

HOUSER LLP
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 20-04002-MJH    Doc 125    Filed 05/03/21    Ent. 05/03/21 22:37:11    Pg. 1 of 6

PHH Mortgage Corporation d/b/a PHH Mortgage Services, NewRez, LLC, and HSBC Bank USA, N.A., as Trustee of the Fieldstone Mortgage Investment Trust, Series 2006-2 (collectively, "Appellants") herein file the attached Response to "Appellee's Notice of Supplemental Authority" (Doc. 17; hereinafter referred to as the "Filing") submitted in this matter by Plaintiff-Appellee Sara Hoover ("Hoover") on April 19, 2021. Hoover's Filing is not a proper motion, pleading, or other request for relief; ignores or misrepresents correct procedure; and is not helpful to the Court.

First, the filing does not properly place any issues before the Court. There is a procedural mechanism for an appellee to contest the jurisdiction of this Court on appeal (*see* FRBP 8013), and Hoover has failed to take advantage of that mechanism by filing a well-supported motion with briefing that fully explains the law and how the law applies to the facts in this matter. Further, it is indisputably the law that that this Court has the authority to assert jurisdiction over the instant appeal whether it is interlocutory or not – *see* 28 U.S.C. § 158(a) – and Hoover waived any challenge to this Court's decision to do so at this late date. Pursuant to Federal Rule of Bankruptcy Procedure ("FRBP"), Rule 8004, a party who opposes an appellant's motion requesting leave to appeal an interlocutory order may file a response to the motion with the district or BAP clerk hearing the appeal within 14 days after the motion for leave is served. FRBP 8004(b)(2). Here, Appellants served their Notice of Appeal and Motion for Leave to Appeal on February 26, 2021. (Doc. 1.) Hoover never filed a response in this Court, as required. Hoover did file a response in the bankruptcy court, which was transferred to this Court (Doc. 1-1), but her response did not oppose this Court's exercise of jurisdiction over the appeal if it is deemed interlocutory. (*See* Doc 1-1 at 3.) Any opposition at this juncture is untimely and prejudicial.

Second, Hoover incorrectly contends that Appellants' withdrawal of their Motion for Leave deprives this Court of jurisdiction over this appeal. (Doc. 17 at 2.) As noted in Appellants' Notice of Withdrawal, the bankruptcy court hearing the underlying proceedings

APPELLANTS' RESPONSE TO NOTICE OF
SUPPLEMENTAL AUTHORITY
USDC NO. 3:21-cv-05154-BHS
Page 2

HOUSER LLP
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 20-04002-MJH    Doc 125    Filed 05/03/21    Ent. 05/03/21 22:37:11    Pg. 2 of 6

determined that the instant appeal is from a final order. Even if that decision was incorrect, however, this Court is entitled to exercise jurisdiction over an interlocutory appeal whether or not a Motion for Leave to Appeal is filed. FRBP 8004(d); 28 U.S.C. § 158(a). FRBP 8003(2) specifies that an appellant's failure to take "any step other than the timely filing of a notice of appeal does not affect the validity of the appeal . . . ." FRBP 8004(d) further makes clear that even if an appellant files an interlocutory appeal without filing the motion for leave, "the district court or BAP may order the appellant to file a motion, or treat the notice of appeal as a motion for leave and either grant or deny it." Accordingly, the lack of a pending Motion for Leave to Appeal before this Court has no impact on this Court's jurisdiction. In the interest of fairness, in light of the substantial time spent preparing a Motion for Leave to Appeal and working to comply with applicable rules, Appellants request this Court consider the withdrawn motion – or provide an opportunity to re-file it and/or provide further briefing – if the Court decides a further examination of the Court's jurisdiction is needed.

Finally, the unpublished orders Hoover presents in support of her argument that the order appealed from is not a final order is not helpful to this Court. First, the orders are unpublished and have no precedential force. Ninth Cir. 36-3(a). The orders cannot possibly overcome the binding, published, Ninth Circuit and U.S. Supreme Court precedent establishing that appeals are from a final order appealable as a matter of right if the order concerns (1) a finding that a willful violation of the automatic stay occurred, even if there is a need for further proceedings on damages, *see In re Perl*, 811 F.3d 1120, 1123 (9th Cir. 2016); (2) a finding regarding the scope of the automatic stay or denying or granting relief from the stay;[1] and (3) an order determining certain property is or is not part of the

---

[1] *See Ritzen Grp., Inc. v. Jackson Masonry, LLC,* 140 S. Ct. 582, 592, 205 L. Ed. 2d 419 (2020) (holding denial from a motion for relief from stay was final order); *In re Nat'l Envtl. Waste Corp.*, 129 F.3d 1052, 1054 (9th Cir. 1997) (ruling that "[o]rders granting or denying relief from the automatic stay are deemed to be final orders;" and that decisions regarding annulment of stay are final orders appealable as of right); *In re Rogers*, 11 F. App'x 840, 842

