The Honorable Mary Jo Heston

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON (TACOMA)

| | |
|---|---|
| IN RE:<br><br>SARAH HOOVER,<br><br>      Debtors.<br>_____<br><br>SARAH HOOVER,<br><br>      Plaintiff / Appellee,<br>v.<br><br>PHH MORTGAGE CORPORATION D/B/A PHH MORTGAGE SERVICES, HSBC BANK USA, N.A, AS TRUSTEE OF THE FIELDSTONE MORTGAGE INVESTMENT TRUST, SERIES 2006-2, NEWREZ, LLC,<br><br>      Defendants / Appellants. | BK Case No. 19-42890-MJH<br><br>Adv. Case No. 20-04002-MJH<br><br>Chapter 13<br><br>AMENDED DAMAGES DISCLOSURE PURSUANT TO FED.R.CIV.P. 26(a)(1)(C) |

    Plaintiff Sarah Hoover submits this Amended Damages Disclosure.

**Initial Disclosures Provided to Defendants on March 30, 2020:**

**C. Damages (Fed. R. Civ. P. 26(a)(1)(C))**

    The amount of damages incurred by Plaintiff's is the alleged amount of fair market value of the Property in the approximate amount of $438,000, plus emotional distress claims in an amount to be determined, punitive damages in an unknown amount, and attorney's fees and costs as a prevailing party in this lawsuit.

AMENDED DAMAGES DISCLOSURE PURSUANT
TO FED.R.CIV.P. 26(a)(1)(C) - 1

SEATTLE CONSUMER JUSTICE, P.S.
10728 16ᵀᴴ Aᴠᴇ SW
Sᴇᴀᴛᴛʟᴇ, Wᴀsʜɪɴɢᴛᴏɴ 98146
telephone (206) 330-0595
fax (206) 400-7609

Case 20-04002-MJH    Doc 143    Filed 01/05/24    Ent. 01/05/24 18:10:19    Pg. 1 of 4

**Amended Initial Disclosure:**

**C. Damages (Fed. R. Civ. P. 26(a)(1)(C))**

This supplemental disclosure comes after the Defendants conducted significant amounts of written and other discovery, including a lengthy deposition of Plaintiff Sarah Hoover and a deposition of her brother, Amir Suleiman. A significant component of this discovery includes questions concerning Sarah Hoover's alleged damages for violations of the automatic stay and specifically for the forced sale of the Property.

At the time this adversary proceeding commenced, Plaintiff had been dispossessed of her property, and thus one component of her damages was the approximate fair market value of the property in the amount of $438,000. After a significant amount of litigation, Defendant HSBC Bank USA, N.A., as Trustee of the Fieldstone Mortgage Investment Trust, Series 2006-2, through its servicers PHH Mortgage Corporation d/b/a/ PHH Mortgage Services and NewRez, LLC, returned the property to comply with an order of this Court. As Plaintiff does not seek any double recovery, the value of the home would ultimately be subtracted from her damages.

Aside from the value of the home as described above, Plaintiff seeks recovery of the damages available under 11 U.S.C. § 362(k)(1), which are her actual damages, including attorney's fees and costs, and, in the Court's discretion, punitive damages.

**(1) Actual Damages: Emotional Distress**

A significant component of Plaintiff's actual damages includes her emotional distress damages. *In re Dawson*, 390 F.3d 1139, 1148 (9th Cir. 2004), *abrogated on other grounds by In re Gugliuzza*, 852 F.3d 884, 896 (9th Cir. 2017). In the Ninth Circuit, of course, medical testimony is not required. The emotional distress sought in this case will be established without medical evidence, but instead through corroboration by non-experts and through assessment of the egregious circumstances of this case that make it obvious that a reasonable person would suffer significant emotional harm. *In re Dawson* at 1149; *In re Snowden*, 769 F.3d 651, (9th Cir. 2014).

By their nature, the amount of emotional distress damage endured by Sarah Hoover is not subject to numeric calculation. Indeed, Judge Martinez has recognized that such a "calculation" of emotional distress damages is literally impossible. *See BBC Grp. NV LLC v. Island Life Rest. Grp. LLC*, 2020 WL 758070 at *5 (W.D. Wash. Feb. 14, 2020) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (emotional distress damages are "necessarily vague" and thus exempt from Rule 26(a)(1)(C) disclosure)).[1] "[D]istrict courts have frequently denied motions to compel computations of emotional distress and punitive damages because they are 'difficult to quantify' and are 'typically considered a fact issue for the jury.'" *E.E.O.C. v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637, 639 (E.D. Wash. 2011) (citing cases).

---

[1] *See also Williams v. Trader Publ'g, Co.*, 218 F.3d 481, 486 n. 3 (5th Cir. 2000) ("Since compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C).").