APPELLANTS' RESPONSE TO NOTICE OF
SUPPLEMENTAL AUTHORITY
USDC No. 3:21-cv-05154-BHS
Page 3

HOUSER LLP
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 20-04002-MJH    Doc 125    Filed 05/03/21    Ent. 05/03/21 22:37:11    Pg. 3 of 6

bankruptcy estate and/or compelling the turnover of property. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987) (finding order disposing of property rights of individuals is a final order). *See also In re Stasz*, 520 F. App'x 547 (9th Cir. 2013) (holding order compelling turnover of estate property is immediately appealable). Indeed, it does not appear that the appellant in the *In re Moon* proceedings actually briefed *In re Perl* to the Ninth Circuit. *See In re: Willie Moon, et al v. Rushmore Loan Management Services, LLC*, No. 21-60010, Appellants Adnette M. Gunnels-Moon and Willie N. Moon response to order to show cause dated 02/24/2021 (Filed Mar. 17, 2021, Doc. 10.) Further, the *In re Moon* decision is inapposite because the case was in a different procedural posture and involved a different dispute between the parties. In *In re Moon*, the dispute before the Ninth Circuit concerned the correctness of the BAP's Order remanding the case to the bankruptcy court with instructions to explain its attorney fee award in greater detail and reconsider the propriety of the award. *In re Moon*, BAP NV-20-1195-BFL, 2021 WL 408838, at *2 (B.A.P. 9th Cir. Feb. 4, 2021) (describing issue on appeal). Here, there is no fee award at issue; rather, the dispute on appeal concerns the propriety of the bankruptcy court's substantive finding that a willful violation occurred, refusal to annul the automatic stay, and order disposing of individual rights in property.

Further, the instant case involves consideration of a District Court's jurisdiction on appeal, not – as in *In re Moon* – the Ninth Circuit Court's jurisdiction. The standards are different, as a District Court or the BAP has jurisdiction to hear an interlocutory order of a bankruptcy court, while the Ninth Circuit only has a limited ability to hear very specific types of interlocutory orders. *See* 28 U.S.C. § 158(a)(2), (d)(1). *See also Matter of*

---

(9th Cir. 2001) (noting ordinarily a ruling on annulment of stay would be a final order appealable as a matter of right); *Moore v. ING Bank, FSB*, No. C11-139Z, 2011 WL 3586152, at *3 (W.D. Wash. Aug. 16, 2011) (noting 9th Circuit precedent that denial or grant of relief from automatic stay is a final order); *In re Aheong*, 276 B.R. 233, 250 (BAP 9th Cir. 2002) (holding decisions regarding annulment of stay are appealable as a matter of right).

APPELLANTS' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY
USDC No. 3:21-cv-05154-BHS
Page 4

HOUSER LLP
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 20-04002-MJH    Doc 125    Filed 05/03/21    Ent. 05/03/21 22:37:11    Pg. 4 of 6

*Halvorson*, 840 Fed. Appx. 161, 165 (9th Cir. 2021). *In re Moon* is also inapposite because it involved appeal from a BAP order remanding to the bankruptcy court with instructions. The Ninth Circuit has a specific rule applicable to such orders, which is that "an order from the BAP is not final if it remands for factual determinations on a central issue." *In re Marino*, 949 F.3d 483, 487 (9th Cir. 2020), *cert. denied sub nom. Marino v. Ocwen Loan Servicing, LLC*, 20-409, 2021 WL 1072281 (U.S. Mar. 22, 2021) (internal quotations omitted). Accordingly, *In re Moon* is neither binding nor persuasive authority, and cannot be considered in light of the explicit Ninth Circuit authorities mentioned above.

DATED: May 3, 2021

**HOUSER LLP**

By: */s/ Emilie K. Edling*
Emilie K. Edling WSBA No. 45042
eedling@houser-law.com
*Attorneys for Defendants PHH Mortgage Corporation, HSBC Bank USA, N.A., as Trustee of the Fieldstone Mortgage Investment Trust, Series 2006-2, and NewRez, LLC*

APPELLANTS' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY
USDC NO. 3:21-cv-05154-BHS
Page 5

HOUSER LLP
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 20-04002-MJH    Doc 125    Filed 05/03/21    Ent. 05/03/21 22:37:11    Pg. 5 of 6

# CERTIFICATE OF SERVICE

On May 3, 2021, I served the foregoing document(s): APPELLANTS' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY, in the manner described below:

| | |
|---|---|
| Jason D. Anderson<br>Anderson Santiago, PLLC<br>787 Maynard Ave S., Suite B<br>Seattle, WA 98104<br>Jason@alkc.net<br>*Counsel for Plaintiff/Debtor* | ☒ CM/ECF<br>☐ UPS Overnight<br>☐ UPS 2 Day Shipping<br>☐ Email<br>☐ Courier |
| Christina L. Henry<br>Henry & Degraaff, P.S.<br>787 Maynard Ave S., Suite B<br>Seattle, WA 98104<br>chenry@hdm-legal.com<br>*Counsel for Plaintiff/Debtor* | ☒ CM/ECF<br>☐ UPS Overnight<br>☐ UPS 2 Day Shipping<br>☐ Email<br>☐ Courier |
| Joseph W. McIntosh<br>McCarthy & Holthus, LLP<br>108 1st Ave South, Suite 300<br>Seattle, WA 98104<br>jmcintosh@mccarthyholthus.com<br>*Counsel for Quality Loan Service Corporation of Washington* | ☐ CM/ECF<br>☐ UPS Overnight<br>☐ UPS 2 Day Shipping<br>☒ Email<br>☐ Courier |
| John A. McIntosh<br>Schweet Linde & Coulson, PLLC<br>575 S. Michigan St.<br>Seattle, WA 98108<br>johnm@schweetlaw.com<br>*Counsel for IH6 Property Washington, L.P.* | ☐ CM/ECF<br>☐ UPS Overnight<br>☐ UPS 2 Day Shipping<br>☒ Email<br>☐ Courier |

DATED: May 3, 2021

HOUSER LLP

By: /s/ Emilie K. Edling
Emilie K. Edling WSBA No. 45042
eedling@houser-law.com
Attorneys for Defendants-Appellants

APPELLANTS' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY
USDC No. 3:21-cv-05154-BHS
Page 6

HOUSER LLP
600 University St., Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 20-04002-MJH    Doc 125    Filed 05/03/21    Ent. 05/03/21 22:37:11    Pg. 6 of 6