AMENDED DAMAGES DISCLOSURE PURSUANT TO FED.R.CIV.P. 26(a)(1)(C) - 2

**SEATTLE CONSUMER JUSTICE, P.S.**
10728 16TH AVE SW
SEATTLE, WASHINGTON 98146
telephone (206) 330-0595
fax (206) 400-7609

Case 20-04002-MJH    Doc 143    Filed 01/05/24    Ent. 01/05/24 18:10:19    Pg. 2 of 4

Plaintiff, therefore, defers to the finder of fact on a determination, which can only be made upon consideration of evidence ultimately admitted at trial.

### (2) Damages Re: Specific Items

Plaintiff's economic damages include all financial harm caused by Defendants' violation of the automatic stay. In this case, that means all damage to Ms. Hoover caused by the improper seizure and sale of her family's home. The parties have already conducted discovery on these matters, and such minutiae is not generally provided in the context of initial disclosures (and instead in response to discovery requests).

Nevertheless, this category of damages includes, for exemplar purposes:

- Chapter 13 petition filing fee, $310.00. Ms. Hoover paid money to bring a bankruptcy case and halt the foreclosure, but this was rendered pointless when Defendants violated the automatic stay and deprived Ms. Hoover of her most important asset.
- Printing and Postage - $292.92.
- Increased mortgage interest from 2.9% to 5.25%. The exact amount of additional interest will be calculated through amortization calculations through an expert.

### (3) Damages Re: Reasonable Attorney's Fees and Costs

In the interest of being thorough, Plaintiff also observes that a prevailing party is entitled to a mandatory award of attorney's fees and costs incurred in prosecuting this action. 11 U.S.C. § 362(k)(1); *In re Schwartz-Tallard*, 803 F.3d 1095, 1101 (9th Cir. 2015). The relevant distinction here is that such fees and costs are subsumed under the category of "damages" rather than an ancillary matter. *Id*. Nevertheless, the procedure remains the same – At the conclusion of this case, Plaintiff will apply to this Court for an award of her attorney's fees and costs in the same manner as in any other fee-shifting case, which is by following the "lodestar" framework as adopted by the Ninth Circuit.

As of 2024, the hourly rate for Plaintiff's counsel, Christina Henry, is $525.00. Ms. Henry has over two decades of experience litigating bankruptcy matters (including several favorable Ninth Circuit decisions on matters concerning the automatic stay) and consumer protection cases.

Also as of 2024, the hourly rate for Plaintiff's counsel, Jason D. Anderson, is $645.00. Mr. Anderson, in his 19th year of practice, operates a boutique law firm devoted to protecting individuals from abusive debt collection practices.

Section 362(k)(1) is a fee-shifting statute that seeks to make debtors whole, requiring creditors who violate the stay to pay reasonable damages and attorney's fees and costs incurred in remedying the violation. *Easley v. Collection Serv. of Nevada*, 910 F.3d 1286, 1292-93 (9th

AMENDED DAMAGES DISCLOSURE PURSUANT TO FED.R.CIV.P. 26(a)(1)(C) - 3

SEATTLE CONSUMER JUSTICE, P.S.
10728 16TH AVE SW
SEATTLE, WASHINGTON 98146
telephone (206) 330-0595
fax (206) 400-7609

Case 20-04002-MJH    Doc 143    Filed 01/05/24    Ent. 01/05/24 18:10:19    Pg. 3 of 4

Cir. 2018). Any damages are subject to joint and several liability for the willful violation of the stay. *See Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1213 (9th Cir. 2002).

**(4) Damages Re: Punitive Damages**

Section 362(k)(1) authorizes the Court to impose punitive damages. Any such number is at the Court's discretion and must comply with constitutional and precedential limitations, and generally must be addressed in light of a final award of damages. In other words, it is not possible to "calculate" such a number in advance, as trial has not yet occurred.

To the extent the Court is inclined to award punitive damages, Plaintiff will request that the bankruptcy court propose findings and a recommended judgment to the district court, or if preferable, a reference of the matter to the district court for criminal contempt proceedings. *In re Marino, 577 B.R. 772, 789 (B.A.P. 9th Cir. 2017)*, *aff'd in part, appeal dismissed in part*, 949 F.3d 483 (9th Cir. 2020).

Dated this January 5, 2024.

SEATTLE CONSUMER JUSTICE, P.S.

By: */s/ Christina L Henry*
Christina L Henry, WSBA# 31273
Attorney for the Plaintiffs
10728 16th Ave SW
Seattle, WA 98146
Tel# 206-330-0595
*chenry@hdm-legal.com*

AMENDED DAMAGES DISCLOSURE PURSUANT TO FED.R.CIV.P. 26(a)(1)(C) - 4

SEATTLE CONSUMER JUSTICE, P.S.
10728 16TH AVE SW
SEATTLE, WASHINGTON 98146
telephone (206) 330-0595
fax (206) 400-7609

Case 20-04002-MJH    Doc 143    Filed 01/05/24    Ent. 01/05/24 18:10:19    Pg. 4 of 4